UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No. 2:26-cv-14004-DMM

CHRISTINNA WHITE, *et ano.*,

    Plaintiffs,

v.

SERGEANT HERNANDEZ, *et al.*,

    Defendants.

_____/

### APPLICATION FOR ENTRY OF DEFAULT AGAINST DEFENDANT THOMAS DUNN PURSUANT TO FED. R. CIV. P. 55

Plaintiffs Christinna White, as Personal Representative of the Estate of Cody Lee White, and Casey White, in his individual capacity, by and through their counsel, respectfully request, in light of Defendant Thomas Dunn's failure to timely respond to Plaintiffs' Complaint, that the Clerk of the District Court enter a default against Defendant Thomas Dunn. Plaintiffs state the following in support:

    1.    On January 5, 2026, Plaintiffs filed the above-captioned case naming several defendants, including Thomas Dunn, a correctional officer at Okeechobee Correctional Institution.

    2.    On January 22, 2026, Defendant Dunn was properly served, via direct service, during his shift at the Okeechobee Correctional Institution in Okeechobee, Florida. ECF 13.

    3.    Attached is a declaration of attorney James Slater, attesting to a copy of the affidavit of service of process on Defendant Dunn, which was filed with this Court on January

1

26, 2026. (Slater Decl. ¶ 3 (citing to ECF 13)), as well as stating that Defendant Dunn is not a minor or incompetent and that on information and belief he is not in active-duty military service.

4. Pursuant to the Federal Rules of Civil Procedure, once service of process has properly been effectuated on a defendant, that defendant must serve an answer within 21 days, unless a waiver of process has been requested and the defendant has waived service. FED. R. CIV. P. 12(a)(1)(A). No waiver of service was requested here.

5. Given that Defendant Dunn was personally served on January 22, 2026, his response to Plaintiff's Complaint was due no later than February 12, 2026.

6. Defendant Dunn has not yet appeared or filed any answer or other affirmative pleading in this matter.

7. Under the Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a).

8. Because Defendant Dunn has not timely filed any answer or other affirmative pleading in this matter, despite having been properly served with process, the Clerk of this Court should enter default against him.

WHEREFORE, Plaintiffs Christinna White and Casey White, by and through counsel, respectfully request that the Clerk of this Court enter a default judgment against Defendant Thomas Dunn.

Dated: February 19, 2026 	Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
SLATER LEGAL PLLC
9000 Dadeland Blvd. #1500
Miami, Florida 33156
Tel. (305) 523-9023
james@slater.legal

Sarah Grady*
Matthew Underwood*
David Schmutzer*
Amelia Caramadre*
KAPLAN & GRADY LLC
2071 N. Southport Ave., Ste. 205
Chicago, Illinois 60614
(312) 254-8629

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*
