UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 26-CV-14004-MIDDLEBROOKS

CHRISTINA WHITE, as Personal Representative
of the Estate of Cody Lee White and
CASEY WHITE, individually,

    Plaintiffs,

v.

SERGEANT HERNANDEZ, SERGEANT
CLIFTON MCCLAY YA TES, CORRRECTIONAL
OFFICER CANNADO, CORRECTIONAL
OFFICER THOMAS DUNN, CAPTAIN
WILLIAM HAMIL TON, SERGEANT ANDRIANA
RANKINE, LIEUTENANT DENNIS BURNEY,
SERGEANT CARTER, JESUS CRUZADO,
BOYKINS and DOES 1-11,

    Defendants.

_____/

## ORDER ON MOTION TO SET ASIDE CLERK'S ENTRY OF DEFAULT

THIS CAUSE comes before the Court upon the Defendant's Unopposed Motion to Set Aside Clerk's Default, filed on February 25, 2026. (DE 20). For the following reasons, the Motion is granted.

### I. BACKGROUND

Plaintiff filed this lawsuit on January 5, 2026. (DE 1). On January 22, 2026, Defendants, DUNN and BURNEY were purportedly served with the Summons and Complaint. (DE 13, DE 14). On February 19, 2026, the Plaintiff filed its Motion for Entry of Default against Defendants, BURNEY (DE 15) and DUNN (DE 16), and on February 20, 2026, clerk defaults were then entered against said Defendants. (DE 17, DE 18). I required Plaintiff to file his Motion for Default Judgment on or before March 19, 2026. (DE 19).

In the present Motion, Defendant requests that I set aside the February 20, 2026, Clerk's Entries of Default. (DE 71, DE 18). In support, the Defendant avers the Parties have conferred in good faith, whereupon the Plaintiffs have agreed to vacate the above defaults and provide a two (2) week extension of time, up through and including March 9, 2026, in which these Defendants shall file their said responses to the Complaint. (DE 20 at 2).

Moreover, the Motion indicates that the Parties conferred and that "Plaintiff has subsequently informed the undersigned that he did not oppose the requested relief.." *Id.*

## II.   DISCUSSION

Federal Rule of Civil Procedure 12 requires a defendant to serve an answer or pre-answer motion "within 21 days after being served with [process]." Fed. R. Civ. P. 12(a)(1)(A)(i), (b). "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). However, "[t]he court may set aside an entry of default for good cause[.]" Fed. R. Civ. P. 55(c). "Good cause" is a liberal standard and "is not susceptible to a precise formula[.]" *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 n.7 (11th Cir. 2014) (citation omitted). In determining whether to set aside an entry of default, courts may consider various factors, such as whether the defaulting party acted promptly to correct the default, whether the defaulting party may have a meritorious defense, and whether setting aside the entry of default would prejudice the non-movant. *Id.* (citation omitted). Further, district courts must also consider this Circuit's "strong preference that cases be heard on the merits[.]" *Id.* at 1342 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).

Here, in the interest of resolving this case on its merits, and in light of the fact that Plaintiff does not oppose this Motion, I find good cause to set aside the Clerk's Defaults (DE 17, DE 18).

### III.   CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant's Unopposed Motion to Set Aside Clerk's Default (DE 20). is **GRANTED**.

2. The Clerk's Default as to Dennis Burney (DE 17) is **VACATED**.

3. The Clerk's Default as to Thomas Dunn (DE 18) is **VACATED**

4. Defendant must separately file its response to the Complaint by **March 9, 2026**.

**SIGNED** in Chambers in West Palm Beach, Florida, this 4th day of March, 2026.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc:

Counsel of Record