UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:    26-cv-14004-DMM

CHRISTINNA WHITE, as Personal Representative
Of the Estate of Cody Lee White and CASEY
WHITE, individually,

        Plaintiffs,

vs.

SERGEANT HERNANDEZ, SERGEANT
CLIFTON MCCLAY YATES, CORRECTIONAL
OFFICER CANNADO, CORRECTIONAL
OFFICER THOMAS DUNN, CAPTAIN
WILLIAM HAMILTON, SERGEANT ANDRIANA
RANKINE, LIEUTENANT DENNIS BURNEY,
SERGEANT CARTER, JESUS CRUZADO,
BOYKINS and DOES 1-11,

        Defendants.

_____/

## DEFENDANTS SERGEANT CLIFTON MCCLAY YATES, CORRECTIONAL OFFICER THOMAS DUNN, AND LIEUTENANT DENNIS BURNEY'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendants, SERGEANT CLIFTON MCCLAY YATES ("Sergeant Yates"), CORRECTIONAL OFFICER THOMAS DUNN ("Officer Dunn"), and LIEUTENANT DENNIS BURNEY ("Lieutenant Burney") (or collectively, "Moving Defendants"), by and through their undersigned counsel, Whitelock & Associates, P.A., and pursuant to Fed. R. Civ. P. 12(b)(6) and S.D. Fla. L. R. 7.1, hereby move to dismiss Plaintiffs' Complaint [D.E. 1], and in support thereof state as follows:

## I.  **INTRODUCTION**

This lawsuit arises from the death of Cody Lee White, an inmate at the Okeechobee Correctional Institution ("OCI"), wherein Plaintiffs claim this death was the result of an attack by a fellow inmate, Justin Settle, on or about January 31-February 1, 2025. *See generally* D.E. 1. Plaintiffs, the Estate of Cody Lee White and his father Casey White, have filed a four-count Complaint against eleven (11) named correctional personnel and eleven (11) Doe defendants, asserting claims under 42 U.S.C. § 1983 (Eighth and Fourteenth Amendments) and the Florida Wrongful Death Act. *Id.*

As against Sergeant Yates, Officer Dunn, and Lieutenant Burney, specifically, the Complaint fails on its face. Rather than pleading particularized, defendant-specific facts as to each officer, Plaintiffs have instead lumped all named and fictitious defendants into collective and general allegations that fail to identify individual, specific acts, or omissions for each claim. What the Complaint actually presents as to Sergeant Yates, Officer Dunn, and Lieutenant Burney is thin, peripheral, and wholly conclusory. None of it plausibly alleges that any of them subjectively knew of a substantial risk of serious harm to Cody White and then consciously disregarded it, the exacting standard required to state an Eighth Amendment failure-to-protect claim and overcome qualified immunity under *Farmer v. Brennan*, 511 U.S. 825 (1994).

In short, and for the reasons explained below, the Complaint must be dismissed on multiple independent grounds. First, the pleading is a classic shotgun complaint that fails to comply with federal pleading standards and does not give the Moving Defendants fair notice of the claims asserted against them. Second, the Complaint fails to allege facts showing the personal participation of Sergeant Yates, Officer Dunn, or Lieutenant Burney as required to impose liability under 42 U.S.C. § 1983. Third, even if the allegations were sufficient, which they are not, the

Moving Defendants are entitled to qualified immunity because the Complaint does not plausibly allege the violation of any clearly established constitutional right. Fourth, the conspiracy claim fails because the Complaint contains no factual allegations suggesting any agreement or coordinated action among the defendants. Fifth, the Fourteenth Amendment theory is improper because it merely repackages the same allegations that fall, if at all, under the Eighth Amendment. Finally, the Florida wrongful death claim fails as a matter of law because the Complaint does not allege facts capable of overcoming the personal immunity afforded to these defendants under section 768.28(9)(a), Florida Statutes.

## II.   **PLAINTIFFS' ALLEGATIONS**

On January 5, 2026, Plaintiffs filed a four-count Complaint against eleven (11) named correctional personnel and eleven (11) Doe defendants arising from the death of Cody Lee White, a thirty-two-year-old inmate at OCI. D.E. 1, ¶ 21. The Complaint asserts three (3) counts under 42 U.S.C. § 1983 and one (1) count under the Florida Wrongful Death Act against all individual defendants collectively. *Id.*, ¶¶ 43-78. Plaintiffs' theory centers on fellow inmate Justin Settle, who they allege had a known history of violence at OCI and should not have been housed with Cody White. D.E. 1, ¶ 25-29. The Complaint alleges that Settle attacked a correctional officer in January 2025 and subsequently attacked his then-cellmate Matthew Flash with a homemade weapon, and that Defendants Hernandez, Boykins, and Cruzado failed to document or address that incident. *Id.* Cody White was thereafter moved into a cell with Settle on or around January 30, 2025. *Id.*, ¶ 33.

The Complaint alleges that sometime on the night of January 31 or early February 1, 2025, Settle attacked Cody White in their shared cell. D.E. 1, ¶ 34. Staff tasked with conducting cell checks between January 31 and February 3 are alleged to have either failed to conduct them or conducted them so deficiently that Cody's absence went undetected. *Id.*, ¶ 36. Cody was then

found deceased on February 3, 2025, after a neighboring inmate allegedly requested that officers check on him. *Id.*, ¶¶ 39-41.

As to Sergeant Yates, Officer Dunn, and Lieutenant Burney, the Complaint's allegations are sparse. Sergeant Yates is identified as one of four (4) officials who either oversaw or directly made housing decisions and is alleged, in the alternative, to have decided to cell Cody with Settle or failed to stop others from doing so. D.E. 1, ¶¶ 31-32. Officer Dunn is alleged to have participated in or facilitated the housing assignment in some unspecified way and to have been among the staff tasked with conducting cell checks during the relevant period. D.E. 1, ¶¶ 32, 36. Officer Dunn and Lieutenant Burney are further alleged to have been assigned to supervise Cody's cellblock on the afternoon of February 3, 2025, when Cody was discovered deceased after a neighboring inmate requested that Officer Dunn check on him. D.E. 1, ¶¶ 39-41. Beyond these references, every allegation in the Complaint is directed at "Defendants" or "Individual Defendants" collectively, with no delineation of individual conduct, individual knowledge, or individual role.

## III.   MEMORANDUM OF LAW

### A. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Allegations that are "merely consistent with" liability stop "short of the line between possibility and plausibility." *Twombly*, 550 U.S. at 557 (internal quotation marks

omitted). This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim. *Georgia Carry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012).

In evaluating a motion to dismiss, a court must accept all well-pleaded factual allegations as true, but "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Accordingly, a court is not required to accept conclusions "couched as" facts. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). As the Eleventh Circuit has explained, allegations must be "enough to raise a right to relief above the speculative level." *Speaker v. U.S. Dep't of Health & Hum. Servs.*, 623 F.3d 1371, 1380 (11th Cir. 2010). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

## B. The Complaint is an Impermissible Shotgun Pleading

The Eleventh Circuit has repeatedly condemned shotgun pleadings in the strongest terms and directed district courts to dismiss them. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Such pleadings are improper because they waste scarce judicial resources, inexorably broaden the scope of discovery, and undermine the public's respect for the courts. *Barmapov v. Amuial*, 986 F.3d 1321, 1324-25 (11th Cir. 2021). This Circuit has identified several types of impermissible shotgun pleadings: pleadings that (1) contain "multiple counts where each count adopts the allegations of all preceding counts"; (2) are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; and (3) "assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d

1313, 1321-23 (11th Cir. 2015). These types of pleadings fail to give defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Id.*; *see also Automotive Alignment & Body Serv., Inc. v. State Farm Mut. Auto. Ins. Co.*, 953 F.3d 707, 732 (11th Cir. 2020) (holding that group allegations against multiple defendants without specifying which defendant is responsible for which conduct constitute impermissible shotgun pleading).

The Complaint, here, is a textbook shotgun pleading. Specifically, each of the four (4) counts realleges and incorporates "[p]aragraphs 1 through 42" in their entirety. D.E. 1, ¶¶ 43, 53, 62, 70. The claims are then directed broadly at "All Individual Defendants," a group of eleven (11) named defendants plus eleven (11) Doe defendants, without specifying which individual is responsible for which act. *See, e.g.*, D.E. 1 ¶¶ 45-51, 55-60, 64-68, 71-78. The Complaint also repeatedly references the collective "Defendants" performing acts without attribution to any particular persons. *Id.* at ¶¶ 29, 32, 33, 36, 50, 57-58. This group pleading is precisely the type that the Eleventh Circuit has held warrants dismissal. *See Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1296 (11th Cir. 2002) (shotgun pleading is "an unacceptable form of establishing a claim for relief").

Lastly, the Complaint's failure to allege defendant-specific facts makes it impossible to assess whether Sergeant Yates, Officer Dunn, or Lieutenant Burney personally violated clearly established law or is entitled to qualified immunity. Because this pleading does not identify the specific conduct of each Moving Defendant, neither Sergeant Yates, Officer Dunn, nor Lieutenant Burney can meaningfully assess, nor the Court adjudicate, whether any individual defendant is entitled to qualified immunity. The Complaint should be dismissed on this basis alone.

### C. **The Complaint Fails to Allege Personal Participation by Sergeant Yates, Officer Dunn, or Lieutenant Burney**

A foundational principle of Section 1983 liability is that it "requires proof of an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation." *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993). Each defendant's liability "must be based on his own individual acts." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Examining the Complaint's allegations as to Sergeant Yates, Officer Dunn, and Lieutenant Burney individually reveals a complete absence of adequate personal participation allegations.

As to Sergeant Yates, the Complaint's factual allegations are confined to two (2) paragraphs. Paragraph 31 states that Sergeant Yates "either oversaw or directly made housing decisions and prisoner placements." D.E. 1, ¶ 31. Paragraph 32 states that Sergeant Yates "intentionally or recklessly decided to cell Cody with Settle and/or failed to take any meaningful action to stop others from celling them together." D.E. 1, ¶ 32. The use of "either…or" makes plain that Plaintiffs do not actually know whether Sergeant Yates made the housing decision at all. The phrase "failed to take any meaningful action to stop others" is the epitome of a conclusory assertion lacking any supporting factual content. *Iqbal*, 556 U.S. at 678. Of greater consequence, there are no *Twombly* facts identifying when, and if, Sergeant Yates knew of the purported Settle-Flash incident, what information Sergeant Yates then received about the alleged housing decision, whether Sergeant Yates had any legal authority on that particular placement, or what Sergeant Yates actually did and/or did not do.

Likewise, and as to Officer Dunn, the Complaint alleges he participated in or facilitated the housing assignment in some unspecified way, conducted cell checks with unspecified deficiencies, and was present when Cody was discovered on February 3. D.E. 1, ¶¶ 32, 36, 39-40.

However, these types of averments, such as the allegation that Officer Dunn conducted cell checks "with such indifference that [he] did not notice or care that Cody was dead" is nothing more than a legal conclusion. Specifically, there are no *Twombly* facts as to what Officer Dunn actually observed during any cell check, what information he had about Settle's prior conduct, whether he had reason to believe anything was amiss in that cell, or which specific shifts he worked. *Id.* Critically, the Complaint itself assigns the cell-check failures during the relevant period to Does 1-11, not to Officer Dunn. D.E. 1, ¶¶ 19-20, 37-38.[1]

As to Lieutenant Burney, his inclusion in the Complaint is equally limited. Lieutenant Burney only appears in connection with the alleged events of February 3, 2025, when he was assigned to supervise Cody's cellblock during afternoon mealtime and was present when Cody was discovered. D.E. 1, ¶¶ 39-40. However, the Complaint contains no allegations that Lieutenant Burney was involved in any housing decision, had any knowledge of Settle's prior conduct before that afternoon, conducted any cell checks during the relevant period, or held any supervisory responsibility over those who did. *Id.* Because Lieutenant Burney's only identified involvement is being present when Cody was found, the Complaint cannot support a plausible inference that he consciously disregarded any known risk. *Farmer*, 511 U.S. at 837-38.

To the extent the Complaint rests on a supervisory liability theory as to Sergeant Yates or Lieutenant Burney, that theory fails as well. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Cottone*, 326 F.3d at 1360. A supervisor may be liable only if he personally participated in the unconstitutional conduct or if there is an affirmative link between his actions and the alleged

---

[1] The allegations concerning February 3rd, 2025 demonstrate that Officer Dunn ultimately responded to a neighboring inmate's request and located Cody, conduct that is inconsistent with deliberate indifference. D.E. 1, ¶¶ 39-40.

deprivation. *Akins v. Fulton Cty.*, 420 F.3d 1293, 1305 (11th Cir. 2005). That link requires showing a custom or policy that caused the violation, a failure to train amounting to deliberate indifference, or direct direction of subordinate misconduct. *Cottone*, 326 F.3d at 1360. The Eleventh Circuit's deliberate indifference standard further requires awareness of specific facts giving rise to a particular risk, not merely generalized knowledge of an inmate's difficult history. In *Carter v. Galloway*, 352 F.3d 1346, 1349-50 (11th Cir. 2003), the court affirmed dismissal even where officers had received direct, in-person notice that a cellmate was acting erratically and had made an ambiguous threatening statement. The court held that this level of awareness still constituted only a generalized risk insufficient to satisfy *Farmer*'s subjective knowledge requirement. *Carter*, 352 F.3d at 1350. The Complaint here does not approach even that threshold as to Sergeant Yates, Officer Dunn, or Lieutenant Burney. Most tellingly, the Complaint alleges that Settle's January 27 attack on inmate Matthew Flash was not properly documented or reported and appeared only briefly in a later classification recommendation. D.E. 1, ¶ 28. A defendant cannot be charged with subjective awareness of a risk that was never recorded or communicated. Absent specific, documented knowledge of a particularized threat to Cody, the subjective awareness element fails as to Sergeant Yates, Officer Dunn, and Lieutenant Burney alike. The Complaint alleges none of these things as to Sergeant Yates, Officer Dunn, or Lieutenant Burney. Therefore, it follows that no such affirmative link exists here.

### D. Plaintiff Fails to State an Eighth Amendment Failure-to-Protect Claim Against Sergeant Yates, Officer Dunn, and Lieutenant Burney

Count I purports to state a § 1983 deliberate indifference claim under the Eighth Amendment. D.E. 1, ¶¶ 43-52. The governing standard is set forth in *Farmer v. Brennan*, 511 U.S. 825 (1994), which remains the controlling framework for inmate-on-inmate violence claims. To survive a motion to dismiss on such a claim, a plaintiff must plausibly allege: (1) a substantial risk

of serious harm; (2) subjective knowledge by the defendant of that risk; and (3) the defendant's conscious disregard of the risk. *Id.* at 833-38. The Eleventh Circuit has synthesized this as requiring a showing of "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Townsend v. Jefferson Cty.*, 601 F.3d 1152, 1158 (11th Cir. 2010). This necessarily requires factual allegations as to each element for each individual defendant. *Georgia Carry.Org*, 687 F.3d at 1254. The Complaint, here, satisfies none of these requirements as to Sergeant Yates, Officer Dunn, or Lieutenant Burney.

Critically, the Eighth Amendment is not violated by "ordinary negligence, inadvertence, or error." *Farmer*, 511 U.S. at 835. The deliberate indifference standard "is akin to recklessness in criminal law" and requires that the prison official have "actual knowledge" of the risk, not merely constructive notice. *Id.* at 836-38. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id.* at 838. The subjective knowledge element requires allegations that each individual defendant was personally aware of facts suggesting a substantial risk of serious harm to the specific inmate. *Carter v. Galloway*, 352 F.3d 1346, 1350 (11th Cir. 2003). As to Sergeant Yates, the Complaint alleges in conclusory fashion that he "knew" about Settle's violent history, but provides no factual basis for that assertion, no meetings, no briefings, no reports, no communications. D.E. 1, ¶ 32. As to Officer Dunn, the Complaint alleges he conducted cell checks "despite knowing that Cody was celled with Settle," but contains no facts from which to infer how or when Officer Dunn learned of the pairing or what he understood about Settle's risk level. D.E. 1, ¶ 36. As to Lieutenant Burney, the Complaint alleges no specific subjective knowledge whatsoever prior to his arrival at the scene on February 3. These deficiencies are fatal. *Iqbal*, 556 U.S. at 678.

Even if subjective knowledge were assumed, albeit baselessly, the Complaint nonetheless still does not plausibly allege that Defendant Sergeant Yates, Officer Dunn, or Lieutenant Burney disregarded a known risk. As to Sergeant Yates, the allegation that he "either" made the housing decision "or" failed to stop others is too equivocal to support any plausible inference of such legal disregard. D.E. 1, ¶ 32. As to Officer Dunn, the allegation of deficient cell checks is similarly unaccompanied by any *Twombly* fact about what he actually observed or failed to observe. *Id.*, ¶ 36. As to Lieutenant Burney, there are simply no relevant pre-discovery allegations at all. *Id.*, ¶¶ 39-40. In *Carter v. Galloway*, the Eleventh Circuit affirmed dismissal of a failure-to-protect claim even where officers had been warned multiple times that a cellmate was dangerous, holding that the allegations did not establish the requisite substantial risk because it was not "so obvious that it had to have been known." 352 F.3d at 1350. The Complaint here does not approach the threshold *Farmer* demands.

Finally, the Complaint fails to plausibly allege that any failure by Defendant Sergeant Yates, Officer Dunn, or Lieutenant Burney caused Cody White's death. To establish causation under Section 1983, a plaintiff must tie the specific harm to the specific risk the defendant was found to have consciously disregarded. *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993). The Complaint makes no such connection as to Sergeant Yates, Officer Dunn, or Lieutenant Burney. Instead, the Complaint's own allegations point to other officials, specifically Hernandez, Boykins, and Cruzado, as the actors who knew of Settle's prior conduct, failed to document it, and made or influenced the housing decision that followed. D.E. 1, ¶¶ 25-29, 31. The alleged deficiencies of Sergeant Yates, Officer Dunn, and Lieutenant Burney, however, are not plausibly connected to the harm that resulted in this pleading, and therefore such claims must be dismissed. *Id.*

### E. Sergeant Yates, Officer Dunn, and Lieutenant Burney Are Entitled to Qualified Immunity

Even if the Complaint stated a colorable constitutional claim, although it does not, Sergeant Yates, Officer Dunn, and Lieutenant Burney are entitled to qualified immunity. Qualified immunity "protect[s] government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The doctrine protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). The qualified immunity analysis proceeds in two steps: (1) whether the facts alleged make out a violation of a constitutional right, and (2) whether the right at issue was "clearly established" at the time of the alleged misconduct. *Pearson*, 555 U.S. at 232. Courts may address these steps in either order. *Id.* at 236. When a defendant raises qualified immunity, the burden shifts to the plaintiff to demonstrate that immunity does not apply. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136-37 (11th Cir. 2007).

### 1. Sergeant Yates, Officer Dunn, and Lieutenant Burney Were Performing Discretionary Functions

The threshold inquiry is whether the defendant was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred. *Rich v. Dollar*, 841 F.2d 1558, 1563 (11th Cir. 1988). The proper inquiry is not whether the specific act complained of was authorized, but "whether the act complained of, if done for a proper purpose, would be within, or reasonably related to, the outer perimeter of an official's discretionary duties." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1282 (11th Cir. 1998).

All three (3) Moving Defendants were unquestionably performing discretionary functions. Making or overseeing inmate housing decisions (Sergeant Yates), conducting cell rounds and

supervising a cellblock (Officer Dunn), and responding to a report within a correctional facility (Lieutenant Burney) are all classic discretionary acts within the scope of a correctional officer's duties. *See Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004) (holding that a government official acts within his discretionary authority if he was performing a legitimate job-related function through means that were within his power to utilize). The burden thus shifts to Plaintiffs to demonstrate that immunity does not apply.

## 2. <u>Plaintiff Cannot Demonstrate a Violation of Clearly Established Law</u>

Plaintiffs cannot meet their burden. For a right to be clearly established, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). The right must be defined "at the appropriate level of specificity." *Wilson v. Layne*, 526 U.S. 603, 615 (1999). The Supreme Court has repeatedly cautioned that clearly established law may not be defined at a high level of generality and that specificity is especially important in the context of excessive force and conditions of confinement cases. *White v. Pauly*, 580 U.S. 73, 79 (2017). To carry their burden, Plaintiffs must show that a materially similar case has already been decided, establishing that conduct like each Moving Defendant's was unconstitutional. *Loftus v. Clark-Moore*, 690 F.3d 1200, 1204-05 (11th Cir. 2012).

While it is clearly established in the abstract that prison officials may not be deliberately indifferent to a substantial risk of serious harm, *Farmer*, 511 U.S. at 833, no Eleventh Circuit or Supreme Court case has clearly established that conduct like that attributed to Sergeant Yates, Officer Dunn, or Lieutenant Burney violates the Constitution. There is no controlling authority holding that a correctional officer who is one (1) of four (4) officials alleged in the alternative to have been involved in a housing decision (Sergeant Yates), is named collectively among staff conducting cell checks with no shift-specific allegations (Officer Dunn) or is present when an

inmate is discovered (Lieutenant Burney) is thereby deliberately indifferent in the constitutional sense. Absent a materially similar case clearly establishing unconstitutionality, qualified immunity must be granted. *Franklin v. Curry*, 738 F.3d 1246, 1249-51 (11th Cir. 2013) (affirming dismissal on qualified immunity grounds at the Rule 12(b)(6) stage where plaintiff failed to allege supervisory defendants actually knew of the specific risk that materialized).

The Eleventh Circuit has emphasized the importance of the specific-fact inquiry in inmate-on-inmate violence cases. In *Carter v. Galloway*, the court held that even when officers knew of a cellmate's threatening behavior, dismissal was appropriate absent allegations that officers had knowledge of the specific kind of risk that actually materialized. 352 F.3d at 1350. Here, where Settle's prior conduct was not fully documented and the Complaint does not allege particularized awareness by Sergeant Yates, Officer Dunn, or Lieutenant Burney, Plaintiffs cannot come close to satisfying the clearly established law standard. As such, Sergeant Yates, Officer Dunn, and Lieutenant Burney are entitled to qualified immunity on all counts.

## F.  **The Remaining Federal Claims Fail as a Matter of Law**

Count III purports to allege a conspiracy under Section 1983. To plead a Section 1983 conspiracy, a plaintiff must allege: "(1) that the defendants reached an agreement among themselves to deprive the plaintiff of his constitutional rights, and (2) that the defendants committed an overt act in pursuit of that conspiracy." *Bailey v. Bd. of Cty. Comm'rs of Alachua Cty.*, 956 F.2d 1112, 1122 (11th Cir. 1992). "The linchpin for conspiracy is agreement, which presupposes communication." *Id.*; *see also Grider v. City of Auburn*, 618 F.3d 1240, 1260 (11th Cir. 2010) (plaintiff must make "particularized allegations of fact indicating a meeting of the minds"). Merely stringing together alleged acts of individuals is insufficient to establish a conspiracy. *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992).  Instead, there must be

particularized allegations that a conspiracy actually existed. *Pittman v. State Farm Fire & Cas. Co.*, 662 F. App'x 873, 880 (11th Cir. 2016).

Here, and based upon the foregoing, Count III fails as a matter of law. This pleading contains no individualized factual allegations of some conspiracy agreement among, in part, Sergeant Yates, Officer Dunn, and Lieutenant Burney. Paragraphs 55 through 58 assert that defendants "reached agreement among themselves," "agreed" not to document Settle's prior conduct, and "agreed" to conduct deficient cell checks. D.E. 1 ¶¶ 55-58. These are bare legal conclusions with zero factual support. There are no facts identifying any communication between Sergeant Yates, Officer Dunn, and Lieutenant Burney, and any other defendant, any meeting or exchange, any coordinated decision-making, or any actual agreement. Moreover, to the extent the conspiracy is alleged to consist of correctional officers employed by the same agency, the intracorporate conspiracy doctrine bars the claim entirely, even if this pleading contained actual facts of an actionable conspiracy. *Grider v. City of Auburn*, 618 F.3d 1240, 1261 (11th Cir. 2010) (applying intracorporate conspiracy doctrine to Section 1983 claims).

Count III attempts to assert a § 1983 claim under the Fourteenth Amendment's substantive due process clause. This claim fails because where a particular constitutional amendment provides an explicit textual source of protection against a particular type of government conduct, that amendment, not the more generalized notion of substantive due process, must be the guide for analyzing the claim. *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)). Convicted prisoners' challenges to conditions of confinement, including failure to protect claims, are governed exclusively by the Eighth Amendment. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). The conduct alleged in Count III is identical to the conduct alleged in Count I, and the Fourteenth Amendment claim is simply a repackaging of the same allegations. *See*

*McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994) (*en banc*) (substantive due process claims do not exist alongside claims governed by explicit constitutional provisions). To the extent Count III purports to assert a separate claim on behalf of Casey White individually based on the alleged desecration of Cody's body, such a claim requires a showing that the conduct of Sergeant Yates, Officer Dunn, and Lieutenant Burney shocked the conscience. *Waddell v. Hendry Cty. Sheriff's Office*, 329 F.3d 1300, 1305-06 (11th Cir. 2003). The conscience-shocking standard is an extremely high bar. Conduct shocks the conscience only when it is so egregious and outrageous that it may fairly be said to shock the contemporary conscience, and negligence, even gross negligence, is categorically insufficient. *County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). The Complaint does not come close to meeting this standard as to Sergeant Yates, Officer Dunn, or Lieutenant Burney. Sergeant Yates is alleged in the alternative to have been one of several officials involved in a housing decision. Officer Dunn is alleged collectively among staff conducting cell checks with no shift-specific factual support. Lieutenant Burney is alleged only to have been present when Cody was discovered. None of these allegations, even accepted as true, describes conduct that is brutal, intentional, or deliberately harmful toward Casey White or Cody's remains. The conclusory assertion that defendants acted with "deliberate indifference" toward Casey White's interests, untethered to any specific act by Sergeant Yates, Officer Dunn, and Lieutenant Burney, cannot satisfy a standard that demands something far beyond negligence or even deliberate indifference itself. Count III must be dismissed.

### G. The Wrongful Death Claim Fails as a Matter of Law

Count IV asserts a Florida Wrongful Death Act claim against the Moving Defendants. This claim fails for two (2) independent reasons.

First, Sergeant Yates, Officer Dunn, and Lieutenant Burney are personally immune from tort liability under § 768.28(9)(a), Fla. Stat. That provision shields state officers and employees from personal liability for acts taken within the scope of their employment unless the conduct was committed in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard for human rights, safety, or property. § 768.28(9)(a), Fla. Stat. Each of the Moving Defendants was acting within the scope of his employment at all times relevant to this lawsuit. Making housing assignment decisions (Sergeant Yates), conducting cell rounds and supervising a cellblock (Officer Dunn), and responding to a report within a correctional facility (Lieutenant Burney) are all acts performed in the course of their duties as correctional officers employed by the Florida Department of Corrections. The sole question under § 768.28(9)(a) is therefore whether the Complaint plausibly alleges that Defendant Sergeant Yates, Officer Dunn, and Lieutenant Burney acted in bad faith, with malicious purpose, or with wanton and willful disregard for human rights, safety, or property. It does not.

Plaintiffs' use of the label "wanton and malicious" in paragraph 76 of the Complaint does not satisfy this standard. A bare conclusory characterization in a pleading is insufficient to overcome the immunity § 768.28(9)(a) provides. *Iqbal*, 556 U.S. at 678. The Complaint contains no specific factual allegations as to Sergeant Yates, Officer Dunn, or Lieutenant Burney that would support a finding of bad faith, malicious purpose, or wanton and willful disregard. As set forth throughout this motion, the Complaint attributes the core wrongful conduct, the failure to document Settle's prior attack and the decision to cell Cody with Settle, to other defendants entirely. The conclusory label of "wanton and malicious" directed at all Individual Defendants collectively cannot substitute for the particularized factual showing that would be required to strip any Moving Defendant of the immunity § 768.28(9)(a) affords.

Second, even setting aside immunity, Count IV fails to state an actionable negligence claim. To state a negligence claim under the Florida Wrongful Death Act, a plaintiff must allege duty, breach, causation, and damages as to each defendant. *McCain v. Fla. Power Corp.*, 593 So. 2d 500, 502 (Fla. 1992); § 768.19, Fla. Stat. The Complaint makes only conclusory allegations of negligent conduct by the Moving Defendants. As set forth in the personal participation analysis above, there are no specific facts supporting the allegation that Sergeant Yates, Officer Dunn, or Lieutenant Burney breached a duty of care in any particular way. Significantly, the Complaint's own theory of the case acknowledges that Settle's prior conduct was not fully documented or reported by other defendants, specifically Hernandez and Boykins, D.E. 1 ¶ 28, meaning Sergeant Yates, Officer Dunn, and Lieutenant Burney may not have had access to the very information that forms the foundation of Plaintiffs' negligence theory. These gaps in the Complaint's own allegations fatally undermine any plausible negligence claim against the Moving Defendants. Count IV must be dismissed as to Sergeant Yates, Officer Dunn, and Lieutenant Burney.

## H.   The Complaint Improperly Asserts Claims Against Fictitious "Doe" Defendants

The Complaint also names eleven "Doe" defendants (Does 1-11), described generically as FDOC employees responsible for conducting rounds and cell checks on specific dates and shifts. D.E. 1 ¶¶ 19-20. This fictitious-party pleading is improper. In this Circuit, fictitious-party pleading is not permitted. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (following *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997)). The Eleventh Circuit, however, has recognized a "limited exception" when the plaintiffs' description of the Doe defendant is "so specific as to be 'at the very worst, surplusage,'" meaning the description is detailed enough to allow service of process. *See Richardson*, 598 F.3d at 738 (*quoting Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992)). A description that encompasses many

individuals at a large institution does not fall within this exception. *See Id.* (affirming dismissal of Doe described as "Guard, Charlotte Correctional Institute" because the description "was insufficient to identify the defendant among the many guards employed"); *see also Weiland*, 792 F.3d at 1318 n.4 (noting that "John Doe Deputies" are not proper defendants). Here, this Complaint's fictitious pleading of Does 1-11 does not qualify for this exception, and the Doe defendants should therefore be dismissed.

IV.   **CONCLUSION**

Plaintiffs have filed a twenty-two (22) defendant complaint that says everything about what happened to Cody White and almost nothing about what Sergeant Yates, Officer Dunn, or Lieutenant Burney specifically did, knew, or failed to do. The Complaint is a textbook shotgun pleading that groups eleven named defendants and eleven fictitious ones into collective allegations devoid of individual attribution. It fails to plead the personal participation required to sustain any Section 1983 claim. It also fails to plausibly allege the subjective knowledge or conscious disregard necessary to state an Eighth Amendment deliberate indifference claim against any Moving Defendant. It offers no factual basis for a conspiracy, no constitutional hook for a Fourteenth Amendment claim, and no factual basis sufficient to overcome the personal immunity § 768.28(9)(a), Florida Statutes affords the Moving Defendants on the wrongful death count. And, even if the Complaint cleared every one of those hurdles, the Moving Defendants are entitled to qualified immunity because no clearly established law placed them on notice that their specific conduct was unconstitutional.

The Moving Defendants are correctional officers who are entitled to the protections the law affords them. Plaintiffs' remedy, if any exists, lies against those defendants whom the Complaint itself identifies as the actors with knowledge, decision-making authority, and

responsibility for the failures alleged. That is not Defendant Sergeant Yates, Officer Dunn, or Lieutenant Burney on this record.

**WHEREFORE**, the Moving Defendants respectfully request that the Court grant this Motion to Dismiss, dismiss Count I without prejudice with leave to replead, dismiss Counts II and III with prejudice, dismiss Count IV, dismiss all claims against them, and grant such other relief as the Court deems just and proper.

<div style="margin-left: 40%;">

Respectfully submitted,

WHITELOCK & ASSOCIATES, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Phone No.: (954) 463-2001
Facsimile No.: (954) 463-0410
Counsel for Defendants, Clifton Yates, Thomas Dunn and Dennis Burney

/s/Christopher J. Whitelock
CHRISTOPHER J. WHITELOCK
Florida Bar No. 067539
JESSALYNN R. KANTZAVELOS
Florida Bar No. 117926

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Filing electronically.

<div style="margin-left: 40%;">

s/Christopher J. Whitelock

</div>

## SERVICE LIST

James M. Slater, Esq.
Slater Legal, PLLC
9000 Dadeland Blvd., #1500
Miami, FL  33156
e-mail:  james@slater.legal

Sarah Grady, Esq.
Matthew Underwood, Esq.
David Schmutzer, Esq.
Amelia Caramadre, Esq.
Kaplan & Grady, LLC
2071 N. Southport Ave., Suite 205
Chicago, IL  60614
Email:  david@kaplangrady.com
sarah@kaplangrady.com
amelia@kaplangrady.com
matthew@kaplangrady.com