UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No. 2:26-cv-14004-DMM

CHRISTINNA WHITE, *et ano.*,

    Plaintiffs,

v.

SERGEANT HERNANDEZ, *et al.*,

    Defendants.

_____/

## MOTION TO ENLARGE TIME TO SERVE THE REMAINING DEFENDANTS

Plaintiffs Christinna White, as Personal Representative of the Estate of Cody Lee White, and Casey White, in his individual capacity, by and through their counsel, respectfully request that this Court grant a 90-day enlargement of the Rule 4 time period to serve the remaining unserved Defendants. In support, Plaintiffs state as follows:

Plaintiffs filed their complaint on January 15, 2026, asserting claims against ten Defendants in connection with the death of Cody White at the Okeechobee Correctional Center. Dkt. 1. To date, Plaintiffs have successfully served seven Defendants: Thomas Dunn, Dennis Burney, Jesus Cruzado, Clifton Yates, Andriana Rankine, Michael Corrado, and William Hamilton. Dkts. 13-14, 21-23, 26, 28. Plaintiffs have three Defendants left to serve: Boykins, Hernandez, and Carter.[1] The service period currently expires on April 5, 2026.

Federal Rule of Civil Procedure 4(m) limits the time to serve a complaint upon a defendant to 90 days after the filing of the complaint. But on a showing of "good cause," the Court "must

---

[1] These Defendants' first names are presently unknown.

extend the time for service for an appropriate period." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (quoting Fed. R. Civ. P. 4(m)). To establish good cause, a plaintiff must show he or she "(1) proceeded in good faith; (2) has a reasonable basis for noncompliance; and (3) the basis for the delay was more than simple inadvertence or mistake." *Durgin v. Mon*, 659 F. Supp. 2d 1240, 1258 (S.D. Fla. 2009).

Here, Plaintiffs easily establish good cause to enlarge the time to serve. To date, they have made diligent, repeated efforts to identify and serve Defendants Boykins, Carter, and Hernandez. In particular, Plaintiffs have attempted thorough searches on Florida's public-employee database and conducted extensive online research, including on social-media websites. *See* Ex. 1 (Dec. of A. Gergova). Most recently, Plaintiffs submitted public-records requests to the Florida Department of Corrections to obtain records that would assist with identifying and locating the yet-unserved Defendants. *Id.*; *see also Ponce v. HF Holdings, Inc.*, 2020 WL 5893324, at *1 (M.D. Fla. Oct. 5, 2020) (granting extension of service period where plaintiffs "worked diligently" to find service address for unserved defendant).

Plaintiffs request 90 additional days to complete service. *See Moncrief v. City of Montgomery*, 2023 WL 5444654, at *3 (M.D. Ala. Aug. 23, 2023) (granting 90-day extension of service deadline where plaintiffs described "diligent efforts" to "obtain information necessary to serve" law-enforcement defendants). Plaintiffs anticipate this will be sufficient time to complete service. Further, if Plaintiffs above efforts continue to prove unsuccessful, this extension will permit Plaintiffs to conduct initial discovery of the served and represented Defendants, where Plaintiffs intend to request and obtain prison-staff rosters from around the time of Mr. White's death. With those rosters in hand, Plaintiffs anticipate being able to more easily identify and serve the remaining unserved Defendants.

**WHEREFORE**, Plaintiffs respectfully request that the Court grant their motion to enlarge the time to serve the remaining Defendants by 90 days.

### CERTIFICATE OF GOOD-FAITH CONFERENCE

Per Local Rule 7.1(a)(3), Plaintiffs' counsel emailed counsel for Defendants Burney, Dunn and Yates on March 11, March 13, and then again on March 16, 2026, to obtain their position on this motion, but Plaintiffs did not receive a response. On March 16, 2026, Plaintiff's counsel called Defendant Rankine, who represented that she consents to the relief requested herein.

Dated: March 16, 2026

        Respectfully submitted,

        */s/ James M. Slater*
        James M. Slater (FBN 111779)
        SLATER LEGAL PLLC
        9000 Dadeland Blvd. #1500
        Miami, Florida 33156
        Tel. (305) 523-9023
        james@slater.legal

        Sarah Grady*
        Matthew Underwood*
        David Schmutzer*
        Amelia Caramadre*
        KAPLAN & GRADY LLC
        2071 N. Southport Ave., Ste. 205
        Chicago, Illinois 60614
        (312) 254-8629

        *Admitted pro hac vice*

        *Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2026, a true and correct copy of the foregoing will be served on counsel for Defendants Burney, Dunn and Yates through the CM/ECF filing system. A true and correct copy of the foregoing will be mailed to Defendant Rankine at 3144 NW 3rd Street, Okeechobee, Florida 34972.

By: /s/ *James M. Slater*
James M. Slater