UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No. 2:26-cv-14004-DMM

CHRISTINNA WHITE, *et ano.*,

    Plaintiffs,

v.

SERGEANT HERNANDEZ, *et al.*,

    Defendants.

_____/

### DECLARATION OF ALEXANDRA GERGOVA IN SUPPORT OF MOTION TO ENLARGE THE TIME TO SERVE THE REMAINING DEFENDANTS

1. My name is Alexandra Gergova. I am a paralegal at Kaplan & Grady, one of the law firms representing Plaintiffs Christinna White and Casey White in this matter.

2. I state the matters in this declaration on personal knowledge and, if so called, could competently testify to such matters.

3. I have made diligent, repeated efforts to identify partially named Defendants Boykins, Carter, and Hernandez but have been unable to do so with utmost certainty so as to be able to execute service. These efforts have been undertaken while simultaneously working to (and succeeding in) serving seven other Defendants within the past two months.

4. Upon filing of the complaint in January, I searched two public-employee databases (salaries.myflorida.com and 411.myflorida.gov) and pulled the names of employees with those last names working at Okeechobee Correctional Institution, as well as other correctional facilities.

5. As of January 2026, there were three correctional employees at Okeechobee with the last name Hernandez. As far as I could ascertain, there is only one sergeant (Disan Hernandez) at Okeechobee Correctional Institution; however, I cannot be certain he is the Hernandez who is a defendant in this matter without confirmation that he was employed at Okeechobee Correctional Institution in February of 2025.

6. As of January 2026, there were three women with the last name Boykins working at the Florida Department of Corrections according to the aforementioned public databases: Hannah Boykins, D'Shawshawna Boykins, and Sheria Boykins. Only D'Shawshawna Boykins is a sergeant; however, neither of the three is currently employed at Okeechobee Correctional Institution.

7. Despite searches for these women online (including social media and skip tracing), I have been unable to locate information confirming whether there was prior employment at Okeechobee Correctional Institution in February 2025. While I suspect Hannah Boykins may be Defendant Boykins due to her current employment at a facility near Okeechobee Correctional Institute, I cannot yet confirm with the resources available to me.

8. As of January 2026, there were three sergeants with the last name Carter employed by the Florida Department of Corrections (not necessarily at the Okeechobee Correctional Institution) and two officers at Okeechobee Correctional Institution, though they are not sergeants. Because Carter is a very common surname and because of the voluminous number of possible individuals, I cannot with certainty identify the correct person with the surname Carter to serve.

9. To obtain clarifying information, James Slater, an attorney representing Plaintiffs in this matter, has submitted records requests to obtain personnel files of all employees with the

last names Hernandez, Boykins, and Carter working at Okeechobee Correctional Institution during the relevant timeframe.

10. As of March 16, 2026, we await those records from the Florida Department of Corrections and will utilize them to confirm the identifies of partially named Defendants Boykins, Hernandez, and Carter to effectuate service.

11. I have additionally followed up on a public records request I submitted on March 18, 2025 that requested the names of any and all officers assigned to the Housing Unit where Cody White was housed February 1, 2025 and February 4, 2025. The records I received were redacted and did not shed light on these Defendants in any meaningful way. I clarified my request to explain that the documents I am seeking are "duty logs," which will show what officers were working in the relevant part of the prison during the relevant time period. I currently await a response.

12. Upon receipt of the duty logs, I will utilize them in tandem with the personnel files. However, I anticipate that the Florida Department of Corrections will need some time to provide those records and thus believe a minor extension to serve to be necessary and not prejudicial or for the purposes of undue delays.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 16, 2026 in Chicago, Illinois.

Alexandra Gergova
**KAPLAN & GRADY LLC**
2071 N. Southport Ave., Ste. 205
Chicago, IL 60614
T: (312) 820-5897
alexandra@kaplangrady.com