UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:    26-cv-14004-DMM

CHRISTINNA WHITE, as Personal Representative
Of the Estate of Cody Lee White and CASEY
WHITE, individually,

      Plaintiffs,

vs.

SERGEANT HERNANDEZ, SERGEANT
CLIFTON MCCLAY YATES, CORRECTIONAL
OFFICER CORRADO, CORRECTIONAL
OFFICER THOMAS DUNN, CAPTAIN
WILLIAM HAMILTON, SERGEANT ANDRIANA
RANKINE, LIEUTENANT DENNIS BURNEY,
SERGEANT CARTER, JESUS CRUZADO,
BOYKINS and DOES 1-11,

      Defendants.

_____/

**DEFENDANTS SERGEANT HERNANDEZ, SERGEANT MCCLAY YATES, OFFICER CORRADO, OFFICER DUNN, CAPTAIN HAMILTON, SERGEANT RANKINE, LIEUTENANT BURNEY, AND JESUS CRUZADO'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

Defendants DISAN HERNANDEZ, CLIFTON MCCLAY YATES, MICHAEL CORRADO, THOMAS DUNN, WILLIAM HAMILTON, ANDRIANA RANKINE, DENNIS BURNEY, AND JESUS CRUZADO (hereinafter, "Defendants"), by and through undersigned counsel, Whitelock & Associates, P.A., and pursuant to S.D. Fla. L.R. 7.1(c)(1), hereby file this Reply Memorandum of Law in further support of their Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 38], and state as follows:

**I.     PRELIMINARY STATEMENT**

Plaintiffs' Response in Opposition fails to cure the fundamental pleading deficiencies

identified in Defendants' Motion to Dismiss. Rather than supply particularized factual allegations as *Twombly* and *Iqbal* demand, Plaintiffs retreat to collective pleading, sweeping inferences drawn from a concededly undocumented incident, and citation to cases whose facts are materially distinguishable from what the Amended Complaint actually alleges as to each individual Moving Defendant. Because the Amended Complaint fails to plead each Defendant's actual, subjective knowledge of a specific risk to Cody White and each Defendant's individual conscious disregard of that known risk, dismissal is required. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## II.      ARGUMENT

### A.      Plaintiffs' Collective Pleading Fails, and *Carter v. Galloway* Compels Dismissal.

Plaintiffs claim that alleging all defendants shared the same knowledge and took the same actions constitutes permissible group pleading. ECF No. 41 at 8. This, however, misapplies the actual standard. The Eleventh Circuit has repeatedly condemned pleadings that lump defendants together without specifying which individual is responsible for which act or omission. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Even where defendants are named collectively, a plaintiff must allege a factual basis from which each individual defendant's personal participation can plausibly be inferred. *Iqbal*, 556 U.S. at 676.

Plaintiffs' own Amended Complaint also fatally undermines their collective-knowledge theory. It concedes that Settle's January 27 attack on Flash 'does not show up on Settle's disciplinary record at all.' ECF No. 35, ¶ 28. Where the foundational incident was never recorded or communicated through official channels, there is no factual basis to infer that Rankine, Hamilton, Yates, Corrado, Dunn, or Burney each individually and actually learned of it. Deliberate indifference requires actual, subjective knowledge of a specific risk, not constructive notice.

*Farmer v. Brennan*, 511 U.S. 825, 836-38 (1994). Conclusory assertions that 'Defendants knew' cannot substitute for facts showing how each person became subjectively aware. *Carter v. Galloway*, 352 F.3d 1346, 1350 (11th Cir. 2003).

Additionally, Plaintiffs' attempt to distinguish *Carter v. Galloway* by noting it was decided at summary judgment after discovery equally fails. ECF No. 41 at 9. Here, this purported distinction cuts against them. In *Carter*, the plaintiff personally and repeatedly warned officers that his cellmate was 'acting crazy,' was roaming the cell 'like a caged animal,' and had directly threatened to harm himself 'one way or another.' 352 F.3d at 1348-49. Those were direct, face-to-face, repeated oral communications to the specific officers sued. The Eleventh Circuit, however, still found that the subjective awareness requirement was unsatisfied. Here, Plaintiffs concede the key incident forming the entire basis of their theory was never documented or communicated at all. ECF No. 35, ¶ 28. Consequently, the Defendants had categorically less notice than the defendants in *Carter* based on the facts set forth in the pleading. If actual, repeated personal warnings were insufficient there, an undocumented, uncommunicated incident cannot satisfy the subjective-awareness standard here at the pleading stage.

Lastly, the same collective pleading deficiency independently renders the Amended Complaint an impermissible shotgun pleading. Plaintiffs cite *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000) for the proposition that collective allegations are permissible where all defendants are named. ECF No. 41 at 18. But the Eleventh Circuit's prohibition on shotgun pleadings targets precisely what Plaintiffs have done here: asserting claims against multiple defendants without specifying which individual is purportedly responsible for which act or omission. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015). The glaring problem is the Amended Complaint's pervasive disjunctive framing ("either oversaw

3

or directly made," "participated in or facilitated,") which leaves each Defendant unable to determine what specific act or omission is charged to them personally. ECF No. 35, ¶¶ 31-32. As aptly demonstrated by the individualized analysis below, those allegations collapse into legal conclusions unsupported by the particularized facts *Twombly* and *Iqbal* require.

**B.   The Amended Complaint Fails to State a Claim Against Each Individual Defendant.**

Section 1983 liability is personal; each defendant's liability 'must be based on his own individual acts.' *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Despite this requirement, Plaintiffs' Response fails to cite any cognizable individualized factual allegations.

**Sergeant Yates.** Plaintiffs defend the Amended Complaint's disjunctive framing as permissible alternative pleading under Rule 8(d)(2), citing *Adinolfe v. United Techs. Corp.*, 768 F.3d 1161, 1175 (11th Cir. 2014). ECF No. 41 at 11. But Rule 8(d)(2) permits alternative legal theories against a defendant; it does not permit a plaintiff to plead that a defendant either did or did not perform a particular act and thereby satisfy Section 1983's personal-participation requirement. The disjunctive either/or framing concedes that Plaintiffs do not know whether Yates had any role in the housing decision at all. Without a factual allegation tying Yates to a specific act or omission, there is no plausible basis for individual liability. *Iqbal*, 556 U.S. at 678.

**Officer Corrado.** Plaintiffs allege only that Corrado "participated in or facilitated" the housing assignment "in some unspecified way." ECF No. 35, ¶ 32. This is precisely the bare legal conclusion *Iqbal* prohibits. 556 U.S. at 678. No fact is alleged identifying what Corrado did, what authority he held over housing decisions, or how he learned of Settle's history. *Twombly*, 550 U.S. at 555.

**Officer Dunn.** The Amended Complaint expressly assigns the cell-check failures during the relevant period to Does 4-11, not Dunn. ECF No. 35, ¶¶ 19-20, 37-38. This is not a disputed

factual inference; rather, it is the Amended Complaint's own allocation of responsibility on the face of the pleading. A Court is not required to accept allegations in one part of a complaint that are directly contradicted by the complaint's own allegations elsewhere. *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012). Plaintiffs here cannot simultaneously assign the cell-check failures to unnamed Does in paragraphs 19-20 and 37-38 and then attribute those same failures to Dunn as the basis for deliberate indifference. The Amended Complaint does not state a claim against Dunn for the cell-check period. Lastly, Dunn's alleged conduct on February 3, which was responding to a neighboring inmate's request and locating Cody's body, is simply inconsistent with deliberate indifference. *Goodman v. Kimbrough*, 718 F.3d 1325, 1332-34 (11th Cir. 2013).

**Lieutenant Burney.** The Amended Complaint contains no allegation that Burney had any prior knowledge of Settle's history, the Flash attack, or the dangerous conditions in Cody's cell before the afternoon of February 3. Absent actual, subjective awareness of a specific risk, a failure to act is not deliberate indifference. *Farmer*, 511 U.S. at 836-38. Burney's assistance in discovering Cody's body when alerted by nearby inmates does not plausibly allege conscious disregard of a known risk; at most, it sounds in negligence, which is firmly insufficient. *Id*. at 835.

**Sergeant Rankine and Captain Hamilton.** Both appear only in the collective disjunctive allegation that one or more of a group of officials "either oversaw or directly made housing decisions." ECF No. 35, ¶ 31. No specific act or omission is attributed to either. Hamilton's post-incident separation from FDOC does not establish the individualized subjective knowledge and conscious disregard of a specific risk that *Farmer* demands, and it cannot substitute for the particularized factual allegations Section 1983 requires as to each defendant. 511 U.S. at 836-38.

**Jesus Cruzado.** Plaintiffs rely on *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 623 (11th Cir. 2007), to argue causation. ECF No. 41 at 10. In *Rodriguez*, the defendant directly

controlled the specific housing protocol whose breach caused the harm. *Id.* 622-23. Here, the Amended Complaint does not allege that Cruzado had any role in, authority over, or involvement in the subsequent decision to place Cody with Settle. A classification notation responding to the Flash incident does not establish the affirmative causal connection between Cruzado's individual conduct and Cody's death that Section 1983 requires. *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993). *Rodriguez* is inapposite.

**Sergeant Hernandez**. The Amended Complaint's lone allegation specific to Hernandez is that he responded to Settle's January 27 attack on Flash and failed to document or report it. ECF No. 35, ¶ 28. No allegation connects Hernandez to the subsequent decision to place Cody with Settle, to any cell-check responsibility, or to any knowledge of a specific risk to Cody or any risk at all. The absence of documentation attributed to Hernandez cannot establish an affirmative causal connection between his individual conduct and Cody's death, as Section 1983 requires. *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993).

C. **The *Cottone-Caldwell-Bowen* Trilogy Does Not Clearly Establish the Law as to Each Defendant's Specific Conduct, and *Bowen* is Factually Distinguishable.**

Plaintiffs rely on *Cottone v. Jenne*, 326 F.3d 1352 (11th Cir. 2003), *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090 (11th Cir. 2014), and *Bowen v. Warden Baldwin State Prison*, 826 F.3d 1312 (11th Cir. 2016), as setting forth the claimed 'clearly established law' here. ECF No. 41 at 12-15. The qualified-immunity inquiry demands more than citation to general principles. Clearly established law must be particularized to the specific conduct of each individual defendant and may not be defined at a high level of generality. *White v. Pauly*, 580 U.S. 73, 79 (2017); *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). In each case, the Court must ask whether a reasonable officer in each specific defendant's position, with each specific defendant's alleged knowledge and role, would have known his conduct was unlawful. *See Loftus v. Clark-Moore*, 690 F.3d 1200, 1204-05

6

(11th Cir. 2012) (holding that the clearly-established inquiry requires asking whether it would be clear to a reasonable officer that his conduct was unlawful in the specific situation he confronted, not as a broad general proposition).

*Bowen* does not control here because it is factually distinguishable in a critical respect. In *Bowen*, the defendants possessed documented, communicated, individualized knowledge of the assailant's specific and recent violence against a prior cellmate. 826 F.3d at 1318-19. The prior assault was an institutional event that passed through official channels and was known to the specific officers who made the subsequent housing decision. *Id*. at 1323-24. Here, Plaintiffs' own Amended Complaint affirmatively alleges the opposite: Settle's attack on Flash "does not show up on Settle's disciplinary record at all." ECF No. 35, ¶ 28. The Amended Complaint further alleges that Defendants Hernandez and Boykins (who allegedly responded to the Flash attack) "did not document or otherwise report the incident." *Id*. Plaintiffs' response attempts to minimize this concession by arguing that undocumented knowledge can be inferred from the Moving Defendants' roles and presence. ECF No. 41 at 7-9. That argument inverts *Bowen's* holding. The denial of qualified immunity in *Bowen* rested expressly on defendants' actual awareness of a substantial and seemingly conspicuous risk that passed through documented institutional channels. 826 F.3d at 1324. Where Plaintiffs' own pleading concedes that the predicate event was never recorded or communicated, no reasonable inference of actual subjective knowledge can be drawn, and *Bowen* does not clearly establish that any Moving Defendant's conduct here was unlawful.

Similarly, *Cottone* and *Caldwell* are no less supportive. Plaintiffs claim that *Cottone* mirrors this case because the defendants there did not monitor inmates knowing of one's violence. ECF No. 41 at 13. That characterization, however, obscures the salient distinction. In *Cottone*, the defendants' knowledge rested on a foundation that is entirely absent here: they had

personally observed, and the institution had documented, the assailant's violent schizophrenic outbursts prior to the victim's death. 326 F.3d at 1356-58. The knowledge in *Cottone* was not inferred from roles or general awareness of a disciplinary history. It derived from direct, recorded observation of the specific threat that materialized. Here, the foundational event forming the basis of Plaintiffs' knowledge theory, Settle's attack of Flash, was concededly never documented or communicated through any official channel. That gap is fatal to the argument that *Cottone* clearly established the unlawfulness of these defendants' specific conduct. In *Caldwell*, the defendants were directly informed of the assailant's prior violence through a formal reported incident and were on actual notice of the victim's expressed fear of being locked in a cell with the assailant. 748 F.3d at 1095, 1103. In both cases, the constitutional violation turned on defendants who had actual, specific, communicated knowledge of an identified threat and then did nothing. None of those cases clearly establishes that an officer alleged only in the alternative to have been one of several possible housing decision-makers (Yates, Rankine, Hamilton), an officer whose participation is alleged in purely conclusory terms with no identified act (Corrado), an officer whose cell-check duties the complaint itself assigns to unnamed Does (Dunn), or an officer present only at the discovery of a body with no prior knowledge alleged (Burney) violates clearly established law. Qualified immunity must be denied only where the unlawfulness is apparent to every reasonable officer in the defendant's specific position. It was not apparent here.

Finally, Plaintiffs claim that Defendants waived qualified immunity as to Count II by failing to raise it in the motion to dismiss. ECF No. 41 at 15 n.2. That argument is without merit. Defendants' motion to dismiss expressly argued that Count II fails as a matter of law because convicted inmates' conditions of confinement claims are governed exclusively by the Eighth Amendment, rendering the Fourteenth Amendment claim legally foreclosed regardless of qualified

8

immunity. ECF No. 38 at 15. That is a merits-based ground for dismissal that independently requires dismissal of Count II without reaching qualified immunity. Moving Defendants did not abandon qualified immunity as a defense. They properly presented a threshold legal argument that, if sustained, makes the immunity analysis unnecessary.

### D. Count II Fails Because the Allegations Are Entirely Derivative of the Eighth Amendment Claim and Do Not Satisfy the Conscience-Shock Standard.

Plaintiffs claim that Count II survives Eighth Amendment exclusivity because Casey White brings a personal claim in his individual capacity for deprivation of his liberty interest in his son's remains. ECF No. 41 at 15-16. Plaintiffs err.  Even assuming *arguendo* that Casey White holds a cognizable substantive due process interest in the integrity of his son's remains, a question neither the Supreme Court nor the Eleventh Circuit has resolved in this context, that assumption does not save Count II. A plaintiff asserting a substantive due process claim must plausibly allege that each individual defendant's specific conduct shocked the conscience, meaning conduct that was deliberate, brutal, and specifically directed at the constitutionally protected interest at issue. *County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998); *Waddell v. Hendry Cty. Sheriff's Office*, 329 F.3d 1300, 1305-06 (11th Cir. 2003).

The Amended Complaint's theory as to Casey White's individual claim rests entirely on the same failure-to-protect allegations that form Count I. ECF No. 35, ¶¶ 55-60. No allegation attributes to any individual Moving Defendant any act or omission that was specifically directed at Casey White's interest in the sanctity of Cody's remains, as distinct from the general failure to protect Cody. Where the conduct giving rise to the claim is the same indifference alleged under the Eighth Amendment, allowing a parallel substantive due process claim would permit precisely the 'end-run' around the Eighth Amendment that *Lewis* prohibits. 523 U.S. at 843. Moreover, even accepting that the conscience-shock standard applies, conduct that amounts to deliberate

9

indifference does not satisfy a standard that demands something beyond deliberate indifference. *Lewis*, 523 U.S. at 849. Count II must be dismissed as to all Moving Defendants.

### E. Count III Fails Because Plaintiffs Do Not Overcome State-Law Immunity.

Plaintiffs argue their deliberate-indifference allegations automatically overcome Section 768.28(9)(a) immunity. ECF No. 41 at 17. This claim is circular. The Amended Complaint fails to allege deliberate indifference as to any one Moving Defendant because it lacks particularized factual allegations of each Defendant's actual subjective awareness of a specific risk and individual conscious disregard of that risk. Because the federal deliberate-indifference claim fails for want of individualized factual support, the state-law immunity argument fails with it. The Eleventh Circuit has recognized that the federal deliberate-indifference standard and Florida's wanton-and-willful standard under Section 768.28(9)(a) rise and fall together. *Turner v. Phillips*, No. 21-12370, 2022 WL 458238, at *4 (11th Cir. Feb. 15, 2022). Accordingly, Count III should be dismissed.

### F. The Doe Defendants Should Be Dismissed.

Plaintiffs argue that Moving Defendants lack standing to seek dismissal of defendants they do not represent. ECF No. 41 at 19. That argument need not be resolved because the fictitious-party pleading deficiency is independently fatal on its merits under controlling Eleventh Circuit authority regardless of which party raises it. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010).

### III. CONCLUSION

For the foregoing reasons, and for the reasons set forth in Defendants' Motion to Dismiss, this Court should dismiss the Amended Complaint in its entirety as to Defendants Hernandez, Yates, Corrado, Dunn, Hamilton, Rankine, Burney, and Cruzado.

Respectfully submitted,

WHITELOCK & ASSOCIATES, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Phone No.: (954) 463-2001
Facsimile No.: (954) 463-0410
Counsel for Defendants, Hernandez, Yates, Corrado, Dunn, Hamilton, Rankine, Burney, and Cruzado

/s/Christopher J. Whitelock
CHRISTOPHER J. WHITELOCK
Florida Bar No. 067539
JESSALYNN R. KANTZAVELOS
Florida Bar No.  117926

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

s/Christopher J. Whitelock

11

## SERVICE LIST

James M. Slater, Esq.
Slater Legal, PLLC
9000 Dadeland Blvd., #1500
Miami, FL  33156
e-mail:  james@slater.legal

Sarah Grady, Esq.
Matthew Underwood, Esq.
David Schmutzer, Esq.
Amelia Caramadre, Esq.
Kaplan & Grady, LLC
2071 N. Southport Ave., Suite 205
Chicago, IL  60614
Email:  david@kaplangrady.com
sarah@kaplangrady.com
amelia@kaplangrady.com
matthew@kaplangrady.com