UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:     26-cv-14004-DMM

CHRISTINNA WHITE, as Personal Representative
Of the Estate of Cody Lee White and CASEY
WHITE, individually,

        Plaintiffs,

vs.

SERGEANT HERNANDEZ, SERGEANT
CLIFTON MCCLAY YATES, CORRECTIONAL
OFFICER CORRADO, CORRECTIONAL
OFFICER THOMAS DUNN, CAPTAIN
WILLIAM HAMILTON, SERGEANT ANDRIANA
RANKINE, LIEUTENANT DENNIS BURNEY,
SERGEANT CARTER, JESUS CRUZADO,
BOYKINS and DOES 1-11,

        Defendants.

_____/

## DEFENDANT SERGEANT DISAN HERNANDEZ'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT BY JOINDER IN CO-DEFENDANTS' MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendant SERGEANT DISAN HERNANDEZ (hereinafter, "Hernandez" or "Defendant"), by and through undersigned counsel, Whitelock & Associates, P.A., and pursuant to Fed. R. Civ. P. 12(b)(6) and S.D. Fla. L. R. 7.1, hereby files this Notice of Joinder in and adoption of the Co-Defendants' Motion to Dismiss Plaintiffs' Amended Complaint [ECF No. 38] and the Reply Memorandum filed in support thereof [ECF No. 48] (collectively, the "Co-Defendants' Motion"), which are incorporated herein by reference in their entirety, and in support states as follows:

## I.     INTRODUCTION AND JOINDER

The Co-Defendants' Motion to Dismiss and Reply are the operative pleadings on behalf of all named Defendants and are fully incorporated herein by reference. Those filings establish, as a matter of law, that: (1) the Amended Complaint is an impermissible shotgun pleading; (2) it fails to allege personal participation by any named Defendant as required under 42 U.S.C. § 1983; (3) all Defendants are entitled to qualified immunity; (4) Count II fails because convicted inmates' conditions-of-confinement claims are governed exclusively by the Eighth Amendment; (5) Count III fails because Plaintiffs cannot overcome personal immunity under Section 768.28(9)(a), Florida Statutes; and (6) the claims against the fictitious Doe defendants are improper in this Circuit. *See generally* ECF No. 38. Hernandez adopts each of those arguments in full and moves for dismissal on each of those grounds.

Dismissal is further warranted on grounds particular to Hernandez. The Amended Complaint's only specific allegations against him are that he responded to Settle's January 27, 2025 attack on cellmate Matthew Flash and failed to document it. ECF No. 35, ¶¶ 28-29. The Amended Complaint contains no allegation that Hernandez participated in the decision to place Cody White in Settle's cell, held any cell-check responsibility during the relevant period, or had any knowledge of a specific risk to Cody White. There is no affirmative causal connection between Hernandez's alleged conduct and Cody's death. The claims against Hernandez must be dismissed.

## II.     HERNANDEZ-SPECIFIC ALLEGATIONS

Hernandez appears in the Amended Complaint in two (2) paragraphs. Paragraph 28 alleges that Hernandez and Defendant Boykins responded to Settle's January 27 attack on Flash but "did not document or otherwise report the incident" and did not investigate or discipline Settle. ECF

No. 35, ¶ 28. Paragraph 29 alleges that Hernandez, Boykins, and Cruzado "were aware of Settle's attack on Flash" but "took no meaningful action to protect Cody." *Id.* ¶ 29.

Every other allegation bearing on Cody's death is directed at other defendants. The housing decision is attributed to Rankine, Carter, Hamilton, and/or Yates, and to Corrado and Dunn as facilitators. ECF No. 35, ¶¶ 31-32. Although paragraph 36 includes Hernandez among staff responsible for cell checks in general terms, the specific shift-by-shift cell-check responsibilities between January 31 and February 3 are assigned exclusively to Does 1-11. *Id.* ¶¶ 19-20, 37-38. The discovery of Cody's body is attributed to Dunn and Burney. *Id.* ¶¶ 39-40. Hernandez does not appear again after paragraph 29.

### III.   <u>MEMORANDUM OF LAW</u>

####   A.   <u>The Amended Complaint Fails to State an Eighth Amendment Claim Against Hernandez.</u>

The Co-Defendants' Motion establishes that Count I must be dismissed as to all Defendants because the Amended Complaint fails to plausibly allege subjective knowledge of a specific risk to Cody White, conscious disregard of that risk, or the personal participation required by Section 1983. ECF No. 38 at 6-13. Those failures apply with even greater force to Hernandez.

The Amended Complaint does not allege that Hernandez knew Cody White would be placed with Settle, had any contact with Cody, or received any communication about a specific risk to Cody. Deliberate indifference requires actual knowledge of a risk to the specific inmate harmed. *Farmer v. Brennan*, 511 U.S. 825, 836-38 (1994); *Carter v. Galloway*, 352 F.3d 1346, 1350 (11th Cir. 2003). No such allegation exists as to Hernandez and Cody.

Hernandez's failure to document the Flash attack also cannot establish conscious disregard of a known risk to Cody. The Amended Complaint itself concedes that the attack "does not show up on Settle's disciplinary record at all." ECF No. 35, ¶ 28. Where the foundational incident was

never recorded or communicated, there is no factual basis from which to infer that Hernandez subjectively knew Cody White faced a specific, substantial risk of harm.

Finally, Section 1983 requires an affirmative causal connection between each defendant's individual conduct and the constitutional harm. *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993). The Amended Complaint alleges no authority by Hernandez over housing decisions, no individual cell-check responsibility, and no means by which he could have intervened to protect Cody after January 27. Even crediting Plaintiffs' theory that documenting the Flash attack would have triggered a classification review (ECF No. 35, ¶ 30), no non-speculative basis exists to conclude that such a review would have prevented a housing decision made by different defendants three (3) days later. Qualified immunity also independently requires dismissal of Count I because no controlling precedent clearly establishes that a correctional officer's failure to document a prior inmate-on-inmate attack, with no alleged connection to a subsequent housing decision and no subjective awareness of a risk to the plaintiff, violates the Eighth Amendment. *White v. Pauly*, 580 U.S. 73, 79 (2017).

### B. The Fourteenth Amendment Claim Fails Against Hernandez as a Matter of Law.

Count II fails on the Eighth Amendment exclusivity ground set forth in the Co-Defendants' Motion. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Even under Plaintiffs' theory that Casey White holds an independent substantive due process interest in the sanctity of his son's remains, the conscience-shock standard requires conduct that is deliberate, brutal, and specifically directed at that protected interest. *County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998). Hernandez's sole alleged act, failing to document an attack three (3) days before Cody was placed with Settle, is temporally and causally remote from the desecration of Cody's body. No allegation places Hernandez at, or connects him to, those events. Count II must be dismissed as to Hernandez.

### C.     The Wrongful Death Claim Fails Against Hernandez.

Hernandez is immune under Section 768.28(9)(a), Florida Statutes, for the reasons stated in the Co-Defendants' Motion. Because the federal deliberate-indifference standard and Florida's wanton-and-willful standard rise and fall together, *Turner v. Phillips*, No. 21-12370, 2022 WL 458238, at *4 (11th Cir. Feb. 15, 2022), Count III fails against Hernandez for the same reasons Count I does. A documentation omission, without more, does not plausibly reflect bad faith, malicious purpose, or wanton and willful disregard of human rights.

## IV.     CONCLUSION

For the foregoing reasons, and for the reasons set forth in the Co-Defendants' Motion to Dismiss [ECF No. 38] and Reply [ECF No. 48] in support thereof, Defendant Sergeant Disan Hernandez respectfully requests that this Court dismiss the Amended Complaint in its entirety as to Hernandez with prejudice.

Respectfully submitted,

WHITELOCK & ASSOCIATES, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Phone No.: (954) 463-2001
Facsimile No.: (954) 463-0410
Counsel for Defendant Disan Hernandez

/s/Christopher J. Whitelock
CHRISTOPHER J. WHITELOCK
Florida Bar No. 067539
JESSALYNN R. KANTZAVELOS
Florida Bar No.  117926

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.


                                    s/Christopher J. Whitelock

## SERVICE LIST


James M. Slater, Esq.
Slater Legal, PLLC
9000 Dadeland Blvd., #1500
Miami, FL  33156
e-mail:  james@slater.legal

Sarah Grady, Esq.
Matthew Underwood, Esq.
David Schmutzer, Esq.
Amelia Caramadre, Esq.
Kaplan & Grady, LLC
2071 N. Southport Ave., Suite 205
Chicago, IL  60614
Email:  david@kaplangrady.com
sarah@kaplangrady.com
amelia@kaplangrady.com
matthew@kaplangrady.com