UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:    26-cv-14004-DMM

CHRISTINNA WHITE, as Personal Representative
Of the Estate of Cody Lee White and CASEY
WHITE, individually,

        Plaintiffs,

vs.

SERGEANT HERNANDEZ, SERGEANT
CLIFTON MCCLAY YATES, CORRECTIONAL
OFFICER CORRADO, CORRECTIONAL
OFFICER THOMAS DUNN, CAPTAIN
WILLIAM HAMILTON, SERGEANT ANDRIANA
RANKINE, LIEUTENANT DENNIS BURNEY,
SERGEANT CARTER, JESUS CRUZADO,
BOYKINS and DOES 1-11,

        Defendants.

_____/

**DEFENDANT SERGEANT CHANDRA CARTER'S MOTION TO DISMISS
PLAINTIFFS' AMENDED COMPLAINT BY JOINDER IN CO-DEFENDANTS'
MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW**

Defendant SERGEANT CHANDRA CARTER (hereinafter, "Carter" or "Defendant"), by

and through undersigned counsel, Whitelock & Associates, P.A., and pursuant to Fed. R. Civ. P.

12(b)(6) and S.D. Fla. L. R. 7.1, hereby files this Notice of Joinder in and adoption of the Co-

Defendants' Motion to Dismiss Plaintiffs' Amended Complaint [ECF No. 38] and the Reply

Memorandum filed in support thereof [ECF No. 48] (collectively, the "Co-Defendants' Motion"),

which are incorporated herein by reference in their entirety, and in support states as follows:

I.      **INTRODUCTION AND JOINDER**

The Co-Defendants' Motion to Dismiss and Reply are the operative pleadings on behalf of

all named Defendants and are fully incorporated herein by reference. Those filings establish, as a

matter of law, that: (1) the Amended Complaint is an impermissible shotgun pleading; (2) it fails to allege personal participation by any named Defendant as required under 42 U.S.C. § 1983; (3) all Defendants are entitled to qualified immunity; (4) Count II fails because convicted inmates' conditions-of-confinement claims are governed exclusively by the Eighth Amendment; (5) Count III fails because Plaintiffs cannot overcome personal immunity under Section 768.28(9)(a), Florida Statutes; and (6) the claims against the fictitious Doe defendants are improper in this Circuit. *See generally* ECF No. 38. Carter adopts each of those arguments in full and moves for dismissal on each of those grounds.

Dismissal is further warranted on grounds particular to Carter. The Amended Complaint's only specific allegations against her are lodged in two (2) paragraphs of the Amended Complaint, and they are pleaded exclusively in the disjunctive: Paragraph 31 alleges that Carter, along with Rankine, Hamilton, and/or Yates, "either oversaw or directly made housing decisions and prisoner placements," and Paragraph 32 alleges that the same group of officials "intentionally or recklessly decided to cell Cody with Settle and/or failed to take any meaningful action to stop others from celling them together." ECF No. 35, at ¶¶ 31-32. The Amended Complaint contains no allegation identifying any specific act or omission by Carter, no allegation establishing how Carter learned of Settle's disciplinary history, no allegation that Carter held authority over the particular housing decision at issue, and no allegation establishing an affirmative causal connection between any conduct by Carter and Cody White's death. The claims against Carter must be dismissed.

## II.   CARTER-SPECIFIC ALLEGATIONS

Carter appears in the Amended Complaint in two (2) paragraphs, each of which names her only as one of several possible actors pleaded in the alternative. Paragraph 31 alleges that "Defendant Sergeant Andriana Rankine, Defendant Sergeant Carter, Defendant Captain Hamilton,

and/or Defendant Sergeant Yates either oversaw or directly made housing decisions and prisoner placements." ECF No. 35, at ¶ 31. Paragraph 32 alleges that "Defendants knew that Settle had attacked Officer Miller and then stabbed his cellmate shortly thereafter" and that "Defendants Rankine, Carter, Hamilton, and/or Yates intentionally or recklessly decided to cell Cody with Settle and/or failed to take any meaningful action to stop others from celling them together." ECF No. 35, at ¶ 32.

The Amended Complaint contains no allegation that Carter received any specific communication about Settle's prior conduct, no allegation that Carter was present for or involved in any particular housing-placement decision, no allegation that Carter had any contact with Cody White, and no allegation that Carter had any knowledge of a specific and substantial risk of harm to Cody White. Every other allegation bearing on Cody's death is directed at other Defendants. The January 27 attack on cellmate Matthew Flash, which forms the central predicate of Plaintiffs' knowledge theory, was never documented or communicated through any official channel. ECF No. 35, at ¶ 28. The discovery of Cody's body is attributed by Plaintiff to Dunn and Burney. ECF No. 35, at ¶¶ 39-40. The cell-check failures are assigned by Plaintiff exclusively to Does 1-11. ECF No. 35, at ¶¶ 19-20, 37-38. Carter does not appear in the Amended Complaint beyond Paragraphs 31 and 32.

### III.   MEMORANDUM OF LAW

#### A.   The Amended Complaint Fails to State an Eighth Amendment Claim Against Carter.

The Co-Defendants' Motion establishes that Count I must be dismissed as to all Defendants because the Amended Complaint fails to plausibly allege subjective knowledge of a specific risk to Cody White, conscious disregard of that risk, or the personal participation required by Section 1983. ECF No. 38 at 6-13. Those failures apply with equal or greater force to Carter.

3

The Amended Complaint does not allege that Carter knew Cody White would be placed with Settle, had any contact with Cody, received any communication about a specific risk to Cody, or was informed of Settle's January 27 attack on Flash through any channel. Deliberate indifference requires actual knowledge of a risk to the specific inmate harmed. *Farmer v. Brennan*, 511 U.S. 825, 836-38 (1994); *Carter v. Galloway*, 352 F.3d 1346, 1350 (11th Cir. 2003). No such allegation exists as to Carter and Cody.

The either/or framing of Paragraphs 31 and 32 is independently fatal to any claim against Carter. The use of "and/or" and "either oversaw or directly made" makes plain that Plaintiffs do not know whether Carter had any role in the housing decision at all. As the Co-Defendants' Motion and Reply establish, Rule 8(d)(2) permits alternative legal theories against a defendant; it does not permit a plaintiff to plead that a defendant either did or did not perform a particular act and thereby satisfy Section 1983's personal-participation requirement. ECF No. 38 at 6-7; ECF No. 48 at 4. That framing concedes that Plaintiffs lack any factual basis for Carter's individual liability. Without a factual allegation tying Carter to a specific act or omission, there is no plausible basis for individual liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Amended Complaint also fails to allege an affirmative causal connection between Carter's alleged conduct and Cody's death, as Section 1983 requires. *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993). Because Plaintiffs concede that Settle's January 27 attack on Flash "does not show up on Settle's disciplinary record at all," ECF No. 35, at ¶ 28, there is no factual basis from which to infer that Carter had subjective awareness of any specific, substantial risk to Cody White. Where the foundational incident was never recorded or communicated, no non-speculative basis exists to conclude that Carter consciously disregarded a known risk. The claims

against Carter are precisely the type of collective, conclusory allegations that the Eleventh Circuit has consistently condemned. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018).

Qualified immunity also independently requires dismissal of Count I as to Carter. No controlling precedent clearly establishes that a correctional sergeant, alleged only in the alternative as one of four (4) possible housing-decision-makers, without any specific allegation that she received communication about a particular risk to the plaintiff, without any identified act or omission attributed to her alone, and without any allegation of subjective awareness of the specific risk that materialized, violates the Eighth Amendment. *White v. Pauly*, 580 U.S. 73, 79 (2017). The unlawfulness of the conduct alleged against Carter was not apparent to every reasonable officer in Carter's specific position, and qualified immunity must be granted.

### B.     The Fourteenth Amendment Claim Fails Against Carter as a Matter of Law

Count II fails on the Eighth Amendment exclusivity ground set forth in the Co-Defendants' Motion. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Even under Plaintiffs' theory that Casey White holds an independent substantive due process interest in the sanctity of his son's remains, the conscience-shock standard requires conduct that is deliberate, brutal, and specifically directed at that protected interest. *County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998). The Amended Complaint alleges no specific act by Carter in connection with the desecration of Cody's body, and no allegation places Carter at or connects her to those events. Carter's sole alleged role, as one of four (4) possible officials who may have made or overseen a housing decision, is temporally and causally remote from any theory of bodily desecration. Count II must be dismissed as to Carter.

### C.    The Wrongful Death Claim Fails Against Carter.

Carter is immune under Section 768.28(9)(a), Florida Statutes, for the reasons stated in the Co-Defendants' Motion. Because the federal deliberate-indifference standard and Florida's wanton-and-willful standard rise and fall together, *Turner v. Phillips*, No. 21-12370, 2022 WL 458238, at *4 (11th Cir. Feb. 15, 2022), Count III fails against Carter for the same reasons Count I does. The conclusory allegation that Carter either oversaw or directly made a housing decision, without any particularized factual basis for individual knowledge of a specific risk or conscious disregard thereof, does not plausibly reflect bad faith, malicious purpose, or wanton and willful disregard of human rights. Count III must be dismissed as to Carter.

## IV.    CONCLUSION

For the foregoing reasons, and for the reasons set forth in the Co-Defendants' Motion to Dismiss [ECF No. 38] and Reply [ECF No. 48] in support thereof, Defendant Sergeant Chandra Carter respectfully requests that this Court dismiss the Amended Complaint in its entirety as to Carter with prejudice.

Respectfully submitted,

WHITELOCK & ASSOCIATES, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Phone No.: (954) 463-2001
Facsimile No.: (954) 463-0410
Counsel for Defendant Chandra Carter

/s/Christopher J. Whitelock
CHRISTOPHER J. WHITELOCK
Florida Bar No. 067539
JESSALYNN R. KANTZAVELOS
Florida Bar No.  117926

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

s/Christopher J. Whitelock

## SERVICE LIST

James M. Slater, Esq.
Slater Legal, PLLC
9000 Dadeland Blvd., #1500
Miami, FL  33156
e-mail:  james@slater.legal

Sarah Grady, Esq.
Matthew Underwood, Esq.
David Schmutzer, Esq.
Amelia Caramadre, Esq.
Kaplan & Grady, LLC
2071 N. Southport Ave., Suite 205
Chicago, IL  60614
Email:  david@kaplangrady.com
sarah@kaplangrady.com
amelia@kaplangrady.com
matthew@kaplangrady.com