**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO:   26-cv-14004-DMM**

CHRISTINNA WHITE, as Personal Representative
Of the Estate of Cody Lee White and CASEY
WHITE, individually,

      Plaintiffs,

vs.

SERGEANT HERNANDEZ, SERGEANT
CLIFTON MCCLAY YATES, CORRECTIONAL
OFFICER CORRADO, CORRECTIONAL
OFFICER THOMAS DUNN, CAPTAIN
WILLIAM HAMILTON, SERGEANT ANDRIANA
RANKINE, LIEUTENANT DENNIS BURNEY,
SERGEANT CARTER, JESUS CRUZADO,
BOYKINS and DOES 1-11,

      Defendants.

_____/

**JOINT MOTION FOR ENTRY OF CONFIDENTIALITY ORDER AND**
**INCORPORATED STIPULATED CONFIDENTIALITY ORDER**

Pursuant to Rules 26(c) and 45, Plaintiffs Christinna and Casey White, Defendants Disan

Hernandez, Clifton Yates, Chandra Carter, Michael Corrado, Thomas Dunn, William Hamilton,

Andriana Rankine, Dennis Burney, and Jesus Cruzado, and nonparty Florida Department of

Corrections ("FDC") jointly move for the entry of the incorporated proposed Confidentiality Order

regarding certain documents and materials to be produced by FDC and the Parties during this case.

As grounds, the Parties and nonparty FDC state as follows:

Plaintiffs served FDC with a Subpoena to Produce Documents, Information, or Objects or

to Permit Inspection of Premises in a Civil Action. Plaintiffs' subpoena includes requests for

records, which FDC regards as sensitive and confidential. Plaintiffs have also served discovery

1

requests on Defendants, who contend that a confidentiality agreement is necessary for discovery responses to be issued. As such, the Parties have agreed that the entry of a confidentiality order is appropriate.

The Parties and FDC anticipate that exchanged discovery requests and matters sought in Plaintiffs' subpoena will include protected confidential and restricted information of FDC. Such sensitive information may include operations that affect public safety, the safety of FDC personnel, and proper care and supervision of inmates. In anticipation of these discovery requests, and in order to address the concerns of the Parties and FDC, the Parties and FDC jointly stipulate to a confidentiality order which includes, in substance, the following:

## STIPULATED CONFIDENTIALITY ORDER

This Order governs the handling, maintenance, storage, use, and discussion of records, documents, audio or videotapes, or electronically stored data and other discovery materials that are exempt from disclosure under public records laws, or are considered confidential by section 119.071, Florida Statutes, section 945.10, Florida Statutes, or any other state law confidentiality provision, as well as certain FDC security procedures and rules, that are produced by or obtained from the FDC through discovery or through exchange of information between counsel for FDC and counsel for the Parties to the proceedings in this case.  This Order is intended to maintain the confidentiality of documents or information whether produced previously or in the future, that are within the exemption provisions of Section 119.071, Florida Statutes, or Section 945.10, Florida Statutes, or any other state law confidentiality provision as well as all applicable provisions of the FDC's security procedures and rules.

1.      FDC has security concerns regarding certain of its records and wishes to ensure that these records are not introduced into the public domain.

2.      Plaintiffs have discovery needs relating to the Plaintiffs' burden of proof of claims in the instant lawsuit that may include records that would be exempt from public disclosure under Florida public records law.

3.      In recognition of the need for a balancing of interests, the Parties hereby agree to treat the following kinds of discovery materials, and any further created materials derived from the foregoing as confidential, subject to court review:

(a)      Video, photographs, and audio recordings taken in or at any FDC prison, facility or building, and that may include security infrastructure and FDC staff;

(b)      Policies and procedures deemed by FDC to be restricted, and any screen grabs from any of the department's internal systems;

(c)      Classification files, disciplinary files, grievance files, MINS reports, IG records, use of force reports, and any incident reports and/or investigations;

(d)      Personnel files;

(e)      Inmate housing records/logs, dormitory logs, and special housing protocols;

(f)      Control room logs, duty rosters, post orders deemed by FDC to be restricted, training materials deemed by FDC to be restricted, and any FDC prison, facility or building floor plans.

4.      Plaintiffs may also designate records as confidential. Although the above-listed records are characterized as confidential under this Order, such designation is purely the product of the Parties' agreement and does not reflect a judicial ruling or stipulation by any Party concerning whether such records are protected by state or federal law.  Plaintiffs may challenge the protection as "confidential" of any particular record for a showing of "good cause" pursuant to

Rule 26 and the Department reserves the right to file appropriate motions to protect the confidential nature of the documents.

5.      FDC, however, maintains these records are, in fact, protected by state and federal law.

6.      This Order does not alter the requirements under court rules for redaction of information from documents filed with the Court.

7.      This Order does not apply to records already in the public domain.

8.      The following definitions shall apply to this Confidentiality Order:

(a)      "Parties" shall mean and refer to Counsel for Defendants on in the above captioned case.

(b)      "Qualified person(s)" shall mean and refer to:

i.      Private and state government counsel who have appeared for a party in this case and regular and temporary employees of such counsel assisting in the conduct of this case, including employees of any firm retained to reproduce the discovery material for use in accordance with this Agreement;

ii.      Experts or consultants assisting the Parties counsel in this litigation;

iii.      Employees of any Experts or consultants who are required to assist counsel in the conduct of this action;

iv.      Deponents, and their counsel, during the course of depositions taken in this action, and court reporters and persons preparing transcripts of depositions;

v.      The Court and Court personnel, pursuant to Paragraph 9 of this Agreement, and,

vi.      Other persons only upon order of the Court.

4

9.     Confidential information as set out in this Order, including applicable portions of depositions, shall be redacted or be filed with the Court under seal; however, no party shall file a document or other confidential material under seal without first having obtained an order granting leave to file under seal on a showing of particularized need.

10.     Confidential discovery materials covered by this Order shall be used only for this litigation. Under no circumstances, other than those specifically provided herein or under court orders, shall such material be disclosed to persons other than qualified persons as clarified in 2(b) above.

11.     Confidential discovery materials covered by this Order may be shown as provided to consultants and experts retained for the preparation of this litigation only after an attorney for the party employing such consultant or expert has obtained from the consultant or expert an executed Acknowledgment and Agreement (Exhibit A) to be subject to the terms of this Order. Counsel sharing the confidential materials shall maintain a log of all such consultants and experts or others who have seen or been provided confidential materials.

12.     Each person given access to confidential materials covered by this Order or information derived therefrom shall be advised that the material or information is being disclosed pursuant and subject to the terms of this Order and may not be disclosed other than pursuant to its terms.

13.     Confidential materials covered by this Order may be disclosed to employees of counsel for the Parties only for the purposes of this litigation and shall not be shared by them with any other person. Before such disclosure is made to such employee, counsel for the Parties shall comply with the requirements of paragraph 14.

14.     In the event that counsel for any party determines to file in or submit to the Court any confidential materials covered by this Order or information derived therefrom, or any papers containing or making reference to such material or information, after obtaining an Order of the Court pursuant to paragraph 11 herein, such documents shall be placed in sealed envelopes or sealed containers on which shall be endorsed:

(a)     the caption, as specified in Paragraph 2(a) of this Order;

(b)      the name of the party filing the sealed envelope or other appropriately sealed container and an indication of the nature of the contents; and

(c)     a statement substantially in the following form:

[DISCLOSING PARTY'S NAME]

CONFIDENTIAL

This envelope (or container) is sealed pursuant to a Confidentiality Order, contains confidential information and is not to be opened or the contents thereof to be displayed or revealed except to counsel of record in these actions or by court order or pursuant to Order of the disclosing party in this action.  The subject envelope or container shall not be opened without further order of the Court.

15.     When confidential documents or information covered by this Order are presented, quoted or referenced in any deposition, hearing or other pretrial proceeding, the attorneys for the parties shall make arrangements, or when appropriate, request the court to make arrangements to ensure that only qualified persons are present during such presentation, quotation, or reference. The application of this paragraph is for the present limited to pretrial proceedings. Comparable measures will be requested for trial, if necessary.

16.     If any party objects to the designation of any discovery material as "Confidential," the objecting party shall so notify the producing party in writing. In the event that a dispute arises about the confidential nature of any materials or a Party's duty to produce materials under this

Order, the Plaintiff shall confer with the opposing party in good faith to resolve the dispute prior to resorting to Court action. In the event that a dispute is not resolved by conferral, the party objecting to the designation shall apply to the court for a ruling as to whether the material objected to shall be treated as designated and protected, and notice of such application shall be provided to all other parties. If no such application is made, the material will be treated as designated and protected. If an application is made, until the Court enters an order, if any, determining the designation of the material objected to, such material shall be treated as designated and protected as provided in this Order.

17.     Producing or receiving materials or otherwise complying with the terms of the Order shall not:

(a)     Operate as an admission by any party that any particular material contains or reflects any confidential matter; or

(b)     Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery for reasons other than privilege; or

(c)     Prejudice in any way the rights of a party to seek a court determination whether particular material should be produced; or

(d)     Prejudice in any way the rights of a party to apply to the court for a further protective order relating to any confidential information.

18.     Any additional persons who become parties to this litigation, are subject to this order.

19.     Within thirty (30) days of conclusion of this litigation including appeals thereof, all confidential materials governed by this Order that were supplied by the parties and all copies thereof shall be returned to the producing party.  All confidential materials governed by this Order

7

which are electronically stored in any manner by Plaintiffs' counsel or counsel's agent must be permanently deleted.

20.     Counsel for Plaintiffs shall not share or disclose confidential records or documents governed by this order with a state prisoner, nor transfer the possession of confidential records or documents governed by this Order to the Plaintiff, or any other person not identified as a Qualified Person herein.

21.     The obligation to maintain confidentiality pursuant to this Order shall continue after the conclusion of this case.

**IT IS SO STIPULATED:**

Dated: June 10, 2026

| | |
|---|---|
| */s/ James Slater*<br>James M. Slater (FBN 111779)<br>SLATER LEGAL PLLC<br>2296 Henderson Mill Rd NE #116<br>Atlanta, GA 30345<br>(404) 458-7283<br>james@slater.legal | */s/ Christopher J. Whitelock (with consent)*<br><br>Christopher J. Whitelock (FBN 067539)<br>WHITELOCK & ASSOCIATES, P.A.<br>300 Southeast Thirteenth Street<br>Fort Lauderdale, FL 33316<br>(954) 463-2001<br>cjw@whitelocklegal.com |
| Sarah Grady<br>Matthew Underwood<br>David Schmutzer<br>Amelia Caramadre<br>KAPLAN & GRADY LLC<br>2071 N. Southport Ave., Ste. 205<br>Chicago, IL 60614<br>(312) 852-2184<br>sarah@kaplangrady.com<br>matthew@kaplangrady.com<br>david@kaplangrady.com<br>amelia@kaplangrady.com | *Attorney for Defendants*<br><br>*/s/ Amber Kourofsky (with consent)*<br>Amber Kourofsky (FBN 85100)<br>Assistant General Counsel<br>Office of the General Counsel<br>Florida Department of Corrections<br>501 South Calhoun Street<br>Tallahassee, Florida 32399<br>Tel. 850-717-3605<br>amber.kourofsky@fdc.myflorida.com |
| *Attorneys for Plaintiffs* | *Attorney for Nonparty FDC* |

## ORDER

It is hereby **ORDERED AND ADJUDGED** that the Stipulated Confidentiality Order is **APPROVED** and shall govern proceedings in this case.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this _____ day of June, 2026.

_____
DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO:    26-cv-14004-DMM**

**CHRISTINNA WHITE, as Personal Representative**
**Of the Estate of Cody Lee White and CASEY**
**WHITE, individually,**

            Plaintiffs,

vs.

**SERGEANT HERNANDEZ, SERGEANT**
**CLIFTON MCCLAY YATES, CORRECTIONAL**
**OFFICER CORRADO, CORRECTIONAL**
**OFFICER THOMAS DUNN, CAPTAIN**
**WILLIAM HAMILTON, SERGEANT ANDRIANA**
**RANKINE, LIEUTENANT DENNIS BURNEY,**
**SERGEANT CARTER, JESUS CRUZADO,**
**BOYKINS and DOES 1-11,**

            Defendants.

_____/

**Exhibit A**

**ADDENDUM TO CONFIDENTIALITY ORDER ORDER**

        The undersigned has been engaged as a consultant or expert in the above referenced action and hereby acknowledges that he/she has read the Confidentiality Order in this case, understands the provisions of the Order, and agrees to comply with the Order.

        The material or information is being disclosed pursuant and subject to the Order and may not be disclosed other than pursuant to its provisions.

Dated: _____, 202_.

_____          _____

NAME                                       SIGNATURE

10