UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:   26-cv-14004-DMM

CHRISTINNA WHITE, as Personal Representative
Of the Estate of Cody Lee White and CASEY
WHITE, individually,

      Plaintiffs,

vs.

SERGEANT HERNANDEZ, SERGEANT
CLIFTON MCCLAY YATES, CORRECTIONAL
OFFICER CORRADO, CORRECTIONAL
OFFICER THOMAS DUNN, CAPTAIN
WILLIAM HAMILTON, SERGEANT ANDRIANA
RANKINE, LIEUTENANT DENNIS BURNEY,
SERGEANT CARTER, JESUS CRUZADO,
BOYKINS and DOES 1-11,

      Defendants.

_____/

**JOINT MOTION FOR ENTRY OF
HIPAA-QUALIFIED PROTECTIVE ORDER**

Pursuant to Rule 26(c), Plaintiffs Christinna and Casey White, Defendants Disan Hernandez, Clifton Yates, Michael Corrado, Thomas Dunn, William Hamilton, Andriana Rankine, Dennis Burney, Chandra Carter, and Jesus Cruzado, Defendants FDC correctional officers, and nonparty Florida Department of Corrections (FDC) jointly move for the entry of the attached proposed HIPAA-Qualified Protective Order (HQPO). In support, Plaintiffs and Defendants (the "Parties"), and FDC state:

**BACKGROUND**

Plaintiffs Christinna and Casey White sued FDC correctional officers ("Defendants") for

alleged violations of the Eighth Amendment, Fourteenth Amendment, and the Florida Wrongful Death Act. (*See, generally*, Doc. 35). Given these claims, some critical material evidence may disclose Protected Health Information (PHI). The Parties and FDC seek this order under the Health Insurance Portability and Accountability Act of 1996 (HIPAA), so that PHI may remain secure through the Court ordering limited dissemination, used only for the litigation, and destruction or return afterward. To streamline these proceedings and allow full and substantially unredacted discovery without diminishing the Parties', FDC's, and third-party concerns over PHI and confidential information, The Parties and FDC respectfully request the entry of the attached HQPO.

## LEGAL STANDARD

The Court may issue a protective order "for good cause shown." Fed. R. Civ. P. 26(c). Although no absolute definition exists for "good cause," the phrase generally "signifies a sound basis or legitimate need to take judicial action." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987) (per curiam). The party seeking a protective order has the burden to demonstrate good cause and must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" supporting the need for a protective order. *U.S. v. Garrett,* 571 F.2d 1323, 1326 n.3 (5th Cir. 1978). A protective order does not depend on a legal privilege. *Farnsworth v. Procter & Gamble Co.,* 758 F.2d 1545, 1548 (11th Cir. 1985).

The Court has broad discretion in using protective orders to limit the means and scope of discovery. *In re Alexander Grant*, 820 F.2d at 357 (11th Cir. 1987) (per curiam). Once good cause is shown, a court may "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). In the Eleventh Circuit, district courts are required to balance the interests of those requesting the order.

*Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545 (11th Cir. 1985).

## ARGUMENT

Under HIPAA, PHI "means individually identifiable health information" which is transmitted or maintained in electronic media or in any other form or medium, with certain limited exceptions not relevant to this proceeding. 45 C.F.R. § 160.103. The regulations that govern disclosure of PHI provide that a covered entity may sometimes disclose PHI for medical research or law enforcement investigations. It may also disclose PHI in the course of any judicial or administrative proceeding (i) in response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order. 45 C.F.R. § 164.512(e). District courts have employed such protective orders in the past to make material evidence available to parties. *See, e.g.*, *Jac'Quann (Admire) Harvard et al. v. Mark Inch, et al.*, Case No. 4:19-cv-212, Doc. 46 (N.D. Fla. Sept. 9, 2019).

Because health care in Florida prisons is provided by private entities, health care corporations, like Centurion of Florida, LLC, are "covered entities" for HIPAA purposes. Plaintiff disputes whether FDC or Centurion is a "covered entity" under 45 C.F.R. § 160.103. To avoid litigation over the parties' competing contentions and to ensure that discovery disclosed in this case is substantially unredacted, the entry of the attached HQPO can eliminate unnecessary redactions, further disputes in this lawsuit over redacted materials, and can eliminate the burden of requiring authorizations of nonparties whose PHI may, often unexpectedly, appear in relevant material evidence in this case. 45 C.F.R. § 164.512(e)(1).

With an HQPO in place, FDC and its medical contractors can produce unredacted documents containing PHI to the Parties counsels without the burdens otherwise associated with properly disseminating PHI. The Parties have agreed to several categories of information to be

3

subject to the HQPO, including a catchall provision. The production of these classes of documents without redaction are necessary to fully understand and support Plaintiffs' claims, as well as understand and rebut Defendants' defenses in this case. In those documents, there may be references to medical conditions, PREA-related materials or allegations, medical staff information, facility information, or treatment and care, which, if redacted, would prevent Plaintiffs from addressing their claims. Moreover, the course of discovery may lead the parties to documents or evidence that would be material to the claims or defenses in this case but may not be specifically enumerated in the HQPO, thus necessitating a catchall provision. Plaintiffs, Defendants, and FDC jointly agree to the proposed HQPO.

**WHEREFORE**, Plaintiffs, Defendants, and FDC request that the Court grant this joint motion and enter the attached HIPAA-Qualified Protective Order.

Dated: June 10, 2026

| | |
|---|---|
| */s/ James Slater* | */s/ Christopher J. Whitelock (with consent)* |
| James M. Slater (FBN 111779) | Christopher J. Whitelock (FBN 067539) |
| SLATER LEGAL PLLC | WHITELOCK & ASSOCIATES, P.A. |
| 2296 Henderson Mill Rd NE #116 | 300 Southeast Thirteenth Street |
| Atlanta, GA 30345 | Fort Lauderdale, FL 33316 |
| (404) 458-7283 | (954) 463-2001 |
| james@slater.legal | cjw@whitelocklegal.com |
| Sarah Grady | *Attorney for Defendants* |
| Matthew Underwood | |
| David Schmutzer | */s/ Amber Kourofsky (with consent)* |
| Amelia Caramadre | Amber Kourofsky (FBN 85100) |
| KAPLAN & GRADY LLC | Assistant General Counsel |
| 2071 N. Southport Ave., Ste. 205 | Office of the General Counsel |
| Chicago, IL 60614 | Florida Department of Corrections |
| (312) 852-2184 | 501 South Calhoun Street |
| sarah@kaplangrady.com | Tallahassee, FL 32399 |
| matthew@kaplangrady.com | (850) 717-3605 |
| david@kaplangrady.com | amber.kourofsky@fdc.myflorida.com |
| amelia@kaplangrady.com | |
| | |
| *Attorneys for Plaintiffs* | *Attorney for Nonparty FDC* |

4