UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:    26-cv-14004-DMM

CHRISTINNA WHITE, as Personal Representative
Of the Estate of Cody Lee White and CASEY
WHITE, individually,

        Plaintiffs,

vs.

SERGEANT HERNANDEZ, SERGEANT
CLIFTON MCCLAY YATES, CORRECTIONAL
OFFICER CORRADO, CORRECTIONAL
OFFICER THOMAS DUNN, CAPTAIN
WILLIAM HAMILTON, SERGEANT ANDRIANA
RANKINE, LIEUTENANT DENNIS BURNEY,
SERGEANT CARTER, JESUS CRUZADO,
BOYKINS and DOES 1-11,

        Defendants.

_____/

## DEFENDANTS SERGEANT HERNANDEZ AND SERGEANT CHANDRA CARTER'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Defendants    DISAN    HERNANDEZ    and    CHANDRA    CARTER    (hereinafter,

"Defendants"), by and through their undersigned counsel, Whitelock & Associates, P.A., and

pursuant to S.D. Fla. L.R. 7.1(c)(1), hereby file this Reply Memorandum of Law in further support

of their respective Motions to Dismiss Plaintiffs' Amended Complaint by Joinder [ECF Nos. 49

and 50], which adopt and incorporate the Co-Defendants' Motion to Dismiss [ECF No. 38] and

Reply [ECF No. 48], and state as follows:

## I.    PRELIMINARY STATEMENT

Plaintiffs' Consolidated Response confirms, rather than cures, the deficiencies that require

1

dismissal as to Sergeant Carter and Sergeant Hernandez. Liability under Section 1983 is individual, and the Amended Complaint must allege, as to each of these Defendants, actual subjective knowledge of a specific risk to Cody White and conscious disregard of that known risk. It does not. Carter is named in only two (2) paragraphs, both pleaded in the alternative, alleging that she "and/or" three (3) other officials "either oversaw or directly made" the housing decision. ECF No. 35 at ¶¶ 31-32. Hernandez is named for a single act: responding to Settle's January 27 attack on Flash and failing to document it. ECF No. 35 at ¶¶ 28-29. Stripped of their conclusory labels, neither set of allegations identifies what either Defendant actually knew, or actually did, with respect to the risk that ultimately materialized.

Plaintiffs' Response does not supply the missing facts. It defends the pleading with collective allegations of shared knowledge, an inference of Hernandez's awareness that the Amended Complaint's own allocation of duties contradicts, and failure-to-protect decisions resting on documented, communicated knowledge that this pleading disclaims. None of that meets the individualized, fact-specific showing that *Twombly* and *Iqbal* require of each Defendant. Counts I, II, and III should be dismissed as to Carter and Hernandez. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## II.   ARGUMENT

### A.   Plaintiffs' Own Pleading Forecloses Their Collective-Knowledge Theory.

Plaintiffs' theory against both Carter and Hernandez rests on the premise that all Defendants knew of Settle's prior attacks on Officer Miller and on Flash. ECF No. 53 at 5; ECF No. 35 at ¶¶ 2-3, 29-33. That premise collapses against the Amended Complaint's own concession. Plaintiffs affirmatively allege that the officers who responded to Settle's January 27 attack on Flash "did not document or otherwise report the incident," and that the attack "does not show up on

Settle's disciplinary record at all" except for a few sentences added to a close-management recommendation only after Cody was already dead. ECF No. 35 at ¶ 28. Because the incident generated no contemporaneous record and is not alleged to have been communicated to Carter, there is no factual basis from which to infer that Carter, who is not alleged to have responded to or learned of the attack, became subjectively aware of it before the housing decision. Deliberate indifference requires actual, subjective knowledge of a specific risk, not constructive notice. *Farmer v. Brennan*, 511 U.S. 825, 836-38 (1994). The conclusory refrain that "Defendants knew" cannot substitute for facts showing how each defendant individually acquired that knowledge. *Carter v. Galloway*, 352 F.3d 1346, 1350 (11th Cir. 2003).

*Carter v. Galloway* compels dismissal. There, the plaintiff personally warned the very officers he sued that his cellmate was acting "crazy," was pacing the cell "like a caged animal," and had threatened to help him "one way or another," yet the Eleventh Circuit held the subjective-awareness requirement unsatisfied. 352 F.3d at 1348-50. Carter and Hernandez had far less notice than the officers there, because the predicate incident was concededly never documented or communicated. If direct, personal warnings did not establish subjective awareness in *Carter*, an undocumented and uncommunicated incident cannot do so here at the pleading stage.

Plaintiffs' reliance on *Turner v. Dunn*, 799 F. Supp. 3d 1208 (M.D. Ala. 2025), does not rescue the pleading. ECF No. 53 at 6. As an out-of-district decision, *Turner* is not binding on this Court and cannot displace the Eleventh Circuit's repeated condemnation of complaints that lump defendants together without specifying which defendant is responsible for which act. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015); *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). Even where defendants may be named collectively, a plaintiff must still allege a factual basis from which each individual defendant's

3

personal participation and subjective knowledge can plausibly be inferred. *Iqbal*, 556 U.S. at 676-78. The undocumented-incident concession in paragraph 28 forecloses that inference here.

B. **The Amended Complaint Fails to State an Eighth Amendment Claim Against Carter.**

Carter appears in only two (2) paragraphs, both pleaded in the disjunctive. ECF No. 35 at ¶¶ 31-32. Paragraph 31 alleges that Carter, "and/or" three (3) other officials, "either oversaw or directly made" housing decisions; paragraph 32 alleges that the same group "intentionally or recklessly decided to cell Cody with Settle and/or failed to take any meaningful action to stop others from celling them together." *Id.* Plaintiffs defend this framing as permissible alternative pleading under Rule 8(d)(2), citing *Adinolfe v. United Techs. Corp.*, 768 F.3d 1161, 1175 (11th Cir. 2014). ECF No. 53 at 6. But Rule 8(d)(2) permits a plaintiff to plead alternative legal theories against a defendant; it does not permit a plaintiff to plead that a defendant either did or did not perform a particular act and thereby satisfy Section 1983's personal-participation requirement. The disjunctive framing concedes that Plaintiffs do not know whether Carter had any role in the housing decision at all. Without a factual allegation tying Carter to a specific act or omission, there is no plausible basis for individual liability. *Iqbal*, 556 U.S. at 678. Section 1983 liability is personal; it turns on each defendant's own participation in the unconstitutional conduct and may not be imposed on a *respondeat superior* basis. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiffs' contention that Defendants "conceded" Carter's role by acknowledging that the housing decision is "attributed to Rankine, Carter, Hamilton, and/or Yates" is misplaced. ECF No. 53 at 6 (quoting ECF No. 49 at 3). That sentence describes how the Amended Complaint pleads the housing decision; it does not admit that Carter in fact made it. The quoted "and/or" is the very defect Defendants identify. A defendant's accurate characterization of a plaintiff's disjunctive

4

allegation is not an admission of the allegation's truth, and it cannot supply the individualized factual content the Amended Complaint omits.

Causation independently fails. Plaintiffs invoke *Rodriguez v. Sec'y for Dep't of Corr.*, 508 F.3d 611, 623 (11th Cir. 2007), but there the defendant directly controlled the specific housing protocol whose breach caused the harm. *Id.* at 622-23. Here, the Amended Complaint alleges no fact establishing that Carter had authority over, or in fact made, the particular placement of Cody with Settle, as distinct from the disjunctive group in which she is named. Section 1983 requires an affirmative causal connection between each defendant's own conduct and the constitutional harm. *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993). *Rodriguez* is inapposite.

## C.    The Amended Complaint Fails to State an Eighth Amendment Claim Against Hernandez.

The lone allegation specific to Hernandez is that he responded to Settle's January 27 attack on Flash and failed to document or report it. ECF No. 35 at ¶¶ 28-29. The Amended Complaint does not allege that Hernandez participated in the decision to place Cody with Settle, knew in advance that Cody would be celled with Settle, had any contact with Cody, or received any communication about a specific risk to Cody. A documentation omission, standing alone, cannot establish the affirmative causal connection between Hernandez's individual conduct and Cody's death that Section 1983 demands. *LaMarca*, 995 F.2d at 1538. The same is true of Plaintiffs' related theory that Hernandez failed to confiscate the blade Settle used. It is untethered to the later, independent housing decision and rests on Plaintiffs' own speculation that Cody was killed "likely with the same blade." ECF No. 53 at 2.

Plaintiffs' fallback causation theory fails as well. They posit that had Hernandez documented the Flash attack, the Institutional Classification Unit would have reviewed Settle's risk level and recommended a more restrictive status that "should have prevented" him from being

celled with another inmate. ECF No. 35 at ¶ 30. That chain is speculative at every link: it depends on a discretionary classification decision by the Unit, not by Hernandez, and on the further assumption that such a review would have changed a housing decision that other officials made days later. Section 1983 causation cannot rest on a multi-step hypothesis about what other actors might have done. *LaMarca*, 995 F.2d at 1538.

Plaintiffs also invoke the cell-check allegations, arguing that because Hernandez was "among the officers assigned to conduct rounds" in Cody's housing unit, it is "reasonable to infer that Hernandez would have seen the two celled together." ECF No. 53 at 7. Those allegations do not supply the missing knowledge. Paragraph 36 groups Hernandez together with "Defendants Yates, Dunn, Hernandez, and Does 1-11" and alleges, collectively, that they failed to conduct cell checks "despite knowing that Cody was celled with Settle." ECF No. 35 at ¶ 36. That undifferentiated group allegation does not identify what Hernandez individually did, which shift he worked, or how he supposedly knew, and it is precisely the kind of collective pleading the Eleventh Circuit condemns. *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). The Amended Complaint then pleads the specific, shift-by-shift cell-check responsibilities between January 31 and February 3 against Does 1-11, not Hernandez. ECF No. 35 at ¶¶ 19-20, 37-38. A bare, collective assertion that Hernandez "knew" Cody was housed with Settle, unsupported by any individualized fact, is a conclusion the Court need not accept, and the further inference that he "would have seen" the two and grasped a substantial risk to Cody is speculation. *Iqbal*, 556 U.S. at 678; *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

Plaintiffs' invocation of *Farmer's* "obvious risk" language does not change the result. ECF No. 53 at 7. That a factfinder may infer knowledge where a risk is obvious does not aid Plaintiffs,

6

because what must be obvious is a substantial risk to the specific inmate harmed. *Farmer*, 511 U.S. at 837-38. At most, Hernandez's response to the Flash attack gave him generalized awareness of Settle's violent propensity, which the Eleventh Circuit has squarely held insufficient to establish subjective awareness of a risk to a particular inmate. *Carter v. Galloway*, 352 F.3d at 1350. The obviousness of a general propensity cannot substitute for awareness of the specific risk that materialized, and the Amended Complaint pleads no individualized fact supplying that awareness as to Hernandez. *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090 (11th Cir. 2014), does not assist Plaintiffs. ECF No. 53 at 7-8. The defendants there had actual knowledge of the assailant's prior violence and of his recent violent attack on the victim himself, and the victim then personally and specifically warned each defendant that he feared for his life if returned to the cell with the assailant. 748 F.3d at 1095, 1103. That knowledge rested on summary-judgment evidence, including the inmate's own sworn account, not on a pleading that concedes the predicate incident was never documented or communicated. The omission Plaintiffs attribute to Hernandez is, at most, negligence, which is categorically insufficient. *Farmer*, 511 U.S. at 835.

### D. Plaintiffs' Remaining Failure-to-Protect Authorities Are Distinguishable, and Both Defendants Are Entitled to Qualified Immunity.

Plaintiffs lean on *Bowen v. Warden Baldwin State Prison*, 826 F.3d 1312 (11th Cir. 2016), and *Cottone v. Jenne*, 326 F.3d 1352 (11th Cir. 2003). ECF No. 53 at 5, 7-8. Both are distinguishable in the same dispositive respect. In *Bowen*, the officers knew from the cell checklist and unit population chart that the assailant, a convicted murderer, had been moved to lock-down segregation for assaulting his prior cellmate, and they had personally seen the two inmates celled together; their knowledge was documented and passed through official institutional channels. 826 F.3d at 1317-18, 1323-24. In *Cottone*, the on-duty officers were subjectively aware of the specific assailant's violent schizophrenic outbursts that immediately preceded the killing. 326 F.3d at 1358.

7

Here, by contrast, the Amended Complaint affirmatively alleges the opposite. The predicate Flash attack "does not show up on Settle's disciplinary record at all" except in a few sentences added after Cody's murder, and the responding officers "did not document or otherwise report the incident." ECF No. 35 at ¶ 28. Where Plaintiffs' own pleading concedes the foundational event generated no contemporaneous record, neither *Bowen* nor *Cottone* supports a plausible inference of actual subjective knowledge.

For the same reasons, qualified immunity independently requires dismissal. Clearly established law must be particularized to each defendant's specific conduct, not defined at a high level of generality. *White v. Pauly*, 580 U.S. 73, 79 (2017); *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). No controlling decision clearly establishes that a sergeant named only in the alternative as one (1) of four (4) possible housing decisionmakers (Carter), or an officer whose sole alleged act was failing to document a prior incident unconnected to the later housing decision (Hernandez), violates the Eighth Amendment. *Loftus v. Clark-Moore*, 690 F.3d 1200, 1204-05 (11th Cir. 2012). And Plaintiffs' own authority recognizes that the defense may be raised and resolved on a motion to dismiss. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). The single paragraph Plaintiffs devote to the clearly-established prong does not carry their burden.

### E.       Counts II and III Fail as a Matter of Law.

*Count II.* The claim repackages Cody's failure-to-protect allegations, which are governed by the Eighth Amendment's deliberate-indifference standard, not substantive due process, for the reasons set forth in the Co-Defendants' Motion and Reply. ECF No. 38 at 15-16; ECF No. 48 at 8-9; *see Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (conditions-of-confinement claims are analyzed under the Eighth Amendment). Even assuming Casey White holds a cognizable interest in the integrity of his son's remains, a substantive due process claim of this kind condemns only the most

egregious, conscience-shocking conduct and treats negligence as categorically insufficient. *County of Sacramento v. Lewis*, 523 U.S. 833, 846-49 (1998); *see Waddell v. Hendry Cty. Sheriff's Office*, 329 F.3d 1300, 1305-06 (11th Cir. 2003) (recognizing that only the most egregious, conscience-shocking official conduct violates substantive due process). Plaintiffs' own authority underscores the point: *Marsh v. County of San Diego*, 680 F.3d 1148 (9th Cir. 2012), a non-binding decision, involved conduct directed at the remains themselves. ECF No. 53 at 9. Neither Carter nor Hernandez is alleged to have had any role in, or connection to, the handling or desecration of Cody's body, which the Amended Complaint attributes to Settle. Carter's alleged role as one (1) of four (4) possible housing officials, and Hernandez's alleged failure to document an earlier attack, are temporally and causally remote from the desecration and fall far short of conscience-shocking conduct directed at that interest. Count II must be dismissed.

*Count III.* Carter and Hernandez are immune under Section 768.28(9)(a), Florida Statutes, for the reasons stated in the Co-Defendants' Motion. ECF No. 38 at 16-17. Plaintiffs' contention that their deliberate-indifference allegations automatically overcome that immunity is circular. ECF No. 53 at 8. The federal deliberate-indifference standard and Florida's wanton-and-willful standard rise and fall together. *Turner v. Phillips*, No. 21-12370, 2022 WL 458238, at *4 (11th Cir. Feb. 15, 2022). Because the Amended Complaint fails to plausibly allege deliberate indifference as to Carter or Hernandez, the state-law claim fails with it. A documentation omission and an alternatively pleaded housing role, without more, do not reflect bad faith, malicious purpose, or wanton and willful disregard of human rights. Count III must be dismissed.

## III.    CONCLUSION

For the foregoing reasons, and for the reasons set forth in Defendants' Motions to Dismiss by Joinder [ECF Nos. 49 and 50] and the incorporated Co-Defendants' Motion to Dismiss [ECF

No. 38] and Reply [ECF No. 48], this Court should dismiss the Amended Complaint in its entirety as to Defendants Hernandez and Carter, with prejudice.

Respectfully submitted,

WHITELOCK & ASSOCIATES, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Phone No.: (954) 463-2001
Facsimile No.: (954) 463-0410
Counsel for Defendants Hernandez and Carter

/s/Christopher J. Whitelock
CHRISTOPHER J. WHITELOCK
Florida Bar No. 067539
JESSALYNN R. KANTZAVELOS
Florida Bar No. 117926

## CERTIFICATE OF SERVICE

I hereby certify that on June 12, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

s/Christopher J. Whitelock

## SERVICE LIST

James M. Slater, Esq.
Slater Legal, PLLC
9000 Dadeland Blvd., #1500
Miami, FL 33156
e-mail: james@slater.legal

Sarah Grady, Esq.
Matthew Underwood, Esq.
David Schmutzer, Esq.
Amelia Caramadre, Esq.
Kaplan & Grady, LLC
2071 N. Southport Ave., Suite 205
Chicago, IL 60614
Email: david@kaplangrady.com
sarah@kaplangrady.com
amelia@kaplangrady.com
matthew@kaplangrady.com

11