## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 26-CV-14004-MIDDLEBROOKS

CHRISTINNA WHITE, as Personal Representative
Of the Estate of Cody Lee White and CASEY
WHITE, individually.

      Plaintiffs,

v.


SERGEANT HERNANDEZ, SERGEANT
CLIFTON MCCLAY YATES, CORRECTIONAL
OFFICER CORRADO, CORRECTIONAL
OFFICER THOMAS DUNN, CAPTAIN
WILLIAM HAMILTON, SERGEANT ANDRIANA
RANKINE, LIEUTENANT DENNIS BURNEY,
SERGEANT CARTER, JESUS CRUZADO,
BOYKINS and DOES 1-11,

      Defendants.

_____/

## AGREED CONFIDENTIALITY ORDER

THIS CAUSE comes before the Court upon the Parties' Joint Motion for Entry of Confidentiality Order and Incorporated Stipulated Confidentiality Order, filed on June 10, 2026. (DE 54). While I find good cause to enter the Stipulated Order, I caution that the mere designation as "Confidential" by a party will not influence my decision to seal a court filing on a subsequent motion. If either party later seeks approval to submit a document under seal, such party should support a motion to file under seal with the specific reasons that justify it.

Pursuant to the Local Rules of the Southern District of Florida, "[u]nless otherwise provided by law, Court rule or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L. R. 5.4(a). It is clearly established that the general public possesses a common-law right to access judicial records and that judicial

records are presumed to be public documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001).

Judicial records are presumed to be public documents because "[o]nce a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *See Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992). With respect to discovery material, "material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right." *Chicago Tribune*, 263 F.3d at 1312.

"The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting *Chicago Tribune*, 263 F.3d at 1309). When determining whether good cause to seal exists, a district court must first look to "the nature and the character of the information in question." *Id.* (quoting *Chicago Tribune*, 263 F.3d at 1315). When balancing the public's common-law right to access judicial records "against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.* (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)). The Eleventh Circuit ruled that a "party's privacy or proprietary interest in

2

information sometimes overcomes the interest of the public in accessing the information." *Id.* (*citing Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

In attempting to file something under seal with the Court, the parties shall bear in mind these standards and comply with Local Rule 5.4. Specifically, the Parties must provide the Court with more than just the existence of an agreement between them. The Protective Order binds the parties, not the Court, and good cause must still be shown before a filing is sealed.

Further, the Court advises the parties that it will consider sanctioning a party if the Protective Order is abused or a designation is found to be frivolous.

Accordingly, it is **ORDERED** that the Stipulated Confidentiality Order (DE 54) is **APPROVED**. The Parties' agreed terms, as set forth in the Stipulation (DE 54), are adopted and incorporated in its entirety.

**SIGNED** in Chambers in West Palm Beach, Florida, this 12 day of June, 2026.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

cc.

Counsel of Record

3