UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO:   26-cv-14004-DMM

CHRISTINNA WHITE, as Personal Representative
Of the Estate of Cody Lee White and CASEY
WHITE, individually,

        Plaintiffs,

vs.

SERGEANT DISAN HERNANDEZ, SERGEANT
CLIFTON MCCLAY YATES, CORRECTIONAL
OFFICER MICHAEL CORRADO, CORRECTIONAL
OFFICER THOMAS DUNN, CAPTAIN
WILLIAM HAMILTON, SERGEANT ANDRIANA
RANKINE, LIEUTENANT DENNIS BURNEY,
SERGEANT CARTER, JESUS CRUZADO,
BOYKINS and DOES 1-11,

        Defendants.

_____/

### DEFENDANTS SERGEANT DISAN HERNANDEZ, SERGEANT CLIFTON MCCLAY YATES, CORRECTIONAL OFFICER MICHAEL CORRADO, CORRECTIONAL OFFICER THOMAS DUNN, CAPTAIN WILLIAM HAMILTON, SERGEANT ANDRIANA RANKINE, LIEUTENANT DENNIS BURNEY, JESUS CRUZADO, AND SERGEANT CHANDRA CARTER'S MOTION TO STAY DISCOVERY AND INCORPORATED MEMORANDUM OF LAW

Defendants DISAN HERNANDEZ, CLIFTON MCCLAY YATES, MICHAEL CORRADO, THOMAS DUNN, WILLIAM HAMILTON, ANDRIANA RANKINE, DENNIS BURNEY, JESUS CRUZADO, and CHANDRA CARTER (the "Moving Defendants"), by and through their undersigned counsel, Whitelock & Associates, P.A., and pursuant to Fed. R. Civ. P. 26(c) and Southern District of Florida Local Rule 7.1, hereby file this Motion to Stay Discovery and Incorporated Memorandum of Law, and in support thereof state as follows:

## I.   PRELIMINARY STATEMENT

This action arises out of the death of Cody Lee White, an inmate at the Okeechobee Correctional Institution, and asserts claims under 42 U.S.C. § 1983 and the Florida Wrongful Death Act against the Moving Defendants, each of whom is a current or former correctional employee sued in his or her individual capacity. The Amended Complaint pleads three (3) counts: a Section 1983 deliberate indifference claim under the Eighth Amendment (Count I); a Section 1983 deprivation of rights claim under the Fourteenth Amendment (Count II); and a wrongful death claim under Sections 768.16 through 768.27, Florida Statutes (Count III). *See generally* ECF No. 35.

Every Moving Defendant has moved to dismiss the Amended Complaint in its entirety on multiple independent grounds, including qualified immunity. ECF No. 38; ECF Nos. 49, 50 (notices of joinder). That motion is fully briefed and ripe for adjudication. ECF Nos. 41, 48. If it is granted, it will dispose of every claim against every Moving Defendant.

Qualified immunity is not merely a defense to liability; it is an immunity from suit and from the burdens of litigation, including the burdens of discovery. Permitting discovery to proceed against the Moving Defendants before the Court resolves their threshold immunity defense would defeat the very protection that doctrine guarantees and would impose precisely the burdens it is designed to prevent. A brief stay of discovery pending the Court's ruling on the Motion to Dismiss would work no prejudice on Plaintiffs, would conserve the resources of the parties and the Court, and is well within this Court's broad discretion to manage its docket. This is particularly so now that the parties have submitted their Joint Scheduling Report (ECF No. 39) and discovery is underway. The Moving Defendants, therefore, respectfully request that the Court stay all discovery pending its ruling on the Motion to Dismiss.

## II.     MEMORANDUM OF LAW

### A. Legal Standard

District courts possess "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001). That discretion includes the authority to stay discovery for good cause under Fed. R. Civ. P. 26(c). The party seeking a stay bears the burden of demonstrating good cause and reasonableness. *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997).

A stay of discovery pending resolution of a motion to dismiss "is the exception rather than the rule," *Cabrera v. Progressive Behav. Sci., Inc.*, 331 F.R.D. 185, 186 (S.D. Fla. 2019), and is generally appropriate where resolution of the motion will dispose of the entire case. *See Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) (observing that a stay of discovery is "rarely appropriate unless resolution of the motion will dispose of the entire case"). Consistent with that principle, the Eleventh Circuit has recognized that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on a failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). In deciding whether to stay discovery, the Court balances "the harm produced by a delay in discovery" against the possibility that the dispositive motion "will be granted and entirely eliminate the need for discovery." *Feldman*, 176 F.R.D. at 652-53. To strike that balance, "it is necessary for the Court to 'take a preliminary peek' at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1187 (S.D. Fla. 2021) (internal quotation marks omitted); *accord Feldman*, 176 F.R.D. at 652-53.

3

These considerations have particular force where a defendant asserts qualified immunity. Qualified immunity is "an immunity from suit rather than a mere defense to liability," and it is "effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including avoidance of disruptive discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (internal quotation marks omitted). For that reason, the Supreme Court has instructed that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Eleventh Circuit has reinforced these principles, holding that qualified immunity "protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery," *Blinco v. Green Tree Servicing LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004), and that once the defense is raised the district court "must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery" before the immunity question is resolved, *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998) (quoting *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998)).

## B. <u>Argument</u>

A stay is warranted first because the pending Motion to Dismiss is potentially dispositive of the entire action as to the Moving Defendants. Each of the three (3) counts in the Amended Complaint is asserted against all individual defendants collectively, and the Motion to Dismiss challenges every count as to each Moving Defendant. ECF No. 38. The Motion raises several independent and case dispositive grounds, including that the Amended Complaint is an impermissible shotgun pleading, that it fails to allege the personal participation Section 1983 requires of each Moving Defendant, that all Moving Defendants are entitled to qualified immunity,

and that Counts II and III fail as a matter of law. Because a ruling in the Moving Defendants' favor would eliminate every claim against them, this is precisely the circumstance in which a stay of discovery is appropriate. *Bocciolone*, 2008 WL 2906719, at *2; *Feldman*, 176 F.R.D. at 652-53.

A preliminary peek at the Motion confirms that it raises substantial and clearly meritorious grounds for dismissal. The Amended Complaint repeatedly directs collective allegations at "Defendants" and "Individual Defendants" rather than consistently identifying the specific conduct of each Moving Defendant. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (identifying as an impermissible shotgun pleading one that asserts claims against multiple defendants without specifying which defendant is responsible for which acts or omissions).

The Motion further demonstrates that the Moving Defendants are entitled to qualified immunity because the Amended Complaint identifies no controlling precedent clearly establishing that the conduct attributed to each Moving Defendant violates the Constitution. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (clearly established law requires existing precedent placing the question "beyond debate"); *White v. Pauly*, 580 U.S. 73, 79 (2017) (*per curiam*) (clearly established law may not be defined at a high level of generality). Count II independently fails because a claim covered by a specific constitutional provision must be analyzed under that provision rather than substantive due process, and a convicted prisoner's failure-to-protect claim arises under the Eighth Amendment, not the Fourteenth. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) (where a specific provision such as the Eighth Amendment governs, that provision, not substantive due process, guides the analysis); *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (recognizing the Eighth Amendment duty to protect prisoners from violence at the hands of other prisoners). Count III is barred because the Amended Complaint's conclusory characterization of

the Moving Defendants' conduct as "wanton and malicious" is insufficient to overcome the personal immunity conferred by Section 768.28(9)(a), Florida Statutes. The Court need not finally resolve any of these issues now; for purposes of a stay, it is enough that the Motion "appears to be clearly meritorious and truly case dispositive." *Cuhaci*, 540 F. Supp. 3d at 1187.

Here, and independent of the other viable dismissal bases, the Moving Defendants' assertion of qualified immunity is itself a sufficient basis to rightfully stay discovery. The Moving Defendants are correctional employees who were performing discretionary functions at all relevant times, and the Motion to Dismiss squarely raises their entitlement to qualified immunity on each federal claim. ECF No. 38. Requiring them to submit to discovery before the Court resolves that threshold defense would impose the very burdens, and work the very loss of immunity, that the doctrine exists to prevent, and the Eleventh Circuit has approved staying discovery in precisely this posture. *Blinco*, 366 F.3d at 1252-53; *Mitchell*, 472 U.S. at 526; *Iqbal*, 556 U.S. at 685; *Harlow*, 457 U.S. at 818.

Moreover, the presence of other parties does not justify a narrower stay. The Amended Complaint names eleven (11) fictitious Doe defendants, and at least one named defendant, Boykins, still remains nonetheless unserved. The Supreme Court has explained, however, that deferring discovery as to immune defendants while it proceeds against other parties does not protect the immune defendants, because they and their counsel would likely need to participate in that discovery to guard against prejudice to their position, and thus "would not be free from the burdens of discovery." *Iqbal*, 556 U.S. at 685-86. A stay limited to the Moving Defendants alone would therefore be illusory, and sound case management favors staying all discovery pending the Court's ruling on the Motion to Dismiss. *See Chudasama*, 123 F.3d at 1367-68 (recognizing that uncontrolled discovery diverts scarce judicial resources from other cases).

6

Finally, the balance of harms weighs decisively in favor of a stay. The Motion to Dismiss is fully briefed and ripe, so any stay will be brief and finite. ECF Nos. 38, 41, 48, 49, 50. The parties have submitted a Joint Scheduling Report proposing assignment to the Complex Track. As that report reflects, the contemplated discovery is extensive: it encompasses electronically stored information from each individual defendant, depositions well beyond the presumptive ten-deposition limit of Fed. R. Civ. P. 30, including those of incarcerated witnesses, and a discovery period the parties expect to exceed 270 days. ECF No. 39. Absent a stay, the Moving Defendants would shoulder these burdens while their immunity defense remains unresolved, the very harm qualified immunity exists to prevent. Plaintiffs, by contrast, will suffer no cognizable prejudice from a brief deferral, which would postpone rather than foreclose any discovery that remains appropriate should a claim survive. The schedule the parties proposed does not close fact discovery until August 2027 or set the dispositive motion deadline until December 2027, leaving ample time for discovery if the case proceeds. ECF No. 39. A stay would thus promote "the just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

## III.   CONCLUSION

For the foregoing reasons, the Moving Defendants respectfully request that the Court enter an Order staying all discovery in this action pending the Court's ruling on the Moving Defendants' Motion to Dismiss the Amended Complaint and granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

WHITELOCK & ASSOCIATES, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Phone No.: (954) 463-2001
Facsimile No.: (954) 463-0410
Counsel for Defendants, Hernandez, Yates, Corrado, Dunn, Hamilton, Rankine, Burney, and Cruzado

/s/Christopher J. Whitelock
CHRISTOPHER J. WHITELOCK
Florida Bar No. 067539
JESSALYNN R. KANTZAVELOS
Florida Bar No. 117926

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), undersigned counsel hereby certifies that counsel for the Moving Defendants engaged in good faith efforts to confer with counsel for Plaintiffs regarding the relief requested in this Motion. Those efforts included telephone and email communications over the course of several days, beginning June 9, 2026, and culminated in a conferral with counsel for Plaintiffs on June 15, 2026. Following those conferral efforts, Plaintiffs' counsel opposes the relief requested herein.

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

s/Christopher J. Whitelock

8

## SERVICE LIST

James M. Slater, Esq.
Slater Legal, PLLC
9000 Dadeland Blvd., #1500
Miami, FL  33156
e-mail:  james@slater.legal

Sarah Grady, Esq.
Matthew Underwood, Esq.
David Schmutzer, Esq.
Amelia Caramadre, Esq.
Kaplan & Grady, LLC
2071 N. Southport Ave., Suite 205
Chicago, IL  60614
Email:  david@kaplangrady.com
sarah@kaplangrady.com
amelia@kaplangrady.com
matthew@kaplangrady.com