**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

Case No. 2:26-cv-14004-DMM

CHRISTINNA WHITE, *et ano.*,

        Plaintiffs,

    v.

SERGEANT HERNANDEZ, *et al.*,

        Defendants.

_____/

### PLAINTIFFS' MOTION TO COMPEL AND
### ENFORCE THE PARTIES' DISCOVERY STIPULATION

Plaintiffs Christinna White, as Personal Representative of the Estate of Cody Lee White, and Casey White, in his individual capacity, by and through their counsel, seek an order compelling Defendants to participate in discovery, provide a substantive response to Plaintiffs' First Set of Interrogatories, enforce the parties' discovery stipulation, and award Plaintiffs their reasonable attorneys' fees for being forced to bring this motion.

### INTRODUCTION

Defendants have unilaterally decided that, because they have moved for a stay of discovery, they can abdicate their basic discovery obligations and refuse to answer Plaintiffs' First Set of Interrogatories. They have made that decision despite (1) blackletter law holding that a pending motion to stay discovery does not stay discovery and (2) an express agreement with counsel to supplement their response to the interrogatory at issue.

The Court should reject Defendants' blatant attempt to delay this case, disregard settled law, and break agreements between counsel. The Court should order Defendants to proceed with

discovery, answer Plaintiffs' interrogatory, enforce the parties' discovery stipulation, and award Plaintiffs their reasonable attorneys' fees.

**BACKGROUND**

On April 13, 2026, the parties held their Federal Rule of Civil Procedure 26(f) conference and, the next day, submitted a joint proposed report and scheduling order. Dkts. 39, 39-1. That same day, in an effort to identify a defendant, Plaintiffs served an interrogatory on Defendants. Ex. 1 ("Plfs.' First Set of Interrogatories to Defs.").

On May 21, Defendants responded to Plaintiffs' interrogatory. Ex. 2 ("Defs.' Objections to Plfs.' Interrogatory"). But their response was tantamount to none at all: Defendants objected across the board and did not provide a substantive response even after Plaintiffs agreed to Defendants' request for a one-week extension to respond. *Id.* at 5. In their response, Defendants added that after the parties' confidentiality and HIPAA-qualified protective orders were entered, they would "supplement" their interrogatory response "if additional responsive information is identified." *Id*.

That same day, Plaintiffs emailed Defendants, noting that the identities of Florida Department of Corrections ("FDOC") employees are a matter of public record and thus cannot be conditioned on the entry of confidentiality orders. Ex. 3 ("Relevant Excerpts of Email Thread Regarding Objections to Interrogatory") at 9. Plaintiffs also requested a meet-and-confer. *Id.* Defendants did not show to the scheduled meet-and-confer.

After Defendants failed to show, Plaintiffs emailed Defendants and proposed a compromise: Plaintiffs asked that Defendants agree to (1) supplement their interrogatory response and (2) make an initial exchange of documents under Rule 26(a)(1)(ii) one week from the date the parties' protective orders were filed. *Id.* at 3. Once filed, the parties would operate as though the

2

protective orders were in force. Counsel for Defendants agreed.[1] *Id.* at 2.

On June 4, despite this agreement, Defendants suddenly indicated they would seek a stay of discovery pending resolution of their motions to dismiss. Ex. 4 ("Email Thread Regarding Motion to Stay & Previous Discovery Agreement") at 12. In light of that development, the day the confidentiality orders were filed, Plaintiffs emailed Defendants to confirm whether they still intended to abide by the parties' agreement to exchange documents and update their interrogatory response within one week. *Id.* at 9-10. Defendants responded that they would not participate in discovery and would not budge even after Plaintiffs sent Defendants clear authority holding that a *pending* motion to stay does not stay discovery. *Id.* at 3-8. On June 15, the parties met and conferred. Defendants maintained their position that they would not engage in discovery while their motion to stay was pending. Defendants filed their motion to stay that day. Dkt. 59.

The parties remain at impasse regarding whether discovery should proceed and Defendants' response to Plaintiffs' interrogatory. Thus, this motion follows. This motion is timely because the dispute is being brought to the Court's attention within 28 days of service of Defendants' written response. Ex. 3 at 9; *see also* S.D. Fla. Local Rule 26.1(g)(2)(A)(i).

**ARGUMENT**

I.  **Because Discovery Is Open, The Court Should Compel Defendants to Respond to Plaintiffs' Interrogatory and Enforce the Parties' Agreement**

    A.  **A Pending Motion to Stay Does Not Stay Discovery**

Defendants take the position that, because they have moved for a stay, they are not required to participate in discovery.[2] That is simply wrong. The parties have held their Rule 26(f)

---

[1] The Court has since granted entry of the protective orders. Dkts. 57-58.

[2] The Florida Department of Corrections, a non-party that Plaintiffs served with a subpoena, has indicated that it is taking the same position in light of Defendants' motion to stay.

conference and thus "discovery is open for all purposes." *Exhibit Icons, LLC v. Xp Companies*, LLC, 2008 WL 11333232, at *2 (S.D. Fla. Oct. 29, 2008). "As the case law makes clear, a pending motion to stay discovery does not relieve a party of its discovery obligations." *Fine Food Factory Inc v. Facilitrace LLC*, 2024 WL 5074999, at *1 (S.D. Fla. Sept. 26, 2024); *see also Mad Room, LLC v. City of Miami*, 2021 WL 10395434, at *1 (S.D. Fla. Dec. 14, 2021) (explaining that motion to stay discovery does not relieve party of obligation to respond to discovery requests); *Romacorp, Inc. v. Prescient, Inc.*, 2011 WL 2312563, at *2 (S.D. Fla. June 8, 2011) ("Nowhere in *Chudasama* does the Eleventh Circuit state that a party may stop complying with its discovery obligations when it files a motion to stay. Indeed, the FDIC cites no case law that suggests that a party may simply ignore its discovery obligations while a motion to stay is pending, nor have I found any."); *Wells Fargo Bank, N.A. v. Hazzan*, 2012 WL 13014695, at *1 (S.D. Fla. July 17, 2012) ("[A] party may not stop complying with its discovery obligations when it files a motion to stay.").

In short, consistent with well-settled law, discovery is open and proceeding. Defendants' *pending* motion to stay discovery does not change the calculus. The Court should direct Defendants to participate in discovery.

**B.** **Defendants Should Be Compelled to Respond to Plaintiffs' Interrogatory and Exchange Documents**

A party seeking discovery may move for an order compelling an answer if "a party fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3). When "responding to discovery requests, parties have a duty to respond truthfully, fully, and completely, or explain truthfully, fully, and completely why they cannot respond." *Boldstar Tech., LLC v. Home Depot, Inc.*, 2008 WL 11320003, at *2 (S.D. Fla. Mar. 28, 2008). "Parties are also required to respond to interrogatories in the manner specifically requested by the interrogatory" and "have a duty to make a bona fide attempt to respond to interrogatories." *Id.*

4

Here, Plaintiffs served a single interrogatory asking Defendants to identify a defendant in the case that Plaintiffs have not been able to independently identify. Ex. 1 at 3. Defendants declined to answer the interrogatory but stated in their response that they would supplement the interrogatory after the parties entered their confidentiality orders. Ex. 2 at 5.

As a threshold matter, Defendants' refusal to respond due to confidentiality concerns is a nonstarter because the identities of FDOC employees are a matter of public record and thus cannot hinge on the entry of a confidentiality order. Yet even if FDOC employees' identities were somehow confidential, that would *still* not be a basis to refuse to answer Plaintiffs' interrogatory. *See, e.g.*, *Friskney v. Am. Park & Play, Inc.*, 2005 WL 8156082, at *5 (S.D. Fla. June 21, 2005) ("[I]nformation and documents are not shielded from discovery merely because they are confidential."); *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 684–85 (D. Kan. 2004) (overruling objection on basis of confidentiality because "a general concern for protecting confidentiality does not equate to privilege"); *Walt Disney Co. v. DeFabiis*, 168 F.R.D. 281, 283 (C.D. Cal. 1996) ("[O]nly privilege, not confidentiality, is a valid objection under Fed. R. Civ. P. 26(b)."); *Seff v. Gen. Outdoor Adv. Co.*, 11 F.R.D. 597, 598 (N.D. Ohio 1951) ("The rules of discovery contemplate disclosure of all pertinent evidence except where the information is privileged. It is not a valid objection that the information is confidential, if it is relevant and material to the controversy."). The objection based on confidentiality is thus meritless and Defendants should be ordered to answer Plaintiffs' interrogatory.

## II.     The Court Should Enforce the Parties' Agreement Requiring Defendants to Answer Plaintiffs' Interrogatory and Exchange Documents

Defendants' refusal to respond to Plaintiffs' interrogatory fails for a second, wholly independent reason: Defendants stipulated to answering the interrogatory and exchanging an initial set of documents seven days after the parties filed their confidentiality orders. Ex. 3 at 2-3. Now

that those orders have been filed, Defendants have reneged on that agreement. *Id.* The Court should not permit Defendants to do so.

Rule 29(b) permits parties to stipulate to modify "procedures governing or limiting discovery." Those stipulations are enforceable. As courts have explained, "[a]greements in the discovery context are enforced according to their terms." *In re XPO Logistics, Inc.*, 2017 WL 6343689, at *7 (S.D.N.Y. Dec. 11, 2017); *see also Hernandez v. Starbucks Coffee Co.*, 2011 WL 13173810, at *2 (S.D. Fla. Apr. 14, 2011) (granting motion to enforce parties' discovery stipulation under Rule 29); *Marine Midland Bank, N.A. v. United States*, 11 F.3d 1119, 1124 (2d Cir. 1993) ("We do not believe that the [party] should be allowed to violate a [discovery] stipulation which it freely entered.") (alterations in original).

Here, the parties had an unambiguous agreement that Defendants would answer Plaintiffs' interrogatory and exchange documents seven days after the confidentiality orders in the case were filed. Ex. 3 at 2-3. Defendants should not be permitted to now go back on that agreement. The Court should enforce the parties' discovery stipulation.

## III.   Plaintiffs Are Entitled to Reasonable Attorneys' Fees

As a final matter, Plaintiffs should also be awarded their reasonable attorneys' fees for being forced to bring this motion to compel. Rule 37(a)(5)(A) provides that when a court grants a motion to compel in full, "attorneys' fees are mandatory" unless the opposing party can show that its failure to answer was "substantially justified." *Blue Chip All., LLC v. Chetu, Inc.*, 2024 WL 3741353, at *3 (S.D. Fla. Aug. 8, 2024).

Defendants cannot make that showing here. They initially failed to answer a valid interrogatory without justification. After they failed to appear for the parties' scheduled meet-and-confer, Defendants agreed they would provide a substantive response to the interrogatory after the

confidentiality orders were entered. After the confidentiality orders were entered, Defendants reneged and adopted the frivolous position that simply moving for a stay pauses their discovery obligations. Even after being presented with clear authority to the contrary, Defendants did not alter their position and have forced Plaintiffs to seek Court intervention. That is no justification at all. Plaintiffs are entitled to fees.

## CONCLUSION

**WHEREFORE**, Plaintiffs respectfully request that the Court (1) order Defendants to participate in discovery, (2) order Defendants to answer Plaintiffs' interrogatory, (3) enforce the parties' agreement requiring Defendants to answer Plaintiffs' interrogatory and engage in an initial exchange of documents, and (4) award Plaintiffs their reasonable attorneys' fees.

## <u>CERTIFICATE OF GOOD-FAITH CONFERENCE</u>

Per Rule 37(a)(1) and Local Rule 7.1(a)(3), Plaintiffs certify that they have made a good faith effort to resolve the discovery issues raised in the motion but have been unable to do so.

Dated: June 18, 2026

Respectfully submitted,

/s/ James M. Slater

James M. Slater (FBN 111779)
**SLATER LEGAL PLLC**
9000 Dadeland Blvd. #1500
Miami, Florida 33156
(305) 523-9023
james@slater.legal

Sarah Grady*
Matthew Underwood*
David Schmutzer*
Amelia Caramadre*
**KAPLAN & GRADY LLC**
2071 N. Southport Ave., Ste. 205

Chicago, Illinois 60614
(312) 852-2184

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*