# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO:   26-cv-14004-DMM

CHRISTINNA WHITE, as Personal Representative
Of the Estate of Cody Lee White and CASEY
WHITE, individually,

        Plaintiffs,

vs.

SERGEANT DISAN HERNANDEZ, SERGEANT
CLIFTON MCCLAY YATES, CORRECTIONAL
OFFICER MICHAEL CORRADO, CORRECTIONAL
OFFICER THOMAS DUNN, CAPTAIN
WILLIAM HAMILTON, SERGEANT ANDRIANA
RANKINE, LIEUTENANT DENNIS BURNEY,
SERGEANT CARTER, JESUS CRUZADO,
BOYKINS and DOES 1-11,

        Defendants.

_____/

## NOTICE OF SERVICE OF DEFENDANTS, YATES, DUNN, HAMILTON, RANKINE, BURNEY, CRUZADO, AND CORRADO, ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

Defendants, YATES, DUNN, HAMILTON, RANKINE, BURNEY, CRUZADO, and

CORRADO, (hereinafter, "Defendants"), by and through their undersigned counsel, Whitelock &

Associates, P.A., and pursuant to Fed. R. Civ. P. 33, hereby submit their Answer to Plaintiffs' First

Set of Interrogatories.

1

Respectfully submitted,

WHITELOCK & ASSOCIATES, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Phone No.: (954) 463-2001
Facsimile No.: (954) 463-0410
Counsel for Defendants, Hernandez, Yates,
Corrado, Dunn, Hamilton, Rankine, Burney,
and Cruzado

/s/Christopher J. Whitelock
CHRISTOPHER J. WHITELOCK
Florida Bar No. 067539
JESSALYNN R. KANTZAVELOS
Florida Bar No. 117926

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via e-mail to: James M. Slater, Esq., Slater Legal, PLLC, 9000 Dadeland Blvd., #1500, Miami, FL 33156, e-mail: james@slater.legal and Sarah Grady, Esq., Matthew Underwood, Esq., David Schmutzer, Esq., Amelia Caramadre, Esq., Kaplan & Grady, LLC, 2071 N. Southport Ave., Suite 205, Chicago, IL 60614, email: david@kaplangrady.com, sarah@kaplangrady.com, amelia@kaplangrady.com, matthew@kaplangrady.com, this 21 day of May, 2026.

/s/Christopher J. Whitelock
CHRISTOPHER J. WHITELOCK

2

## GENERAL OBJECTIONS

1.     The Defendants object to all Definitions and Instructions set forth in Plaintiffs' Interrogatories as overly broad, burdensome, oppressive, and an improper attempt to impose discovery obligations on Defendants beyond those established by the Federal Rules of Civil Procedure.

2.     The Defendants object to Plaintiffs' Interrogatories to the extent that they seek documents or information not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

3.     The Defendants object to Plaintiffs' Interrogatories to the extent that they seek documents and information which are protected from discovery by virtue of the attorney-client privilege.

4.     The Defendants object to Plaintiffs' Interrogatories to the extent that they seek documents or information that constitutes the work-product or trial preparation materials of Defendants' attorneys or other representative and reflect the mental impressions, conclusions, opinions, or legal theories of secretaries, attorneys or other representatives.

5.     The Defendants object to Plaintiffs' Interrogatories to the extent that they call for documents and information that are not currently in the Defendant's possession, custody or control.

6.     The Defendants have not completed its discovery, investigation or preparation for trial of this matter. Accordingly, documents and information are provided without prejudice to Defendants' rights to make further objections and present additional information and documents which are hereafter discovered or which further discovery and investigation may indicate are relevant to this action and called for by the Defendants.

3

7.      The Defendants reserve the right to object as to the competency, relevancy, materiality and admissibility of the information disclosed pursuant to Plaintiffs' Interrogatories.

8.      These general objections are applicable to each and every one of the following responses and objections, and failure to repeat an objection in response to the specific request shall not be deemed a waiver of these general objections.

Without waiving these objections, the Defendants respond to the Interrogatories in compliance with the Federal Rules of Civil Procedure and construes the Interrogatories as written without reference to the definitions and instructions, using Defendants understanding of the ordinary meaning of the terms and phrases used in the Interrogatories.

4

## ANSWERS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES

### INTERROGATORY NO. 1.

Identify the complete name(s) and title(s) of any correctional employees at Okeechobee Correctional Institution between January 1, 2025 and February 15, 2025 with either the name of or any name that seems like, appears to be, resembles, and/or sounds like Boykins. For the avoidance of doubt, this includes but is not limited to Boykin, Butkin, Butkins, Bookings, Bookins, Brookings, Brookins, Brookin, Booking, Brodkins, Brodkin, Bodkin, Bodkins, Botkin, Botkins, Buykin, or Buykins. This request should also be construed as broadly as possible to encompass the identities of employees whose last names begin with "B" and end with "ins" or "ings".

### RESPONSE:

Defendants object to the vagueness of the terms such as "sounds like" or "as broadly as possible" including the extent to which it seeks information not within their personal knowledge or possession, custody, or control.

Defendants have provided Plaintiffs' counsel with proposed confidentiality filings, including a HIPAA-Qualified Protective Order and Confidentiality Agreement governing FDOC records, which have not yet been executed and returned. Upon receipt of these executed documents, Defendants will supplement this response if additional responsive information is identified.