# Exhibit 4



**Alexandra Gergova <alexandra@kaplangrady.com>**

## White v. Hernandez

**ark whitelocklegal.com** <ark@whitelocklegal.com>                     Thu, Jun 11, 2026 at 2:20 PM
To: "James M. Slater" <james@slater.legal>, David Schmutzer <david@kaplangrady.com>
Cc: Sarah Grady <sarah@kaplangrady.com>, Amelia Caramadre <amelia@kaplangrady.com>, Matthew Underwood
<matthew@kaplangrady.com>, Alexandra Gergova <alexandra@kaplangrady.com>, "cjw whitelocklegal.com"
<cjw@whitelocklegal.com>, "davidfrank whitelocklegal.com" <davidfrank@whitelocklegal.com>

O.k.  Monday, June 15, 2026 at 1:30 works.  I will set it up via TEAMS and send an invite with the TEAMS link to all.

April R. Israel, Paralegal

Whitelock & Associates, P.A.

The Whitelock Law Building

300 Southeast Thirteenth Street

Fort Lauderdale, FL  33316

Phone:     (954) 463-2001

Fax:         (954) 463-0410

E-mail:      ark@whitelocklegal.com

Website:  www.whitelocklaw.com

CONFIDENTIAL:  This communication is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this transmission (including any attachments) is strictly prohibited.

IRS CIRCULAR 230 NOTICE: Any tax advice expressed above was neither written nor intended by the sender or this firm to be used and cannot be used by any taxpayer for the purpose of avoiding penalties that may be imposed under U.S. tax law. If any person uses or refers to any such tax advice in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement to any taxpayer, then the advice should be considered to have been written to support the promotion or marketing by a person other than the sender or this firm of that transaction or matter, and such taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

**From:** James M. Slater <james@slater.legal>
**Sent:** Thursday, June 11, 2026 1:44 PM
**To:** David Schmutzer <david@kaplangrady.com>
**Cc:** ark whitelocklegal.com <ark@whitelocklegal.com>; Sarah Grady <sarah@kaplangrady.com>; Amelia Caramadre <amelia@kaplangrady.com>; Matthew Underwood <matthew@kaplangrady.com>; Alexandra Gergova <alexandra@kaplangrady.com>; cjw whitelocklegal.com <cjw@whitelocklegal.com>; davidfrank whitelocklegal.com <davidfrank@whitelocklegal.com>
**Subject:** Re: White v. Hernandez

3059007531

**James Slater**

Slater Legal PLLC

slater.legal

Atlanta Office/Mailing Address

2296 Henderson Mill Rd. N.E. #116

Atlanta, GA 30345

Tel. (404) 458-7283

Tallahassee Office

113 S. Monroe Street

Tallahassee, FL 32301

On Thu, Jun 11, 2026, 13:42 David Schmutzer <david@kaplangrady.com> wrote:

> Monday at 1:30pm works. Let us know what number to call. Thanks.
>
> On Thu, Jun 11, 2026 at 10:19 AM ark whitelocklegal.com <ark@whitelocklegal.com> wrote:
>
>> Dear Mr. Schmutzer:
>>
>> Per the email by Mr. Whitelock and the Plaintiff's position that this conferral is incomplete, please advise if you are available with Mr. Slater on Monday, June 15, 2026, at 1:30 p.m., or Tuesday, June 16, 2026, at 10:30 a.m. or 2:30 p.m. (EST). If you and Mr. Slater have conflicts with these dates, please provide alternative date/s and time/s (EST) but preferably on or before June 17th. Thank you and will await your prompt reply.
>>
>> April R. Israel, Paralegal
>>
>> Whitelock & Associates, P.A.
>>
>> The Whitelock Law Building

**2**

300 Southeast Thirteenth Street

Fort Lauderdale, FL  33316


Phone:      (954) 463-2001

Fax:          (954) 463-0410

E-mail:      ark@whitelocklegal.com

Website:  www.whitelocklaw.com


CONFIDENTIAL:  This communication is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this transmission (including any attachments) is strictly prohibited.


IRS CIRCULAR 230 NOTICE: Any tax advice expressed above was neither written nor intended by the sender or this firm to be used and cannot be used by any taxpayer for the purpose of avoiding penalties that may be imposed under U.S. tax law. If any person uses or refers to any such tax advice in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement to any taxpayer, then the advice should be considered to have been written to support the promotion or marketing by a person other than the sender or this firm of that transaction or matter, and such taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

---

**From:** cjw whitelocklegal.com <cjw@whitelocklegal.com>
**Sent:** Wednesday, June 10, 2026 5:56 PM
**To:** David Schmutzer <david@kaplangrady.com>
**Cc:** James M. Slater <james@slater.legal>; ark whitelocklegal.com <ark@whitelocklegal.com>; Sarah Grady <sarah@kaplangrady.com>; Amelia Caramadre <amelia@kaplangrady.com>; Matthew Underwood <matthew@kaplangrady.com>; Alexandra Gergova <alexandra@kaplangrady.com>; davidfrank whitelocklegal.com <davidfrank@whitelocklegal.com>; Jessalynn Kantzavelos <jrk@whitelocklegal.com>
**Subject:** RE: White v. Hernandez


David,


I cited your email for the proposition you claimed you stated to me with the case authority related to immunity. Please provide that.  If not, please also provide when you and James are available if this conferral as you continue to claim is incomplete.  Again, the authority isn't to state a claim; the authority is the immunity process and stay.  Again, and as stated professionally to you, I am willing to have that legal discussion with your law and mine. We provided that to you with the motion.  No law has been presented to the contrary by you and the Court's ability to review and peek under an immunity review. Lastly, and again, I would stress citing communications to the Court is not favored nor in the spirit of the local rules and James can express his disagreement if I am incorrect.

**3**

Thank you, and good night.



Christopher J. Whitelock, Esq.

Whitelock & Associates, P.A.

Whitelock Law Building

300 Southeast Thirteenth Street

Fort Lauderdale, Florida 33316

Phone:

954-463-2001

Facsimile:

954-463-0410

E-Mail:

cjw@whitelocklegal.com

Website:

www.whitelocklaw.com

**CONFIDENTIAL**: *This communication is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this transmission (including any attachments) is strictly prohibited.*

**IRS CIRCULAR 230 NOTICE**: *Any tax advice expressed above was neither written nor intended by the sender or this firm to be used and cannot be used by any taxpayer for the purpose of avoiding penalties that may be imposed under U.S. tax law. If any person uses or refers to any such tax advice in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement to any taxpayer, then the advice should be considered to have been written to support the promotion or marketing by a person other than the sender or this firm of that transaction or matter, and such taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.*

**From:** David Schmutzer <david@kaplangrady.com>
**Sent:** Wednesday, June 10, 2026 5:31 PM
**To:** cjw whitelocklegal.com <cjw@whitelocklegal.com>
**Cc:** James M. Slater <james@slater.legal>; ark whitelocklegal.com <ark@whitelocklegal.com>; Sarah Grady <sarah@kaplangrady.com>; Amelia Caramadre <amelia@kaplangrady.com>; Matthew Underwood <matthew@kaplangrady.com>; Alexandra Gergova <alexandra@kaplangrady.com>; davidfrank whitelocklegal.com <davidfrank@whitelocklegal.com>; Jessalynn Kantzavelos <jrk@whitelocklegal.com>
**Subject:** Re: White v. Hernandez

Chris,

I suspect you may be misunderstanding our points, which are laid out below:

1. You previously agreed to provide supplemental disclosures and interrogatory responses seven days after the protective orders were entered, which were entered today. Notably, you did not make that agreement with any caveat that you would not supplement if you indicated an intent to ask the court to stay the case in the interim. You appear to be reneging on that agreement based on your motion to stay. We don't believe that's appropriate or permissible.

2. As to your motion to stay, as you note, you are required to engage in a conferral process with Plaintiff prior to filing any such motion. You asked for that conference to held yesterday but did not attend at the scheduled time. You then called me after the scheduled time, and we engaged in the conversation that I summarized in my prior email. That conversation did not complete the conferral process as you promised to follow up with your clients on the points I raised and call me today. That still has not happened.

From our perspective, the conferral process remains incomplete, and we intend to make that argument to the Court. It is entirely appropriate that, in the course of raising that argument, we report the conversation to the Court so that the Court is aware why we believe the conferral process remains incomplete. If you have case law indicating that this is somehow barred in the Southern District of Florida (even when it prohibits a party from making a relevant and legally valid argument), we'd be glad to review it.

3. Regardless of whether or not you file a motion to stay, you are not permitted to unilaterally stay the case unless and until the Court grants your motion. We intend to oppose any request for a stay and the case I emailed you earlier--*Fine Food Factory Inc v. Facilitrace LLC*, 2024 WL 5074999, at *1 (S.D. Fla. Sept. 26, 2024)--expressly holds that a party's filing of a stay motion does not stay the case. Discovery continues as required by the Federal Rules (and the parties' agreements, see point 1 above) unless and until the Court grants a stay.

4. The cases we think overcome your immunity arguments are cited in our motion to dismiss oppositions. Those cases are highly analogous to the facts alleged in the complaint.

If you complete the conferral process and file your motion, and the Court grants that motion before June 17, then I agree supplemental responses and disclosures are not required by either side. Otherwise, those supplements must be provided. Please confirm that you will do so, and will continue to engage in discovery in good faith unless and until the Court stays the case.

Thank you in advance for your anticipated cooperation.


David


On Wed, Jun 10, 2026 at 5:22 PM cjw whitelocklegal.com <cjw@whitelocklegal.com> wrote:

David,

It is EST here and I am leaving in about 15-20 minutes. I apologize but I don't have your cases on the qualified immunity if you sent them. As you stated below to complete this conferral process, please forward me the cases that provide, as you stated below, that it is an unsupportable position in Florida to file a motion to stay discovery on immunity when a Rule 12 motion is pending that raises in part that qualified immunity defense which here are defenses. I am in depositions tomorrow and Friday mid-morning on. David and Jess from my office are also copied.

Thank you.


Christopher J. Whitelock, Esq.
Whitelock & Associates, P.A.
Whitelock Law Building
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316

Phone:
954-463-2001

**5**

Facsimile:
954-463-0410
E-Mail:
cjw@whitelocklegal.com
Website:
www.whitelocklaw.com

CONFIDENTIAL:  This communication is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this transmission (including any attachments) is strictly prohibited.

IRS CIRCULAR 230 NOTICE: Any tax advice expressed above was neither written nor intended by the sender or this firm to be used and cannot be used by any taxpayer for the purpose of avoiding penalties that may be imposed under U.S. tax law. If any person uses or refers to any such tax advice in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement to any taxpayer, then the advice should be considered to have been written to support the promotion or marketing by a person other than the sender or this firm of that transaction or matter, and such taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

-----Original Message-----
From: cjw whitelocklegal.com
Sent: Wednesday, June 10, 2026 4:58 PM
To: David Schmutzer <david@kaplangrady.com>; James M. Slater <james@slater.legal>
Cc: ark whitelocklegal.com <ark@whitelocklegal.com>; Sarah Grady <sarah@kaplangrady.com>; Amelia Caramadre <amelia@kaplangrady.com>; Matthew Underwood <matthew@kaplangrady.com>; Alexandra Gergova <alexandra@kaplangrady.com>; davidfrank whitelocklegal.com <davidfrank@whitelocklegal.com>; Jessalynn Kantzavelos <jrk@whitelocklegal.com>
Subject: RE: White v. Hernandez

David,

Send me your cases that you claimed you provided apparently on the phone from Florida including the 11th Circuit. I will be more than happy to share them with the clients. Aside from maintaining professionalism, the immunity applies to cases here in Florida. Telling me that we should provide discovery while immunity defenses are pending, which are interlocutory orders for a reason, is not only unsupported but in contravention of the law. The immunity isn't just to discovery; it is to the suit itself.

Lastly, aside from professionalism, threating counsel with revealing your version of conferral communications is not part of our local rules or professional. Going forward have James on the phone.

Thank you.


Christopher J. Whitelock, Esq.
Whitelock & Associates, P.A.
Whitelock Law Building
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316

Phone:
954-463-2001
Facsimile:
954-463-0410
E-Mail:
cjw@whitelocklegal.com
Website:
www.whitelocklaw.com

CONFIDENTIAL:  This communication is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this transmission (including any attachments) is strictly prohibited.

IRS CIRCULAR 230 NOTICE: Any tax advice expressed above was neither written nor intended by the sender or this firm to be used and cannot be used by any taxpayer for the purpose of avoiding penalties that may be

imposed under U.S. tax law. If any person uses or refers to any such tax advice in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement to any taxpayer, then the advice should be considered to have been written to support the promotion or marketing by a person other than the sender or this firm of that transaction or matter, and such taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

-----Original Message-----
From: David Schmutzer <david@kaplangrady.com>
Sent: Wednesday, June 10, 2026 4:32 PM
To: cjw whitelocklegal.com <cjw@whitelocklegal.com>
Cc: ark whitelocklegal.com <ark@whitelocklegal.com>; Sarah Grady <sarah@kaplangrady.com>; Amelia Caramadre <amelia@kaplangrady.com>; Matthew Underwood <matthew@kaplangrady.com>; Alexandra Gergova <alexandra@kaplangrady.com>; James M. Slater <james@slater.legal>; davidfrank whitelocklegal.com <davidfrank@whitelocklegal.com>; Jessalynn Kantzavelos <jrk@whitelocklegal.com>
Subject: Re: White v. Hernandez

As I explained on our call, I think your request for a stay is especially weak here given how factually analogous our cited cases are to the allegations in the operative complaint. You said you would confer with your clients and that you don't want to put unnecessary motions before the Court. You also said you would call me today with a final decision after conferring with your clients. You have not done so. If you plan to move forward with filing your motion without completing the conferral process, I can't stop you. But we're going to inform the Court of our discussion and also explain that Defendants are taking the unsupportable decision of declining to participate in discovery before the Court has even granted a stay.

On Wed, Jun 10, 2026 at 4:10 PM cjw whitelocklegal.com <cjw@whitelocklegal.com> wrote:
>
> To your inquiry, I would refrain from writing unprofessional emails.
>
>
>
> On a professional level, we submitted a motion to stay to you, and to confer with you on qualified immunity defenses and the stay in this Circuit before it was cited as required under our local rules. The law is cited in there. My clients are not agreeing to be subject to discovery and liability with immunity defenses pending before the Court with the insistence of discovery. We then conferred and you stated you disagreed with the motion.
>
>
>
> We are filing the motion which was obviously preceded by the conferral as required under the Local Rules.  If you have law that states in this Circuit that we are not entitled to a stay, please provide as your cited case has nothing to do with qualified immunity which is immunity from suit, and permits the Court to peek here.
>
>
>
> We can speak again devoid of a conference line before my assistant files it if necessary.
>
>
>
> Please advise.
>
>
>
> Christopher J. Whitelock, Esq.
>
> Whitelock & Associates, P.A.
>
> Whitelock Law Building
>
> 300 Southeast Thirteenth Street
>
> Fort Lauderdale, Florida 33316
>
>
>
> Phone:
>

**7**

> 954-463-2001
>
> Facsimile:
>
> 954-463-0410
>
> E-Mail:
>
> cjw@whitelocklegal.com
>
> Website:
>
> www.whitelocklaw.com
>
>
>
> CONFIDENTIAL:  This communication is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this transmission (including any attachments) is strictly prohibited.
>
>
>
> IRS CIRCULAR 230 NOTICE: Any tax advice expressed above was neither written nor intended by the sender or this firm to be used and cannot be used by any taxpayer for the purpose of avoiding penalties that may be imposed under U.S. tax law. If any person uses or refers to any such tax advice in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement to any taxpayer, then the advice should be considered to have been written to support the promotion or marketing by a person other than the sender or this firm of that transaction or matter, and such taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.
>
>
>
> From: David Schmutzer <david@kaplangrady.com>
> Sent: Wednesday, June 10, 2026 3:29 PM
> To: cjw whitelocklegal.com <cjw@whitelocklegal.com>
> Cc: ark whitelocklegal.com <ark@whitelocklegal.com>; Sarah Grady
> <sarah@kaplangrady.com>; Amelia Caramadre <amelia@kaplangrady.com>;
> Matthew Underwood <matthew@kaplangrady.com>; Alexandra Gergova
> <alexandra@kaplangrady.com>; James M. Slater <james@slater.legal>;
> davidfrank whitelocklegal.com <davidfrank@whitelocklegal.com>;
> Jessalynn Kantzavelos <jrk@whitelocklegal.com>
> Subject: Re: White v. Hernandez
>
>
>
> You told me yesterday you were conferring with your clients about the motion to stay and that you would call me today (which you haven't) to give me your clients' final position on the motion. I just cited law in my prior email explaining that a pending motion to stay does not stay discovery anyway. What do you have to say in response to that?
>
>
>
> On Wed, Jun 10, 2026 at 3:25 PM cjw whitelocklegal.com <cjw@whitelocklegal.com> wrote:
>
> Didn't we just confer on this and we are filing a motion to stay that we served on you?
>
>
>
> I appreciate the advocacy, but my clients have immunity defenses which are pending.  We cited the law.
>
>
>
> Christopher J. Whitelock, Esq.
>
> Whitelock & Associates, P.A.

**8**

> 
> Whitelock Law Building
> 
> 300 Southeast Thirteenth Street
> 
> Fort Lauderdale, Florida 33316
> 
> 
> 
> Phone:
> 
> 954-463-2001
> 
> Facsimile:
> 
> 954-463-0410
> 
> E-Mail:
> 
> cjw@whitelocklegal.com
> 
> Website:
> 
> www.whitelocklaw.com
> 
> 
> 
> CONFIDENTIAL:  This communication is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this transmission (including any attachments) is strictly prohibited.
> 
> 
> 
> IRS CIRCULAR 230 NOTICE: Any tax advice expressed above was neither written nor intended by the sender or this firm to be used and cannot be used by any taxpayer for the purpose of avoiding penalties that may be imposed under U.S. tax law. If any person uses or refers to any such tax advice in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement to any taxpayer, then the advice should be considered to have been written to support the promotion or marketing by a person other than the sender or this firm of that transaction or matter, and such taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.
> 
> 
> 
> From: David Schmutzer <david@kaplangrady.com>
> Sent: Wednesday, June 10, 2026 1:33 PM
> To: cjw whitelocklegal.com <cjw@whitelocklegal.com>; ark
> whitelocklegal.com <ark@whitelocklegal.com>
> Cc: Sarah Grady <sarah@kaplangrady.com>; Amelia Caramadre
> <amelia@kaplangrady.com>; Matthew Underwood <matthew@kaplangrady.com>;
> Alexandra Gergova <alexandra@kaplangrady.com>; James M. Slater
> <james@slater.legal>; davidfrank whitelocklegal.com
> <davidfrank@whitelocklegal.com>; Jessalynn Kantzavelos
> <jrk@whitelocklegal.com>
> Subject: Re: White v. Hernandez
> 
> 
> 
> Chris,
> 
> 
> 
> Now that our protective orders are on file, can you confirm that Defendants will abide by the parties' agreement to make an initial exchange of documents and update their interrogatory response by one week from today? Although Defendants have expressed their intention to seek a stay of discovery, even a pending motion would not stay discovery. See, e.g., Fine Food Factory Inc v. Facilitrace LLC, 2024 WL 5074999, at *1 (S.D. Fla. Sept. 26,

**9**

2024) ("As the case law makes clear, a pending motion to stay discovery does not relieve a party of its discovery obligations.").
>
>
>
> Please confirm you will abide by our agreement, make an initial production of documents, and update your interrogatory response by COB June 18. Plaintiffs will make a production by then as well.
>
>
>
> Thanks,
> David
>
>
>
>
>
>
>
> On Thu, Jun 4, 2026 at 4:31 PM ark whitelocklegal.com <ark@whitelocklegal.com> wrote:
>
> Sounds good and thank you.
>
>
>
>
>
> April R. Israel, Paralegal
>
> Whitelock & Associates, P.A.
>
> The Whitelock Law Building
>
> 300 Southeast Thirteenth Street
>
> Fort Lauderdale, FL  33316
>
>
>
> Phone:     (954) 463-2001
>
> Fax:          (954) 463-0410
>
> E-mail:      ark@whitelocklegal.com
>
> Website:  www.whitelocklaw.com
>
>
>
> CONFIDENTIAL:  This communication is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this transmission (including any attachments) is strictly prohibited.
>
>
>
> IRS CIRCULAR 230 NOTICE: Any tax advice expressed above was neither written nor intended by the sender or this firm to be used and cannot be used by any taxpayer for the purpose of avoiding penalties that may be imposed under U.S. tax law. If any person uses or refers to any such tax advice in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement to any taxpayer, then the advice should be considered to have been written to support the promotion or marketing by a person other than the sender or this firm of that transaction or matter, and such taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.
>
>
>

**10**

> 
> 
> 
> 
> 
> 
> From: David Schmutzer <david@kaplangrady.com>
> Sent: Thursday, June 4, 2026 4:23 PM
> To: ark whitelocklegal.com <ark@whitelocklegal.com>
> Cc: Sarah Grady <sarah@kaplangrady.com>; Amelia Caramadre
> <amelia@kaplangrady.com>; Matthew Underwood <matthew@kaplangrady.com>;
> Alexandra Gergova <alexandra@kaplangrady.com>; James M. Slater
> <james@slater.legal>; cjw whitelocklegal.com <cjw@whitelocklegal.com>;
> davidfrank whitelocklegal.com <davidfrank@whitelocklegal.com>;
> Jessalynn Kantzavelos <jrk@whitelocklegal.com>
> Subject: Re: White v. Hernandez
> 
> 
> 
> Let's use our conference line so that others can easily join if they want to:
> 
> 
> 
> (312) 870-6189
> 
> Access Code: 250380
> 
> 
> 
> On Thu, Jun 4, 2026 at 4:15 PM ark whitelocklegal.com <ark@whitelocklegal.com> wrote:
> 
> Tuesday, June 9, 2026 at 3:30 works for us.  Please provide a contact number and we will initiate call.  Please confirm and thank you.
> 
> 
> 
> 
> 
> April R. Israel, Paralegal
> 
> Whitelock & Associates, P.A.
> 
> The Whitelock Law Building
> 
> 300 Southeast Thirteenth Street
> 
> Fort Lauderdale, FL  33316
> 
> 
> 
> Phone:     (954) 463-2001
> 
> Fax:         (954) 463-0410
> 
> E-mail:      ark@whitelocklegal.com
> 
> Website:  www.whitelocklaw.com
> 
> 
> 
> CONFIDENTIAL:  This communication is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this transmission (including any attachments) is strictly prohibited.
> 
> 

**11**

> IRS CIRCULAR 230 NOTICE: Any tax advice expressed above was neither written nor intended by the sender or this firm to be used and cannot be used by any taxpayer for the purpose of avoiding penalties that may be imposed under U.S. tax law. If any person uses or refers to any such tax advice in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement to any taxpayer, then the advice should be considered to have been written to support the promotion or marketing by a person other than the sender or this firm of that transaction or matter, and such taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.
>
>
> From: David Schmutzer <david@kaplangrady.com>
> Sent: Thursday, June 4, 2026 3:51 PM
> To: ark whitelocklegal.com <ark@whitelocklegal.com>
> Cc: Sarah Grady <sarah@kaplangrady.com>; Amelia Caramadre
> <amelia@kaplangrady.com>; Matthew Underwood <matthew@kaplangrady.com>;
> Alexandra Gergova <alexandra@kaplangrady.com>; James M. Slater
> <james@slater.legal>; cjw whitelocklegal.com <cjw@whitelocklegal.com>;
> Jessalynn Kantzavelos <jrk@whitelocklegal.com>
> Subject: Re: White v. Hernandez
>
>
>
> I am free 3pm ET or anytime after Monday or Tuesday. Pick your time.
>
>
>
> On Thu, Jun 4, 2026 at 3:28 PM ark whitelocklegal.com <ark@whitelocklegal.com> wrote:
>
> Dear All:
>
>
>
>          Attached hereto please find a proposed draft of this firm's Motion to Stay.  Upon your receipt hereof, we would like to schedule a conferral conference with counsel prior to filing with the Court.  Please provide our office with available dates and times to schedule this conferral conference.  Thank you.
>
>
>
> April R. Israel, Paralegal
>
> Whitelock & Associates, P.A.
>
> The Whitelock Law Building
>
> 300 Southeast Thirteenth Street
>
> Fort Lauderdale, FL  33316
>
>
>
> Phone:      (954) 463-2001
>
> Fax:           (954) 463-0410
>
> E-mail:      ark@whitelocklegal.com
>
> Website:  www.whitelocklaw.com
>
>
>
> CONFIDENTIAL:  This communication is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this transmission (including any attachments) is strictly prohibited.
>

**12**