**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

Case No. 2:26-cv-14004-DMM

CHRISTINNA WHITE, *et ano.*,

Plaintiffs,

v.

SERGEANT HERNANDEZ, *et al.*,

Defendants.

______________________________________/

**PLAINTIFFS' RESPONSE TO**
**THE MOVING DEFENDANTS' MOTION TO STAY DISCOVERY**

Plaintiffs Christinna White, as Personal Representative of the Estate of Cody Lee White, and Casey White, in his individual capacity, by and through their counsel, respond in opposition to Defendants Hernandez, Yates, Corrado, Dunn, Hamilton, Rankine, Burney, Cruzado, and Carter's ("Defendants") motion to stay discovery, Dkt. 59, as follows:

## INTRODUCTION

Cody White was found dead, wrapped in a blanket and stuffed under his prison cell bunk. He had been stabbed through each of his eyes and stripped to his underwear. His wrists and ankles were bound, and a ligature was tight around his neck. His parents and estate have sued, seeking accountability for Cody's tragic and gruesome death. In a blatant attempt to delay accountability, Defendants now seek to stay discovery. But as Defendants concede, a stay of discovery is not the norm. And they acknowledge that it is their heavy burden—as the party seeking a stay—to establish good cause. But because their motions to dismiss are not facially meritorious—far from it—and because they cannot show specific prejudice, their request for a stay should be rejected.

To meet their burden, Defendants argue that a stay of discovery is reflexively warranted because they have raised qualified immunity and encourage the Court to look to the briefing. Plaintiffs welcome that. Even a cursory look shows that Plaintiffs overcome qualified immunity—they have cited highly analogous case law that shows the constitutional violation at issue is clearly established.

What Defendants omit from their motion for a stay is that they have unilaterally decided that discovery should be stayed while their motion is *pending*, before it has been adjudicated. The Court should order Defendants to change course and participate in discovery while the Court rules on their motion. For these reasons, Defendants' motion for a discovery stay should be denied.

## BACKGROUND

### I. Factual Background

Plaintiffs' Amended Complaint alleges that Justin Settle was a notorious prisoner at the Okeechobee Correctional Institution ("OCI"), having accumulated numerous disciplinary infractions over a three-year span, including infractions for battery, weapons possession, narcotics possession, and disobeying orders. Dkt. 35, Plaintiffs' Amended Complaint ("Am. Compl.") ¶ 24. His disciplinary history was well known to all Defendants. *Id*.

On January 10, 2025, Settle attacked a correctional officer in the dining hall, pushing the officer onto a table, and then to the floor. *Id.* ¶ 25. Despite this attack on an officer, and FDOC's policy requiring an individual in disciplinary confinement to be celled alone, Settle was celled with Matthew Flash. *Id.* ¶ 26.

Just 17 days after Settle's attack on Sergeant Miller, Settle repeatedly stabbed Flash in the head, tricep, and cheek before bludgeoning him with a food tray. *Id.* ¶ 27. Still, Defendants did not change course. Even though all Defendants knew about (1) Settle's extensive disciplinary history, (2) his attack on the correctional officer, and (3) his attack on Flash, they *still* did not cell Settle

alone. Instead, they chose to place him in the cell with Cody and failed to monitor him and the prisoners under their care to check whether Cody was safe. Their disregard for Cody was a death sentence. One day after being moved into the cell, Settle killed Cody and stuffed him under the bunk. Cody's lifeless, mutilated body remained there until three days later—at the urging of incarcerated individuals housed near Settle—Defendants finally checked Cody's cell and found him dead.

## II. Procedural History

Defendants have moved to dismiss, raising qualified immunity as to the Plaintiffs' Eighth Amendment claim, among other arguments. Dkts 38, 49-50. On April 13, 2026, the parties held their Federal Rule of Civil Procedure 26(f) conference. During that conference, Defendants never indicated they would seek a stay, and the parties submitted an agreed discovery schedule. That day, Plaintiffs served their first interrogatory in the case.[1] Defendants failed to respond on the unfounded basis that the interrogatory response depended on the entry of the parties' confidentiality agreements. To avoid Court involvement, Plaintiffs requested that Defendants provide an updated interrogatory response once the parties' confidentiality orders were filed. Once filed, the parties would operate as though the protective orders were in force. Defendants agreed.

On June 4, 2026, for the first time, Defendants suddenly indicated they would seek a stay of discovery. In addition, Defendants expressly reneged on the parties' agreement to update their interrogatory response. And now that their motion to stay has been filed, Defendants have taken the position that they have no obligation to participate in discovery at all—even before this Court has ruled on their motion for a stay.

[1] Plaintiffs incorporate their discussion and accompanying exhibits from their pending motion to compel and to enforce the parties' discovery stipulation. *See* Dkt. 60.

## LEGAL STANDARD

"[A] stay of discovery pending resolution of a dispositive motion is a rare and unusual remedy, which is ordinarily reserved for exceptional circumstances." *Belz v. Evolution Metals Corp.*, 2025 WL 1913225, at *1 (S.D. Fla. Apr. 3, 2025). Such motions are disfavored "because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1186 (S.D. Fla. 2021) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). Motions to stay discovery "are generally denied except where a specific showing of prejudice or burdensomeness is made." *Id.* (quoting *Montoya v. PNC Bank, N.A.*, 2014 WL 2807617, at *2 (S.D. Fla. June 20, 2014)). The party seeking the stay has "the burden of showing good cause and reasonableness." *Id.* (quoting *Feldman*, 176 F.R.D. at 652). To determine whether the moving party has met its burden, the Court "balance[s] the harm produced by a delay in discovery against the possibility that the [dispositive] motion will be granted and entirely eliminate the need for such discovery." *Bocciolone v. Solowsky*, 2008 WL 2906719, at *2 (S.D. Fla. July 24, 2008) (second alteration in original) (emphasis omitted).

## ARGUMENT

### I. Defendants' Motions to Dismiss Are Unlikely to End the Case

When a motion to dismiss is pending and a party moves to stay discovery, the Court "take[s] a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652–53. But even if a motion to dismiss "present[s] substantial issues," the motion must be clear "on its face" that there is an "immediate and clear possibility that it will be granted." *Feldman*, 176 F.R.D. at 653.

Defendants do not come close to meeting this standard. Defendants' primary argument is that they are entitled to a stay because they have raised qualified immunity, which implicates not only liability but the burdens of discovery. But in their motion to dismiss oppositions, Plaintiffs explained in careful detail why the allegations alleged in the complaint are highly analogous to Eleventh Circuit authority previously finding a clearly established Eighth Amendment violation. Indeed, *Cottone v. Jenne*, 326 F.3d 1352 (11th Cir. 2003), followed by *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090 (11th Cir. 2014), and reaffirmed by *Bowen v. Warden Baldwin State Prison*, 826 F.3d 1312 (11th Cir. 2016), have conclusively resolved this constitutional question. *See* Dkt. 41 at 12-15. Plaintiffs also explained why Plaintiffs' substantive-due-process claim should survive. Dkt. 41 at 15-16; Dkt. 53 at 8-9. And Plaintiffs explained why their state law claim should proceed—that analysis rises and falls with the first prong of the qualified immunity; the clearly established analysis does not come into play on Plaintiffs' state-law claim. Dkt. 41 at 17; Dkt. 53 at 8.

Moreover, as courts in this Circuit have ruled, raising qualified immunity does not yield an automatic stay of discovery. The court's decision in *Aguirre-Jarquin v. Hemmert*, 2020 WL 13664124, at *2 (M.D. Fla. May 18, 2020) is instructive. There, the court explained that a "preliminary peek" at the defendants' motions to dismiss did not show that the motions were "clearly meritorious and case dispositive." *Id.* The court highlighted the "lengthy and complex" nature of the motions that raised, as here, "multiple grounds for dismissal," including "qualified immunity, state law immunity, and failure to state a claim." *Id.* at *2. The court also observed that the plaintiff's complaint, like Plaintiffs' complaint in this case, "contain[ed] detailed factual allegations to support his claims" and that the motion to dismiss opposition was "likewise lengthy and permeated with law contesting [the defendants'] assertions." *Id.* Rejecting the defendants'

request for a stay, the court concluded that it could not say the motions to dismiss would "be granted and dispose of the need for discovery entirely." *Id.*

The court reached the same conclusion in *Arenas v. Georgia Department of Corrections*, 2017 WL 1754770, at *3 & n.5 (S.D. Ga. May 3, 2017). There, the court denied a discovery stay and explained that "[a]t least one (and probably more)" of the plaintiff's claims appeared "more than likely to proceed." *Id.* at *3. The court's analysis addressed defendants' attempt to obtain qualified immunity, explaining that the plaintiff had "adequately alleged that defendants were deliberately indifferent to a known, substantial risk of harm" and that the allegations seemed to be "enough to survive a motion to dismiss on qualified immunity grounds." *Id.* at *3 n.5. The court ruled that "[a] stay of discovery pending resolution of the motion to dismiss" was thus "inappropriate." *Id.* at *3; *see also Doyle v. N. Fla. Broadband Auth.,* 2013 WL 12156458, at *2 (M.D. Fla. Apr. 18, 2013) (denying motion to stay discovery where defendants raised qualified immunity and other arguments at the motion-to-dismiss stage because the arguments were not "clearly meritorious" or "truly case dispositive").

Because Defendants cannot demonstrate that Plaintiffs' entire complaint is "surely destined for dismissal," Defendants' motion for a stay must be denied. *Ray v. Spirit Airlines, Inc.*, 2012 WL 5471793, at *2 (S.D. Fla. Nov. 9, 2012); *see also S.K.Y. Mgmt. LLC v. Greenshoe, Ltd.*, 2007 WL 201258, at *2 (S.D. Fla. Jan. 24, 2007) (denying the motion to stay discovery because a preliminary review of the motion to dismiss showed it was more likely than not that some claims would survive).

## II. If a Stay Were Granted, Plaintiffs, Not Defendants, Would Face Prejudice

Defendants also argue that they would be prejudiced if a stay of discovery were granted. But the only prejudice they raise is their run-of-the-mill discovery obligations. As courts in this Circuit have ruled, in the discovery-stay context, that is no prejudice at all. *See Jolly v. Hoegh*

*Autoliners Shipping AS*, 2021 WL 1822758, at *2 (M.D. Fla. Apr. 5, 2021) (requiring a specific showing that discovery would present an "unusually prejudicial or burdensome circumstance").

Notably, Defendants provide no "explanation as to how discovery would be enlarged if permitted to continue." *Randstad Gen. Partner (US), LLC v. Beacon Hill Staffing Grp. LLC*, 2019 WL 12521399, at *11 (N.D. Ga. Nov. 18, 2019). Nor do they explain how judicial resources would be conserved, given that their motions to dismiss are likely to fail. *See id.* The failure to articulate how mere participation in discovery would cause them some special prejudice is fatal to Defendants' motion to stay. *See Flecha v. Neighbors Moving Services, Inc.*, 2013 WL 1908409, at *2 (S.D. Fla. Mar. 7, 2013) (denying motion to stay discovery where defendant did not establish that the discovery would be unusually burdensome)

Indeed, contrary to Defendants' argument, Plaintiffs would be prejudiced in the face of a discovery stay. For one thing, a stay would delay Plaintiffs' attempt to seek accountability, as witness memories continue to fade while the case remains on pause. For another, Plaintiffs have not been able to identify and serve one Defendant—named as Defendant Boykins in the operative complaint. They have also named several Doe Defendants.[2] Defendants' attempt to stay discovery will prevent Plaintiffs from ascertaining the correct identity of Defendant Boykins or the Doe Defendants, as the limitations period on Plaintiffs claims continues to run. This contravenes Rule 1's mandate that the Federal Rules be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

[2] As explained in their motion to dismiss oppositions, Dkt. 41 at 19-20, Plaintiffs properly named Doe Defendants in their complaint because those individuals will be easily identified as soon as preliminary discovery is obtained. *See Dean v. Barber*, 951 F.2d 1210, 1215-16 (11th Cir. 1992) (providing "the driver of an automobile" and "Chief Deputy of the Jefferson County" as sufficient descriptions of fictitious defendants).

In sum, Defendants have failed to meet their burden of showing unusual prejudice. By contrast, Plaintiffs will be prejudiced if a stay is granted.

**III. A Pending Motion to Stay Discovery Does Not Stay Discovery**

A final matter deserves discussion. Defendants have taken the extreme position that they have no obligation to participate in discovery while their motion to dismiss is *pending*. They first took that position after reneging on their agreement to supplement their answer to Plaintiffs' interrogatory and make an initial production of documents. They have now unilaterally halted discovery altogether and even encouraged the Florida Department of Corrections—a third party served with a document subpoena—to join Defendants' stonewalling of Plaintiffs' claims.

Yet as Plaintiffs explain in their pending motion to compel and to enforce the parties' discovery stipulation, Defendants' (and now FDOC's) position has no support in the law. *See generally* Dkt. 60. Rather, the case law is clear: a pending motion to stay discovery does not relieve a party of its discovery obligations." *Fine Food Factory Inc v. Facilitrace LLC*, 2024 WL 5074999, at *1 (S.D. Fla. Sept. 26, 2024); *see also Mad Room, LLC v. City of Miami*, 2021 WL 10395434, at *1 (S.D. Fla. Dec. 14, 2021) (explaining that motion to stay discovery does not relieve party of obligation to respond to discovery requests); *Romacorp, Inc. v. Prescient, Inc.*, 2011 WL 2312563, at *2 (S.D. Fla. June 8, 2011) ("Nowhere in *Chudasama* does the Eleventh Circuit state that a party may stop complying with its discovery obligations when it files a motion to stay. Indeed, the FDIC cites no case law that suggests that a party may simply ignore its discovery obligations while a motion to stay is pending, nor have I found any."); *Wells Fargo Bank, N.A. v. Hazzan*, 2012 WL 13014695, at *1 (S.D. Fla. July 17, 2012) ("[A] party may not stop complying with its discovery obligations when it files a motion to stay."). The Court should instruct Defendants and the FDOC to participate in discovery while their motion for stay remains pending.

## CONCLUSION

For these reasons, Defendants' motion to stay discovery should be denied.

Dated: June 29, 2026

Respectfully submitted,

*/s/ James M. Slater*

James M. Slater (FBN 111779)
SLATER LEGAL PLLC
9000 Dadeland Blvd. #1500
Miami, Florida 33156
Tel. (305) 523-9023
james@slater.legal

Sarah Grady*
Matthew Underwood*
David Schmutzer*
Amelia Caramadre*
KAPLAN & GRADY LLC
2071 N. Southport Ave., Ste. 205
Chicago, Illinois 60614
(312) 852-2184
sarah@kaplangrady.com
matthew@kaplangrady.com
david@kaplangrady.com
amelia@kaplangrady.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*