UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:    26-cv-14004-DMM

CHRISTINNA WHITE, as Personal Representative
Of the Estate of Cody Lee White and CASEY
WHITE, individually,

        Plaintiffs,

vs.

SERGEANT HERNANDEZ, SERGEANT
CLIFTON MCCLAY YATES, CORRECTIONAL
OFFICER CORRADO, CORRECTIONAL
OFFICER THOMAS DUNN, CAPTAIN
WILLIAM HAMILTON, SERGEANT ANDRIANA
RANKINE, LIEUTENANT DENNIS BURNEY,
SERGEANT CARTER, JESUS CRUZADO,
BOYKINS and DOES 1-11,

        Defendants.

_____/

## DEFENDANTS SERGEANT DISAN HERNANDEZ, SERGEANT CLIFTON MCCLAY YATES, CORRECTIONAL OFFICER MICHAEL CORRADO, CORRECTIONAL OFFICER THOMAS DUNN, CAPTAIN WILLIAM HAMILTON, SERGEANT ANDRIANA RANKINE, LIEUTENANT DENNIS BURNEY, JESUS CRUZADO, AND SERGEANT CHANDRA CARTER'S REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STAY DISCOVERY

Defendants, SERGEANT DISAN HERNANDEZ, SERGEANT, CLIFTON MCCLAY YATES, CORRECTIONAL OFFICER MICHAEL CORRADO, CORRECTIONAL OFFICER THOMAS DUNN, CAPTAIN WILLIAM HAMILTON, SERGEANT ANDRIANA RANKINE, LIEUTENANT DENNIS BURNEY, JESUS CRUZADO and SERGEANT CHANDRA CARTER, by and through their undersigned counsel, Whitelock & Associates, P.A., and pursuant to S.D. Fla. L. R. 7.1(b), hereby file this Reply to Plaintiffs' Response to Defendants' Motion to Stay Discovery (ECF No. 61), and state as follows:

1

## I.   PRELIMINARY STATEMENT

Plaintiffs' Response confirms why a stay is warranted here. Plaintiffs insist that a "preliminary peek" at the Motion to Dismiss requires this Court to resolve, on reply briefing regarding a discovery stay, the same contested qualified immunity questions that remain fully briefed and pending before the Court. ECF No. 38; ECF No. 61 at 1-2. That is not what the preliminary peek standard requires, and it is precisely the burden of litigating those questions through discovery that qualified immunity exists to prevent. The Moving Defendants do not ask the Court to decide the Motion to Dismiss on this briefing. They ask only that discovery, with all of its attendant burdens on individuals asserting immunity from suit, be deferred until the Court has an opportunity to rule.

Further, the Amended Complaint's own allegations, not any factual dispute, establish the deficiencies specific to each Moving Defendant. Hernandez is alleged only to have failed to document Settle's attack on a different inmate, and no allegation ties him to the decision to cell Cody with Settle or to any cell-check duty. ECF No. 35 ¶¶ 28-29; ECF No. 49 at 2. Carter, Rankine, Hamilton, and Yates are alleged only in the disjunctive, as one of several officials who "either oversaw or directly made" the housing decision, with no specific acts even alleged as required. ECF No. 35 ¶¶ 31-32; ECF No. 50 at 2. Dunn is blamed for the same cell-check failures the Amended Complaint simultaneously attributes to unnamed Doe defendants. ECF No. 35 ¶¶ 19-20, 37-38; ECF No. 48 at 5. Burney is not alleged to have known anything about Settle or Cody's placement before the afternoon Cody's body was discovered. ECF No. 48 at 5. Lastly, Cruzado is tied to this case only through authority he is not notably even alleged to have had over the housing decision at issue. ECF No. 48 at 3-4.

In all, this pattern is consistent with what defense counsel's ongoing investigation has revealed. That investigation indicates that several named Defendants were not assigned to the relevant unit or working the relevant shift at the time of the incident, that at least one (1) other named Defendant was on approved leave status at that time, and that at least one (1) named Defendant does not hold the rank reflected in the case caption nor has any involvement in this matter which essentially explains this lack of individualized averments with actual *Twombly* facts. The Moving Defendants reserve all rights to address those discrepancies through the appropriate procedural mechanisms. Discovery here is not aimed at developing facts already in dispute under the pleadings. It is instead an effort, as part of a fishing expedition, to identify additional individuals to sue while these Defendants hold the protections of qualified immunity.

For these reasons, and for the reasons set forth in the Motion to Stay Discovery, Plaintiffs' Response does not overcome the Moving Defendants' showing of good cause, and the Court should stay discovery pending resolution of the Motion to Dismiss. ECF No. 38; ECF No. 59.

## II.  ARGUMENT

### A.  Plaintiffs' "Preliminary Peek" Argument Confirms, Rather Than Rebuts, That A Stay Is Warranted

Plaintiffs claim that a stay is inappropriate because their motion to dismiss oppositions "explained in careful detail" why the Amended Complaint states a claim. ECF No. 61 at 5. But that argument does not show that the Motion to Dismiss lacks facial merit. ECF No. 38. It shows only that the issue is genuinely contested and fully briefed, which is exactly the posture in which a stay conserves the resources of the parties and the Court pending a ruling. The preliminary peek standard does not require the Court to predict the outcome of the Motion to Dismiss. *Cuhaci v. Kouri Grp., LP*, 540 F. Supp. 3d 1184, 1187 (S.D. Fla. 2021). Rather, it asks only whether the Motion "appears to be clearly meritorious and truly case dispositive." ECF No. 59 at 3 (quoting

*Cuhaci*, 540 F. Supp. 3d at 1187).

Plaintiffs' cited authority is also misplaced. This authority overlooks that a qualified immunity stay is governed by a different, more protective standard than an ordinary discovery stay. Once a defendant raises qualified immunity, the discretionary balancing that governs routine discovery disputes no longer applies evenhandedly: it is instead "done with a thumb on the side of the scale weighing against discovery." *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998); ECF No. 59 at 4. The district court "must exercise its discretion so that officials are not subjected to unnecessary and burdensome discovery" before that threshold defense is resolved. *Crawford-El v. Britton*, 523 U.S. 574, 597-598 (1998); ECF No. 59 at 4. That heightened standard, not the ordinary framework Plaintiffs cite, governs here.

Plaintiffs' Response additionally conflates that heightened standard with the ordinary, discretionary stay analysis that governs routine discovery disputes unrelated to immunity. This is not a request for a general stay. It is instead a request, grounded in immunity, that discovery not proceed until the Court resolves whether the Moving Defendants are immune from suit altogether. Forcing the Moving Defendants to participate in discovery before that threshold question is resolved would not merely delay their immunity defense, but it would essentially forfeit the very protections provided. *Harbert*, 157 F.3d at 1280; *Mitchell*, 472 U.S. at 526.

Plaintiffs' reliance on *Aguirre-Jarquin v. Hemmert*, 2020 WL 13664124 (M.D. Fla. May 18, 2020), and *Arenas v. Georgia Department of Corrections*, 2017 WL 1754770 (S.D. Ga. May 3, 2017) is equally misplaced. ECF No. 61 at 5-6. In both cases, the courts denied a stay because the underlying pleadings survived scrutiny on their face notwithstanding a qualified immunity defense. Here, by contrast, the Amended Complaint's collective and alternative allegations against the Moving Defendants are exactly what *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d

4

1313, 1321-1323 (11th Cir. 2015), condemns as an impermissible shotgun pleading. ECF No. 59 at 5. Qualified immunity, moreover, requires more than a plausible claim. It requires controlling precedents that place the unlawfulness of each individual defendant's specific conduct beyond debate. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011); *White v. Pauly*, 580 U.S. 73, 79 (2017); ECF No. 59 at 5. Plaintiffs' Response, however, does not identify precedent clearly establishing the unlawfulness of each Moving Defendant's individual, alternatively pled conduct. It instead points to general Eighth Amendment authority addressed to the case as a whole. ECF No. 61 at 5.

Lastly, those cases themselves confirm the distinction. In *Arenas*, the Court expressly declined to decide whether the plaintiff's Eighth Amendment claim survived the individual defendants' qualified immunity defense, resting its denial of a stay instead on a Rehabilitation Act claim against the institutional defendants, a claim to which qualified immunity is not even available as a defense. *Arenas*, 2017 WL 1754770, at *3 and n.5. Here, by contrast, every claim against every Moving Defendant is asserted against that Defendant in his or her individual capacity and is subject to the qualified immunity defense squarely raised in the Motion to Dismiss. ECF No. 38. Additionally, in *Aguirre-Jarquin*, the court's denial of a stay rested in part on an operative Case Management and Scheduling Order whose discovery deadline the stay would have disrupted, and on the fact that the plaintiff had propounded no discovery at all while the motion was pending. *Aguirre-Jarquin*, 2020 WL 13664124, at *2. Here, no scheduling order has been entered, no discovery deadline is running, and the Joint Scheduling Report remains only a proposal awaiting the Court's adoption. ECF No. 39; ECF No. 62 at 8. Neither consideration that drove those decisions is present here.

**B.**     **Plaintiffs Have Not Shown Cognizable Prejudice, While a Stay Protects the Very Interest Qualified Immunity Exists to Preserve**

Plaintiffs claim that fading witness memories and the continued presence of unserved and

Doe defendants outweigh a stay. ECF No. 61 at 7. Neither showing satisfies the specific prejudice standard Plaintiffs themselves invoke, which requires a specific showing that discovery presents an unusually prejudicial or burdensome circumstance, not a generalized concern about the passage of time. *Jolly v. Hoegh Autoliners Shipping AS*, 2021 WL 1822758, at \*2 (M.D. Fla. Apr. 5, 2021); ECF No. 61 at 7. Plus, the presence of Doe defendants and Defendant Boykins, who remain unserved, has no bearing on whether discovery should proceed as to the Moving Defendants, who have appeared, briefed a fully dispositive motion, and are the only parties whose immunity is at stake. Plaintiffs' concern about identifying unnamed defendants does not establish the kind of case specific harm the stay-discovery standard requires, and it does not establish that requiring the Moving Defendants to bear the burdens of discovery while their immunity defense remains unresolved is appropriate.

Plaintiffs' Response, in turn, does not meaningfully address the harm a denial of a stay would inflict on the Moving Defendants. Qualified immunity is not merely a defense to liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). It is immunity from the burdens of litigation itself, including discovery. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); ECF No. 59 at 4. "Until this threshold immunity question is resolved, discovery should not be allowed." *Harlow*, 457 U.S. at 818; ECF No. 59 at 4. The Eleventh Circuit has likewise held that qualified immunity "protects government officials not only from having to stand trial, but from having to bear the burdens attendant to litigation, including pretrial discovery." *Blinco v. Green Tree Servicing LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004); ECF No. 59 at 4. That burden is concrete and immediate. As reflected in the Parties' Joint Scheduling Report, the contemplated discovery includes electronically stored information from each individual defendant and depositions well beyond the presumptive ten (10) deposition limit, over a discovery period the parties expect to exceed 270 days. ECF No. 39 at 1;

ECF No. 59 at 7. Requiring the Moving Defendants to participate in that discovery before the Court resolves their immunity defense works the very loss the doctrine is designed to prevent. ECF No. 59 at 6. Because the Motion to Dismiss is fully briefed and ripe, any resulting stay would be brief and finite, and fact discovery would remain open under the parties' proposed schedule through August 2027 if the case proceeds. ECF No. 59 at 7; ECF No. 39 at 2.

**C.    The Parties' Separate Discovery Dispute Underscores, Rather Than Undermines, the Need for a Ruling on the Stay**

Plaintiffs devote a final portion of their Response to claiming that a pending motion to stay does not excuse a party from its existing discovery obligations. ECF No. 61 at 8. That argument is addressed to a separate, pending dispute over an outstanding interrogatory response that is the subject of Plaintiffs' own Motion to Compel and the Moving Defendants' response to it. ECF No. 60; ECF No. 62.[1] It is not a basis to deny the stay requested here. If anything, the existence of that dispute illustrates why the Motion to Stay would conserve the resources of the parties and the Court. Rather than each side unilaterally determining what discovery obligations remain in force while dispositive, immunity-based issues are pending, the Moving Defendants ask the Court to resolve that question in the first instance. Plaintiffs' Motion to Compel confirms the point. Plaintiffs describe the interrogatory at issue as an effort "to identify a defendant in the case that Plaintiffs have not been able to independently identify." ECF No. 60 at 5. That is the same use of discovery addressed throughout this Reply, now confirmed in Plaintiffs' *own* words. Unlike Plaintiffs, who never conferred with the Moving Defendants before filing that motion, the Moving Defendants conducted two (2) telephone conferences and exchanged numerous emails with Plaintiffs' counsel before filing the Motion to Stay. ECF No. 62 at 2. In short, this was never about

---

[1] Defendants separately detail Plaintiffs' failure to comply with the conferral requirement of S.D. Fla. L.R. 7.1(a)(3) as to the Motion to Compel in their Response to Plaintiffs' Motion to Compel and Enforce the Parties' Discovery Stipulation. ECF No. 62 at 6-7.

substantive discovery or inapposite cases about parties seeking case stays that did not involve immunity defenses.

## III.  **CONCLUSION**

For the foregoing reasons, and for the reasons set forth in the Motion to Stay Discovery, the Moving Defendants respectfully request that this Court stay all discovery pending its ruling on the Motion to Dismiss, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

WHITELOCK & ASSOCIATES, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Phone No.: (954) 463-2001
Facsimile No.: (954) 463-0410
Counsel for Defendants, Hernandez, Yates, Corrado, Dunn, Hamilton, Rankine, Burney, Cruzado, and Carter

/s/Christopher J. Whitelock
CHRISTOPHER J. WHITELOCK
Florida Bar No. 067539
JESSALYNN R. KANTZAVELOS
Florida Bar No. 117926

8

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, I electronically filed the foregoing document with the

Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day

on all counsel of record identified on the attached Service List in the manner specified, either via

transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized

manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

s/Christopher J. Whitelock

## SERVICE LIST

James M. Slater, Esq.
Slater Legal, PLLC
9000 Dadeland Blvd., #1500
Miami, FL  33156
e-mail:  james@slater.legal

Sarah Grady, Esq.
Matthew Underwood, Esq.
David Schmutzer, Esq.
Amelia Caramadre, Esq.
Kaplan & Grady, LLC
2071 N. Southport Ave., Suite 205
Chicago, IL  60614
Email:  david@kaplangrady.com
sarah@kaplangrady.com
amelia@kaplangrady.com
matthew@kaplangrady.com