**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

Case No. 2:26-cv-14004-DMM

CHRISTINNA WHITE, *et ano.*,

      Plaintiffs,

  v.

SERGEANT HERNANDEZ, *et al.*,

      Defendants.

_____/

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR**
**MOTION TO COMPEL AND ENFORCE DISCOVERY DISPUTE**

Plaintiffs Christinna White, as Personal Representative of the Estate of Cody Lee White, and Casey White, in his individual capacity, by and through their counsel, reply in support of their motion to compel and enforce discovery dispute, Dkt. 60, as follows:

**INTRODUCTION**

Defendants do not dispute that they have unilaterally elected to stay discovery in this case—thus refusing to supplement their interrogatory or provide an initial exchange of documents. They have done so even as they concede that a motion to stay discovery does not, without more, halt discovery. They contend that the mere fact that they have moved to dismiss on qualified immunity grounds changes that calculus. Yet Defendants cite no authority for the proposition that in the qualified-immunity context, the burden shifts from the party seeking the stay to the party opposing it. Defendants also do not dispute that they violated a discovery stipulation between the parties and attempt to justify that breach on the hollow basis that the agreement "was reached before Defendants moved for a stay of discovery." Dkt. 62 at 9. But that is obviously not a

justification to break the parties' discovery agreement.

Unable to contest the merits of Plaintiffs' motion, Defendants opt for misrepresentation. They maintain that Plaintiffs somehow did not satisfy their obligation to meet and confer about the present motion, even though Plaintiffs plainly did, both "orally" and "in writing" and directly warned Defendants during the parties' conferral that this motion was forthcoming, if Defendants clung to their unsupportable position that discovery was paused. L.R. 7.1(a)(3). Defendants have not budged, and their response to Plaintiffs' motion is without merit. Accordingly, Plaintiffs' motion to compel and to enforce the parties' discovery stipulation should be granted.

## ARGUMENT

**I.      Plaintiffs Satisfied Their Conferral Obligation Under This Court's Local Rules**

Defendants contend that Plaintiffs somehow violated their obligation under the local rules to meet and confer. That is simply inaccurate.

Local Rule 7.1(a)(3) provides that prior to filing a motion, the movant "shall confer (orally or in writing) . . . with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion." Plaintiffs plainly did so. They had an extensive email exchange with counsel, which Plaintiffs summarized in the background section of their motion and attached as an exhibit. *See* Dkt. 60 at 2-3 (summarizing conferral attempts); Dkts. 60-3, 60-4. Plaintiffs also raised Defendants' failure to update their interrogatory and provide an initial set of documents during the parties' meet and confer regarding Defendants' motion to stay.[1] Defendants' argument that Plaintiffs did not satisfy their obligation to meet and confer is without merit.

---

[1] Plaintiffs' paralegal attended this call and took contemporaneous notes. Those notes confirm Plaintiffs raised Defendants' refusal to participate in discovery, including their refusal to update the interrogatory or make an initial document production.

**II.** **A Pending Motion to Stay, Even If Filed After a Motion to Dismiss Based on Qualified Immunity Grounds, Does Not Automatically Stay Discovery**

Defendants argue that they are not required to supplement their interrogatory, provide an initial exchange of documents, or otherwise abide by the parties' discovery stipulation, because they have moved to dismiss on qualified immunity grounds. They argue that Plaintiffs are required to cite authority for the proposition that a motion to stay does not stay discovery when a motion to dismiss on qualified immunity grounds is pending. But Defendants have it backwards. It is their burden, as the party seeking a stay, to show that it is warranted. *See, e.g., Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997) (party seeking stay "bears the burden of showing good cause and reasonableness"). Thus, Defendants were required to point to a qualified immunity case holding that motion to stay, without more, halts discovery. Defendants have not done so.

Defendants' citations to cases like *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) and *Blinco v. Green Tree Servicing LLC*, 366 F.3d 1249, 1252 (11th Cir. 2004) are unavailing. The Eleventh Circuit's procedure to decide whether a discovery stay is warranted expressly permits the Court to "take a preliminary peek at the merits of the motion to dismiss to see if it appears to be clearly meritorious and truly case dispositive." *Feldman*, 176 F.R.D. at 652–53. That necessarily means that discovery stays are not automatically granted. Indeed, as Plaintiffs pointed out in their opposition to Defendants' motion to stay, courts deny discovery stays even when a party has moved for dismissal based on qualified-immunity grounds. *See* Dkt. 61 at 5-6. Defendants' presumptuous self-grant of a discovery stay has no support in law.

Defendants now contort themselves and argue that they are not, in fact, taking the position that a pending motion to stay "suspend[s their] discovery obligations" but that they "moved for a stay because good cause exists" due to their qualified immunity argument. Dkt. 62 at 3. But of course, by refusing to participate in discovery, even when no stay has been ordered, Defendants

3

are functionally taking just that position.

Defendants also suggest that they should not be held to their discovery obligations because their agreement to supplement their interrogatory response and provide an initial production of documents "was reached before Defendants moved for a stay of discovery." Dkt. 62 at 9. That is obviously not grounds to breach a discovery agreement, and Defendants cite no authority to support that position.

Defendants also argue that no scheduling order has been entered and thus the parties have no obligation to proceed with discovery and that Plaintiffs face no prejudice. But Plaintiffs explained why they would be prejudiced by a discovery stay—witness memories are fading, and the very reason Plaintiffs served this interrogatory was to ascertain the identity of a defendant they have been unable to serve, as the limitations period on Plaintiffs' claims continues to tick. Dkt. 60 at 2, 5; Dkt. 61 at 7.

Defendants also argue that any stay would necessarily be a short one. But of course, even after this Court rules on the pending motion to stay and on the pending motions to dismiss, Defendants retain the ability to take an interlocutory appeal. *See, e.g.*, *Piazza v. Jefferson Cnty.*, 923 F.3d 947, 951 n.5 (11th Cir. 2019) (noting that court of appeals has interlocutory jurisdiction when "district court denie[s] qualified immunity [on a motion to dismiss] based on questions of law.") (second alteration in original). Indeed, Defendants raised the prospect of taking an interlocutory appeal during the parties meet-and-confer on the pending motion to stay. Thus, Defendants' representation that this stay would be short is not credible.

Moreover, even though the parties' proposed schedule remains pending, Dkt. 39, 39-1, it is Plaintiffs' understanding that the parties would nevertheless abide by the agreed schedule unless and until the court orders otherwise. And in any event, counsel's obligation to make an initial

production of documents under Rule 26(a)(1)—setting aside the parties' applicable discovery stipulation—is mandatory and not contingent on any schedule agreed by the parties. *See* Fed. R. Civ. P. 26(a)(1)(ii) (requiring party, "without awaiting a discovery request," to provide "a copy— or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses"). Defendants should be compelled to update their deficient interrogatory response and make their required initial production of documents.

### III.    Plaintiffs Remain Entitled to Fees

Defendants argue that they should not be required to pay Plaintiffs' attorney's fees because, on their telling, their position is substantially justified. Dkt. 62 at 10. But as Plaintiffs has explained to them and in their motion, a pending motion to stay does not halt discovery. And it is their burden to show that a stay is warranted. Yet Defendants have not cited a case that holds that a pending motion to stay, even if the qualified-immunity context, is self-executing. Instead, Defendants rely on misrepresentations to the Court about Plaintiffs' attempts to confer and reach impasse about the pending motion. That only strengthens Plaintiffs' justification for fees. *See Nat'l Fire & Cas. Co. v. Kessler Tank Co.*, 2017 WL 3034974, at *4 (N.D. Ind. July 18, 2017) (observing relevance to Rule 37(c)(1) context where counsel made "misrepresentations to the court" about opposing party's conduct).

Because there is no substantial justification for Defendants' position, Plaintiffs are entitled to their reasonable attorneys' fees for being forced to bring this motion.

### CONCLUSION

For these reasons and for the reasons in Plaintiffs' motion, Defendants should be compelled to supplement their interrogatory response and to provide an initial production of documents.

Dated: July 8, 2026

Respectfully submitted,

*/s/ James M. Slater*

James M. Slater (FBN 111779)
SLATER LEGAL PLLC
9000 Dadeland Blvd. #1500
Miami, Florida 33156
(305) 523-9023
james@slater.legal

Sarah Grady*
Matthew Underwood*
David Schmutzer*
Amelia Caramadre*
KAPLAN & GRADY LLC
2071 N. Southport Ave., Ste. 205
Chicago, Illinois 60614
(312) 852-2184
sarah@kaplangrady.com
matthew@kaplangrady.com
david@kaplangrady.com
amelia@kaplangrady.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

6