UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO:    26-cv-14004-DMM

CHRISTINNA WHITE, as Personal Representative
Of the Estate of Cody Lee White and CASEY
WHITE, individually,

       Plaintiffs,

vs.

SERGEANT DISAN HERNANDEZ, SERGEANT
CLIFTON MCCLAY YATES, CORRECTIONAL
OFFICER MICHAEL CORRADO, CORRECTIONAL
OFFICER THOMAS DUNN, CAPTAIN
WILLIAM HAMILTON, SERGEANT ANDRIANA
RANKINE, LIEUTENANT DENNIS BURNEY,
SERGEANT CARTER, JESUS CRUZADO,
BOYKINS and DOES 1-11,

       Defendants.

_____/

## FLORIDA DEPARTMENT OF CORRECTIONS MOTION FOR PROTECTIVE ORDER

The Florida Department of Corrections, ("FDOC"), by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. 26(c) and 45(d)(3), respectfully moves this Court for a protective order staying the subpoena directed to FDOC pending resolution of the Moving Defendants' Motion to Stay Discovery (ECF No. 59) and Motion to Dismiss (ECF No. 38), and in support thereof states as follows:

    **I.**    **ARGUMENT**

       **1.**    **A Motion to Stay All Discovery Is Pending Before This Court.**

On June 15, 2026, the Moving Defendants filed a Motion to Stay Discovery and Incorporated Memorandum of Law, arguing that all discovery in this action should be stayed

pending the Court's resolution of their Motion to Dismiss the Amended Complaint. ECF Nos. 38, 59. That motion is pending before this Court. Notwithstanding the pendency of that motion, Plaintiffs have served a subpoena duces tecum on non-party FDOC commanding production of extensive institutional records by May 7, 2026. Requiring compliance with this subpoena and allowing Plaintiffs to obtain broad institutional records about the Defendants would render the requested stay meaningless and would subject the Moving Defendants to the very discovery burdens they have asked this Court to relieve.

**2.      The Moving Defendants Acted in Good Faith to Avoid Unnecessary Motion Practice.**

Prior to filing this motion, FDOC made good-faith efforts to resolve this dispute without Court intervention. Defendants' counsel urged Plaintiffs' counsel to defer the FDOC subpoena and all discovery while the qualified immunity defense and Motion to Dismiss remained pending, and before any scheduling order or discovery period had been entered. Defendants specifically offered to preserve all immunity defenses while awaiting the Court's ruling, noting that Plaintiffs' own proposed schedule contemplates fact discovery through August 16, 2027, leaving ample time for discovery. ECF No. 39, § C. Defendants also proactively cooperated with Plaintiffs to enter agreed confidentiality and HIPAA-qualified protective orders in advance of any merits discovery, demonstrating good faith cooperation with the discovery process. ECF Nos. 57, 58. Plaintiffs, however, refused.

Further, the nature of the discovery reinforces that a brief stay is appropriate. By Plaintiffs' own admission, a substantial portion of the contemplated discovery is aimed not at substantive merits issues but at identifying additional defendants: Plaintiffs have represented to this Court that they need discovery to ascertain the identities of Defendant Boykins and Does 1-11. ECF No. 61 at 7, n.2. Compelling FDOC to produce institutional records for the purpose of identifying

2

defendants in a complaint that Plaintiffs themselves acknowledge will require further amendment is neither warranted nor proportional to the needs of this case at this stage.

**3. Requiring Compliance Would Irreparably Undermine the Moving Defendants' Qualified Immunity Defense.**

The Moving Defendants have asserted qualified immunity as a threshold defense to all claims in this action. ECF No. 38; ECF Nos. 49, 50. Qualified immunity is an immunity from suit rather than a mere defense to liability, and it is lost if an official is forced to bear the burdens of litigation, including pretrial discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). The Supreme Court has instructed that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Unlike an ordinary stay pending a dispositive motion, which turns on a discretionary balancing of harms, the qualified immunity inquiry is conducted in this Circuit with a thumb on the side of the scale weighing against discovery. *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1281 (11th Cir. 1998). Here, the subpoena at issue additionally seeks sweeping institutional records, including personnel files. Permitting this discovery to proceed through a non-party subpoena to FDOC before the Court resolves the immunity questions would circumvent the very protections qualified immunity is designed to provide. The Court has authority under Fed. R. Civ. P. 26(c) to issue a protective order on behalf of a party when discovery directed at a non-party would operate to prejudice that party's legally protected interests.

## II. CONCLUSION

For the foregoing reasons, FDOC respectfully requests that this Court enter a protective order (a) staying the subpoena directed to FDOC briefly, pending the Court's resolution of the Motion to Stay Discovery (ECF No. 59) and the Motion to Dismiss (ECF No. 38); and (b) granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Amber Kourofsky, Esq.*

AMBER KOUROFSKY, ESQ.
Assistant General Counsel
Office of the General Counsel
Florida Department of Corrections
501 South Calhoun Street
Tallahassee, Florida 32399
Florida Bar No. 85100
Office: 850-717-3605
Direct: 850-717-3613
Email: CourtFilings@fdc.myflorida.com
Email: amber.kourofsky@fdc.myflorida.com

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), undersigned counsel hereby certifies that counsel for FDOC conferred with Plaintiffs on July 9, 2026, in a good faith effort to resolve the issues raised in this Motion, and that Plaintiff opposes the relief requested herein.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by e-mail to all counsel of record on July 9, 2026.

*/s/Amber Kourofsky, Esq.*
AMBER KOUROFSKY, ESQ.

4

**<u>SERVICE LIST</u>**

Christopher J. Whitelock
Whitelock & Associates, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Phone No.: (954) 463-2001
Facsimile No.: (954) 463-0410
e-mail: cjw@whitelocklegal.com

James M. Slater, Esq.
Slater Legal, PLLC
9000 Dadeland Blvd., #1500
Miami, FL  33156
e-mail:  james@slater.legal

Sarah Grady, Esq.
Matthew Underwood, Esq.
David Schmutzer, Esq.
Amelia Caramadre, Esq.
Kaplan & Grady, LLC
2071 N. Southport Ave., Suite 205
Chicago, IL  60614
Email:  david@kaplangrady.com
sarah@kaplangrady.com
amelia@kaplangrady.com
matthew@kaplangrady.com