UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO:     26-cv-14004-DMM

CHRISTINNA WHITE, as Personal Representative
Of the Estate of Cody Lee White and CASEY
WHITE, individually,

        Plaintiffs,

vs.

SERGEANT DISAN HERNANDEZ, SERGEANT
CLIFTON MCCLAY YATES, CORRECTIONAL
OFFICER MICHAEL CORRADO, CORRECTIONAL
OFFICER THOMAS DUNN, CAPTAIN
WILLIAM HAMILTON, SERGEANT ANDRIANA
RANKINE, LIEUTENANT DENNIS BURNEY,
SERGEANT CARTER, JESUS CRUZADO,
BOYKINS and DOES 1-11,

        Defendants.

_____/

### NON-PARTY FLORIDA DEPARTMENT OF CORRECTIONS' JOINDER IN DEFENDANTS' MOTION TO STAY DISCOVERY (ECF NO. 59) AND MOTION FOR PROTECTIVE ORDER

Non-Party Florida Department of Corrections ("FDOC"), by and through its undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(c), hereby joins in and adopts the Moving Defendants' Motion to Stay Discovery (ECF No. 59) and moves for a protective order, respectfully requesting that the relief sought in ECF No. 59 extend to the Rule 45 subpoena duces tecum served on FDOC. In support, FDOC states:

1. **FDOC Adopts the Moving Defendants' Motion and Requests That Its Relief Extend to the Subpoena.**

Plaintiffs served a Rule 45 subpoena duces tecum on FDOC, a non-party, commanding production of extensive institutional records by May 7, 2026. FDOC adopts and incorporates the

arguments set forth in ECF No. 59 as though fully stated herein, and respectfully requests that any stay or protective relief the Court grants encompass the subpoena directed to FDOC.

2. **Good Cause Exists Because the Pending Qualified Immunity Defense Forecloses Discovery Until It Is Resolved.**

The pending immunity defense is not an ordinary ground for delay; it is a substantive entitlement that forecloses discovery until it is resolved. The Moving Defendants have asserted qualified immunity as a threshold defense to all claims in this action. ECF No. 38; ECF Nos. 49, 50. Qualified immunity is an immunity from suit rather than a mere defense to liability, and it is lost if the official is forced to bear the burdens of litigation, including pretrial discovery. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *see also Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (immunity questions should be resolved at the earliest possible stage of litigation). For that reason, the Supreme Court has instructed that "[u]ntil this threshold immunity question is resolved, discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 685 (2009) (the qualified-immunity doctrine is intended in part to spare officials the burdens of disruptive discovery). Unlike an ordinary stay pending a dispositive motion, which turns on a discretionary balancing of harms, the qualified immunity inquiry is conducted in this Circuit with a thumb on the side of the scale weighing against discovery. *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998). Compelling FDOC to produce the same institutional records that Plaintiffs seek from the Moving Defendants would circumvent that protection and impose the very burdens the immunity exists to prevent, before the Court has resolved whether any claim survives.

2

3. <u>**No Prejudice Will Result, and Plaintiffs Were on Notice That a Stay Would Be Sought.**</u>

No scheduling order has been entered and no discovery period has been set. To the contrary, Plaintiffs' own proposed schedule contemplates that fact discovery need not be completed until August 16, 2027, with trial in March 2028. ECF No. 39, § C. Defendants' counsel asked Plaintiffs to await resolution of the immunity and Rule 12 issues, and Plaintiffs were aware through the parties' conferrals that a stay would be sought. Given the time remaining, requiring FDOC to respond now, rather than after the Court rules, serves no legitimate purpose and works no prejudice on Plaintiffs.

4. <u>**The Unsettled Posture of the Case Reinforces Good Cause.**</u>

The Rule 12 process remains outstanding. Plaintiffs have represented to this Court that the motion to dismiss could require a Second Amended Complaint, and that they will need to amend again to name Does 1-11 once identified. ECF No. 39, § E. Defendant Boykins remains unserved, and the eleven (11) fictitious Doe defendants have not been served or identified. The Moving Defendants' motion further identifies the Amended Complaint as a shotgun pleading that fails to allege the personal participation Section 1983 requires of each individual Defendant. ECF No. 38 at 5-6. Requiring a non-party to produce sweeping records into this shifting landscape, before the pleadings are settled, is neither warranted nor proportional.

WHEREFORE, FDOC respectfully requests that the Court extend the relief sought in ECF No. 59 to the subpoena directed to FDOC and enter a protective order relieving FDOC of any obligation to respond until the Court's resolution of the Moving Defendants' Motion to Stay and Motion to Dismiss.

*/s/ Amber Kourofsky, Esq.*

AMBER KOUROFSKY, ESQ.
Assistant General Counsel
Office of the General Counsel
Florida Department of Corrections
501 South Calhoun Street
Tallahassee, Florida 32399
Florida Bar No. 85100
Office: 850-717-3605
Direct: 850-717-3613
Email: CourtFilings@fdc.myflorida.com
Email: amber.kourofsky@fdc.myflorida.com

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), undersigned counsel hereby certifies that counsel for FDOC conferred with Plaintiffs on July 9, 2026, in a good faith effort to resolve the issues raised in this Motion, and that Plaintiff opposes the relief requested herein.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by e-mail to all counsel of record on July 9, 2026.

4

## SERVICE LIST

Christopher J. Whitelock
Whitelock & Associates, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Phone No.: (954) 463-2001
Facsimile No.: (954) 463-0410
e-mail: cjw@whitelocklegal.com

James M. Slater, Esq.
Slater Legal, PLLC
9000 Dadeland Blvd., #1500
Miami, FL  33156
e-mail:  james@slater.legal

Sarah Grady, Esq.
Matthew Underwood, Esq.
David Schmutzer, Esq.
Amelia Caramadre, Esq.
Kaplan & Grady, LLC
2071 N. Southport Ave., Suite 205
Chicago, IL  60614
Email:  david@kaplangrady.com
sarah@kaplangrady.com
amelia@kaplangrady.com
matthew@kaplangrady.com