UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO:     26-cv-14004-DMM

CHRISTINNA WHITE, as Personal Representative
Of the Estate of Cody Lee White and CASEY
WHITE, individually,

       Plaintiffs,

vs.

SERGEANT DISAN HERNANDEZ, SERGEANT
CLIFTON MCCLAY YATES, CORRECTIONAL
OFFICER MICHAEL CORRADO, CORRECTIONAL
OFFICER THOMAS DUNN, CAPTAIN
WILLIAM HAMILTON, SERGEANT ANDRIANA
RANKINE, LIEUTENANT DENNIS BURNEY,
SERGEANT CARTER, JESUS CRUZADO,
BOYKINS and DOES 1-11,

       Defendants.

_____/

**DEFENDANTS SERGEANT DISAN HERNANDEZ, SERGEANT CLIFTON MCCLAY YATES, CORRECTIONAL OFFICER MICHAEL CORRADO, CORRECTIONAL OFFICER THOMAS DUNN, CAPTAIN WILLIAM HAMILTON, SERGEANT ANDRIANA RANKINE, LIEUTENANT DENNIS BURNEY, JESUS CRUZADO AND SERGEANT CHANDRA CARTER'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CONSENT AMENDED COMPLAINT [ECF NO. 35]**

Defendants, SERGEANT DISAN HERNANDEZ, SERGEANT CLIFTON MCCLAY YATES, CORRECTIONAL OFFICER MICHAEL CORRADO, CORRECTIONAL OFFICER THOMAS DUNN, CAPTAIN WILLIAM HAMILTON, SERGEANT ANDRIANA RANKINE, LIEUTENANT DENNIS BURNEY, JESUS CRUZADO, and SERGEANT CHANDRA CARTER, (hereinafter "Defendants") by and through their undersigned counsel, Whitelock &

1

Associates, P.A., and pursuant to Fed. R. Civ. P. 7, file this Answer and Affirmative Defenses to Plaintiffs' Consent Amended Complaint [ECF No. 35], as follows:

1. In response to paragraph number 1 of the Amended Complaint, the Defendants deny said allegation.

2. In response to paragraph number 2 of the Amended Complaint, the Defendants deny said allegation.

3. In response to paragraph number 3 of the Amended Complaint, the Defendants deny said allegation.

4. In response to paragraph number 4 of the Amended Complaint, the Defendants deny said allegation.

## JURISDICTION AND VENUE

5. In response to paragraph number 5 of the Amended Complaint, the Defendants admit said allegation.

6. In response to paragraph number 6 of the Amended Complaint, the Defendants admit said allegation.

## PARTIES

7. In response to paragraph number 7 of the Amended Complaint, the Defendants admit said allegation.

8. In response to paragraph number 8 of the Amended Complaint, the Defendants admit said allegation.

9. In response to paragraph number 9 of the Amended Complaint, the Defendants admit said allegation.

10. In response to paragraph number 10 of the Amended Complaint, the Defendants admit said allegation.

2

11.     In response to paragraph number 11 of the Amended Complaint, the Defendants admit said allegation.

12.     In response to paragraph number 12 of the Amended Complaint, the Defendants admit said allegation.

13.     In response to paragraph number 13 of the Amended Complaint, the Defendants admit said allegation.

14.     In response to paragraph number 14 of the Amended Complaint, the Defendants admit said allegation.

15.     In response to paragraph number 15 of the Amended Complaint, the Defendants admit said allegation.

16.     In response to paragraph number 16 of the Amended Complaint, the Defendants admit said allegation.

17.     In response to paragraph number 17 of the Amended Complaint, the Defendants admit said allegation.

18.     In response to paragraph number 18 of the Amended Complaint, the Defendants are without sufficient knowledge as to the truth or falsity of the allegation in said paragraph and therefore deny said allegation.

19.     In response to paragraph number 19 of the Amended Complaint, the Defendants are without sufficient knowledge as to the truth or falsity of the allegation in said paragraph and therefore deny said allegation.

20.     In response to paragraph number 20 of the Amended Complaint, the Defendants are without sufficient knowledge as to the truth or falsity of the allegation in said paragraph and therefore deny said allegation.

## ALLEGATIONS

21.     In response to paragraph number 21 of the Amended Complaint, the Defendants are without sufficient knowledge as to the truth or falsity of the allegation in said paragraph and therefore deny said allegation.

22.     In response to paragraph number 22 of the Amended Complaint, the Defendants are without sufficient knowledge as to the truth or falsity of the allegation in said paragraph and therefore deny said allegation.

23.     In response to paragraph number 23 of the Amended Complaint, the Defendants are without sufficient knowledge as to the truth or falsity of the allegation in said paragraph and therefore deny said allegation.

24.     In response to paragraph number 24 of the Amended Complaint, the Defendants are without sufficient knowledge as to the truth or falsity of the allegation in said paragraph and therefore deny said allegation.

25.     In response to paragraph number 25 of the Amended Complaint, the Defendants are without sufficient knowledge as to the truth or falsity of the allegation in said paragraph and therefore deny said allegation.

26.     In response to paragraph number 26 of the Amended Complaint, the Defendants are without sufficient knowledge as to the truth or falsity of the allegation in said paragraph and therefore deny said allegation.

27.     In response to paragraph number 27 of the Amended Complaint, the Defendants are without sufficient knowledge as to the truth or falsity of the allegation in said paragraph and therefore deny said allegation.

28.     In response to paragraph number 28 of the Amended Complaint, the Defendants

deny said allegation.

29.     In response to paragraph number 29 of the Amended Complaint, the Defendants deny said allegation.

30.     In response to paragraph number 30 of the Amended Complaint, the Defendants deny said allegation.

31.     In response to paragraph number 31 of the Amended Complaint, the Defendants deny said allegation.

32.     In response to paragraph number 32 of the Amended Complaint, the Defendants deny said allegation.

33.     In response to paragraph number 33 of the Amended Complaint, the Defendants deny said allegation.

34.     In response to paragraph number 34 of the Amended Complaint, the Defendants are without sufficient knowledge as to the truth or falsity of the allegation in said paragraph and therefore deny said allegation.

35.     In response to paragraph number 35 of the Amended Complaint, the Defendants are without sufficient knowledge as to the truth or falsity of the allegation in said paragraph and therefore deny said allegation.

36.     In response to paragraph number 36 of the Amended Complaint, the Defendants deny said allegation.

37.     In response to paragraph number 37 of the Amended Complaint, the Defendants are without sufficient knowledge as to the truth or falsity of the allegation in said paragraph and therefore deny said allegation.

38.     In response to paragraph number 38 of the Amended Complaint, the Defendants are without sufficient knowledge as to the truth or falsity of the allegation in said paragraph and

therefore deny said allegation.

39.     In response to paragraph number 39 of the Amended Complaint, the Defendants deny said allegation.

40.     In response to paragraph number 40 of the Amended Complaint, the Defendants are without sufficient knowledge as to the truth or falsity of the allegation in said paragraph and therefore deny said allegation.

41.     In response to paragraph number 41 of the Amended Complaint, the Defendants are without sufficient knowledge as to the truth or falsity of the allegation in said paragraph and therefore deny said allegation.

42.     In response to paragraph number 42 of the Amended Complaint, the Defendants are without sufficient knowledge as to the truth or falsity of the allegation in said paragraph and therefore deny said allegation.

## COUNT I
### 42 U.S.C. § 1983 – Deliberate Indifference (Eighth Amendment)
### By Plaintiffs Christina White and Casey White Against All Individual Defendants

43.     In response to paragraph number 43 of the Amended Complaint, Defendants reassert the answers contained in paragraphs 1 through 42 above.

44.     In response to paragraph number 44 of the Amended Complaint, the Defendants deny said allegation.

45.     In response to paragraph number 45 of the Amended Complaint, the Defendants deny said allegation.

46.     In response to paragraph number 46 of the Amended Complaint, the Defendants deny said allegation.

47.     In response to paragraph number 47 of the Amended Complaint, the Defendants deny said allegation.

48.     In response to paragraph number 48 of the Amended Complaint, the Defendants deny said allegation.

49.     In response to paragraph number 49 of the Amended Complaint, the Defendants deny said allegation.

50.     In response to paragraph number 50 of the Amended Complaint, the Defendants deny said allegation.

51.     In response to paragraph number 51 of the Amended Complaint, the Defendants deny said allegation.

52.     In response to paragraph number 52 of the Amended Complaint, the Defendants deny said allegation.

**COUNT II**
**42 U.S.C. § 1983 – Deprivation of Rights (Fourteenth Amendment)**
**By Plaintiffs Christinna White and Casey White Against All Individual Defendants**

53.     In response to paragraph number 53 of the Amended Complaint, Defendants reassert the answers contained in paragraphs 1 through 42 above.

54.     In response to paragraph number 54 of the Amended Complaint, the Defendants deny said allegation.

55.     In response to paragraph number 55 of the Amended Complaint, the Defendants deny said allegation.

56.     In response to paragraph number 56 of the Amended Complaint, the Defendants deny said allegation.

57.     In response to paragraph number 57 of the Amended Complaint, the Defendants deny said allegation.

58.     In response to paragraph number 58 of the Amended Complaint, the Defendants

deny said allegation.

59.     In response to paragraph number 59 of the Amended Complaint, the Defendants deny said allegation.

60.     In response to paragraph number 60 of the Amended Complaint, the Defendants deny said allegation.

**COUNT III**
**Florida Wrongful Death Act, §§ 768.16-27, Florida Statutes**
**By Plaintiffs Christinna White and Casey White Against All Individual Defendants**

61.     In response to paragraph number 61 of the Amended Complaint, Defendants reassert the answers contained in paragraphs 1 through 42 above.

62.     In response to paragraph number 62 of the Amended Complaint, the Defendants deny said allegation.

63.     In response to paragraph number 63 of the Amended Complaint, the Defendants deny said allegation.

64.     In response to paragraph number 64 of the Amended Complaint, the Defendants deny said allegation.

65.     In response to paragraph number 65 of the Amended Complaint, the Defendants deny said allegation.

66.     In response to paragraph number 66 of the Amended Complaint, the Defendants deny said allegation.

67.     In response to paragraph number 67 of the Amended Complaint, the Defendants deny said allegation.

68.     In response to paragraph number 68 of the Amended Complaint, the Defendants deny said allegation.

69.     In response to paragraph number 69 of the Amended Complaint, the Defendants deny said allegation.

## PRAYER FOR RELIEF

The Defendants deny that the Plaintiffs are entitled to any relief requested therein.

**WHEREFORE**, having fully answered the Amended Complaint filed herein and denying all averments not otherwise answered, the Defendants state the following affirmative defenses to this action:

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted against these Defendants as to each of Counts I, II, and III. These Defendants assert this defense, and each defense that follows, without waiver of and expressly subject to the arguments raised in their Motion to Dismiss the Amended Complaint, including that the pleading is an impermissible shotgun pleading and that it fails to allege the personal participation required under 42 U.S.C. § 1983, all of which these Defendants preserve.

## SECOND AFFIRMATIVE DEFENSE

These Defendants are entitled to qualified immunity on Counts I and II. At all material times they were state officials performing discretionary functions within the scope of their employment, and their alleged conduct did not violate any clearly established statutory or constitutional right of which a reasonable official in their position would have known. Qualified immunity is an immunity from suit and not merely a defense to liability, and it bars each federal claim asserted against these Defendants in their individual capacities.

## THIRD AFFIRMATIVE DEFENSE

Liability under 42 U.S.C. § 1983 requires proof that each Defendant personally participated

9

in a constitutional violation or that a causal connection exists between that Defendant's own conduct and the alleged harm. There is no *respondeat superior* or vicarious liability under Section 1983. The Amended Complaint improperly groups these Defendants together and fails to allege facts establishing the individualized personal participation and causation that the statute requires as to each of them.

**FOURTH AFFIRMATIVE DEFENSE**

These Defendants were not deliberately indifferent to any substantial risk of serious harm to Cody White. No Defendant subjectively knew of and disregarded an excessive risk to his health or safety. At most, the allegations sound in negligence, and negligence does not give rise to liability under 42 U.S.C. § 1983 or under the Eighth or Fourteenth Amendments.

**FIFTH AFFIRMATIVE DEFENSE**

The death of Cody White was caused by the independent, intentional, and criminal act of a third party, Justin Settle, over whom these Defendants had no control at the time of the act. That criminal act was an unforeseeable, intervening, and superseding cause that breaks any chain of causation between these Defendants' alleged conduct and the injuries claimed, and it bars recovery on each Count.

**SIXTH AFFIRMATIVE DEFENSE**

As to Count III, the claim under the Florida Wrongful Death Act, these Defendants are immune from personal liability under Section 768.28(9)(a), Florida Statutes. At all material times they were employees of the State of Florida acting within the scope of their employment, and Section 768.28(9)(a) bars any individual tort liability unless the employee acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. These Defendants did not act in any such manner. Plaintiffs' exclusive tort remedy for conduct within the scope of employment lies against the state agency and not against

10

these Defendants individually.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent any claim is asserted against these Defendants in an official capacity, or otherwise seeks recovery from the State of Florida or its agencies, such claim is barred or limited by the doctrine of sovereign immunity and by the terms and monetary limitations of Section 768.28, Florida Statutes, including the limitation on the amount of recoverable damages and the bar against prejudgment interest and punitive damages set out in that section.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent the Amended Complaint seeks money damages against these Defendants in their official capacities, such claims are barred by the Eleventh Amendment to the United States Constitution and by the sovereign immunity of the State of Florida.

## NINTH AFFIRMATIVE DEFENSE

As to Count III, any damages awarded must be apportioned in accordance with Section 768.81, Florida Statutes. The fault of all persons and entities that contributed to the alleged injuries, including Justin Settle and other nonparties, must be considered and apportioned, and these Defendants are answerable, if at all, only for their own respective percentage of fault and are not subject to joint and several liability.

## TENTH AFFIRMATIVE DEFENSE

Any recovery against these Defendants must be reduced by all amounts that Plaintiffs have received, or are entitled to receive, from any collateral source, and by any settlement, payment, or recovery obtained from any other person or entity on account of the same injuries, including under Section 768.76, Florida Statutes. These Defendants are entitled to a set-off for all such amounts.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery is barred or must be reduced to the extent that Plaintiffs or the decedent's Estate failed to take reasonable steps to mitigate the damages alleged in the Amended Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to recover punitive damages. As to the federal claims, punitive damages require proof that a Defendant's conduct was motivated by evil intent or involved reckless or callous indifference to federally protected rights, and no such conduct occurred. As to Count III, punitive damages are not recoverable against these Defendants for conduct within the scope of their state employment, and any claim for punitive damages is further subject to and limited by Sections 768.72 and 768.73, Florida Statutes. Any award of punitive damages on the facts alleged would violate these Defendants' rights under the Due Process Clauses of the United States and Florida Constitutions.

## THIRTEENTH AFFIRMATIVE DEFENSE

At all material times these Defendants acted in good faith, with objective reasonableness, and in accordance with the information available to them and the duties of their positions. Their conduct was reasonable under the circumstances they actually confronted and does not support the imposition of liability.

## FOURTEENTH AFFIRMATIVE DEFENSE

These Defendants have not completed their investigation and discovery in this matter. They reserve the right to amend this Answer and to assert additional affirmative defenses, including those that may become known through discovery, and they do not waive and expressly reserve all defenses available under Federal Rules of Civil Procedure 8 and 12, including the defenses raised in their Motion to Dismiss the Amended Complaint.

## FIFTEENTH AFFIRMATIVE DEFENSE

To the extent Count III is construed as a tort claim subject to Section 768.28, Florida Statutes, that claim is barred by Plaintiffs' failure to satisfy the statutory conditions precedent to suit. Section 768.28(6) requires that written notice of the claim be presented to the appropriate state agency and to the Florida Department of Financial Services, and that the claim be denied in writing or that the applicable time period expire, before an action may be brought. The Amended Complaint does not allege compliance with these conditions precedent, and these Defendants specifically deny that Plaintiffs presented the required written notice, that any such notice was properly and timely served on the agency and the Department of Financial Services, and that the applicable time period expired before this action was filed. Count III is barred to the extent these conditions precedent were not satisfied. These Defendants assert this defense without conceding that Count III states a claim against the State of Florida or against these Defendants in any capacity other than their individual capacities.

## JURY TRIAL DEMAND

Defendants respectfully request a trial by jury on all claims/issues in this matter that may be tried by a jury.

**WHEREFORE**, having fully answered the Amended Complaint herein and having raised affirmative defenses thereto and reserving the right to raise additional affirmative defenses, Defendants request that the instant action be summarily dismissed and that they be awarded their costs, expenses, and reasonable attorneys' fees incurred in this matter.

**Respectfully submitted,**

WHITELOCK & ASSOCIATES, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Phone No.: (954) 463-2001
Facsimile No.: (954) 463-0410

Counsel for Defendants Hernandez, Yates, Corrado, Dunn, Hamilton, Rankine, Burney, Cruzado, and Carter

/s/Christopher J. Whitelock
CHRISTOPHER J. WHITELOCK
Florida Bar No. 067539
JESSALYNN R. KANTZAVELOS
Florida Bar No.   117926

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.   I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

s/Christopher J. Whitelock

## SERVICE LIST

James M. Slater, Esq.
Slater Legal, PLLC
9000 Dadeland Blvd., #1500
Miami, FL   33156
e-mail:   james@slater.legal

14

Sarah Grady, Esq.
Matthew Underwood, Esq.
David Schmutzer, Esq.
Amelia Caramadre, Esq.
Kaplan & Grady, LLC
2071 N. Southport Ave., Suite 205
Chicago, IL   60614
Email:   david@kaplangrady.com
sarah@kaplangrady.com
amelia@kaplangrady.com
matthew@kaplangrady.com