**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

Case No. 2:26-cv-14004-DMM

CHRISTINNA WHITE, *et ano.*,

Plaintiffs,

v.

SERGEANT HERNANDEZ, *et al.*,

Defendants.

_______________________________________/

**JOINT DISCOVERY PLAN**

Pursuant to the Court's Pretrial Scheduling Order, the parties[1] certify that they conferred in accordance with D.E. 76, as follows:

**1. Estimated Valuation of the Case from Plaintiffs and Defendants**. Currently, Plaintiffs have not provided an estimated valuation of the case. As such, Defendants cannot provide an estimation without this case valuation information including any categories consisting of this estimated valuation. However, the parties are continuing to confer about providing that information and will, if necessary, amend this report as to the valuation.

**2. Exchange of Initial Rule 26(a)(1) Disclosures.** The parties have exchanged their initial disclosures. Under Rule 26(a)(1)(ii), Plaintiffs produced documents in their possession on August 17. Defendants have also identified general documents under Rule 26 which are in the

[1] Lourdes Wydler substituted as counsel for Defendants Dunn, Rankine, Cruzado, and Carter. D.E. 77. The Court erroneously terminated Christopher Whitelock as counsel in the case. D.E. 78. However, his firm is staying on to represent Defendants Hernandez, Yates, Corrado, Hamilton, and Burney and will file a revised stipulation for the Court's consideration.

exclusive custody, control and possession of their employer, the Florida Department of Corrections ("FDOC"). Plaintiffs' counsel has subpoenaed FDOC for these records which would consist of the categories of records under Rule 26. Plaintiffs have already received records, and continue to currently obtain records, from FDOC for this matter. The parties are working to confer and address any remaining issues with the disclosures.

**3. Subjects on Which Discovery is Needed.** Without waiving the right to conduct discovery on additional subjects, Plaintiffs require discovery on:

- Justin Settle's medical history
- Matthew Flash's medical history
- Cody White's medical history
- Settle's attack on Officer Miller
- Settle's attack on Matthew Flash
- Settle's housing placements at Okeechobee correctional institute, including his placement with Matthew Flash and Cody White
- Settle's killing of Cody White
- Okeechobee correctional staff's conducting of cell checks
- Staff assignments in B-dorm for January and February 2025
- Documents sufficient to identify the classification officer(s) who placed Settle and Flash in the cell together
- Documents sufficient to identify the classification officer(s) who placed Settle and White in the cell together
- The individual defendants' communications regarding the foregoing events
- Documents related to prior cellmate-on-cellmate violence in the FDOC
- FDOC's investigation into the foregoing events
- FDOC's policies, including those related to housing, cell placement, and classification

Defendants require discovery identifying and supporting any allegations as to their alleged individual involvement in this matter as asserted by the Plaintiffs in this matter, the estimation of the damages alleged in the current pleading, and any supporting documentation of these damages.

**4. Whether the Parties Can Agree to Limit Discovery on Particular Issues Through Stipulation.** Yes, the parties believe they can stipulate as to certain material matters in the case.

**5. Document Discovery Needed.**

- Documents sufficient to address the topics identified in response to No. 3
- ESI collected from the individual defendants' ESI repositories as to be negotiated by the parties and entered by the Court in an ESI protocol.

**6. Whether Discovery Should be Conducted in Phases.** No.

**7. Whether the Parties Expect to Have Disclosure, Discovery, or Preservation of Electronically Stored Information ("ESI"). If so, Explain (a) the Main Information and Documents Sought, (b) the Expected Costs of e-Discovery, and (c) Whether Alternatives to e-Discovery are Possible.** The parties are still negotiating the contours of a proposed ESI protocol, but Plaintiffs expect communications in Defendants' ESI repositories to shed light on their subjective knowledge in the case, which is central to Plaintiffs' deliberate indifference and wrongful death claims. The parties do not yet know the expected cost of e-discovery. Plaintiffs do not believe that alternatives to e-discovery are possible given that the parties' communications are central sources of information as to Defendants' knowledge.

**8. Individuals the Parties Intend to Depose.** Defendants intend to depose: the Personal Representative of the Estate of Cody White, Plaintiff Casey White, Plaintiffs' experts, Travis Smith, Mark Dechamps, Justin Settle, Matthew Flash, Derrick Fulton, and the FDOC Rule 30(b)(6) designee as to cell assignments. Consistent with the parties' prior agreement, Dkt. 39, Plaintiffs intend to depose each Defendant, each witness listed in Defendants' Rule 26(a)(1) disclosure, Defendants' expert witnesses, and all 30(b)(6) designees.

**9. Any Issues about Claims of Privilege or of Protection as Trial-Preparation Materials, Including—if the Parties Agree on a Procedure to Assert these Claims After Production—Whether to Ask the Court to Include Their Agreement in An Order Under FRCP 502.** The parties anticipate no such issues.

**10. What Changes Should be Made in the Limitations on Discovery Imposed by the FRCP or LR**. None at this time.

**11. Whether Early Mediation or a Settlement Conference with a Magistrate Judge Prior to Close of Discovery Would be Helpful.** The parties agree that a settlement conference with a Magistrate Judge prior to the close of discovery would be helpful.

Dated: August 27, 2026

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN: 111779)
SLATER LEGAL PLLC
9000 Dadeland Blvd. #1500
Miami, Florida 33156
(305) 523-9023
james@slater.legal

Sarah Grady*
Matthew Underwood*
David Schmutzer*
Amelia Caramadre*
KAPLAN & GRADY LLC
2071 N. Southport Ave., Ste. 205
Chicago, Illinois 60614
(312) 852-2184
sarah@kaplangrady.com

*Attorneys for Plaintiffs*
**Admitted pro hac vice*

*/s/ Christopher J. Whitelock (with consent)*
Christopher J. Whitelock (FBN: 067539)
Jessalynn R. Kantzavelos (FBN: 117926)
WHITELOCK & ASSOCIATES, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
(954) 463-2001
cjw@whitelockelegal.com

*Attorneys for Defendants Hernandez, Yates Corrado, Hamilton, and Burney*

*/s/ Lourdes Wydler (with consent)*
Lourdes Wydler (FBN: 719811)
WYDLER LAW
1550 Madruga Avenue
Suite 400
Coral Gables, Florida 33146
(305) 446-5528
lew@wydlerlaw.com

*Attorney for Defendants Dunn, Rankine, Cruzado, and Carter*