**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

Case No. 2:26-cv-14004-DMM-SMM

CHRISTINNA WHITE, *et ano.*,

Plaintiffs,

v.

SERGEANT HERNANDEZ, *et al.*,

Defendants.

_______________________________________/

**PLAINTIFFS' SECOND MOTION TO COMPEL**
**DEFENDANTS TO RESPOND TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Plaintiffs Christinna White, as Personal Representative of the Estate of Cody Lee White, and Casey White, in his individual capacity, by and through their counsel, seek an order compelling Defendants Yates, Dunn, Hamilton, Rankine, Burney, Cruzado, and Corrado to respond to Plaintiffs' First Set of Interrogatories, and awarding Plaintiffs their reasonable attorneys' fees for being forced to bring a second motion on this issue.

## INTRODUCTION

This is Plaintiffs' second motion to compel Defendants to respond to a single interrogatory served over four months ago. That interrogatory seeks basic information to help Plaintiffs identify an unnamed Defendant in this case. Despite an agreement that they would supplement their inadequate response after entry of the parties' protective orders, Defendants have stonewalled: first objecting across the board without providing any substantive response, then unilaterally suspending their discovery obligations during the pendency of their motion to dismiss—without any court order authorizing them to do so—and now still failing to provide their responses, despite

Plaintiffs' repeated follow-up efforts by email and telephone.

The Court denied Defendants' motion to dismiss in mid-July and subsequently denied Plaintiffs' first motion to compel as moot, presumably on the understanding that Defendants would finally fulfill their basic discovery obligation. They have not. Over six weeks have passed since the Court's order, and Defendants have offered nothing but vague, unfulfilled promises for over a month that they would provide the interrogatory response.

Plaintiffs should not have to file a second motion to obtain an answer to a single interrogatory. Yet apparently, they must. The Court should grant this motion, compel Defendants to respond, deem any objections waived, and award Plaintiffs their reasonable attorneys' fees for being forced to seek judicial intervention yet again.

## BACKGROUND

To identify an unidentified Defendant, Plaintiffs served an interrogatory on Defendants on April 13, 2026. On May 21, Defendants responded to Plaintiffs' interrogatory. Ex. 1 ("Defs.' Objections to Plfs.' Interrogatory"). But their response was tantamount to none at all: Defendants objected across the board and did not provide a substantive response. *Id.* at 5. In their response, Defendants added that after the parties' confidentiality and HIPAA-qualified protective orders were entered, they would "supplement" their interrogatory response "if additional responsive information is identified." *Id.*

Defendants did not keep to their word. Instead of supplementing their inadequate response, Defendants moved for a stay and unilaterally granted themselves that stay while their motion to dismiss was pending, even though the Court had not entered a stay. After conferring, Plaintiffs moved to compel Defendants interrogatory responses and to enforce the parties' agreement that Defendants' answer Plaintiffs' interrogatory. *See* Dkts. 60, 64.

The Court denied Defendants' motion to dismiss on July 15. Dkt. 68. In an order that followed, the Court denied as moot Plaintiffs' motion to compel against Defendants, presumably on the understanding that Defendants would finally supplement their interrogatory responses. *See* Dkt. 70. Defendants still have not done so, repeatedly promising to imminently provide their responses, even though Plaintiffs have followed up with Defendants repeatedly by email and by phone.[1] Ex. 2 at 1, 2, 5, 6; Ex. 3; Ex. 4 at 1. This motion follows.

## LEGAL STANDARD

A party seeking discovery may move for an order compelling an answer if "a party fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3). When "responding to discovery requests, parties have a duty to respond truthfully, fully, and completely, or explain truthfully, fully, and completely why they cannot respond." *Boldstar Tech., LLC v. Home Depot, Inc.*, 2008 WL 11320003, at *2 (S.D. Fla. Mar. 28, 2008). "Parties are also required to respond to interrogatories in the manner specifically requested by the interrogatory" and "have a duty to make a bona fide attempt to respond to interrogatories." *Id.*

## ARGUMENT

### I. The Court Should Order Defendants to Respond to Plaintiffs' First Set of Interrogatories

This is a straightforward motion to compel. Plaintiffs served their interrogatories four

[1] In a recent email exchange between Plaintiffs and Mr. Whitelock, Mr. Whitelock asked Plaintiffs to cite his email, explaining why—in Mr. Whitelock's view—the interrogatory response did not warrant judicial intervention. Ex. 3. Counsel's justification apparently hinges on defense counsel's impression that Plaintiffs want to schedule depositions in "2-3 months." *Id.* Defense counsel misunderstands. Plaintiffs want to schedule *expert* depositions in that timeframe. Under the Federal Rules, however, an expert who is required to provide a report cannot be deposed until the expert's report has been disclosed, which has not happened yet. *See* Fed. R. Civ. P. 26(b)(4)(A). Plaintiffs are obtaining deposition dates for their clients and expect Defendants' depositions to proceed as soon as the Florida Department of Corrections completes its slow-moving document production in response to Plaintiffs' subpoena.

months ago—in April. Defendants first provided a plainly inadequate response. After reaching an agreement for Defendants to supplement after the Court entered the parties' protective orders, Defendants reneged, moved to stay discovery, and granted themselves a stay during the pendency of their motion—even though there was no Court order or other legal basis permitting them to do so. *See, e.g.*, *Mad Room, LLC v. City of Miami*, 2021 WL 10395434, at *1 (S.D. Fla. Dec. 14, 2021) (explaining that a mere motion to stay discovery does not relieve party of obligation to respond to discovery requests).

Now, after the Court denied Defendants' motion to dismiss, Defendants *still* have not supplemented their interrogatory answer, despite Plaintiff repeatedly asking them by email and in phone calls to do so. Ex. 2 at 1, 2, 5, 6. Plaintiffs have no choice but to seek judicial intervention for the second time on this seemingly straightforward issue. *See Erenler v. TJM Props., Inc.*, 2022 WL 18492699, at *4 (M.D. Fla. Nov. 7, 2022) (granting motion to compel where interrogatory remained unanswered); *Frey v. Accessory Brands, Inc.*, 2012 WL 13005555, at *2 (S.D. Fla. Mar. 26, 2012) ("If a party fails to answer interrogatories, the party seeking the discovery may move for an order compelling a response.").

Moreover, to the extent that Defendants now assert objections in response to Plaintiffs' interrogatory, the Court should reject that attempt and deem any objections waived because Defendants' responses (whenever they are ultimately provided) will be untimely. *See* Fed. R. Civ. P. R. 33(b)(4) (failure to respond timely to interrogatories waives all objections to those interrogatories); *Allstate Ins. Co. v. South Harbor Joint Venture, LC*, 2008 WL 4826094, *1 (S.D. Fla. 2008) (finding that the failure to timely respond or object to discovery requests waives any valid objections that may have been available).

In short, the Court should order Defendants to finally provide a response to Plaintiffs'

interrogatory response. Any objections should be deemed waived.

## II. Because Defendants' Conduct Cannot Be Justified, the Court Must Award Plaintiffs Their Fees

As a final matter, Plaintiffs should also be awarded their reasonable attorneys' fees for being forced to bring a *second* motion to compel relating to Defendants' basic failure to answer a single interrogatory served by Plaintiffs. Rule 37(a)(5)(A) provides that when a court grants a motion to compel in full, "attorneys' fees are mandatory" unless the opposing party can show that its failure to answer was "substantially justified." *Blue Chip All., LLC v. Chetu, Inc.*, 2024 WL 3741353, at *3 (S.D. Fla. Aug. 8, 2024).

Defendants cannot show substantial justification—not even close. Defendants agreed months ago that they would provide a substantive response to the interrogatory after the confidentiality orders were entered. After the confidentiality orders were entered, Defendants reneged and adopted the frivolous position that simply moving for a stay pauses their discovery obligations. Even after being presented with clear authority to the contrary, Defendants did not alter their position and have forced Plaintiffs to seek Court intervention.

The Court denied Defendants' motion to dismiss over six weeks ago and denied Plaintiffs' prior motion to compel as moot. Dkts. 68, 70. But even since then, despite repeated prodding by Plaintiffs, Defendants have *still* not supplemented their interrogatory responses. There can obviously be no justification for Defendants' failure to provide responses to a single interrogatory served over four months ago—and over six weeks since their motion to dismiss was denied. Plaintiffs are thus plainly entitled to recover their fees.

## CONCLUSION

**WHEREFORE**, Plaintiffs respectfully request that the Court grant Plaintiffs' motion to compel, deem any objections waived, and award them their reasonable attorneys' fees.

**CERTIFICATE OF GOOD-FAITH CONFERENCE**

Per Rule 37(a)(1), Local Rule 7.1(a)(3), and Magistrate Judge Maynard's Procedures, Plaintiffs certify that they have made a good faith effort to resolve the discovery issues raised in the motion by speaking via telephone and exchanging multiple emails but have been unable to do so.

Dated: August 31, 2026

Respectfully submitted,

*/s/ James M. Slater*

James M. Slater (FBN 111779)
**SLATER LEGAL PLLC**
9000 Dadeland Blvd. #1500
Miami, Florida 33156
(305) 523-9023
james@slater.legal

Sarah Grady*
Matthew Underwood*
David Schmutzer*
Amelia Caramadre*
**KAPLAN & GRADY LLC**
2071 N. Southport Ave., Ste. 205
Chicago, Illinois 60614
(312) 852-2184
sarah@kaplangrady.com
matthew@kaplangrady.com
david@kaplangrady.com
amelia@kaplangrady.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*