# Exhibit 4

**From:** cjw whitelocklegal.com <cjw@whitelocklegal.com>
**Sent:** Thursday, August 27, 2026 09:57
**To:** David Schmutzer; assistant whitelocklegal.com
**Cc:** sarah@kaplangrady.com; amelia@kaplangrady.com; matthew@kaplangrady.com; alexandra@kaplangrady.com; james@slater.legal; lew@wydlerlaw.com; guertty@wydlerlaw.com; davidfrank whitelocklegal.com; Jessalynn Kantzavelos; ark whitelocklegal.com
**Subject:** RE: FW: White v. Hernandez, et.al.

David,

I am in a depo and the report is due today.  I wil try to pop in or call when but please conduct it to finish the report at least, and I provided you the information for the report yesterday. I would like to review it once finalized in word.

As to the conferral issues, we are waiting to get the other executed responses.  We will provide that and I am waiting but will get.

We believe the ESL agreement is unnecessary from my clients' standpoints.  It is referenced in the sch order.

We do not have any records as to the "initial disclosures," and I can discuss this later again if necessary. They have no initial "electronic records."  The other categories, and as stated before, in those disclosures are documents in the c,c and exclusive control of DOC.  As stated, I have no objection to having those records produced from DOC nor did we object to the subpoena, aside from the initial motion to stay which we withdrew.

Lastly, the other issues not mentioned is (1) providing your clients damages disclosures and (2) I need to schedule the deposition dates for the people I requested and your expert as to, at least, my defendants because the discovery period is very brief and the judge is not moving anything.

Thanks.

Christopher J. Whitelock, Esq.

---

**From:** David Schmutzer <david@kaplangrady.com>
**Sent:** Thursday, August 27, 2026 10:48 AM
**To:** assistant whitelocklegal.com <assistant@whitelocklegal.com>
**Cc:** sarah@kaplangrady.com; amelia@kaplangrady.com; matthew@kaplangrady.com; alexandra@kaplangrady.com; james@slater.legal; lew@wydlerlaw.com; guertty@wydlerlaw.com; davidfrank whitelocklegal.com <davidfrank@whitelocklegal.com>; Jessalynn Kantzavelos <jrk@whitelocklegal.com>; cjw whitelocklegal.com <cjw@whitelocklegal.com>; ark whitelocklegal.com <ark@whitelocklegal.com>
**Subject:** Re: FW: White v. Hernandez, et.al.

Is he planning to take a break at 11 to join our call? He mentioned he might be able to do so.

On Thu, Aug 27, 2026 at 10:46 AM assistant whitelocklegal.com <assistant@whitelocklegal.com> wrote:

> Good morning,

Mr. Whitelock is currently in a deposition, as stated below. Please forward the finalized discovery plan for Mr. Whitelock's review prior to filing. He will review it as soon as he has a break in the deposition.

Thank you.

**Kay Diaz, Paralegal**

Whitelock & Associates, P.A.

The Whitelock Law Building

300 Southeast Thirteenth Street

Fort Lauderdale, Florida, 33316

Phone: 954-463-2001

Facsimile: 954-463-0410

Email: assistant@whitelocklegal.com

Website: www.whitelocklaw.com

CONFIDENTIAL: This communication is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this transmission (including any attachments) is strictly prohibited.

IRS CIRCULAR 230 NOTICE: Any tax advice expressed above was neither written nor intended by the sender or this firm to be used and cannot be used by any taxpayer for the purpose of avoiding penalties that may be imposed under U.S. tax law. If any person uses or refers to any such tax advice in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement to any taxpayer, then the advice should be considered to have been written to support the promotion or marketing by a person other than the sender or this firm of that transaction or matter, and such taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

---

**From:** cjw whitelocklegal.com <cjw@whitelocklegal.com>
**Sent:** Thursday, August 27, 2026 9:54 AM
**To:** David Schmutzer <david@kaplangrady.com>
**Cc:** Sarah Grady <sarah@kaplangrady.com>; Amelia Caramadre <amelia@kaplangrady.com>; Matthew Underwood <matthew@kaplangrady.com>; Alexandra Gergova <alexandra@kaplangrady.com>; James M. Slater <james@slater.legal>; davidfrank whitelocklegal.com <davidfrank@whitelocklegal.com>; Jessalynn Kantzavelos <jrk@whitelocklegal.com>; Lourdes Wydler <lew@wydlerlaw.com>; Guertty Lopez <guertty@wydlerlaw.com>; ark whitelocklegal.com <ark@whitelocklegal.com>
**Subject:** RE: White v. Hernandez, et.al.

David and/or James,

Good am.  Following up - and I copied Lourdes before going into depos.  I should be able to pop in and out as stated yesterday.

Thanks.

Christopher J. Whitelock, Esq.

Whitelock & Associates, P.A.

Whitelock Law Building

300 Southeast Thirteenth Street

Fort Lauderdale, Florida 33316

Phone:

954-463-2001

Facsimile:

954-463-0410

E-Mail:

cjw@whitelocklegal.com

Website:

www.whitelocklaw.com

**CONFIDENTIAL**: *This communication is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this transmission (including any attachments) is strictly prohibited.*

**IRS CIRCULAR 230 NOTICE**: *Any tax advice expressed above was neither written nor intended by the sender or this firm to be used and cannot be used by any taxpayer for the purpose of avoiding penalties that may be imposed under U.S. tax law. If any person uses or refers to any such tax advice in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement to any taxpayer, then the advice should be considered to have been written to support the promotion or marketing by a person other than the sender or this firm of that transaction or matter, and such taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.*

---

**From:** cjw whitelocklegal.com
**Sent:** Wednesday, August 26, 2026 5:21 PM
**To:** 'David Schmutzer' <david@kaplangrady.com>
**Cc:** Sarah Grady <sarah@kaplangrady.com>; Amelia Caramadre <amelia@kaplangrady.com>; Matthew Underwood <matthew@kaplangrady.com>; Alexandra Gergova <alexandra@kaplangrady.com>; James M. Slater <james@slater.legal>; davidfrank whitelocklegal.com <davidfrank@whitelocklegal.com>; Jessalynn Kantzavelos <jrk@whitelocklegal.com>; Lourdes Wydler <lew@wydlerlaw.com>; Guertty Lopez <guertty@wydlerlaw.com>; ark whitelocklegal.com <ark@whitelocklegal.com>
**Subject:** RE: White v. Hernandez, et.al.

David,

The prior communications concerned a proposed ESI protocol and interrogatory responses which we addressed. The records also pertain to DOC, and are not in the custody, control, or possession of our clients which I also addressed previously. My understanding is that you have or are working out a discovery production process with DOC.

As to joint discovery plan and part of DE 76 (3), can you provide a proposed plan because that was not ever addressed before or provided in draft in any email. If I am incorrect, I apologize. As to our insertions and I can confer with you and Lourdes on this as well, but I am in a depositions tomorrow although I should be able to pop out and discuss the provided draft plan. For the plan, and to get in front of this, I can provide as follow:

1. (My) Defendants have not been able to provide any estimated valuation of the matter. The Defendants have requested the initial disclosure information from the Plaintiff as to damages, but have not been provided this information. The Defendants will work with the Plaintiff to obtain such information and amend this report, if necessary, as to any valuation.
2. Already been completed.
3. Please advise what Plaintiff is seeking in terms of subjects to see if we are agreeable.
4. I believe we can, particularly as to the pertinent matter.
5. You will need to discuss, particularly as to files. We can obviously communicate with FDOC to obtain and/or expedite any process, but we do not represent them in this matter.
6. No.
7. No.
8. (My) Defendants intend to initially depose the Plaintiff's representative/s which presumably are just Mr. and Mrs. White, the experts identified by Plaintiff, Travis Smith, Mark Dechamps, Justin Settle, Matthew Flash,

Derrick Fulton, and the FDOC pertinent Fed. R. Civ. P. (30(b)(6) representative as to the cell assignments, and (My) Defendants have already requested deposition dates for the representatives and pertinent experts.

9. I don't see the necessity of such currently, but we are willing to address.
10. None.
11. I believe this would.

Further, unless we are going to complete most if not all of the depositions next month, I would suggest again considering stipulating to the Magistrate.

Lastly, I would also request the names of the experts retained by your client David to complete 8, as well as the dates for the depositions per the previous email to move this along because this Judge is not going to provide any extensions.

Thanks David.

Christopher J. Whitelock, Esq.

Whitelock & Associates, P.A.

Whitelock Law Building

300 Southeast Thirteenth Street

Fort Lauderdale, Florida 33316

Phone:

954-463-2001

Facsimile:

954-463-0410

E-Mail:

cjw@whitelocklegal.com

Website:

www.whitelocklaw.com

**CONFIDENTIAL**: *This communication is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this transmission (including any attachments) is strictly prohibited.*

**IRS CIRCULAR 230 NOTICE**: *Any tax advice expressed above was neither written nor intended by the sender or this firm to be used and cannot be used by any taxpayer for the purpose of avoiding penalties that may be imposed under U.S. tax law. If any person uses or refers to any such tax advice in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement to any taxpayer, then the advice should be considered to have been written to support the promotion or marketing by a person other than the sender or this firm of that transaction or matter, and such taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.*

---

**From:** David Schmutzer <david@kaplangrady.com>
**Sent:** Wednesday, August 26, 2026 3:04 PM
**To:** ark whitelocklegal.com <ark@whitelocklegal.com>
**Cc:** Sarah Grady <sarah@kaplangrady.com>; Amelia Caramadre <amelia@kaplangrady.com>; Matthew Underwood <matthew@kaplangrady.com>; Alexandra Gergova <alexandra@kaplangrady.com>; James M. Slater <james@slater.legal>; cjw whitelocklegal.com <cjw@whitelocklegal.com>; davidfrank whitelocklegal.com <davidfrank@whitelocklegal.com>; Jessalynn Kantzavelos <jrk@whitelocklegal.com>; Lourdes Wydler <lew@wydlerlaw.com>; Guertty Lopez <guertty@wydlerlaw.com>
**Subject:** Re: White v. Hernandez, et.al.

Yes. I have been trying to schedule a call with defense counsel to discuss this (among other issues), especially given that this is intended to be a joint submission, but neither your office nor Ms. Wydler's has responded. We plan to circulate a proposed discovery plan sometime tomorrow, not too late in the day, for Defendants' review.

On Wed, Aug 26, 2026 at 2:03 PM ark whitelocklegal.com <ark@whitelocklegal.com> wrote:

> Dear Mr. Schmutzer:
>
> Will your office be submitting a Joint Discovery Plan, which is due on 8/27/26? Upon receipt hereof, please advise. Thank you.
>
> April R. Israel, Paralegal
>
> Whitelock & Associates, P.A.
>
> The Whitelock Law Building

300 Southeast Thirteenth Street

Fort Lauderdale, FL 33316

Phone: (954) 463-2001

Fax: (954) 463-0410

E-mail: ark@whitelocklegal.com

Website: www.whitelocklaw.com

CONFIDENTIAL: This communication is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination or copying of this transmission (including any attachments) is strictly prohibited.

IRS CIRCULAR 230 NOTICE: Any tax advice expressed above was neither written nor intended by the sender or this firm to be used and cannot be used by any taxpayer for the purpose of avoiding penalties that may be imposed under U.S. tax law. If any person uses or refers to any such tax advice in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement to any taxpayer, then the advice should be considered to have been written to support the promotion or marketing by a person other than the sender or this firm of that transaction or matter, and such taxpayer should seek advice based on the taxpayer's particular circumstances from an independent tax advisor.

--

David A. Schmutzer

**KAPLAN & GRADY LLC**

Associate

2071 N. Southport Ave., Ste. 205

> > Chicago, IL 60614
> >
> > (312) 254-8629
> >
> > david@kaplangrady.com
> >
> > kaplangrady.com
> >
> > Pronouns: he/him
>
> --
>
> David A. Schmutzer
>
> **KAPLAN & GRADY LLC**
>
> Associate
>
> 2071 N. Southport Ave., Ste. 205
>
> Chicago, IL 60614
>
> (312) 254-8629
>
> david@kaplangrady.com
>
> kaplangrady.com
>
> Pronouns: he/him

--
David A. Schmutzer
**KAPLAN & GRADY LLC**
Associate
2071 N. Southport Ave., Ste. 205
Chicago, IL 60614
(312) 254-8629
david@kaplangrady.com
kaplangrady.com
Pronouns: he/him