**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**CASE NUMBER 2:26-cv-14004-DMM/Mills Maynard**

CHRISTINNA WHITE, as Personal Representative
of the Estate of Cody Lee White, and
CASEY WHITE, individually,

Plaintiffs,

vs.

CLIFTON MCCLAY YATES, DISAN HERNANDEZ, MICHAEL CORRADO, THOMAS DUNN, WILLIAM HAMILTON, ANDRIANA RANKINE, DENNIS BURNEY, JESUS CRUZADO, JOE GAUCIN, CHARMIN ANDERSON, THERESA COLLINS, ANGELITA DENNIS, SUSAN DINIUS-MAST, ELANA HANSEN, TELEETHA HASLEM, VANESSA HOUZE, SHEILA KURZEN, LAQUETA LEWIS-MCMATH, IRA MCBRIDE, SHAKIA RICHARDS, LOUISMY SAINTFORT, ASHLEY SCHROCK, EMMANUEL ABICHET, JOCELYN FLORESTAL, MICHAEL FESSL, ERIC COVIL, DANIEL AVERILL, DEMETRIC LUCKETT, LAWRENCE DUGAN, BOGDAN MORARU, TROY HAWKINS, and JAMES SANTOS,

Defendants.
_____________________________________________/

**DEFENDANT, CRUZADO'S ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**

Defendant, JESUS CRUZADO, by and through undersigned counsel, pursuant to the Federal Rules of Civil Procedure, hereby files this Answer and Affirmative Defenses to Plaintiffs' Second Amended Complaint (ECF No. 89) as follows:

**INTRODUCTION**

1. Defendant denies the allegations in Paragraph one (1) of the Second Amended Complaint and demands strict proof thereof.

2. Defendant denies the allegations in Paragraph two (2) of the Second Amended Complaint and demands strict proof thereof.

3. Defendant denies the allegations in Paragraph three (3) of the Second Amended Complaint and demands strict proof thereof.

4. Defendant denies the allegations in Paragraph four (4) of the Second Amended Complaint and demands strict proof thereof.

**JURISDICTION AND VENUE**

5. Defendant admits only that this Court has subject matter jurisdiction. Defendant denies the remainder of the allegations in Paragraph five (5) of the Second Amended Complaint and demands strict proof thereof. Defendant denies any wrongdoing.

6. Defendant admits only that venue is proper. Defendant denies the remainder of the allegations in Paragraph six (6) of the Second Amended Complaint and demands strict proof thereof. Defendant denies any wrongdoing.

**PARTIES**

7. Based upon reasonable investigation, the allegations contained in Paragraph seven (7) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

8. Based upon reasonable investigation, the allegations contained in Paragraph eight (8) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

9. Based upon reasonable investigation, the allegations contained in Paragraph nine (9) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

10. Based upon reasonable investigation, the allegations contained in Paragraph ten (10) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

11. Based upon reasonable investigation, the allegations contained in Paragraph eleven (11) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

12. Based upon reasonable investigation, the allegations contained in Paragraph twelve (12) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

13. Based upon reasonable investigation, the allegations contained in Paragraph thirteen (13) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

14. Based upon reasonable investigation, the allegations contained in Paragraph fourteen (14) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

15. Based upon reasonable investigation, the allegations contained in Paragraph fifteen (15) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

16. Defendant admits the allegations in Paragraph sixteen (16) of the Second Amended Complaint and denies any wrongdoing.

17. Based upon reasonable investigation, the allegations contained in Paragraph seventeen (17) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

18. Based upon reasonable investigation, the allegations contained in Paragraph eighteen (18) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

19. Based upon reasonable investigation, the allegations contained in Paragraph nineteen (19) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

20. Based upon reasonable investigation, the allegations contained in Paragraph twenty (20) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

21. Based upon reasonable investigation, the allegations contained in Paragraph twenty-one (21) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

22. Based upon reasonable investigation, the allegations contained in Paragraph twenty-two (22) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

23. Based upon reasonable investigation, the allegations contained in Paragraph twenty-three (23) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

24. Based upon reasonable investigation, the allegations contained in Paragraph twenty-four (24) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

25. Based upon reasonable investigation, the allegations contained in Paragraph twenty-five (25) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

26. Based upon reasonable investigation, the allegations contained in Paragraph twenty-six (26) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

27. Based upon reasonable investigation, the allegations contained in Paragraph twenty-seven (27) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

28. Based upon reasonable investigation, the allegations contained in Paragraph twenty-eight (28) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

29. Based upon reasonable investigation, the allegations contained in Paragraph twenty-nine (29) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

30. Based upon reasonable investigation, the allegations contained in Paragraph thirty (30) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

31. Based upon reasonable investigation, the allegations contained in Paragraph thirty-one (31) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

32. Based upon reasonable investigation, the allegations contained in Paragraph thirty-two (32) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

33. Based upon reasonable investigation, the allegations contained in Paragraph thirty-three (33) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

34. Based upon reasonable investigation, the allegations contained in Paragraph thirty-four (34) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

35. Based upon reasonable investigation, the allegations contained in Paragraph thirty-five (35) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

36. Based upon reasonable investigation, the allegations contained in Paragraph thirty-six (36) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

37. Based upon reasonable investigation, the allegations contained in Paragraph thirty-seven (37) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

38. Based upon reasonable investigation, the allegations contained in Paragraph thirty-eight (38) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

39. Based upon reasonable investigation, the allegations contained in Paragraph thirty-nine (39) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

40. Based upon reasonable investigation, the allegations contained in Paragraph forty (40) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

**ALLEGATIONS**

41. Based upon reasonable investigation, the allegations contained in Paragraph forty-one (41) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

42. Based upon reasonable investigation, the allegations contained in Paragraph forty-two (42) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

43. Defendant denies the allegations in Paragraph forty-three (43) of the Second Amended Complaint and demands strict proof thereof.

44. Defendant denies the allegations in Paragraph forty-four (44) of the Second Amended Complaint and demands strict proof thereof.

45. Based upon reasonable investigation, the allegations contained in Paragraph forty-five (45) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

46. Defendant denies the allegations in Paragraph forty-six (46) of the Second Amended Complaint and demands strict proof thereof.

47. Based upon reasonable investigation, the allegations contained in Paragraph forty-seven (47) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

48. Defendant denies the allegations in Paragraph forty-eight (48) of the Second Amended Complaint and demands strict proof thereof.

49. Defendant denies the allegations in Paragraph forty-nine (49) of the Second Amended Complaint and demands strict proof thereof.

50. Defendant denies the allegations in Paragraph fifty (50) of the Second Amended Complaint and demands strict proof thereof.

51. Defendant denies the allegations in Paragraph fifty-one (51) of the Second Amended Complaint and demands strict proof thereof.

52. Defendant denies the allegations in Paragraph fifty-two (52) of the Second Amended Complaint and demands strict proof thereof.

53. Defendant denies the allegations in Paragraph fifty-three (53) of the Second Amended Complaint and demands strict proof thereof.

54. Defendant denies the allegations in Paragraph fifty-four (54) of the Second Amended Complaint and demands strict proof thereof.

55. Based upon reasonable investigation, the allegations contained in Paragraph fifty-five (55) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

56. Based upon reasonable investigation, the allegations contained in Paragraph fifty-six (56) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

57. Based upon reasonable investigation, the allegations contained in Paragraph fifty-seven (57) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

58. Based upon reasonable investigation, the allegations contained in Paragraph fifty-eight (58) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

59. Based upon reasonable investigation, the allegations contained in Paragraph fifty-nine (59) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

60. Based upon reasonable investigation, the allegations contained in Paragraph sixty (60) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

61. Based upon reasonable investigation, the allegations contained in Paragraph sixty-one (61) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

62. Based upon reasonable investigation, the allegations contained in Paragraph sixty-two (62) of the Second Amended Complaint are unknown to the Defendant and are therefore denied. Furthermore, Defendant demands strict proof thereof.

**COUNT I**
**42 U.S.C. § 1983 – Deliberate Indifference (Eighth Amendment)**
**By Plaintiff Christinna White Against All Individual Defendants**

63. Defendant re-alleges and re-affirms each and every response contained in Paragraphs one (1) through sixty-two (62) of the Second Amended Complaint. Defendant denies each and every allegation to the extent not previously admitted and demands strict proof thereof. Furthermore, Defendant denies any wrongdoing complained of herein.

64. Defendant denies the allegations in Paragraph sixty-four (64) of the Second Amended Complaint and demands strict proof thereof.

65. Defendant denies the allegations in Paragraph sixty-five (65) of the Second Amended Complaint and demands strict proof thereof.

66. Defendant denies the allegations in Paragraph sixty-six (66) of the Second Amended Complaint and demands strict proof thereof.

67. Defendant denies the allegations in Paragraph sixty-seven (67) of the Second Amended Complaint and demands strict proof thereof.

68. Defendant denies the allegations in Paragraph sixty-eight (68) of the Second Amended Complaint and demands strict proof thereof.

69. Defendant denies the allegations in Paragraph sixty-nine (69) of the Second Amended Complaint and demands strict proof thereof.

70. Defendant denies the allegations in Paragraph seventy (70) of the Second Amended Complaint and demands strict proof thereof.

71. Defendant denies the allegations in Paragraph seventy-one (71) of the Second Amended Complaint and demands strict proof thereof.

72. Defendant denies the allegations in Paragraph seventy-two (72) of the Second Amended Complaint and demands strict proof thereof.

**COUNT II**
**42 U.S.C. § 1983 – Deprivation of Rights (Fourteenth Amendment)**

**By Plaintiffs Christinna White and Casey White Against All Individual Defendants**

73. Defendant re-alleges and re-affirms each and every response contained in Paragraphs one (1) through sixty-two (62) of the Second Amended Complaint. Defendant denies each and every allegation to the extent not previously admitted and demands strict proof thereof. Furthermore, Defendant denies any wrongdoing complained of herein.

74. Defendant denies the allegations in Paragraph seventy-four (74) of the Second Amended Complaint and demands strict proof thereof.

75. Defendant denies the allegations in Paragraph seventy-five (75) of the Second Amended Complaint and demands strict proof thereof.

76. Defendant denies the allegations in Paragraph seventy-six (76) of the Second Amended Complaint and demands strict proof thereof.

77. Defendant denies the allegations in Paragraph seventy-seven (77) of the Second Amended Complaint and demands strict proof thereof.

78. Defendant denies the allegations in Paragraph seventy-eight (78) of the Second Amended Complaint and demands strict proof thereof.

79. Defendant denies the allegations in Paragraph seventy-nine (79) of the Second Amended Complaint and demands strict proof thereof.

80. Defendant denies the allegations in Paragraph eighty (80) of the Second Amended Complaint and demands strict proof thereof.

**COUNT III**
**Florida Wrongful Death Act, §§ 768.16-27, Florida Statutes**
**By Plaintiff Christinna White Against All Individual Defendants**

81. Defendant re-alleges and re-affirms each and every response contained in Paragraphs one (1) through sixty-two (62) of the Second Amended Complaint. Defendant denies each and every

allegation to the extent not previously admitted and demands strict proof thereof. Furthermore, Defendant denies any wrongdoing complained of herein.

82. Defendant denies the allegations in Paragraph eighty-two (82) of the Second Amended Complaint and demands strict proof thereof.

83. Defendant admits only that he was acting within the scope and course of his employment. However, the Defendant denies the remainder of the allegations contained in Paragraph eighty-three (83) of the Second Amended Complaint and demands strict proof thereof.

84. Defendant denies the allegations in Paragraph eighty-four (84) of the Second Amended Complaint and demands strict proof thereof.

85. Defendant denies the allegations in Paragraph eighty-five (85) of the Second Amended Complaint and demands strict proof thereof.

86. Defendant denies the allegations in Paragraph eighty-six (86) of the Second Amended Complaint, including the allegations in all subsections, and demands strict proof thereof.

87. Defendant denies the allegations in Paragraph eighty-seven (87) of the Second Amended Complaint and demands strict proof thereof.

88. Defendant denies the allegations in Paragraph eighty-eight (88) of the Second Amended Complaint and demands strict proof thereof.

89. Defendant denies the allegations in Paragraph eighty-nine (89) of the Second Amended Complaint and demands strict proof thereof.

## GENERAL DENIAL

Defendant denies each and every allegation of the Second Amended Complaint to the extent not previously admitted and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

***First Affirmative Defense***

As a first affirmative defense, the Defendant asserts that qualified immunity applies. The Defendant states that his actions were reasonable, proper, legal, and taken pursuant to state law and the United States Constitution. Furthermore, the acts complained of occurred within the scope of the Defendant's official duties, and the Defendant had no knowledge that said acts were illegal or unconstitutional nor did said acts clearly violate the Decedent's rights at the time they were committed.

***Second Affirmative Defense***

As a second affirmative defense, Defendant asserts that the Decedent did not suffer a deprivation of any right including to be free from cruel and unusual punishment or excessive force, privilege, or immunity secured by the Unites States Constitution.

***Third Affirmative Defense***

As a third affirmative defense, Defendant asserts that he did not demonstrate deliberate indifference that rose to a substantial risk of harm towards the constitutional rights of the Decedent with regard to the incident at issue.

***Fourth Affirmative Defense***

As a fourth affirmative defense, Defendant raises that he was not subjectively aware of an excessive risk to the Decedent's health or safety and did not subjectively disregard an excessive risk to Plaintiff's health or safety. In the alternative, the Defendant asserts that he responded reasonably to the risk of serious harm with regard to the incident at issue.

***Fifth Affirmative Defense***

As a fifth affirmative defense, Defendant asserts that Plaintiffs cannot establish the objective or subjective elements of deliberate indifference.

***Sixth Affirmative Defense***

As a sixth affirmative defense, Defendant asserts that he did not personally participate in any alleged unconstitutional conduct and there is no causal connection between his actions and the alleged constitutional deprivation.

***Seventh Affirmative Defense***

As a seventh affirmative defense, Defendant asserts that the sole legal cause of any and all alleged damages was an unforeseeable intervening act and/or superseding act; namely, the act(s) of third party, Justin Settle, and any acts of any of the other individuals. Discovery is ongoing.

***Eighth Affirmative Defense***

As an eighth affirmative defense, Defendant asserts that his conduct was not motivated by evil intent, nor did it involve reckless or callous indifference to the Decedent's protected rights, and thus, Plaintiffs are not entitled to and have not stated a cause of action for punitive damages.

***Ninth Affirmative Defense***

As a ninth affirmative defense, Defendant asserts that he is entitled to a set-off of all amounts paid or payable by all collateral sources for all expenses, bills, or other obligations incurred as a result of the incident alleged in the Amended Complaint, in accordance with the provisions of § 768.76, Florida Statutes.

***Tenth Affirmative Defense***

As a tenth affirmative defense, Defendant asserts that the Estate's damages are limited to those allowed under the Florida Wrongful Death Act, § 768.21, Florida Statutes.

***Eleventh Affirmative Defense***

As an eleventh affirmative defense, Defendant asserts that the Plaintiffs are barred from recovering claimed damages as they are not statutory survivors within the definitions of the Florida

Wrongful Death Act, § 768.18, Florida Statutes.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury on all issues so triable.

## DEMAND FOR ATTORNEY'S FEES

Defendant retained counsel to defend this action and hereby demands recovery of attorney's fees under 42 U.S.C. § 1988 should he be a prevailing party.

I HEREBY CERTIFY that on this 24th day of September, 2026, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

WYDLER LAW
*Attorneys for Defendants, Cruzado, Dunn, and Rankine*
1550 Madruga Avenue
Suite 400
Coral Gables, FL 33146
(305) 446-5528
(786) 422-1373 (fax)

BY _/s/ Lourdes Espino Wydler___
LOURDES ESPINO WYDLER
F.B.N.: 719811
lew@wydlerlaw.com
Secondary E-mail:
guertty@wydlerlaw.com

## SERVICE LIST

Counsel for Plaintiffs:
James Murray Slater, Esquire
FBN: 111779
Slater Legal PLLC
9000 Dadeland Boulevard

Suite 1500
Miami, FL 33156
(305) 523-9023
james@slater.legal

Co-Counsel for Plaintiffs:
Amelia Caramadre, Esquire
*Pro Hac Vice*
amelia@kaplangrady.com
David Schmutzer, Esquire
david@kaplangrady.com
*Pro Hac Vice*
Matthew Underwood
matthew@kaplangrady.com
*Pro Hac Vice*
Sarah Grady
sarah@kaplangrady.com
*Pro Hac Vice*
Kaplan & Grady
2071 North Southport Avenue
Suite 205
Chicago, IL 60614
alexandra@kaplangrady.com

Counsel for Co-Defendants, Hernandez, McClay Yates, Corrado, Hamilton, and Burney:

Christopher John Whitelock, Esquire
FBN: 67539
cjw@whitelocklegal.com
Jessalyn Kantzavelos, Esquire
FBN: 117926
jrk@whitelocklegal.com
David Frank, Esquire
FBN: 93906
davidfrank@whitelocklegal.com
Whitelock & Associates
300 SE 13th Street
Fort Lauderdale, FL 33316-1154
(954) 463-2001
(954) 463-0410 (fax)
ark@whitelocklegal.com