**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

Case No. 2:26-cv-14004-DMM

CHRISTINNA WHITE, *et ano.*,

Plaintiffs,

v.

CLIFTON MCCLAY YATES, *et al.*,

Defendants.

_______________________________________/

**PLAINTIFFS' MOTION TO COMPEL**
**THE FLORIDA DEPARTMENT OF CORRECTIONS TO RESPOND TO SUBPOENA**

Plaintiffs, by and through their counsel, seek an order compelling non-party compliance with a Rule 45 subpoena, and state as follows:

**INTRODUCTION**

Cody White was murdered by his cellmate Justin Settle, a known dangerous prisoner at the Okeechobee Correctional Institution in February 2025. Defendants are the various Florida Department of Corrections ("FDC") correctional officers who failed to protect Cody from Settle. Plaintiffs served a subpoena on the Florida Department of Corrections—a non-party—on April 27, 2026. The return date on the subpoena was May 7. Plaintiffs have repeatedly accommodated FDC's need for additional time and have endeavored to avoid Court intervention, but, given the tight schedule in this case and FDC's failure to fully comply with the subpoena, Plaintiffs are now forced to bring this motion to enforce their subpoena in full.

**BACKGROUND**

On April 23, 2026, Plaintiffs issued a subpoena, which was properly served via process server on FDC on April 27, 2026. *See* Ex. 1 (Subpoena and Rider); Ex. 2 (Proof of Service of Subpoena). The subpoena seeks documents relevant to and necessary for litigating Plaintiffs' claims, including but not limited to relevant policies and protocols related to housing decisions; investigations and records related to Settle's attack on Matthew Flash, Cody's death, and Settle's propensity for violence; and Defendant personnel files, duty rosters, and other documents sufficient to identify unnamed defendants and named Defendants' specific roles and histories. Ex. 1 at 12. The mandated return date of May 7, as identified in the subpoena, passed without any response from FDC or its representatives. Plaintiffs heard nothing by the 14-day mark either.

On June 17, after the Confidentiality Agreement and HIPAA-Qualified Protective Order for which counsel for FDC jointly moved (Dkts. 57 and 58) were entered, Plaintiffs followed up

with FDC regarding the status of the subpoena. FDC added counsel for Defendants to the email chain and indicated that it did not need to respond because there was a pending motion to stay. Despite Plaintiffs' explanation that a pending motion to stay discovery does not stay discovery, FDC filed a motion for protective order on July 9 along with a motion joining Defendants' pending motion to stay.[1] Dkts. 66 and 67. On July 16, the Court ruled both motions moot after denying Defendants' motions to dismiss. Dkt. 70. On July 16, Plaintiffs reached out to FDC and asked it to agree to produce responsive documents within a week of the dismissal order—with the production to occur on July 23. On July 17, *nearly three months* after service of the subpoena, FDC responded with a demand for a conferral to limit some of the discovery requests. This was the first time FDC hinted at any objection to the subpoena.

Plaintiffs and FDC initially conferred on July 23. Since July 23, FDC has produced some, but not all, responsive documents. Additionally, the documents produced contain impermissible redactions. Plaintiffs have repeatedly emailed counsel for FDC, including on September 23, informing them that if they don't complete their production by September 30, Plaintiffs would be forced to move to compel. Plaintiffs asked FDC to confer in three separate emails on September 23, but FDC refused. FDC took the unjustifiable position that it may help itself to another few months to respond to the subpoena, citing (incorrectly) that "[d]iscovery is open until December 14, 2026 under the new order." Ex. 3 (Sept. 23 Email). It goes without saying that FDC is not entitled to delay its production until the end of fact discovery. Among other problems, such a delay would seriously prejudice Plaintiffs, who need the documents in FDC's possession to meet pending deadlines and to prepare for depositions and expert discovery, which must take place

---

[1] Plaintiffs notify the Court that counsel for FDC has filed an appearance in this matter. *See* Dkt. 65.

before the close of fact discovery.

On October 8, FDC finally agreed to confer. Plaintiffs and FDC discussed the Requests that remain incomplete. Currently, Plaintiffs still await documents in response to Request Nos. 3-5, 13, 18–27, 29, 32–34, 37–39, and 42. This includes, notably, the Office of the Inspector General's report on the investigation into Cody's death. FDC charged Plaintiffs $850 to produce the report, which Plaintiffs paid almost two months ago on August 17. Despite FDC's confirmation that the OIG report is in its possession and its representation that it "could be produced upon receipt of payment," it has still not been produced. Ex. 4 (Emails Between Plaintiffs' Counsel and FDC) at 1, 20. Plaintiffs now require Court intervention to order FDC to fully respond to the subpoena.

**LEGAL STANDARD**

A party to litigation may use a Rule 45 subpoena as a discovery tool to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." *Fla. State Conf. of Branches & Youth Units of NAACP v. Lee,* 568 F. Supp. 3d 1301, 1304 (S.D. Fla. 2021) (explaining the scope of discovery through a subpoena is the same as is applicable through Rules 34 and 26) (citing Fed. R. Civ. P. 26(b)(1)). "At any time, on notice to the commanded person, the [ ] party [serving a subpoena] may move the court for the district where compliance is required for an order compelling production or inspection*." Fla. State Conf. of Branches & Youth Units of NAACP*, 568 F. Supp. 3d at 1304 (quoting Fed. R. Civ. P. 45(d)(2)(B)(i)). A person who is commanded to respond to a subpoena must object within fourteen days of service of the subpoena. Fed. R. Civ. P. 45(d)(2)(B). A subpoena recipient who fails to raise timely objections waives them. *Bailey Indus., Inc. v. CLJP, Inc.,* 270 F.R.D. 662 (N.D. Fla. 2010) (finding non-party subpoena recipient waived any objection to subpoena by failing to submit timely written objection to subpoena or motion to quash).

## ARGUMENT

### I. FDC's Responses to Plaintiffs' Subpoena Are Incomplete and Untimely.

Plaintiffs seek an order requiring FDC to produce all documents responsive to Plaintiffs' subpoena within one week. *See United States Equal Emp. Opportunity Comm'n v. Atlanta Bread Co. Int'l, Inc.*, 2007 WL 9700537, at *2 (S.D. Fla. Dec. 5, 2007) (granting motion to compel subpoena responses that subpoena recipient has not objected to). Plaintiffs properly served FDC with a subpoena over *five months ago* on April 27, 2026. *See* Exs. 1 and 2. FDC did not serve timely objections to Plaintiffs' subpoena, and therefore any objections it may now try to raise are waived. *Bailey Indus., Inc.,* 270 F.R.D. 662. It has been nearly two and a half months since the Court entered the parties' protective orders, and FDC's production remains substantially incomplete. Further delay puts Plaintiffs in an untenable position.

Currently, the deadline to add additional parties is October 12, and the close of fact discovery is January 13, 2027. Dkt. 90 (Order Re-setting Deadlines). Plaintiffs require complete responses from FDC in order to adhere as closely as possible to these deadlines. Plaintiffs subpoenaed FDC to collect relevant documents that individual Defendants do not possess. Without these records, it is not possible to identify whether additional parties may be necessary. Additionally, all individual Defendant depositions must be scheduled before the close of fact discovery. Plaintiffs would be seriously prejudiced if they had to proceed with Defendants' depositions without the necessary discovery from FDC, such as the Defendants' personnel files and the policies and procedures that govern their roles. Plaintiffs have been more than accommodating; however, there simply is not time in the schedule for further delay. Plaintiffs respectfully request that the Court order full compliance with the subpoena and order that FDC's objections are waived.

## II. The Court Should Order FDC to Produce Documents Without Impermissible Redaction.

To date, FDC has produced many documents that contain unilateral redactions, about which Plaintiffs have previously conferred with FDC. FDC maintains the position that it is permitted to apply redactions. For instance, in response to a request for documents related to Settle's attack on Officer Miller, FDC produced the exhibited pages that were entirely redacted. *See, e.g.*, Ex. 5 (Fully Redacted FDC Production). As courts in this Circuit have explained, "unilateral redactions [in discovery] are improper." *LSM Techs. PTY LTD v. Sy-Klone Co., LLC*, 2023 WL 5934538, at *5 (M.D. Fla. Aug. 17, 2023). That is especially the case when, as here, the parties have confidentiality and protective orders in place. *Id.* (observing that confidentiality concerns are properly alleviated by the parties' confidentiality agreement). The Court should thus order FDC to produce documents without redactions, except for privilege. *Gipson v. Hyundai Power Transformers USA, Inc.*, 2020 WL 13663852, at *2 (M.D. Ala. June 29, 2020) (granting plaintiff's request to limit redactions in this case to those based on privilege).

## CONCLUSION

**WHEREFORE**, Plaintiffs respectfully request that the Court grant this motion to compel and specifically order (1) that FDC's objections are waived, (2) full compliance with Plaintiffs' subpoena within one week, and (3) production of FDC's records without redactions.

Dated: October 9, 2026

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater (FBN 111779)
**SLATER LEGAL PLLC**
9000 Dadeland Blvd. #1500
Miami, Florida 33156
(305) 523-9023
james@slater.legal

Sarah Grady*
Matthew Underwood*
David Schmutzer*
Amelia Caramadre*
**KAPLAN & GRADY LLC**
2071 N. Southport Ave., Ste. 205
Chicago, Illinois 60614
(312) 852-2184
sarah@kaplangrady.com
matthew@kaplangrady.com
david@kaplangrady.com
amelia@kaplangrady.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

## CERTIFICATE OF GOOD-FAITH CONFERENCE

Per Rule 37(a)(1) and Local Rule 7.1(a)(3), Plaintiffs certify that they have conferred with counsel for FDC and made a good-faith effort to resolve the discovery issues raised in the motion but have been unable to do so.

*/s/ James M. Slater*
James M. Slater

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served upon all attorneys, including counsel for FDC Amber Kourofsky who has filed an appearance in this matter, of record in the above case via CM/ECF System on October 9, 2026. The undersigned further certifies that counsel for FDC was additionally served via electronic mail on October 9, 2026 at:

Amber Kourofsky, Amber.Kourofsky@fdc.myflorida.com
Kristen Lonergan, Kristen.Lonergan@fdc.myflorida.com
Brittney Davis, Brittney.Davis@fdc.myflorida.com
Kelly Forren, Kelly.Forren@fdc.myflorida.com

Office of the General Counsel
Florida Department of Corrections
501 South Calhoun Street
Tallahassee, Florida 32399
Office: 850-717-3605

*/s/ James Slater*
James M. Slater