# Exhibit 1

KAPLAN & GRADY

**Kaplan & Grady LLC**
david@kaplangrady.com
312 852 2184

April 23, 2026

*Via Process Server*

Ricky D. Dixon, Secretary
Florida Department of Corrections
501 S. Calhoun Street
Tallahassee, FL 32399

**Re: *White, et ano., v. Sergeant Hernandez, et al.,* No. 26-cv-14004 (S.D. Fla.)**

To Whom It May Concern:

I represent Plaintiffs in the above-captioned case. Please find enclosed with this letter a subpoena and subpoena exhibit enumerating documents you are commanded to produce.

The subpoena directs you to bring documents to Slater Legal PLLC on May 7, 2026 by 5:00 PM. No appearance is necessary; however, please send us all documents responsive to the subpoena prior to that date. If you could please expedite this process by sending responsive documents electronically via electronic mail to david@kaplangrady.com, james@slater.legal, and alexandra@kaplangrady.com, I would greatly appreciate it.

If you have any questions or concerns about the subpoena, please do not hesitate to contact me, or my paralegal Alexandra Gergova (alexandra@kaplangrady.com). Thank you in advance for your anticipated cooperation, and I look forward to hearing from you.

Sincerely,

David Schmutzer

Enclosure

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

CHRISTINNA WHITE, et ano,
*Plaintiff*
v.
SERGEANT DISAN HERNANDEZ, et al,
*Defendant*

Civil Action No. 2:26-cv-14004-DMM

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Ricky D. Dixon, Secretary
Florida Department of Corrections, 501 S. Calhoun St., Tallahassee, FL 32399

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached exhibit.

| Place: Slater Legal PLLC<br>113 S. Monroe Street<br>Tallahassee, FL 32301 | Date and Time:<br>05/07/2026 5:00 pm |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/23/2026

*CLERK OF COURT*

OR

/s/ David Schmutzer

*Signature of Clerk or Deputy Clerk* — *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs Christinna White and Casey White, who issues or requests this subpoena, are:

David Schmutzer; Kaplan & Grady, 2071 N. Southport Ave., Ste. 205, Chicago, IL 60614; david@kaplangrady.com (312) 852-2184

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:26-cv-14004-DMM

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________________________
________________________________________________________________
________________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

________________________________________
*Server's signature*

________________________________________
*Printed name and title*

________________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

Case No. 2:26-cv-14004-DMM

CHRISTINNA WHITE, *et ano.*,

Plaintiffs,

v.

SERGEANT HERNANDEZ, *et al.*,

Defendants.

_______________________________________/

**EXHIBIT TO SUBPOENA**

Please produce all records and things requested below by the date provided in the subpoena to the attention of James Slater, Slater Legal PLLC at 113 S. Monroe Street, Tallahassee, Florida 32301, and David Schmutzer, Kaplan & Grady LLC at 2071 N. Southport Ave., Ste. 205, Chicago, IL 60614. Given the nature of the documents requested, you are requested to alternatively produce responsive documents electronically to james@slater.legal, david@kaplangrady.com, and alexandra@kaplangrady.com.

Please contact us upon receipt of this subpoena so that we may negotiate an appropriate confidentiality agreement prior to disclosure so that we may receive responsive materials without redaction subject to limitations for certain personal information.

**DEFINITIONS & INSTRUCTIONS**

**Definitions**

1. The "Prison" or "OCI" shall refer to the Okeechobee Correctional Institution and any of its present or former divisions.

2. The term "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, electronic, audio, video, or other graphical matter, regardless of how it is printed, stored or reproduced, in your possession, custody, or control, or known by you to exist, whether or not claimed to be privileged or otherwise excludable from discovery. Any Documents with any marks or notations, including but not limited to initials, routing instructions, date stamps, and any comments, marking or notation of any character, is to be considered a separate document. In addition, for any Document consisting of electronically stored information, each electronically stored version of that Document and all electronically stored information relating to that Document shall be considered a separate document.

3. "Person" shall refer to any individual, corporation, partnership, organization, or other legal entity.

4. "Plaintiffs' Complaint" or "the Complaint" shall mean the operative pleading entitled Consent Amended Complaint, which was filed in *White v. Yates, et al.*, No. 26-cv-14004 (S.D. Fla.) on March 31, 2026 (Dkt. 35), or any amended version of that document filed after these instructions are given.

5. A "complaint" shall refer to any complaint, criticism, grievance, or request for remedy against or relating in any manner to the job performance of any person, including any Defendant (including any Defendant's counsel, employee(s), representative(s), agent(s), contractor(s), expert(s), consultant(s), or other Person(s) acting on the Defendant's behalf), regardless of the disposition of any resulting inquiry or investigation. This includes but is not limited to any personnel or disciplinary matters, any formal or informal, or written or unwritten grievances.

6. A "Complaint" refers to the initiating document in any lawsuit filed in state or federal court which lays out the allegations against named defendants.

7. "Identify" with respect to a Person, shall mean to provide that Person's name, address, and telephone number. With respect to a Document, "identify" shall mean to provide the date of the Document, the author of the Document, the subject matter of the Document, the Bates number with which it is marked for production, and where applicable, all recipients of the Document. With respect to a Communication, "identify" shall mean to provide the date of the Communication, the Person making the Communication, the subject matter of the Communication, and all Persons who received the Communication.

8. "Relate," "relating to," or "regarding" shall mean directly or indirectly mentioning or describing, pertaining to, being connected with, reflecting upon, or having any logical or factual connection with a stated subject matter.

9. "Communication(s)" means the exchange of information between two or more Persons, whether orally, in writing, or by any other means. Communication includes but is not limited to letters, memoranda, e-mail, notes, audio recordings, video recordings, SMS or text messages, Tweets, and other exchanges on social media such as Facebook, Twitter, Instagram, or Snapchat.

10. "And" and "or" mean "and/or" so that the terms are given their broadest possible meaning. In construing a request, the singular shall include the plural and the plural shall include the singular, and the use of a masculine, feminine, or neutral pronoun shall not exclude any of the others. The past tense shall include the present tense and the present tense shall include the past tense, where the clear meaning is not destroyed by the change.

11. "Electronically stored information" means all on- and off-site computer systems and removable electronic media, all computer systems, computers, tablets, cellular telephones, and devices (including all remote access and wireless devices), including but not limited to e-mail and other electronic communications; electronically stored documents, records, images, graphics, recordings, spreadsheets, databases, calendars, system usage logs, contract manager information, telephone logs, internet usage files, deleted files, cache files, user information, and other data, including archives, backup and disaster recovery tapes, discs, drives, cartridges, voicemail and other data, as well as all operating systems, software, applications, hardware, operating manuals, codes, keys and other support information needed to fully search, use, and access the electronically stored information.

12. "Including" shall mean including but not limited to.

13. The terms "Cody White's murder" and "Cody White's Death" shall refer to his killing by Justin Settle in February 2025.

**Instructions**

1. Please identify and produce all documents that can be located or discovered through diligent effort by you, your employees, representatives, agents, attorneys, consultants or accountants. This instruction applies to all documents that are in the business or personal files of, or accessible to you or your employees, or in the possession of, or accessible to your representatives, agents, attorneys, consultants or accountants. Each document shall be produced in the form in which it is maintained in the normal course of your activities.

2. If you object to the production of any document covered by any of these Requests, in the response to the specific request that encompasses the document, state the objection, the basis for the objection and whether or not the document is being withheld because of the

objection. For each document being withheld for any reason, including a claim of privilege, state the following in the response to the request encompassing the document:

a. the reason or reasons you are withholding the document, including any specific privilege you claim protects the document;

b. the facts supporting the privilege or other reason or reasons for withholding the document;

c. the date when the document was prepared or originated;

d. the name(s) or the person(s) who wrote or prepared the document, along with information regarding their relationship to the person(s);

e. the names of each person to whom the document was addressed or copied, as well as the names of each person who may have seen the document, along with information regarding your relationship to each person;

f. the subject matter of the document; and

g. the name and address of each person who has personal knowledge of the subject matter of the document.

3. If you object or otherwise refuse to respond or produce documents in response to any portion of a document request, you shall provide all documents and information called for by that portion of the request for production that you do not object to and/or to which you do not refuse to respond as follows:

a. If you object to a document request on the ground that it is too broad (i.e. if you believe it calls for information outside the scope of permissible discovery as defined by Rule 45 of the Federal Rules of Civil Procedure), you shall produce documents and things in response to that Request by

producing all documents and things that are within the permissible scope of discovery and identify all categories of documents being withheld;

b. If you object to a document request on the ground that to produce documents and things would constitute an undue burden, then you shall produce as many of the requested documents and things as can be provided without undertaking an undue burden;

c. If you object to any portion of a document request on the ground that it is vague or indefinite, then you shall set forth your understanding of the allegedly vague or indefinite term and shall then produce documents and things based upon that stated understanding.

4. Please produce documents responsive to individual Requests as soon as possible and without waiting to produce documents responsive to other Requests whenever possible.

5. Unless another time period is specified, this request for production is addressed to the time period from January 1, 2024 through the present.

6. You are cautioned against providing boilerplate objections without providing a detailed basis for the objection. Such objections are improper under Rule 45(d)(2)(B).

7. Produce Documents that are stored electronically regardless of their form, kind, or location, and in their native format.

8. Any request for a Document is also a request to produce all iterations of that Document, including all earlier and all later versions of that Document.

9. If there are no Documents in your possession, custody, or control responsive to a particular request, please so state and identify the particular request for which you have no responsive Documents in your possession, custody, or control.

10. If any Documents responsive to Plaintiffs' subpoena requests are known by you to exist but are not in your possession, custody, or control, please identify those Documents and the Person who has possession, custody, or control thereof.

11. In the event that any Document requested or identified by any subpoena request has been destroyed or lost, please identify the Document destroyed or lost, its contents, the approximate date of each Document's destruction or loss, the identity of the Persons who last observed the Document prior to its destruction or loss, and the reason for its destruction or circumstances of its loss.

11. In the event that you claim a privilege regarding any of the information sought in Plaintiffs' discovery requests, please state the privilege claimed and provide sufficient information in a privilege log so that the claim of privilege may be evaluated and/or adjudicated. Specifically, please identify any and all Documents that you have withheld on the basis of the privilege asserted, including the number of pages in each Document withheld, the type of each Document withheld, and the date(s) of each Document withheld.

12. If you have withheld one or more Documents that are responsive to any part of any one of Plaintiffs' Requests for Production, so state that you are refusing to disclose responsive Documents and identify every objection on which your refusal to provide the Documents is based.

13. If a Document includes information responsive to Plaintiffs' discovery requests, the entire Document must be produced, without redactions except for redactions required to protect attorney-client and attorney work product privileges (e.g., social security numbers and home addresses). Redactions must be logged, as described in instruction 11.

14. Plaintiffs are prepared to confer on redactions other than for attorney-client and attorney work product privileges. Plaintiffs will oppose any types of redactions that are not subject to a meet and confer and agreement prior to production.

**<u>Requests</u>**

1. Cody White's full and complete inmate file pertaining to his incarceration within the Florida Department of Corrections ("FDOC"), including intake Documents, Documents regarding Communications with medical or correctional staff, Documents regarding any discipline, and Documents regarding transportation and booking.

2. Documents relating to complaints (including grievances) made by or on behalf of Cody White from 2023 to the present, and the disposition of any complaints, including but not limited to any responses by medical or correctional staff, any appeals and any responses by any Person to any such appeals.

3. All audio, video, and/or audiovisual recordings relating to OIG Investigation Case No. 25-02611.

4. All records relating to OIG Investigation Case No. 25-02611, including, without limitation, all recorded statements and witness statements.

5. All audio, video and/or audiovisual recordings and records (including, without limitation, all recorded statements and witness statements) related to any OIG investigation case and/or file regarding the death of Cody White in early February 2025 at Okeechobee Correctional Institution. For the avoidance of doubt, this request includes all investigations related to the death of Cody White.

6. All duty rosters for B-Dormitory at Okeechobee Correctional Institution for February 1, 2025 through February 4, 2025.

7. All duty rosters for B-Dormitory at Okeechobee Correctional Institution for January 26, 2025 through January 31, 2025.

8. Movement logs for Cody White between January 1, 2025 through February 5, 2025.

9. Movement logs for Justin Settle between January 1, 2025 through February 5, 2025.

10. All MINS Incident Reports related to Cody White's death.

11. All MINS Incident Reports for Disan Hernandez, Chandra Carter, Andriana Rankine, Michael Corrado, Dennis Burney, Jesus Cruzado, Clifton Yates, Thomas Dunn, and William Hamilton.

12. All audio, video, and/or audiovisual recordings taken in B-Dormitory at Okeechobee Correctional Institution on January 25, 2025 through February 4, 2025.

13. Documents, Communications, and recordings relating to any investigation into Cody White's death, including but not limited to Documents reflecting any draft or final findings made by any Person or body pursuant to any investigation; any materials reviewed during or after the investigation process including but not limited to any surveillance footage or recordings; witness statements; death summaries; death reports; autopsies; peer reviews and/or collegial reviews; continuous quality improvement analyses; root cause analyses; clinical mortality reviews; administrative reviews; Documents reflecting disciplinary, supervisory, corrective, or other actions taken following such an investigation; Communications made pursuant to or as part of any such investigation; and any Documents relating to other actions undertaken or recommendation made based on any investigation.

14. Cody White's full medical and mental health records.

15. Justin Settle's full medical and mental health records.

16. Matthew Flash's full medical and mental health records.

17. Documents sufficient to identify all individuals employed to work at the Okeechobee Correctional Institution, including medical and correctional staff, at any point from January 1, 2025 up to and including March 1, 2025.

18. Documents sufficient to identify the FDOC employees responsible for conducting Master Roster Rounds on January 31, February 1, and February 2, 2025 in B-Dormitory.

19. Documents sufficient to identify the FDOC employee responsible for conducting cell checks or cell rounds during the third shift on January 31, 2025 in B-Dormitory wing 3.

20. Documents sufficient to identify the FDOC employee responsible for conducting cell checks or cell rounds during the first shift on February 1, 2025 in B-Dormitory wing 3.

21. Documents sufficient to identify the FDOC employee responsible for conducting cell checks or cell rounds during the second shift on February 1, 2025 in B-Dormitory wing 3.

22. Documents sufficient to identify the FDOC employee responsible for conducting cell checks or cell rounds during the third shift on February 1, 2025 in B-Dormitory wing 3.

23. Documents sufficient to identify the FDOC employee responsible for conducting cell checks or cell rounds during first shift on February 2, 2025 in B-Dormitory wing 3.

24. Documents sufficient to identify the FDOC employee responsible for conducting cell checks or cell rounds during the second shift on February 2, 2025 in B-Dormitory wing 3.

25. Documents sufficient to identify the FDOC employee responsible for conducting cell checks or cell rounds during third shift on February 2, 2025 in B-Dormitory wing 3.

26. Documents sufficient to identify the FDOC employee responsible for conducting cell checks or cell rounds during first shift on February 3, 2025 in B-Dormitory wing 3.

27. Policies, procedures, criteria, training, and practices for assigning inmates to cells and cellmates at OCI, including any classification systems, risk assessments, compatibility screenings, or separation orders in effect from January 1, 2024 through February 4, 2025.

28. Documents relating to the decision to house Matthew Flash and Justin Settle together in the same cell, including any housing requests, approvals, classification reviews, bed assignment logs, or Communications among correctional staff regarding either inmate's housing assignment.

29. Documents relating to the decision to house Cody White and Justin Settle together in the same cell, including any housing requests, approvals, classification reviews, bed assignment logs, or Communications among correctional staff regarding either inmate's housing assignment.

30. Documents relating to any requests by Cody White, Matthew Flash, or Justin Settle to be moved to a different cell, to have a different cellmate, or to be separated from any other inmate.

31. Documents relating to any flags, alerts, notations, warnings, or restrictions in Justin Settle's file or classification records regarding violence risk, mental health concerns, incompatibility with other inmates, or housing restrictions.

32. Justin Settle's complete inmate file, including intake documents, classification documents, risk assessments, booking records, and his disciplinary history.

33. Documents relating to any prior incidents of violence, threats, assaults, or aggressive behavior by Justin Settle while in FDOC custody or any other correctional facility.

34. Any and all Documents, records, investigations, incident reports, interviews, recordings, and communications related to the attack of Correctional Officer Miller by Justin Settle on or around January 10, 2025.

35. Any and all Documents, records, investigations, incident reports, interviews, recordings, and communications related to the stabbing of Matthew Flash by Justin Settle on or around January 27, 2025.

36. Documents relating to any complaints or grievances filed by or against Justin Settle during his incarceration.

37. Documents relating to any Communications among Disan Hernandez, Chandra Carter, Andriana Rankine, Michael Corrado, Dennis Burney, Jesus Cruzado, Clifton Yates, Thomas Dunn, and William Hamilton or FDOC/OCI staff regarding concerns about Justin Settle's behavior, mental health, or violence risk prior to Cody White's death.

38. Documents relating to staffing levels, shift schedules, post assignments, and officer assignments at OCI on the date of and in the two weeks leading up to Cody White's death.

39. Documents relating to cell checks, welfare checks, security rounds, or bed checks conducted on the date of Cody White's death, including logs, sign-in sheets, electronic records, and any video recordings of rounds being conducted.

40. Documents relating to any failures to conduct required cell checks, security rounds, or welfare checks at OCI from January 1, 2025 through February 4, 2025.

41. Documents relating to any prior deaths of inmates in FDOC custody due to cellmate-on-cellmate violence from January 1, 2015 to the present.

42. Documents relating to any complaints, grievances, or lawsuits alleging inadequate supervision, failure to protect inmates from violence, or improper cell assignments at OCI from January 1, 2015 to the present.

43. Documents relied on or created while investigating the allegations in *Settle, Justin v. Florida Department of Corrections et al*, 25-cv-14186 (S.D. Fl.).

44. Documents reflecting the job descriptions, duties, and responsibilities of the positions held by Disan Hernandez, Chandra Carter, Andriana Rankine, Michael Corrado, Dennis Burney, Jesus Cruzado, Clifton Yates, Thomas Dunn, and William Hamilton from January 1, 2023 through the present. If one or more of the individuals were not employed by the FDOC continuously since January 1, 2023, please provide all Documents reflecting the job descriptions, duties, and responsibilities of the positions they held from their date(s) of hiring through last date(s) of their employment with FDOC.

45. The complete personnel file, employee file, and/or contractor file for:

a. Disan Hernandez,

b. Chandra Carter,

c. Andriana Rankine,

d. Michael Corrado,

e. Dennis Burney,

f. Jesus Cruzado,

g. Clifton Yates,

h. Thomas Dunn, and

i. William Hamilton,

This request includes but is not limited to employment applications, resumes, job requirements and qualifications, separation and termination documents, employment records, employment evaluations, performance evaluations, performance appraisal, peer reviews, collegial reviews, training histories, records of training received, disciplinary records, Complaints, and any other documents relating to their employment. This request also includes Documents related to any arrests, detentions, prosecutions, and criminal history of any of the named individuals, including

but not limited to arrest reports, offense reports, criminal complaints, certified convictions, or sentencing documents.

46. All nonprivileged communications between you and any other third-party concerning Plaintiffs' Complaint.