IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 26-cv-14004 DMM

CHRISTINA WHITE, as
Personal Representative of the Estate of
Cody Lee White and CASEY WHITE,
individually.

Plaintiffs,

v.

CLIFTON MCCLAY YATES, et al.

Defendants.
_______________________________________________/

**MOTION TO DISMISS BROUGHT ON BEHALF OF DEFENDANTS EMMANUEL ABICHET, JOCELYN FLORESTAL, DANIEL AVERILL, MICHAEL FESSL, BOGDAN MORARU, LAWRENCE DUGAN MCCLURE, ERIC COVIL, and JAMES SANTOS WITH INCORPORATED MEMORANDUM OF LAW [1]**

Defendants, Emanuel Abichet, Jocelyn Florestal, Daniel Averill, Michael Fessl, Bogdan Moraru, Lawrence Dugan McClure, Eric Covil, and James Santos, collectively hereinafter referred to as "Cell Checkers," pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules of this Court, through their undersigned counsel move this Court to Dismiss the claims against them in the Second Amended Complaint ("SAC"). [DE 89], and in support of the granting of this Motion they would show the Court as follows:

1. The instant case arises from the death of Cody Lee White ("Decedent"), who was an incarcerated prisoner at Okeechobee Correctional Institution. While housed Okeechobee, a fellow inmate, Justin Settle ("Settle") attacked Decedent and caused his death.

2. The Plaintiff, Christina White brings this lawsuit as the Personal Representative of the

---

[1] All emphasis is ours unless the contrary is indicated.

Estate of Decedent. The Plaintiff, Casey White, brings his own claim in his individual capacity as the father of Decedent in Count II.

3. Count I of the Second Amended Complaint is brought against "All Individual Defendants" by Christina White on behalf of the Decedent's Estate, pursuant to 42 U.S.C. § 1983 claiming Deliberate Indifference, Eighth Amendment. Count II is similarly brought against "All Individual Defendants by both Christina White for the Decedent's Estate and as well by Casey White individually as the father of Decedent, pursuant to 42 U.S.C. § 1983 Deprivation of Rights (Fourteenth Amendment). Additionally, Christina White seeks relief for the Decedent's Estate in Count III, pursuant to Florida's Wrongful Death Act. in Counts I, and II and for a state law claim pursuant to Florida's Wrongful Death Act, in Count III.

4. Cell Checkers, whom the Plaintiffs claim were tasked with conducting cell checks, between January 31, 2025, and February 3, 2025, move to dismiss the Complaint against them pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure because the Plaintiffs claims against them do not rise to a plausible claim for relief related to them, they would enjoy qualified immunity and they are entitled to sovereign immunity regarding the claim under Florida's Wrongful Death Act.

5. The Second Amended Complaint allegations relevant to this Motion are that there were two types of Cell Checkers. One group of cell checkers were responsible for Master Roster Rounds scheduled on a nightly basis at 10:30 P.M. The other group were security cell checkers who would be required to check a cell every thirty minutes to determine if the inmate in the cell was alive and well. Plaintiffs contend the Cell Checkers either failed to conduct these rounds, or they conducted them with such indifference that they did not notice or care the Decedent was dead and unaccounted

for, despite knowing Decedent and Settle, should have been celled alone. (¶¶ 56-58). [2] Further the Plaintiffs allege that these Cell Checkers failed to ensure Decedent was alive and safe, failed to be available if Decedent sought help, and failed to respond when Decedent was not accounted for. (¶ ¶ 57-58).

The Plaintiffs do include some generalized conclusory allegations regarding the fact that Settle was well known to correctional staff as being an inmate who had numerous disciplinary infractions (¶ 44). The Plaintiffs, also, allege facts related to actions on the part of Settle that only some other Defendants knew which is contrary to knowledge on the part of Cell Checkers when they allege in paragraphs 49-49 that other defendants failed to report a violent act without any allegations Cell Checkers knew of the incident. It is mere supposition that Cell Checkers know of Settle's dangerous propensities.

6. **MEMORANDUM OF LAW SUPPORTING ARGUMENT FOR DISMISSAL.**

**A. Legal Standards to Be Applied.**

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual content, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). A complaint's allegations must amount to more than labels, conclusions, or formulaic recitations of the elements of a claim for relief. *Twombly,* at 555. Threadbare recitals of the elements of a claim supported by mere conclusory statements will not suffice and the complaint should be dismissed. *Id* at 557; *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

---

[2] This allegation of "despite knowing the two inmates should not be housed together" is conclusory and there are no factual allegations to support they any Cell Checkers knew this to be a true condition. There are no facts establishing that Cell Checkers had such knowledge only the conclusions or deductions of counsel.

A complaint that pleads facts that are merely consistent with the liability of a defendant stops short of the line between possibility and plausibility of entitlement to relief and should be dismissed. *Twombly,* at 557; C*haparro v. Carnival Corp.* 693 F.3rd 1333, 1337 (11th Cir. 2012). Furthermore, the mere possibility that a defendant has acted unlawfully is not sufficient to withstand a motion to dismiss. *Iqbal* at 678. The factual allegations must rise above a level of speculation or a dismissal is proper. *Edwards v. Prime Inc.* 602 F.3rd 1276,1291(11th Cir. 2010). The law is also clear that when one alleges conclusory allegations and makes unwarranted factual deductions or legal conclusions that are masquerading as fact it is appropriate to dismiss the action. *Davila v. Delta Airlines, Inc.* 326 F.3rd 1183, 1185, (11th Cir. 2003). The tenet of accepting all of the plaintiff's allegations contained in a complaint as true for the purposes of a motion to dismiss is inapplicable to legal conclusions raised in the complaint. *Id* at 555.

It is also true that where on the face of a complaint the allegations show an affirmative defense bars recovery on the claim, a complaint should be dismissed. *Cottone v. Jenne,* 326 F.3rd 1352, 1356 (11th Cir 2003); *see also Marsh v. Butler Cnty., Ala.,* 268 F.3rd 1014, 1022 (11th Cir 2001); *Jones v. Bock*, 549 U.S. 199, 215(2007).

The SAC, related to Cell Checkers, falls short of establishing any entitlement to relief pursuant to the law. The SAC related to Cell Checkers relies upon conclusory allegations, unwarranted factual deductions, and a mere possibility that Cell Checkers acted unlawfully, which is not sufficient. At best the allegations pleads facts that are merely consistent with the liability but stops short of the line between possibility and plausibility of entitlement to relief and should be dismissed. *Twombly,* at 557; C*haparro v. Carnival Corp.* 693 F.3rd 1333, 1337 (11th Cir. 2012).

The federal deliberate-indifference claims involved in this case turn on whether the complaint

pleads sufficient facts establishing what each individual Defendant knew at the time. *Wade v. McDade,* 106 F.4d 1251, 1253,1262 (11th Cir. 2024). The state wrongful-death claim (Count III) turns on whether the Cell Checkers acted in bad faith, with malice, or wanton and willful disregard. Section 768.28 (9) Fla. Stat. (2024).

Plaintiffs' allegations fail to establish the Cell Checkers indeed acted with the requisite deliberate indifference necessary to establish their claims on the part of Cell Checkers which must be alleged. *See Farmer v Brennan*, 511 U.S. 825 (1994); *Wade*, supra. (11th Cir. 2024) (*en banc)*. Plaintiffs have not shown the requisite subjective reckless knowledge on the part each of the Cell Checkers individually. Regarding the Fourteenth Amendment Claim the allegations again do not support anything more than a possible claim not a plausible claim. Finally, the state law claim again falls short of establishing a plausible claim versus a possible claim.

Therefore, the Cell Checkers Motion to Dismiss should be granted.

**B. Eighth Amendment Claim Fails Against Cell Checkers**.

The Eighth Amendment prohibits the infliction of cruel and unusual punishments. It involves the unnecessary and wanton infliction of pain or infliction grossly disproportionate to the severity of the crime. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *Louisiana ex. rel. Francis v. Resweber*, 329 U.S. 459, 463 (1947). There are many instances that could be considered an unnecessary and wanton infliction of pain, but it must be totally without penological justification. *Gregg*, *supra.* At 183; *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Wantonness is akin to deliberate indifference in a case such as the instant case. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Wade v. McDade*, 106 F.4th 1251,1253 (11th Cir. 2024). There are no allegations in the SAC that meet that wantonness standard pled against the Cell Checkers. What Plaintiffs have alleged are for the most part

conclusions and unwarranted factual deductions because of the lack of factual content to establish that the Cell Checkers had the culpable state of mind.

In *Farmer* the Supreme Court defined deliberate indifference. The Court said the official could not be held liable under the Eighth Amendment unless the official knows of and disregards an excessive risk to the inmate's health or safety and must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and draw that inference. In this Complaint there are no factual allegations establishing what was known to each individual defendant versus the collective correctional officers who clearly had different job responsibilities. There are only conclusions and unwarranted factual deductions. Notably in contradiction to the requisite knowledge of a prior stabbing, Plaintiffs claim other named Defendants did not report the prior violent stabbing attack, but they then conclude all defendants, inclusive of Cell Checkers had to be aware of this prior violent incident, although the stabbing incident had not been reported. There are no allegations Cell Checkers received knowledge of this incident, which is notable because the only other allegations of conduct of Settle pled while unruly do not rise to the level of violence that they caused the death of Decedent.

In *Wade,* the Eleventh Circuit made it clear that it must be alleged that each defendant individually had a culpable state of mind. Knowledge of an underlying risk **alone** can't establish deliberate indifference. *Wade,* at 1258. Plaintiff must allege that each Defendant knew his or her conduct placed the Plaintiff at a substantial risk and that they consciously disregarded that risk. The SAC here is devoid of sufficient allegations related to Cell Checkers to establish the culpable state of mind without pleading that each Cell Checker was aware of the stabbing incident. There must be more pled than all knew. Logic dictates Cell Checkers were not all together at the same time and

that at times the various individuals may have seen something entirely different. Plaintiffs are speculating that all Cell Checkers had the requisite deliberate indifference, which is evidenced by the fact even the date of death is unknown in the pleadings. Clearly not all Cell Checkers were involved with the Master Roster Rounds or all involved with the cell checks at all times to know of any issues. It is a conclusion or unwarranted deduction to make a claim all collectively were on notice and drew the requisite inference of a serious risk of harm. Moreover, Cell Checkers did not place the two inmates together.

In the Eleventh Circuit, a deliberate-indifference plaintiff must establish the defendant acted with subjective recklessness as used in the criminal law, and to do so must show that the defendant was actually, subjectively aware that his own conduct—his own acts or omissions—caused a substantial risk of serious harm to the plaintiff. *Wade*. The failure to conduct required cell checks and head counts, standing alone, is ordinary negligence and does not establish the subjective criminal recklessness standard. *Goodman v. Kimbrough*, 718 F.3D 1325m 1332 (2013). Yet in this case all that has been alleged regarding these Cell Checkers is negligence. The allegations do not provide these Cell Checkers with the inference to draw that at the time they were on duty there was a substantial risk that they should have been aware of the same, especially since there was no reporting of the stabbing as alleged by the Plaintiffs.

It must be remembered that hindsight cannot be used to determine whether the conditions of confinement rose to the level of what would amount to cruel and unusual punishment in the realm of failing to protect. *Purcell ex. Rl. Estate of Morgan v. Toombs County,* 400 F.3d 1313, 1320 (11th Cir. 2005). Moreover, decisions on where to place an inmate regarding location and custody level are those made appropriately by prison officials and not a federal court. *See Turner v. Safley*, 482

U.S. 78, 85 (1987). Prison security is within the province and professional expertise of the corrections officials. *Id.* at 86. The Eighth Amendment does not impose perfection on the part of prison officials to guarantee safety, only that the prison officials take reasonable measures to guarantee their safety. *Farmer*, at 832. Prison officials are not liable for each inmate attack. *Id.* In the instant case related to the Cell Checkers they are not even alleged to have been able to make placement and location decisions yet, Plaintiffs want to conclude they had the requisite intent and power to move the cell mates and, therefore, caused the death.

The known risk of harm must be a strong likelihood rather than a mere possibility. *Edwards v. Gilbert*, 86 F.2d 1271, 1276 (11th Cir. 1989). The mere general possibility of a risk of harm is not sufficient. *Marbury v. Warden,* 938 F.3d 1227, 1233 (11th Cir. 2019). There must be notice that **at the time** the action was taken there was knowledge of a substantial risk of harm not a generalized risk of harm. *Id.* at 1237. Yet, with regard to Cell Checkers all that has been pled is the general risk of harm, which is not sufficient. *Wade, supra.; Marbury, supra.*

Thus, the SAC Eighth Amendment claim for deliberate indifference must be dismissed. There are no allegations that support what each individual knew of at the time and then disregarded it. There are no allegations to establish their acts on cell checking were akin to criminal recklessness.

The SAC is replete with speculation, supposition and an unwarranted factual deductions which are insufficient to state a plausible claim for relief against the Cell Checkers and need not be taken as true. Therefore, Count I should be dismissed.

**C. Fourteenth Amendment Claim Does Not State a Claim for Relief.**

The Plaintiffs bring their claim in Count II pursuant to a claim under a Fourteenth Amendment violation on the part of all Defendants. It is respectfully submitted that for the same

reasons Count I is deficient and subject to dismissal so is Count II.

The Fourteenth Amendment prohibits a state from depriving any person of life, liberty, or property without due process of law or denying any person the equal protection of the law. The touchstone of due process is protection of the individual against arbitrary action of government. *See Dent v. West Virginia*, 129 U.S. 114, 123 (1889); *County of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998).

Notably, while the Supreme Court has held in the case of *Rochin v. California,* 324 U.S. 165, 169, 172-173(1952) that substantive due process is violated by state conduct that "shocks the conscience" or constitutes force that is "brutal" and such as to offend hardened sensibilities, (emphasis is theirs), it has made it clear that where there is another applicable constitutional provision such as the Eighth or Fourth Amendment to the Constitution the claim must be analyzed under the other constitutional provision not the Fourteenth Amendment. *United State v. Lanier,* 520 U.S. 259, 272, n 7 (1997); *Lewis*, at 842. The Fourteenth Amendment analysis and the applicable shock the conscience standard is only applicable where there are no other available provisions such in *Lewis*, where the claim arose due to a high-speed chase and there was no governmental custodial relationship.

Since the analysis for Count II is to be premised upon the deliberate indifferent standard it is clear that for the same reasons the Plaintiffs failed to state a plausible claim for relief against Cell Checkers in Count I, then Count II fails to state a plausible claim for relief.

Additionally, it is respectfully submitted that the Plaintiff, Casey White lacks standing to bring a separate cause of action. The Eighth Amendment duty to protect prisoners from violence, which is applied to the States through the Fourteenth Amendment is a duty owed to the prisoner

himself, which survives the death through is estate or personal representative. However, in the instant case the father wants to bring a claim it would appear premised upon a liberty interest in a continued relationship with his son. This is made clear when looking at the prayer for relief where he claims entitlement to damages for mental pain and suffering, loss of companionship, instruction, guidance, protection, care, etc., and destruction/mutilation of Cody's remains. The

Substantive due process claims do not extend to a relationship between the parent and an adult son. *Robertson v. Hecksel,* 420 F.3d 1254 (11th Cir. 2005). It is recognized that the Constitution does not protect against all encroachments by the state onto the interests of individuals. *Id,* at 1262. Therefore, the father, Casey White, has no independent claim for a Fourteenth Amendment violation. His right to recover damages for the death are provided for in Section 768.21 Fla. Stat., pursuant to Florida's Wrongful Death Statute.

**D. Cell Checkers Are Entitled to Qualified Immunity.**

In the instant case Plaintiffs allege that at all times Cell Checkers were employed by Florida's Department of Corrections and acting under color of law within the scope of their employment. Clearly, Plaintiffs are alleging Cell Checkers were acting within the scope, therefore, of their discretionary authority. In such a capacity qualified immunity offers completed protection for governmental officials sued in their individual capacities if their conduct does not violate a clearly established constitutional right of which a reasonable person would have known. *Vineyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002). Qualified immunity applies in all cases unless it can be said that the government employee was either plainly incompetent or that the employee intentionally violated the clearly established right. *Malley v. Biggs*, 475 U.S. 335 (1986); *Ray v. Foltz,* 370 F.3d 1079 (11th Cir. 2004).

The law is well established that qualified immunity is an entitlement to not stand trial or face the burdens of litigation and questions of qualified immunity **must be determined at the earliest of stages in litigation.** *Mitchell v. Forsyth*, 472 U.S. 511, 526(1985); *Hunter v. Bryant*, 502 U.S. 224, 227(1991). Therefore, it is appropriate for this Court to grant the defense of qualified immunity at this stage of this litigation. *Williams v Ala. State Univ.*, 102 F.3rd 1179, 1182(11th Cir. 1977).

When raised in a motion to dismiss, qualified immunity must be resolved according to the facts alleged in the complaint. *Id.* The Court in the instant case must consider the facts that have been pled and not conclusions or formulaic recitations alleged by Plaintiff. The Complaint in this case fails to establish that the acts of the Cell Checkers were plainly incompetent or that they intentionally violated a clearly established right of the Decedent. The SAC does not establish facts of any intent on the part of Cell Checkers to establish they intentionally violated the rights of Decedent because it has only conclusions or unwarranted factual deductions. There are insufficient allegations within the SAC to establish that Cell Checkers actually violated any of the rights claimed by the Plaintiffs to nor that they were deliberately indifferent to any of the Plaintiff's rights.

To establish a § 1983 claim for deliberate indifference, which is the requirement in this case, a plaintiff must show (1) a substantial risk of harm, (2) the defendant was deliberately indifferent to that risk and (3) the causation. *Marbury v. Warden*, 936 F.3rd 1227, 1233 (11th Cir. 2019). There is a subjective and objective component. *Id*, *Mandel v. Doe*, 888 F.2d 783, 788 (11th Cir. 1989). In the instant case with regard to trying to show deliberate indifference it is incumbent upon the Plaintiff to show at the time Cell Checkers subjectively knew that the Decedent faced a substantial risk of harm and that they totally disregarded that risk by failing to respond to it in an objectively

reasonable manner. There are insufficiently pled facts to establish the subjective knowledge and then the intentional disregard of that knowledge in the SAC. A state official is said to have acted with deliberate indifference only where he disregards a serious risk of harm, of which he is **actually aware**. *Id.* Moreover not only must he be aware of facts from which he can draw an inference that a substantial risk of harm exists he must also draw that inference. *Ray* supra. In this case Plaintiffs' own pleadings negate the actual knowledge because they plead that the stabbing incident was not made known and a general risk of harm is insufficient.

The maliciously and sadistically standard requires actual motivation for the very purpose of causing harm, and not for the purpose of restoring discipline. *See Johson v. Breeden* 280 F.3rd 1308, 1321 (11th Cir. 2002);*Wilkins v. Gaddy*, 559 U.S. 34,37 (2010). Therefore, in order to deny the immunity, it is respectfully submitted that there has to be a factual allegation that Cell Checkers' acts were for the purpose of causing harm and there are no such factual allegations.

In the instant case the Amended Complaint falls short of pleading facts that are sufficient to strip Cell Checkers from their qualified immunity because there are only unwarranted factual deductions or legal conclusions masquerading as fact.

Additionally, there is a question related to whether the law was clearly established. The law does provide that the failure to conduct required cell checks and head counts, standing alone, is ordinary negligence and does not establish the subjective criminal recklessness standard. *Goodman,* supra. Since not every failure to check on a cell, and that is what has been pled, it is not clear to Cell Checkers that they were violating the law. Hence, Cell Checkers should be accorded qualified immunity.

It is appropriate to dismiss the action since the law is well established that because qualified

immunity is an entitlement to not stand trial or face the burdens of litigation questions of qualified immunity must be determined at the earliest of stages in litigation. *Mitchell v. Forsyth*, 472 U.S. 511, 526(1985); *Hunter v. Bryant*, 502 U.S. 224, 227(1991). Therefore, it is appropriate for this Court to grant the defense of qualified immunity at this stage of the proceedings.

**E. Cell Checkers Enjoy Sovereign Immunity for the Wrongful Death Claim.**

In Count III of the SAC Plaintiffs seek to recover from state employees, to wit: Cell Checkersw. Section 768.28(9) of the Florida Statutes (2025) bars suits against individual officers, employee's or agents of the state or any of its subdivisions from personal liability for their tortious conduct, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in manner exhibiting wanton or willful disregard of human rights, safety, or property. This immunity is, like qualified immunity, both from suit and from liability, which is effectively lost if the person entitled to assert it is required to go to trial. *Willingham v. City of Orlando*, 929 So.2d 43, 48 (Fla. 5th DCA 2006).

It is the burden of a plaintiff seeking to sue a governmental employee to plead sufficient factual allegations to meet the statutory exceptions in order to avoid individual immunity for Cell Checkers. *Brown v. McKinnon*, 964 So.2d 173, 176 (Fla. 3rd DCA 2007). In that regard a plaintiff must make a good faith factual allegation in the complaint that the employee either acted outside of the scope of the employment or that the employee acted in bad faith, maliciously, or in a manner exhibiting a willful and wanton disregard of human rights, safety, or property. *Id.; §* 768.28(9)(a) Fla. Stat.

In the instant case the SAC is devoid of factual allegations establishing that Cell Checkers acted outside of the scope of their employment. On the contrary they allege they acted within the

scope of said employment. The SAC is also devoid of factual allegations establishing that they acted with the requisite bad faith, maliciously, or in a manner exhibiting a willful and wanton disregard of human rights, safety, or property. The Plaintiffs have only alleged some magic words and opinions of counsel together with conclusory allegations, but they do not factually tie them up with actual facts establishing that Cell Checkers acted in any manner to strip then from their sovereign immunity provided to them by § 768.28(9) Fla. Stat.

"The object of Section 768.28(9)(a) is to give immunity to state employees and to make it clear that **legal responsibility lies only with the State itself under its limited waiver of sovereign immunity."** *Andrew v. Shands at Lake Shore, Inc.* 970 So.28, 887. 890 (Fla. 1st DCA 2007) Such immunity is to both liability and from suit, which immunity is effectively lost if the person entitled to assert it is required to go to trial. *Willingham v. City of Orlando*, 929 So.2d 43, 48 (Fla. 5th DCA 2006) The legislature has not abolished the Plaintiff's right to redress it has simply substituted the state or its agencies for the individual employees who could have been sued in the past. *Department of Transportation v. Knowles,* 402 So.2d 1155 (Fla. 1981) The Plaintiff's affirmative duty cannot be satisfied by mere conclusory allegations such as the ones contained in the SAC. Moreover, whether the employee is entitled to immunity is a pure question of law. *See Plancher v. UCF Athletics Ass'n,* 175 So.3rd, 724, 725 n.3 (Fla.2015)

The SAC fails to allege the requisite harmful intent required for exempting the employee from suit and liability. Section 768.28(9)(a) makes it clear that there is a greater degree of culpability required, which is greater than gross negligence. *See Elliott v. Dugger*, 579 So.2d 827, 831 (Fla. 1st DCA 1991) Depending on the facts whether an act is committed with malicious purpose, bad faith, or with a wanton and willful disregard may be decided by the court rather than a jury. *See McGhee*

*v. Volusia County,* 679 So.2d 729, 733 n 7 (Fla. 1996), *Prieto v. Malgor*, 361 F. 3rd 1313, 1320 (11th Cir. 2004).

Under Florida law wanton and willful disregard of human rights is the equivalent of conduct that is much more reprehensible and unacceptable than mere intentional conduct, and conduct that is worse than gross negligence. *Richardson v. Pompano Beach,* 511 So.2d 1121, 1123 (Fla. 2nd DCA 1987); *Sierra v. Associated Marine Insts., Inc.* 850 So.2d 582, (Fla. 2nd DCA 2003) There are no factual allegations contained in this Complaint that would establish any acts on the part of Cell Checkers that would rise to the level of conduct that is much more reprehensible and unacceptable than mere intentional conduct or conduct that is worse than gross negligence regardless. At best what the Plaintiffs allege is speculation and a formulaic recitation of what they believe the elements of their claims are.

In Section 768.28 Fla. Stat. the legislature has made it clear that sovereign immunity is waived only to the extent specified in the act and actions at law against the state or it agencies is allowed. Section (9)(a) of the said statute makes it clear that the intent of the legislature in waiving its sovereign immunity it would stand in the shoes of its employees when they were negligent. The effect of reading these two provisions of Section 768.28 is that employees were to be insulated from personal liability for torts committed within the scope of employment. The legislature intended to give immunity to state employees under its limited waiver of sovereign immunity.

Most respectfully by the very nature of the action that has been brought by the Plaintiffs against Cell Checkers it is clear they are pleading negligence by failing to conduct what they claim to be a improper cell checking. Hence, under the Florida Wrongful Death Statute Cell Checkers cannot be sued personally as a state employee, pursuant to § 768.28(9) Fla. Stat.

Section 768.28 (9) does not define the phrases bad faith, malicious purpose, or wanton and willful disregard of human rights or safety. However, there is case law that has defined these phrases. Bad faith as use in § 768.28(9)(a) was interpreted by the First District Court of Appeal in the case of *Parker, v. State of Fla. Bd. Of Regents ex rel. Fla. State University*, 724 So.2d 163, 167 (Fla. 1st DCA 1998) to be equated with the actual malice standard. Actual malice means ill will, hatred, spite an evil intent. *See Reed v. State*, 837 So.2d 366 (Fla. 2002); *Thomlinson v. State*, 322 So.3d 212 (Fla. 3rd DCA 2021) (*affirmed* 2023 Fla. Lexis 1307(August 24, 2023). There are no allegations in the Plaintiffs' SAC that could even infer there was ill will, hatred, spite or an evil intent on the part of Cell Checkers. Hence, the allegations in the SAC do not meet the requisite bad faith requirement.

The term malicious purpose, relating to § 768.28(9)(a), has similarly been interpreted as meaning the conduct was committed with ill will, hatred, spite, or an evil intent., or with the subjective intent to do wrong. *Eiras v. Florida,* 239 F. Supp. 3rd 1331, 1343, 1345 (M.D. Fla. 2017) There are insufficient allegations contained in the SAC to establish Cell Checkers acted with malicious purpose. At best the allegations are limited to breaches of duty but not with malicious purpose. Hence, the Plaintiffs have not established the requisite malicious purpose to strip Cell Checkers of their sovereign immunity.

Wanton and willful disregard of human rights is the equivalent of conduct much more reprehensible and unacceptable than mere intentional conduct, and conduct that is worse than gross negligence. *Richardson*; *Sierra.* There are no allegations in the SAC establishing Cell Checkers acted accordingly. Wanton and willful disregard in light of § 768.28(9)(a) logically means more than reckless disregard or rights. The facts in the instant case are insufficient to indicate the requisite consciousness or intent on the part of Cell Checkers do the harm and certainly there are no

allegations to establish any subjective intent on their part to do so. Having knowledge is insufficient to establish the wanton and willful prong of the statute. *Richardson.*

The simple truth is that the pleadings are insufficient from a factual standpoint to establish that Cell Checkers have acted in any manner to strip them from their sovereign immunity provided to them in § 768.28(9)(a) Fla. Stat. (2023). Therefore, they should be granted sovereign immunity and Count III of the SAC should be dismissed.

## CONCLUSION

There is no doubt in this case that the Plaintiffs have failed to meet the necessary pleading requirements to put Cell Checkers on actual notice of what it is they are claiming they did wrong to harm Decedent. It is clear the Plaintiffs have failed to provide this court with sufficient factual content accepted as true to show there is a plausible claim for relief against them. Additionally, there is no doubt, but that Plaintiffs have failed to establish any constitutional violation on the part of Cell Checkers sufficient to establish a right to any relief against them. Moreover, they are entitled to both qualified immunity and sovereign immunity.

Therefore, the Court should grant Cell Checkers their immunity and dismiss the claims against them.

**RESPECTFULLY SUBMITTED:**
**DUTTON LAW GROUP, P.A.**
1725 ½ E. 7th Ave.
Ybor City, Fla. 33605
(786) 871-7971
sweissenborn@duttonlawgroup.com
Service.skw@duttonlawgroup.com
By: /s/Sheridan Weissenborn
**Sheridan Weissenborn**
Fla. Bar. No: 165960

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 20th day of October, 2026, I electronically filed the foregoing Notice of Appearance with the Clerk of the Court using CM/ECF. I also certify that the foregoing Notice of Appearance is being served upon; James M. Slater, Esq., Slater Legal, PLLC, 9000 Dadeland Blvd. Ste. 1500, Miami, Fla. 33156 at the designated email address james@slater.legal,; to Sarah Grady Esq., Matthew Underwood, Esq. David Schmutzer, Esq., and Amelia Caramadre, Esq.,. Kaplan &Grady, LLC, 2071 N. Southport Ave, Ste. 205 Chicago, Ill 60614, at the email addresses david@kaplangrady.com sarah@kaplangrady.com, amelia@kaplangrady.com and matthew@kaplangrady.com; to Lourdes E. Wydler, Esq., Wydler Law, 1550 Madruga Ave. Ste. 400, Coral Gables, Fla. 33146 at email address, email:lew@wydlerlaw.com and guertty@wydlerlaw.com and to Christopher J. Whitelock, Esq., Jessalynn R. Kantzavelos, Esq., and David Frank, Esq., Whitelock & Associates, 300 Southeast Thirteenth Street. Fort Lauderdale, Fla. 33316, email addresses: cjw@whitelocklegal.com, jrk@whiteloclegal.com, davidfrank@whitelocklegal.com and ark@whitelocklegal.com

**RESPECTFULLY SUBMITTED:**
**DUTTON LAW GROUP, P.A.**
1725 ½ E. 7th Ave.
Ybor City, Fla. 33605
(786) 871-7971
sweissenborn@duttonlawgroup.com
Service.skw@duttonlawgroup.com
By:/s/Sheridan Weissenborn
**Sheridan Weissenborn**
Fla. Bar. No: 165960