IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 26-cv-14004 DMM

CHRISTINA WHITE, as
Personal Representative of the Estate of
Cody Lee White and CASEY WHITE,
individually.

Plaintiffs,

v.

CLIFTON MCCLAY YATES, et al.

Defendants.
______________________________________/

**SHEILA KURZEN'S ANSWER**

The Defendant, Shiela Kurzen ("Kurzen"), through her undersigned counsel answers the Second Amended Complaint [DE 89] as follows:

1. Paragraph 1 is denied and strict proof thereof is demanded

2. Paragraph 2 is denied and strict proof thereof is demanded.

3. Paragraph 3 is denied and strict proof thereof is demanded.

4. Paragraph 4 is a statement of what Plaintiffs seek from the filing of this lawsuit and needs not be answered. However, to the extent Kurzen is mistaken she denies the allegations contained in paragraph 4 and she demands strict proof thereof.

**JURISDICTION AND VENUE**

5. Paragraph 5 is admitted only for the purpose of establishing this Court has subject matter jurisdiction. Otherwise, the allegations in paragraph 5 are denied and strict proof thereof is demanded for all other purposes.

6. Paragraph 6 is admitted only for venue purposes. Otherwise, the allegations in paragraph 6 are denied for all other purposes and strict proof thereof is demanded.

**PARTIES**

7. At this time Kurzen has insufficient information regarding the allegations contained in paragraph 7 and, therefore, denies the same and she demands strict proof thereof.

8. At this time Kurzen has insufficient information regarding the allegations contained in paragraph 8 and, therefore, denies the same and she demands strict proof thereof. Additionally, she denies Casey White's has a personal claim separate and apart from the claim he has as a survivor of the Estate of Cody White and demands strict proof of said right.

9. Regarding paragraph 9 she has insufficient information and would deny the same and demands strict proof thereof.

10. Regarding paragraph 10 she has insufficient information and would deny the same and demands strict proof thereof.

11. Regarding paragraph 11 she has insufficient information and would deny the same and demands strict proof thereof.

12. Regarding paragraph 12 she has insufficient information and would deny the same and demands strict proof thereof.

13. Regarding paragraph 13 she has insufficient information and would deny the same and demands strict proof thereof.

14. Regarding paragraph 14 she has insufficient information and would deny the same and demands strict proof thereof.

15. Regarding paragraph 15 she has insufficient information and would deny the same and

demands strict proof thereof.

16. Regarding paragraph 16 she has insufficient information and would deny the same and demands strict proof thereof.

17. Regarding paragraph 17 she has insufficient information and would deny the same and demands strict proof thereof.

18. Regarding paragraph 18 she has insufficient information and would deny the same and demands strict proof thereof.

19. Regarding paragraph 19 she has insufficient information and would deny the same and demands strict proof thereof.

20. Regarding paragraph 20 she has insufficient information and would deny the same and demands strict proof thereof.

21. Regarding paragraph 21 she has insufficient information and would deny the same and demands strict proof thereof.

22. Regarding paragraph 22 she has insufficient information and would deny the same and demands strict proof thereof.

23. Regarding paragraph 23 she has insufficient information and would deny the same and demands strict proof thereof.

24. Regarding paragraph 24 she has insufficient information and would deny the same and demands strict proof thereof..

25. Regarding paragraph 25 she has insufficient information and would deny the same and demands strict proof thereof.

26. Regarding paragraph 26 she has insufficient information and would deny the same and

demands strict proof thereof.

27. Regarding paragraph 27 she has insufficient information and would deny the same and demands strict proof thereof.

28. Regarding paragraph 28 she has insufficient information and would deny the same and demands strict proof thereof.

29. Regarding paragraph 29 she has insufficient information and would deny the same and demands strict proof thereof.

30. Regarding paragraph 30 she has insufficient information and would deny the same and demands strict proof thereof.

31. Regarding paragraph 31 she has insufficient information and would deny the same and demands strict proof thereof.

32. Regarding paragraph 32 she has insufficient information and would deny the same and demands strict proof thereof.

33. Regarding paragraph 33 she has insufficient information and would deny the same and demands strict proof thereof.

34. Regarding paragraph 34 she admits only that she is an employee of FDOC and she worked at Okeechobee Correctional and all of her actions while so employed were when she was acting under color of law and within the scope of her authority. However, she denies the allegations at all times relevant that she may have been on duty and demands strict proof thereof.

35. Regarding paragraph 35 she has insufficient information and would deny the same and demands strict proof thereof.

36. Regarding paragraph 36 she has insufficient information and would deny the same and

demands strict proof thereof.

37. Regarding paragraph 37 she has insufficient information and would deny the same and demands strict proof thereof.

38. Regarding paragraph 38 she has insufficient information and would deny the same and demands strict proof thereof.

39. Regarding paragraph 39 she has insufficient information and would deny the same and demands strict proof thereof.

40. Regarding paragraph 40 she has insufficient information and would deny the same and demands strict proof thereof.

**ALLEGATIONS**

41. Kurzen does not have sufficient information regarding the allegations contained in paragraph 41. Therefore, she denies them, and she demands strict proof thereof.

42. Kurzen does not have sufficient information regarding the allegations contained in paragraph 42. Therefore, she denies them, and she demands strict proof thereof.

43. Kurzen does not have sufficient information regarding the allegations contained in paragraph 43 related to the trust on the part of the family. Therefore, she denies the same, and she demands strict proof thereof. Additionally, she denies the remaining allegations contained in paragraph 43 concerning any claimed failures by FDOC, its employees, and particularly herself and she demands strict proof thereof.

44. Paragraph 44 is denied and strict proof thereof is demanded.

45. Kurzen does not have sufficient information regarding the allegations contained in paragraph 45. Therefore, she denies them and demands strict proof thereof.

46. Paragraph 46 is denied and strict proof thereof is demand.

47. Kurzen has insufficient information regarding the allegations contained in paragraph 47. Therefore, she denies them and demands strict proof thereof.

48. Kurzen has insufficient information regarding the allegations contained in paragraph 48. Therefore, she denies them and demands strict proof thereof.

49. Kurzen has insufficient information regarding the allegations contained in paragraph 49. Therefore, she denies them and demands strict proof thereof.

50. Paragraph 50 is denied and strict proof thereof is demanded.

51. Paragraph 51 is denied and strict proof thereof is demanded.

52. Paragraph 52 is denied and strict proof thereof is demanded.

53. Paragraph 53 is denied and strict proof thereof is demanded.

54. Paragraph 54 is denied and strict proof thereof is demanded.

55. Kurzen has insufficient information regarding the allegations contained in paragraph 55. Therefore, she denies them and demands strict proof thereof.

56. Kurzen has insufficient information regarding the allegations contained in paragraph 56. Therefore, she denies them and demands strict proof thereof.

57. Kurzen has insufficient information regarding the allegations contained in paragraph 57. Therefore, she denies them and demands strict proof thereof.

58. Kurzen has insufficient information regarding the allegations contained in paragraph 58. Therefore, she denies them and demands strict proof thereof.

59. Kurzen has insufficient information regarding the allegations contained in paragraph 59. Therefore, she denies them and demands strict proof thereof.

60. Kurzen has insufficient information regarding the allegations contained in paragraph 60. Therefore, she denies them and demands strict proof thereof.

61. Kurzen has insufficient information regarding the allegations contained in paragraph 61. Therefore, she denies them and demands strict proof thereof.

62. Kurzen has insufficient information regarding the allegations contained in paragraph 62. Therefore, she denies them and demands strict proof thereof.

**COUNT I**
**42 U.S.C. § 1983-Deliberate Indifference (Eighth Amendment) By Plaintiff Christina White Against All Individual Defendants**

63. Kurzen adopts and reaffirms her answers to paragraphs 1-62 as if restated once again here in Count I.

64. Paragraph 64 is a statement of why Count I is being brought and by whom and needs not a response. However, to the extent Kurzen is mistaken she denies the allegations contained in paragraph 64 and she demands strict proof thereof.

65. Paragraph 65 is denied and strict proof thereof is demanded.

66. Paragraph 66 is denied and strict proof thereof is demanded.

67. Paragraph 67 is denied and strict proof thereof is demanded.

68. Paragraph 68 is denied and strict proof thereof is demanded.

69. Paragraph 69 is denied and strict proof thereof is demanded.

70. Paragraph 70 is denied and strict proof thereof is demanded.

71. Paragraph 71 is denied and strict proof thereof is demanded.

72. Paragraph 72 is denied and strict proof thereof is demanded.

**COUNT II**

**42 U.S.C. § 1983-Deprivation of Rights (Fourteenth Amendment) By Plaintiff Christina White and Casey White Against All Individual Defendants**

73. Kurzen adopts and reaffirms her answers to paragraphs 1-62 as if restated once again here in Count II.

74. Paragraph 74 is a statement of why Count I is being brought and by whom and needs not a response. However, to the extent Kurzen is mistaken she denies the allegations contained in paragraph 74 and she demands strict proof thereof.

75. Paragraph 75 is denied and strict proof thereof is demanded.

76. Paragraph 76 is denied and strict proof thereof is demanded.

77. Paragraph 77 is denied and strict proof thereof is demanded.

78. Paragraph 78 is denied and strict proof thereof is demanded.

79. Paragraph 79 is denied and strict proof thereof is demanded.

80. Paragraph 80 is denied and strict proof thereof is demanded.

**COUNT III**
**Florida Wrongful Death Act, §§ 768.16-27, Florida Statutes**
**By Christina White Against All Individual Defendants**

81. Kurzen adopts and reaffirms her answers to paragraphs 1-62 as if restated once again here in Count III.

82. Paragraph 82 is a statement of why Count III. is being brought and by whom and needs not a response. However, to the extent Kurzen is mistaken she denies the allegations contained in paragraph 82 and she demands strict proof thereof.

83. Kurzen can only admit that any and all acts committed by her were committed while acting within the course and scope of her employment. Kurzen has insufficient information regarding

all other claimed individual Defendants and denies any allegations regarding them and demands strict proof thereof.

84. Paragraph 84 is denied and strict proof thereof is demanded.

85. Paragraph 85 is denied and strict proof thereof is demanded.

86. Regarding paragraph 86 Kurzen denies the allegations related to her and demands strict proof thereof. Regarding all other Defendants she cannot respond because she has insufficient information. Therefore, she denies all allegations contained in paragraph 86 and demands strict proof thereof.

87. Paragraph 87 is denied and strict proof thereof is demanded.

88. Paragraph 88 is denied and strict proof thereof is demanded.

89. Paragraph 89 is denied and strict proof thereof is demanded.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

For her First Affirmative Defense Kurzen asserts that she is entitled to qualified immunity. All of her actions were reasonable, proper, legal, exercised in good faith, and taken pursuant to state law and the laws of the United States, inclusive of the United States Constitution and were performed within the course and scope of her official duties required by her by her employer, Additionally, she was without specific knowledge that her acts or any inactions were illegal or unconstitutional, and further that at no time did she know that her discretionary acts were violative of the Decedent's established rights that were guaranteed to the Decedent.

### SECOND AFFIRMATIVE DEFENSE

For her Second Affirmative Defense Kurzen would state that any and all injuries or damages

were caused in whole or in part by the negligence or wrongful acts and/or misconduct of others over whom she had no control or responsibility to control.

**THIRD AFFIRMATIVE DEFENSE**

For her Third Affirmative Defense Kurzen would state that the Plaintiff fails to state a claim for relief because there is no causal connection between the injuries sustained and any action or inaction by her as required under 42 U.S.C. § 1983.

**FOURTH AFFIRMATIVE DEFENSE**

For her Fourth Affirmative Defense Kurzen would state that the Plaintiff, Casey White has no standing to bring a separate claim for damages under the Fourteenth Amendment due to the fact the Decedent was an adult and that his damages are only those he would be entitled to as a survivor pursuant to Florida's Wrongful Death Statute that determines who can be a survivor and what damages are recoverable by whom. Section 768.16 et. seq.; and in particular § 786.21 Fla. Stat.

**FIFTH AFFIRMATIVE DEFENSE**

For her Fifth Affirmative Defense Kurzen would state that there are no damages that were the proximate result of any act or inaction on her part.

**SIXTH AFFIRMATIVE DEFENSE**

For her Sixth Affirmative Defense Kurzen would state that she is entitled to sovereign immunity, pursuant to Section 768.28(9) of the Florida Statutes (2025) in that all of her acts occurred within the course and scope of her employment and she did not act with any malicious purpose or in a manner exhibiting any wanton and willful disregard of human rights, safety, or property nor with any bad faith or evil intent and that she acted in good faith based on the knowledge that she had.

**SEVENTH AFFIRMATIVE DEFENSE**

For her Seventh Affirmative Defense Kurzen would state that at no time did she have any subjective knowledge that her actions caused any substantial risk of harm to the Plaintiff or that they would amount to any level of cruel and unusual punishment and were done within her discretionary functions related to her employment.

**EIGHTH AFFIRMATIVE DEFENSE**

For her Eighth Affirmative Defense Kurzen would state that neither the Decedent nor the Plaintiff, Casey White, suffered a deprivation of any right including the right to be free from cruel and unusual punishment or privilege or immunity guaranteed by the laws and the Constitution of the United States at her hands

**NINTH AFFIRMATIVE DEFENSE**

For her Ninth Affirmative Defense Kurzen would state that she had no facts provided to her from which she could infer there was a substantial risk of harm based to Decedent.

**TENTH AFFIRMATIVE DEFENSE**

For her Tenth Affirmative Defense Kurzen would state that she was not subjectively aware of any excessive risk to the Plaintiff's decedent's health or safety and she did not subjectively disregard an excessive risk to the decedent's health or safety and with regard to the situation that faced him.

**ELEVENTH AFFIRMATIVE DEFENSE**

For her Eleventh Affirmative Defense Kurzen would state that recovery, if any, is limited by Section 768.21 of the Florida Statutes setting forth what damages may be recovered by survivors of an estate where the death occurred in Florida and pursuant to Section 42 U.S.C. § 1988.

**TWELFTH AFFIRMATIVE DEFENSE**

For her Twelfth Affirmative Defense Kurzen would state that the death was caused by the independent and criminal acts of Justin Settle and not foreseeable to Kurzen based on the information she had available to her barring recovery against her.

**THIRTEENTH AFFIRMATIVE DEFENSE**

For her Thirteenth Affirmative Defense Kurzen would state that the sole legal cause of any and all of the alleged damages were caused by an unforeseeable intervening act or superseding act by others that broke the chain of causation between this Defendant's alleged failure to provide care and the Plaintiff's injuries thereby reducing any damages that may be awarded against this Defendant by the unforeseeable acts of others.

**FOURTEENTH AFFIRMATIVE DEFENSE**

For her Fourteenth Affirmative Defense Kurzen would state that he she is entitled to a setoff of all payments paid or payable by all collateral sources for all expenses, bills, or other obligations incurred as a result of the incident at issue, in accordance with § 768.76 Fla. Stat. and § 768.041.

**FIFTEENTH AFFIRMATIVE DEFENSE**

For her Fifteenth Affirmative Defense Kurzen would state she would be entitled in relationship to Count III for an apportionment of damages pursuant to § 768.81 Fla. Stat.

**SIXTEENTH AFFIRMATIVE DEFENSE**

For her Sixteenth Affirmative Defense Kurzen would state that the claims in count III would be barred for failure to perform all conditions precedent since the Florida law provides the only claim for said cause of action would be against the State of Florida and not Kurzen and to the extent any claim were to be so lodged against the State it would be barred.

## SEVENTEENTH AFFIRMATIVE DEFENSE

For her Seventeenth Affirmative Defense Kurzen would state that the Complaint fails to state a claim for relief in Count II against her for the reason that the claims in Count I control by law because this is a situation where the Decedent was in custody and would be controlled by the Eighth Amendment not the Fourteenth Amendment on the part of the Estate. Moreover, the claim of Casey White fails to state a claim for relief because there is no liberty interest related to an adult child.

## RESERVATION OF RIGHTS

Kurzen reserves the right to amend is answer and affirmative defenses as may become apparent upon further discovery.

**WHEREFORE,** having fully answered the Complaint Kurzen denies Plaintiffs are entitled to recovery against her and prays that the Court dismisses this action and taxes costs and fees if appropriate as a prevailing party and for a trial by a jury of all actions triable as a right by a jury.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 22nd day of October, 2026, I electronically filed the foregoing Notice of Appearance with the Clerk of the Court using CM/ECF. I also certify that the foregoing Notice of Appearance is being served upon; James M. Slater, Esq., Slater Legal, PLLC, 9000 Dadeland Blvd. Ste. 1500, Miami, Fla. 33156 at the designated email address james@slater.legal,; to Sarah Grady Esq., Matthew Underwood, Esq. David Schmutzer, Esq., and Amelia Caramadre, Esq.,. Kaplan &Grady, LLC, 2071 N. Southport Ave, Ste. 205 Chicago, Ill 60614, at the email addresses david@kaplangrady.com sarah@kaplangrady.com, amelia@kaplangrady.com and matthew@kaplangrady.com; to Lourdes E. Wydler, Esq., Wydler Law, 1550 Madruga Ave. Ste. 400, Coral Gables, Fla. 33146 at email address,

email:lew@wydlerlaw.com and guertty@wydlerlaw.com and to Christopher J. Whitelock, Esq., Jessalynn R. Kantzavelos, Esq., and David Frank, Esq., Whitelock & Associates, 300 Southeast Thirteenth Street. Fort Lauderdale, Fla. 33316, email addresses: cjw@whitelocklegal.com, jrk@whiteloclegal.com, davidfrank@whitelocklegal.com and ark@whitelocklegal.com

**RESPECTFULLY SUBMITTED:**
**DUTTON LAW GROUP, P.A.**
1725 ½ E. 7th Ave.
Ybor City, Fla. 33605
(786) 871-7971
sweissenborn@duttonlawgroup.com
Service.skw@duttonlawgroup.com
By:/s/Sheridan Weissenborn
**Sheridan Weissenborn**
Fla. Bar. No: 165960