**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

Case No. 2:26-cv-14004-DMM

CHRISTINNA WHITE, *et ano.*,

Plaintiffs,

v.

CLIFTON MCCLAY YATES, *et al.*,

Defendants.

_______________________________________/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO NON-PARTY FLORIDA DEPARTMENT OF CORRECTIONS' MOTION FOR EXTENSION**

Plaintiffs, by and through their counsel, oppose the Florida Department of Corrections' ("FDC") Motion for Extension of Time to Respond to Plaintiffs' Motion to Compel (Dkt. 122) and state as follows:

## INTRODUCTION

Cody White was brutally murdered by his cellmate, Justin Settle, a known dangerous prisoner, at Okeechobee Correctional Institution. Cody's parents seek to hold the FDC correctional officers who failed to protect him to account. The records Plaintiffs subpoenaed from FDC—the holder of the vast majority of central documents in the case—go to the heart of this litigation. Yet FDC has not treated this matter with the seriousness it demands. For nearly six months, FDC has ignored deadlines, refused to confer, and produced documents piecemeal. Its latest filing—an untimely, one-paragraph request for thirty more days to respond (whether to Plaintiffs' motion or to the subpoena itself is not entirely clear) filed without any conferral or good cause—is more of the same. The motion must be denied.

## BACKGROUND

Plaintiffs moved to compel on October 9, 2026, and served the motion on FDC's counsel the same day by CM/ECF and by email. Dkt. 107 at 7. Under the Order Setting Discovery Procedures, FDC's response was due within five days of receipt—by October 14, 2026. The deadline was met with silence from FDC. Instead, today, on October 23, 2026—nine days after its response deadline expired—FDC filed this motion seeking thirty days from entry of an order to respond. Dkt. 122 at 1.

## ARGUMENT

### I. FDC Has Not Established Good Cause—or Excusable Neglect—Under Rule 6(b).

Under Federal Rule of Civil Procedure 6(b)(1), the Court may extend a deadline "for good cause," and when, as here, the motion is made after the time has expired, only if "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(A)–(B). To determine if a party has demonstrated excusable neglect or good cause, courts within this circuit apply the test established in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*. 507 U.S. 380, 388–89 (1993); *see also Fleischman v. Polk Cnty. Clerk of Ct.*, 2026 WL 2146961, at *1 (M.D. Fla. July 23, 2026) (acknowledging that the Eleventh Circuit has adopted the *Pioneer* test). Under *Pioneer*, courts "take account of all relevant circumstances surrounding the party's omission," including "the danger of prejudice to the nonmovant, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) (cleaned up). Of these factors, primary importance is accorded to "the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration." *Fleischman v. Polk Cnty. Clerk of Ct.*, 2026 WL

2146961, at *1 (quoting *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996)).

Every *Pioneer* factor weighs against FDC. Indeed, FDC's delay is substantial and ongoing. To start, the Order Setting Discovery Procedures required FDC to "file a response" to Plaintiffs' motion within five days. Its response was due October 14. FDC did not respond and did not confer with Plaintiffs to request an extension. Instead, FDC waited until today to unilaterally request more time. Dkt. 122 at 2. FDC claims to need a full additional month simply to file a response because they have "tens of thousands of pages of documents and several discs worth of videos" to review, but does not explain or even state why that would preclude it from being able to respond to the motion. Dkt. 122 at 1. This is the same conduct that necessitated the motion to compel in the first place: FDC ignored the May 7 return date, the Rule 45 objection deadline, Plaintiffs' proposed (extended) due dates along the way, and Plaintiffs' repeated requests to confer. Dkt. 107 at 1-3. Because FDC failed to timely respond or provide a valid reason for its delay, the Court should deny the extension and grant the motion to compel.

Next, Plaintiffs are—and will continue to be—prejudiced: the deadline to add parties has already passed, and fact discovery closes January 13, 2027, with all Defendant depositions to be completed before then. Dkt. 107 at 4. FDC's documents are essential for these depositions. A thirty-day extension from entry of an order—before FDC even responds to the motion—would push resolution of this dispute to the brink of the discovery cutoff.

Additionally, on October 14, counsel for FDC stated that only minimal documents and certain videos remained outstanding. Ex. 1 (October 14 Email). FDC's motion now claims that there is a substantial number of outstanding documents still in its possession. This increases the

prejudice to Plaintiffs if such production is further delayed and raises concerns that FDC has misrepresented to Plaintiffs what documents it has in its possession that still need to be produced.

It is also shocking that FDC's motion does not breathe a word about Rule 6. Nor does it acknowledge that its response deadline has already passed and offers no explanation whatsoever for why it failed to respond on time. *See generally* Dkt. 122. That alone is fatal to its request for an extension. *See The Filta Grp., Inc. v. LXU, Ltd.*, 2025 WL 2581817, at *3 (M.D. Fla. Aug. 19, 2025) (denying request extension of time where motion neither referenced Rule 6(b)(1)(B) nor addressed excusable neglect).

Even if FDC had addressed the relevant law, FDC still could not establish good cause or excusable neglect. FDC's only stated justification—that the subpoena calls for "copious amounts of production" and FDC needs time to compare what it collected against what it produced, Dkt. 122 at 1—does not constitute good cause, much less excusable neglect. FDC has had the subpoena since April 27. Dkt. 107 at 1. The volume of responsive material is not news to FDC. As explained, FDC's compliance has been due for months. Nor does the Order Setting Discovery Procedures permit a party to rest on generalized claims of burden: such claims must be supported by specific information, generally an affidavit. FDC offers none.

## II. FDC Failed to Meet and Confer as Required by the Order Setting Discovery Procedures.

FDC's motion additionally fails for the independent reason that it failed to confer in accordance with the District's local rules and this Court's Order Setting Discovery Procedures. The Order requires that counsel "actually speak to one another (in person or via telephone) and engage in reasonable compromise in a genuine effort to resolve their discovery disputes before seeking Court intervention." Local Rule 7.1(a)(3) likewise requires a pre-filing conference and a certificate of conferral for non-dispositive motions such as this one. FDC did neither. It did not

contact Plaintiffs' counsel before filing its motion, and its motion contains no certificate of conferral. Dkt. 122 at 1-2. The Court has warned that it "may decline to consider a motion or response which does not comply with these procedures," and it should do so here.

**CONCLUSION**

The Court should deny FDC's Motion for Extension of Time (Dkt. 122) and grant Plaintiffs' Motion to Compel (Dkt. 107). As requested in their motion to compel, the Court should order full compliance with Plaintiffs' subpoena and specifically order FDC's to produce its records without redactions, together with any such further relief as the Court deems appropriate.

Dated: October 23, 2026

Respectfully submitted,

*/s/ James M. Slater*
James M. Slater

James M. Slater (FBN 111779)
**SLATER LEGAL PLLC**
9000 Dadeland Blvd. #1500
Miami, Florida 33156
(305) 523-9023
james@slater.legal

Sarah Grady*
Matthew Underwood*
David Schmutzer*
Amelia Caramadre*
**KAPLAN & GRADY LLC**
2071 N. Southport Ave., Ste. 205
Chicago, Illinois 60614
(312) 852-2184
sarah@kaplangrady.com
matthew@kaplangrady.com
david@kaplangrady.com
amelia@kaplangrady.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served upon all attorneys of record in the above case via CM/ECF System on October 23, 2026, including counsel for FDC Amber Kourofsky who has filed an appearance in this matter, of record in the above case via CM/ECF System on October 23, 2026. The undersigned further certifies that counsel for FDC was additionally served via electronic mail on October 23, 2026 at:

Amber Kourofsky, Amber.Kourofsky@fdc.myflorida.com
Kristen Lonergan, Kristen.Lonergan@fdc.myflorida.com
Brittney Davis, Brittney.Davis@fdc.myflorida.com
Kelly Forren, Kelly.Forren@fdc.myflorida.com

Office of the General Counsel
Florida Department of Corrections
501 South Calhoun Street
Tallahassee, Florida 32399
Office: 850-717-3605

*/s/ James Slater*