IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 26-cv-14004 DMM

CHRISTINA WHITE, as
Personal Representative of the Estate of
Cody Lee White and CASEY WHITE,
individually.

Plaintiffs,

v.

CLIFTON MCCLAY YATES, et al.

Defendants.
______________________________________________/

**LOUISMY SAINTFORT'S**

The Defendant, LOUISMY SAINTFORT, ("Saintfort'), through her undersigned counsel answers the Second Amended Complaint [DE 89] as follows:

1. Paragraph 1 is denied and strict proof thereof is demanded

2. Paragraph 2 is denied and strict proof thereof is demanded.

3. Paragraph 3 is denied and strict proof thereof is demanded.

4. Paragraph 4 is a statement of what Plaintiffs seek from the filing of this lawsuit and needs not be answered. However, to the extent Saintfort is mistaken Saintfort denies the allegations contained in paragraph 4 and she demands strict proof thereof.

**JURISDICTION AND VENUE**

5. Paragraph 5 is admitted only for the purpose of establishing this Court has subject matter jurisdiction. Otherwise, the allegations in paragraph 5 are denied and strict proof thereof is demanded for all other purposes.

6. Paragraph 6 is admitted only for venue purposes. Otherwise, the allegations in paragraph 6 are denied for all other purposes and strict proof thereof is demanded.

**PARTIES**

7. At this time Saintfort has insufficient information regarding the allegations contained in paragraph 7 and, therefore, denies the same and demands strict proof thereof.

8. At this time Saintfort has insufficient information regarding the allegations contained in paragraph 8 and, therefore, denies the same and demands strict proof thereof. Additionally, Saintfort denies Casey White has a personal claim separate and apart from the claim he has as a survivor of the Estate of Cody White and demands strict proof of said right.

9. Regarding paragraph 9 Saintfort has insufficient information and would deny the same and demands strict proof thereof.

10. Regarding paragraph 10 she has insufficient information and would deny the same and demands strict proof thereof.

11. Regarding paragraph 11 she has insufficient information and would deny the same and demands strict proof thereof.

12. Regarding paragraph 12 Saintfort has insufficient information and would deny the same and demands strict proof thereof.

13. Regarding paragraph 13 Saintfort has insufficient information and would deny the same and demands strict proof thereof.

14. Regarding paragraph 14 Saintfort has insufficient information and would deny the same and demands strict proof thereof.

15. Regarding paragraph 15 Saintfort has insufficient information and would deny the same

and demands strict proof thereof.

16. Regarding paragraph 16 Saintfort has insufficient information and would deny the same and demands strict proof thereof.

17. Regarding paragraph 17 Saintfort has insufficient information and would deny the same and demands strict proof thereof.

18. Regarding paragraph 18 Saintfort has insufficient information and would deny the same and demands strict proof thereof.

19. Regarding paragraph 19 Saintfort has insufficient information and would deny the same and demands strict proof thereof.

20. Regarding paragraph 20 Saintfort has insufficient information and would deny the same and demands strict proof thereof.

21. Regarding paragraph 21 Saintfort has insufficient information and would deny the same and demands strict proof thereof.

22. Regarding paragraph 22 Saintfort has insufficient information and would deny the same and demands strict proof thereof.

23. Regarding paragraph 23 Saintfort has insufficient information and would deny the same and demands strict proof thereof.

24. Regarding paragraph 24 Saintfort has insufficient information and would deny the same and demands strict proof thereof..

25. Regarding paragraph 25 Saintfort has insufficient information and would deny the same and demands strict proof thereof.

26. Regarding paragraph 26 Saintfort has insufficient information and would deny the same

and demands strict proof thereof.

27. Regarding paragraph 27 Saintfort has insufficient information and would deny the same and demands strict proof thereof.

28. Regarding paragraph 28 Saintfort has insufficient information and would deny the same and demands strict proof thereof.

29. Regarding paragraph 29 Saintfort has insufficient information and would deny the same and demands strict proof thereof.

30. Regarding paragraph 30 Saintfort has insufficient information and would deny the same and demands strict proof thereof.

31. Regarding paragraph 31 Saintfort has insufficient information and would deny the same and demands strict proof thereof.

32. Regarding paragraph 32 Saintfort has insufficient information and would deny the same and demands strict proof thereof.

33. Regarding paragraph 33 Saintfort has insufficient information and would deny the same and demands strict proof thereof.

34. Regarding paragraph 34 Saintfort has insufficient information and would deny the same and demands strict proof thereof.

35. Regarding paragraph 35 Saintfort has insufficient information and would deny the same and demands strict proof thereof.

36. Regarding paragraph 36 Saintfort has insufficient information and would deny the same and demands strict proof thereof.

37. Regarding paragraph 37 Saintfort has insufficient information and would deny the

same and demands strict proof thereof.

38. Regarding paragraph 38 Saintfort admits only that Saintfort is an employee of FDOC and Saintfort worked at Okeechobee Correctional and all of her actions while so employed were when Saintfort was acting under color of law and within the scope of her authority. However, Saintfort denies the allegations at all times relevant that Saintfort may have been on duty and demands strict proof thereof.

39. Regarding paragraph 39 Saintfort has insufficient information and would deny the same and demands strict proof thereof.

40. Regarding paragraph 40 Saintfort has insufficient information and would deny the same and demands strict proof thereof.

**ALLEGATIONS**

41. Saintfort does not have sufficient information regarding the allegations contained in paragraph 41. Therefore, Saintfort denies them, and Saintfort demands strict proof thereof.

42. Saintfort does not have sufficient information regarding the allegations contained in paragraph 42. Therefore, Saintfort denies them, and Saintfort demands strict proof thereof.

43. Saintfort does not have sufficient information regarding the allegations contained in paragraph 43 related to the trust on the part of the family. Therefore, Saintfort denies the same, and Saintfort demands strict proof thereof. Additionally, Saintfort denies the remaining allegations contained in paragraph 43 concerning any claimed failures by FDOC, its employees, and particularly herself and Saintfort demands strict proof thereof.

44. Paragraph 44 is denied and strict proof thereof is demanded.

45. Saintfort does not have sufficient information regarding the allegations contained in

paragraph 45. Therefore, Saintfort denies them and demands strict proof thereof.

46. Paragraph 46 is denied and strict proof thereof is demand.

47. Saintfort has insufficient information regarding the allegations contained in paragraph 47. Therefore, Saintfort denies them and demands strict proof thereof.

48. Saintfort has insufficient information regarding the allegations contained in paragraph 48. Therefore, Saintfort denies them and demands strict proof thereof.

49. Saintfort has insufficient information regarding the allegations contained in paragraph 49. Therefore, Saintfort denies them and demands strict proof thereof.

50. Paragraph 50 is denied and strict proof thereof is demanded.

51. Paragraph 51 is denied and strict proof thereof is demanded.

52. Paragraph 52 is denied and strict proof thereof is demanded.

53. Paragraph 53 is denied and strict proof thereof is demanded.

54. Paragraph 54 is denied and strict proof thereof is demanded.

55. Saintfort has insufficient information regarding the allegations contained in paragraph 55. Therefore, Saintfort denies them and demands strict proof thereof.

56. Saintfort has insufficient information regarding the allegations contained in paragraph 56. Therefore, Saintfort denies them and demands strict proof thereof.

57. Saintfort has insufficient information regarding the allegations contained in paragraph 57. Therefore, Saintfort denies them and demands strict proof thereof.

58. Saintfort has insufficient information regarding the allegations contained in paragraph 58. Therefore, Saintfort denies them and demands strict proof thereof.

59. Saintfort has insufficient information regarding the allegations contained in paragraph

59. Therefore, Saintfort denies them and demands strict proof thereof.

60. Saintfort has insufficient information regarding the allegations contained in paragraph 60. Therefore, Saintfort denies them and demands strict proof thereof.

61. Saintfort has insufficient information regarding the allegations contained in paragraph 61. Therefore, Saintfort denies them and demands strict proof thereof.

62. Saintfort has insufficient information regarding the allegations contained in paragraph 62. Therefore, Saintfort denies them and demands strict proof thereof.

**COUNT I**
**42 U.S.C. § 1983-Deliberate Indifference (Eighth Amendment) By Plaintiff Christina White Against All Individual Defendants**

63. Saintfort adopts and reaffirms her answers to paragraphs 1-62 as if restated once again here in Count I.

64. Paragraph 64 is a statement of why Count I is being brought and by whom and needs not a response. However, to the extent Saintfort is mistaken Saintfort denies the allegations contained in paragraph 64 and Saintfort demands strict proof thereof.

65. Paragraph 65 is denied and strict proof thereof is demanded.

66. Paragraph 66 is denied and strict proof thereof is demanded.

67. Paragraph 67 is denied and strict proof thereof is demanded.

68. Paragraph 68 is denied and strict proof thereof is demanded.

69. Paragraph 69 is denied and strict proof thereof is demanded.

70. Paragraph 70 is denied and strict proof thereof is demanded.

71. Paragraph 71 is denied and strict proof thereof is demanded.

72. Paragraph 72 is denied and strict proof thereof is demanded.

**COUNT II**
**42 U.S.C. § 1983-Deprivation of Rights (Fourteenth Amendment) By Plaintiff Christina White and Casey White Against All Individual Defendants**

73. Saintfort adopts and reaffirms her answers to paragraphs 1-62 as if restated once again here in Count II.

74. Paragraph 74 is a statement of why Count I is being brought and by whom and needs not a response. However, to the extent Saintfort is mistaken Saintfort denies the allegations contained in paragraph 74 and Saintfort demands strict proof thereof.

75. Paragraph 75 is denied and strict proof thereof is demanded.

76. Paragraph 76 is denied and strict proof thereof is demanded.

77. Paragraph 77 is denied and strict proof thereof is demanded.

78. Paragraph 78 is denied and strict proof thereof is demanded.

79. Paragraph 79 is denied and strict proof thereof is demanded.

80. Paragraph 80 is denied and strict proof thereof is demanded.

**COUNT III**
**Florida Wrongful Death Act, §§ 768.16-27, Florida Statutes By Christina White Against All Individual Defendants**

81. Saintfort adopts and reaffirms her answers to paragraphs 1-62 as if restated once again here in Count III.

82. Paragraph 82 is a statement of why Count III. is being brought and by whom and needs not a response. However, to the extent Saintfort is mistaken Saintfort denies the allegations contained in paragraph 82 and Saintfort demands strict proof thereof.

83. Saintfort can only admit that any and all acts committed by her were committed while acting within the course and scope of her employment. Saintfort has insufficient information

regarding all other claimed individual Defendants and denies any allegations regarding them and demands strict proof thereof.

84. Paragraph 84 is denied and strict proof thereof is demanded.

85. Paragraph 85 is denied and strict proof thereof is demanded.

86. Regarding paragraph 86 Saintfort denies the allegations related to her and demands strict proof thereof. Regarding all other Defendants Saintfort cannot respond because Saintfort has insufficient information. Therefore, Saintfort denies all allegations contained in paragraph 86 and demands strict proof thereof.

87. Paragraph 87 is denied and strict proof thereof is demanded.

88. Paragraph 88 is denied and strict proof thereof is demanded.

89. Paragraph 89 is denied and strict proof thereof is demanded.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

For the First Affirmative Defense Saintfort asserts that Saintfort is entitled to qualified immunity. All of Saintfort's actions were reasonable, proper, legal, exercised in good faith, and taken pursuant to state law and the laws of the United States, inclusive of the United States Constitution and were performed within the course and scope of her official duties required by the employer, Florida Department of Corrections. Additionally, Saintfort was without specific knowledge that Saintfort's acts or any inactions were illegal or unconstitutional, and further that at no time did Saintfort know that any of Saintfort's discretionary acts were violative of the Decedent's established rights that were guaranteed to the Decedent.

**SECOND AFFIRMATIVE DEFENSE**

For the Second Affirmative Defense Saintfort would state that any and all injuries or damages were caused in whole or in part by the negligence or wrongful acts and/or misconduct of others over whom Saintfort had no control or responsibility to control.

**THIRD AFFIRMATIVE DEFENSE**

For the Third Affirmative Defense Saintfort would state that the Plaintiff fails to state a claim for relief because there is no causal connection between the injuries sustained and any action or inaction by Saintfort as required under 42 U.S.C. § 1983.

**FOURTH AFFIRMATIVE DEFENSE**

For the Fourth Affirmative Defense Saintfort would state that the Plaintiff, Casey White has no standing to bring a separate claim for damages under the Fourteenth Amendment due to the fact the Decedent was an adult and that his damages are only those he would be entitled to as a survivor pursuant to Florida's Wrongful Death Statute that determines who can be a survivor and what damages are recoverable by whom. Section 768.16 et. seq.; and in particular § 786.21 Fla. Stat.

**FIFTH AFFIRMATIVE DEFENSE**

For the Fifth Affirmative Defense Saintfort would state that there are no damages that were the proximate result of any act or inaction on her part.

**SIXTH AFFIRMATIVE DEFENSE**

For the Sixth Affirmative Defense Saintfort would state that Saintfort is entitled to sovereign immunity, pursuant to Section 768.28(9) of the Florida Statutes (2025) in that all of Saintfort's acts occurred within the course and scope of Saintfort's employment and Saintfort did not act with any malicious purpose or in a manner exhibiting any wanton and willful disregard of human rights,

safety, or property nor with any bad faith or evil intent and that Saintfort acted in good faith based on the knowledge that Saintfort had.

**SEVENTH AFFIRMATIVE DEFENSE**

For the Seventh Affirmative Defense Saintfort would state that at no time did Saintfort have any subjective knowledge that Saintfort's actions caused any substantial risk of harm to the Plaintiff or that they would amount to any level of cruel and unusual punishment and were done within Saintfort's discretionary functions related to her employment.

**EIGHTH AFFIRMATIVE DEFENSE**

For the Eighth Affirmative Defense Saintfort would state that neither the Decedent nor the Plaintiff, Casey White, suffered a deprivation of any right including the right to be free from cruel and unusual punishment or privilege or immunity guaranteed by the laws and the Constitution of the United States at her hands

**NINTH AFFIRMATIVE DEFENSE**

For the Ninth Affirmative Defense Saintfort would state that Saintfort had no facts provided to her from which Saintfort could infer there was a substantial risk of harm based to Decedent.

**TENTH AFFIRMATIVE DEFENSE**

For the Tenth Affirmative Defense Saintfort would state that Saintfort was not subjectively aware of any excessive risk to the Plaintiff's decedent's health or safety and Saintfort did not subjectively disregard an excessive risk to the decedent's health or safety and with regard to the situation that faced him.

**ELEVENTH AFFIRMATIVE DEFENSE**

For the Eleventh Affirmative Defense Saintfort would state that recovery, if any, is limited

by Section 768.21 of the Florida Statutes setting forth what damages may be recovered by survivors of an estate where the death occurred in Florida and pursuant to Section 42 U.S.C. § 1988.

**TWELFTH AFFIRMATIVE DEFENSE**

For the Twelfth Affirmative Defense Saintfort would state that the death was caused by the independent and criminal acts of Justin Settle and not foreseeable to Saintfort based on the information Saintfort had available barring recovery against her.

**THIRTEENTH AFFIRMATIVE DEFENSE**

For the Thirteenth Affirmative Defense Saintfort would state that the sole legal cause of any and all of the alleged damages were caused by an unforeseeable intervening act or superseding act by others that broke the chain of causation between this Defendant's alleged failure to provide care and the Plaintiff's injuries thereby reducing any damages that may be awarded against this Defendant by the unforeseeable acts of others.

**FOURTEENTH AFFIRMATIVE DEFENSE**

For the Fourteenth Affirmative Defense Saintfort would state that he Saintfort is entitled to a setoff of all payments paid or payable by all collateral sources for all expenses, bills, or other obligations incurred as a result of the incident at issue, in accordance with § 768.76 Fla. Stat. and § 768.041.

**FIFTEENTH AFFIRMATIVE DEFENSE**

For the Fifteenth Affirmative Defense Saintfort would state Saintfort would be entitled in relationship to Count III for an apportionment of damages pursuant to § 768.81 Fla. Stat.

**SIXTEENTH AFFIRMATIVE DEFENSE**

For the Sixteenth Affirmative Defense Saintfort would state that the claims in count III

would be barred for failure to perform all conditions precedent since the Florida law provides the only claim for said cause of action would be against the State of Florida and not Saintfort and to the extent any claim were to be so lodged against the State it would be barred.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

For the Seventeenth Affirmative Defense Saintfort would state that the Complaint fails to state a claim for relief in Count II against Saintfort for the reason that the claims in Count I control by law because this is a situation where the Decedent was in custody and would be controlled by the Eighth Amendment not the Fourteenth Amendment on the part of the Estate. Moreover, the claim of Casey White fails to state a claim for relief because there is no liberty interest related to an adult child.

**RESERVATION OF RIGHTS**

Saintfort reserves the right to amend is answer and affirmative defenses as may become apparent upon further discovery.

**WHEREFORE,** having fully answered the Complaint Saintfort denies Plaintiffs are entitled to recovery against Saintfort and prays that the Court dismisses this action and taxes costs and fees if appropriate as a prevailing party and for a trial by a jury of all actions triable as a right by a jury.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 26th day of October, 2026, I electronically filed the foregoing Notice of Appearance with the Clerk of the Court using CM/ECF. I also certify that the foregoing Notice of Appearance is being served upon; James M. Slater, Esq., Slater Legal, PLLC, 9000 Dadeland Blvd. Ste. 1500, Miami, Fla. 33156 at the designated email address james@slater.legal,; to Sarah Grady Esq., Matthew Underwood, Esq. David Schmutzer, Esq., and

Amelia Caramadre, Esq.,. Kaplan &Grady, LLC, 2071 N. Southport Ave, Ste. 205 Chicago, Ill 60614, at the email addresses david@kaplangrady.com sarah@kaplangrady.com, amelia@kaplangrady.com and matthew@kaplangrady.com; to Lourdes E. Wydler, Esq., Wydler Law, 1550 Madruga Ave. Ste. 400, Coral Gables, Fla. 33146 at email address, email:lew@wydlerlaw.com and guertty@wydlerlaw.com and to Christopher J. Whitelock, Esq., Jessalynn R. Kantzavelos, Esq., and David Frank, Esq., Whitelock & Associates, 300 Southeast Thirteenth Street. Fort Lauderdale, Fla. 33316, email addresses: cjw@whitelocklegal.com, jrk@whiteloclegal.com, davidfrank@whitelocklegal.com and ark@whitelocklegal.com

**RESPECTFULLY SUBMITTED:**
**DUTTON LAW GROUP, P.A.**
1725 ½ E. 7th Ave.
Ybor City, Fla. 33605
(786) 871-7971
sweissenborn@duttonlawgroup.com
Service.skw@duttonlawgroup.com
By:/s/Sheridan Weissenborn
**Sheridan Weissenborn**
Fla. Bar. No: 165960