UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 26-cv-14004-DMM

CHRISTINNA WHITE, as Personal Representative Of the Estate of Cody Lee White and CASEY WHITE, individually,

Plaintiffs,

vs.

SERGEANT HERNANDEZ, SERGEANT CLIFTON MCCLAY YATES, CORRECTIONAL OFFICER CANNADO, CORRECTIONAL OFFICER THOMAS DUNN, CAPTAIN WILLIAM HAMILTON, SERGEANT ANDRIANA RANKINE, LIEUTENANT DENNIS BURNEY, SERGEANT CARTER, JESUS CRUZADO, BOYKINS and DOES 1-11,

Defendants.
_______________________________________/

**NON-PARTY FLORIDA DEPARTMENT OF CORRECTIONS RESPONSE TO PLAINTIFF'S MOTION TO COMPEL [ECF NO. 107]**

Non-party Florida Department of Corrections, (the "FDOC"), by and through their undersigned counsel, files its response to Plaintiff's Motion to Compel [ECF No. 107] and states as follows:

**Plaintiff's Motion to Compel fails to comport with the Local Rules**

Plaintiff never conferred with the undersigned regarding Plaintiff's Motion to Compel. Plaintiff requested several conferrals on the subpoena and their production requests, which FDOC accepted said conferrals, however the conferrals were entirely about what Plaintiff was requesting, what was pending, Plaintiff's claimed scope of the requests, discussion on our disagreement on the

interpretation of the scope of the subpoena, and FDOC's joinder to defendant's Motion to Stay Discovery. Never one time did Plaintiff provided their Motion to Compel in advance, nor did Plaintiff have any substantive discussion with FDOC about any Motion to Compel. The only time a motion to compel was referenced by Plaintiff's counsel was when Plaintiff's counsel sought to use it as leverage and/or a veiled threat during discussions on other issues.

A clear example of Plaintiff's counsel doing the same is clearly demonstrated in an email which is attached to Plaintiff's Motion to Compel as part of Exhibit 4. The email dated September 2, 2026, from Plaintiff's counsel states, ". . . if we can't receive these documents by Monday 9/7, we may need to raise this issue with the court." ECF No. 107 at 34. In another email dated August 14, 2026, Plaintiff's counsel wrote, "Even still, Defendants' motion to dismiss was denied a month ago now, and we have received minimal documents. We have no choice but to seek judicial intervention, including our fees." *Id.* at 54.

Further evidence that Plaintiff's Motion to Compel fails to comport with the Court's Local Rules is shown in the exhibits to Plaintiff's Motion to Compel, as not one of the emails says anything about a motion to compel, let alone asks for a conferral on a motion to compel, and certainly does not attach any motion to compel. Plaintiffs never spoke about, served, or otherwise provided this Motion to Compel to the undersigned before filing it. ECF No. 107 Exs. 1-5.

Local Rule 7.1(a)(3) requires that, before filing a discovery motion, counsel for the movant confer, or make a reasonable effort to confer, in a good faith effort

to resolve the issues to be raised in that motion and certify either that such a conferral occurred or identify with specificity the date, time, and manner of each effort. S.D. Fla. L.R. 7.1(a)(3). Plaintiffs never did so here. Indeed, none of the communications Plaintiffs themselves cite in support of their motion, i.e. the email threads attached as exhibits regarding production, references a motion to compel at any point. ECF No. 107 Exs. 1-5. Moreover, nothing in their motion identifies any conferral, on any date, directed at the relief it seeks. ECF No. 107 at 6. Plaintiffs' certificate of good faith conference recites only, in conclusory terms, that they made a good faith effort to resolve "the discovery issues raised in the motion but have been unable to do so." *Id.* A certificate of compliance with Local Rule 7.1(a)(3) that is contradicted by the movant's own factual narrative does not satisfy the rule, and that deficiency alone is grounds to deny the motion. See S.D. Fla. L.R. 7.1(a)(3) (failure to comply with the conferral requirement "may be cause for the Court to grant or deny the motion").

Because Plaintiff never conferred before filing, nor properly complied with the spirit of the conferral rule, the Motion to Compel is procedurally defective under Local Rules, the defect cannot be cured, and Plaintiff's Motion to Compel should therefore be denied with prejudice to refiling.

Plaintiff also did not issue payment for the documents until August 17, 2026, 10 days after they were using the veiled threat of a motion to compel as detailed above, and only two (2) months ago. ECF No. 107 at Exhibit 4, p. 47. Plaintiff's Motion to Compel should be denied with prejudice.

**FDOC produced tens of thousands of pages and has been compliant**

Plaintiff's payment for the records were not received until August 17, 2026, yet FDOC was producing documents to Plaintiff on a rolling basis starting on July 31, 2026. FDOC has produced ten (10) waves of documents, consisting of tens of thousands of pages of documents, videos, audio recordings, maps, reports, policies, procedures, statistics, pictures, and more.[1]

In addition to the July 9 motion for protective order (DE# 66) and FDOC's July 9, 2026 joinder (DE# 67) in the Defendant's June 15, 2026 (DE# 59) motion to stay, FDOC encountered several hurdles in its attempt to produce documents, including but not limited to: loss of staff (at all levels and departments), multiple extended medical leaves, multiple changes of leadership, an explosion under the streets of Tallahassee, multiple scheduled vacations, a hurricane, an open criminal investigation, waiting on payment from Plaintiff, as well as other issues, such as computer issues, and staff out sick, which is also evident from the emails attached as exhibits to Plaintiff's motion. Nonetheless, FDOC still produced copious amounts of discovery to Plaintiff.[2] It is clear FDOC has been proceeding in good faith and has produced everything under the subpoena, with no

---

[1] FDOC produced: 8, 9, 44, and 45 on 7-31-26; 41 on 8-12-26; 1, 2, 14, 16, 18, and 32 on 8-19-26; 6, 7, 18, 19, 20, 21, 22, 23, 24, 25, 26, and 38 on 8-24-26; 10, 11, 13, 17, and 33 on 8-28-26; 28, 31, 35, 29, 36, 39, and 40 on 9-23-26; 4, 15, 30, and 34 on 10-1-26; 3, 5, and 27 on 10-14-26, 37 partially and reproduction of 4 on 10-21-26; we reproduced the videos for 13 on a disk drive we sent via FedEx to counsel in Chicago on 10-26-26; and issued a batch of emails and email attachments on 10-27-2027. There were no responsive records for 12, 43, and 46. 42 was withdrawn by counsel.

[2] The subpoena is extremely overbroad, and much of the requested discovery is irrelevant and a fishing expedition, however due to the above-described difficulties, unfortunately FDOC missed the objection deadline.

objections, barring one of two batches of emails, which the second batch we are working on getting to counsel for Plaintiff as soon as possible and continue the rolling basis in which we have been producing. FDOC has never not complied with the subpoena.

Due to the copious amounts of documents produced by FDOC, on September 10, 2026, Plaintiff amended their complaint a second time, adding 24 new defendants based off the documents it received from FDOC. This fact was admitted to by counsel for Plaintiff, in writing, to counsels for Defendants. It was FDOC's compliance with, and production of tens of thousands of pages of documents that was the basis in which Plaintiff added the 24 new defendants to the second amended complaint.

Now, only on month later Plaintiff alleges there is a tight schedule. This is a misrepresentation, as this Court has extended discovery, and discovery is open until December 14, 2026. ECF No. 107 at Exhibit 4, p. 31. Moreover, Plaintiff is still serving defendants. Plaintiff's Motion to Compel should be denied with prejudice.

**Misrepresentations made in Plaintiff's Motion to Compel**

There are a number of other misrepresentations in Plaintiff's Motion to Compel: (1) that the documents contain impermissible redactions (Id.); (2) that FDC refused to confer (Id.); (3) that FDOC took the unjustifiable position that it could help itself to another few months to respond to the subpoena (Id.); (4) that FDOC said it is entitled to delay production until the end of fact discovery (Id.); (5) that Plaintiff does not have the information they need to take depositions (Id.

at 3, 4); (6) that Plaintiffs is waiting on #'s 3-5, 13, 18-27, 29, 32-34, 37-39, and 42 (Id. at 3); (7) that FDOC has not produced the IG report (Id.); (7) that FDOC;s production remains substantially incomplete (Id. at 4); (8) that Plaintiff is in an untenable position (Id.); (9) that Plaintiff can't identify additional parties (Id.); and (10) that Plaintiff is not in possession of Defendants' personnel files, policies, and procedures (Id.). Plaintiff's Motion to Compel should be denied with prejudice.

**There are no impermissible redactions**

Plaintiff has never provided FDOC with any Medical Release as it relates to this case. Plaintiff takes the position that the HIPAA Order entered covers all medical for all people who may appear in the tens of thousands of documents. It does not. The HIPAA Order covers the Plaintiff and other persons as a result of the matter sued upon. ECF 58, at 2, 3. The matter sued upon is the February 3, 2025, death of Cody White. Medical Information of third persons unrelated to the February 3, 2025, death of Cody White is not covered under the HIPAA Order. Id. Plaintiff's Exhibit 5 attaches two documents alleged to "contain unilateral redactions." ECF No. 107 at Exhibit 5, p. 122, 123. It can be clearly seen on the two documents alleged to contain unilateral redactions that they are medical records. As Plaintiff itself states in its Motion to Compel, these two documents relate to Settle's attack on Officer Miller, a different event on a different day, not Cody White's February 3, 2025, Death. Id. at 5. Plaintiff is not entitled to medical information of third parties unrelated to the February 3, 2025, event which

caused the death of Cody White without a Medical Release. Plaintiff's Motion to Compel should be denied with prejudice.

**Alternatively, an in-camera review should be conducted**

Lastly, and at the very least, the Court should conduct an in-camera inspection of the documents to appropriately rule on the applicability of the HIPAA Order. *State Farm Mut. Auto Ins. Co. v. Kendrick*, 780 So.2d 231 (Fla. 3d DCA 2001).

**An Award of Attorneys' Fees Is Not Warranted**

Plaintiff did not plead for fees or costs and as such none should be granted.

Moreover, Rule 37(a)(5) does not impose fees automatically. Where a motion to compel is granted, the Court must not order payment if the opposing party's position was "substantially justified" or if other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). Courts construing this same phrase under the Equal Access to Justice Act have held that a position is substantially justified if it has a reasonable basis in law and fact, even if it does not ultimately prevail. See Pierce v. Underwood, 487 U.S. 552, 565-66 (1988) ("substantially justified" means justified to a degree that could satisfy a reasonable person, that is, having a reasonable basis in law and fact). FDOC's position here, is, at minimum, substantially justified. An award of fees would be unjust, particularly where, as set forth above, Plaintiffs' own motion does not satisfy the conferral requirements of Local Rule 7.1(a)(3) and identifies no prejudice warranting expedited relief, nor did they plead for it, and discovery has been completed.

## CONCLUSION

For the foregoing reasons, FDOC respectfully request that this Court deny Plaintiffs' Motion to Compel, or, in the alternative, defer ruling on the motion until the Court has conducted an in-camera review.

Respectfully submitted,

**Richard Comerford, Secretary**
Florida Department of Corrections

*/s/ Amber Kourofsky, Esq.*
Amber Kourofsky, Esq.
Assistant General Counsel
Florida Bar No.: 85100
Florida Department of Corrections
Office of the General Counsel
501 South Calhoun Street
Tallahassee, Florida 32399-2500
Telephone: (850) 717-3613
Facsimile: (850) 922-4355
amber.kourofsky@fdc.myflorida.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been e-filed with the Court and furnished to all parties of record on October 27, 2026.

/s/ Amber Kourofsky, Esq.
Amber Kourofsky, Esq.