**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO: 26-14004-CV-MIDDLEBROOKS

CHRISTINA WHITE and
CASEY WHITE,

Plaintiffs,

v.

SERGEANT CLIFTON
McCLAY YATES et al.,

Defendants.
_______________________________/

**ORDER DENYING PLAINTIFFS' MOTION TO COMPEL**

**THIS CAUSE** comes before the Court upon Plaintiffs' Motion to Compel Non-party Florida Department of Corrections, filed on October 9, 2026. (DE 107). FDOC filed its Response on October 27, 2026. (DE 129). Further, FDOC filed a notice of compliance with Plaintiffs' subpoena on October 30, 2026. (DE 133). For the foregoing reasons, Plaintiffs' Motion is denied as moot.

Plaintiffs filed this Motion seeking to compel FDOC to "produce all documents responsive to Plaintiffs' subpoena within one week." (DE 107 at 5). Plaintiffs served their subpoena on April 23, 2026, and FDOC produced "some, but not all, responsive documents" after July 23, 2026. (*Id.* at 2–3). Plaintiffs state that they await documents responsive to Requests 3–5, 13, 18–27, 29, 32–34, 37–39, and 42, and that they need this information to take upcoming depositions. Discovery closes on December 14, 2026. (DE 76). In response, FDOC argues that Plaintiffs failed to provide this Motion to FDOC prior to its filing, in violation of this Court's Local Rule 7.1(a)(3). (DE 129 at 1–3). FDOC further represents that it has produced "tens of thousands of pages of documents, videos, audio recordings … and more[,]"

and that it has always complied with the subpoena. (*Id.* at 4–5). Additionally, FDOC notified the Court that it complied with Plaintiffs' April 23 subpoena and has produced "[a]ll documents and items responsive[.]" (DE 133 at 1).

FDOC correctly identifies that Plaintiffs failed to comply with Rule 7.1(a)(3). Prior to filing any motion in a civil case, except for a few limited exceptions, the moving party "shall confer (orally or in writing), or make reasonable effort to confer (orally or in writing), with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion." This rule was intended to encourage parties to cooperate on discovery matters and resolve potential disputes without unnecessarily involving the court. *See Sierra Equity Grp. v. White Oak Equity Partners, LLC*, 672 F.Supp.2d 1369, 1370 (S.D. Fla. Dec.10, 2009) (citing *Taylor v. Fla. Atl. Univ.*, 132 F.R.D. 304, 305 (S.D. Fla. 1990) (explaining "[i]t is the letter and spirit of the discovery rules of the Federal Rules of Civil Procedure and the Local Rules of this Court that counsel work together on discovery matters. Counsel should be in touch personally to resolve discovery disputes and it should be a rare occasion when the court is called upon to resolve such disputes.")). Although Plaintiffs assert that there was a good faith conferral on the issues raised in their Motion to Compel, I question the nature of the conferral that occurred given the representations in FDOC's Response and the fact that FDOC's full compliance followed immediately after filing of the motion.

Regardless, FDOC has now complied with Plaintiffs' subpoena. (DE 133). Accordingly, it is **ORDERED** that Plaintiffs' Motion to Compel (DE 107) is **DENIED AS MOOT.**

**SIGNED** in Chambers at West Palm Beach, Florida, this 2nd day of November, 2026.

Donald M. Middlebrooks
United States District Judge

cc: Counsel of Record