IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 26-cv-14004 DMM

CHRISTINA WHITE, as
Personal Representative of the Estate of
Cody Lee White and CASEY WHITE,
individually.

Plaintiffs,

v.

CLIFTON MCCLAY YATES, et al.

Defendants.
_______________________________________________/

**MOTION OF TO DISMISS FILED BY DEMETRIC LUCKETT TO DISMISS WITH INCORPORATED MEMORANDUM OF LAW [1]**

Defendant, DEMETRIC LUCKETT ("Luckett"), through his undersigned counsel, pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure and Rule 7.1 of the Local Rules of this Court, moves this Court for an order Dismissing the claims against him in the Second Amended Complaint ("SAC") [DE 89], and in support of the granting of this Motion he would show the Court as follows:

1. The instant case arises from the death of Cody Lee White ("Decedent"), who was an incarcerated prisoner at Okeechobee Correctional Institution. While housed Okeechobee, a fellow inmate, Justin Settle ("Settle") attacked Decedent and caused his death.

2. The Plaintiff, Christina White brings this lawsuit as the Personal Representative of the Estate of Decedent. The Plaintiff, Casey White, brings his own claim in his individual capacity as the father of Decedent in Count II.

3. Count I of the Second Amended Complaint is brought against "All Individual

---

[1] All emphasis is ours unless the contrary is indicated.

Defendants" by Christina White on behalf of the Decedent's Estate, pursuant to 42 U.S.C. § 1983 claiming Deliberate Indifference, Eighth Amendment. Count II is similarly brought against "All Individual Defendants by both Christina White for the Decedent's Estate and as well by Casey White individually as the father of Decedent, pursuant to 42 U.S.C. § 1983 Deprivation of Rights (Fourteenth Amendment). Additionally, Christina White seeks relief for the Decedent's Estate in Count III, pursuant to Florida's Wrongful Death Act. in Counts I, and II and for a state law claim pursuant to Florida's Wrongful Death Act, in Count III.

4. Luckett, whom Plaintiff describes as one of a number of cell checkers tasked with conducting cell checks, between January 31, 2025, and February 3, 2025, moves to dismiss the SAC against him pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure because the Plaintiffs' claims against him do not rise to a plausible claim for relief, he would enjoy qualified immunity and he is entitled to sovereign immunity regarding the claim under Florida's Wrongful Death Act.

5. Relevant to the claims against Luckett Plaintiffs alleges there were two types of cell checkers, to wit: Master Roster Rounds checker who scheduled rounds at 10:30 each night and the other whom they claim are security checkers who were required to check cells every thirty minutes. Plaintiffs do not indicate which group Luckett was in. Plaintiffs contend all cell checkers either failed to conduct their rounds, or they conducted them with such indifference that they did not notice or care the Decedent was dead and unaccounted for, despite knowing Decedent and Settle, should have been celled alone. (¶¶ 56-58). [2] Further the Plaintiffs allege that the cell checkers failed to ensure

---

[2] This allegation "despite knowing the two inmates should not be housed together" is conclusory and there are no factual allegations to support any contention Luckett was made aware of the propensities of the perpetrator Settle. It is a conclusory allegation without any factual support or an unwarranted factual deduction of counsel.

Decedent was alive and safe, failed to be available if Decedent sought help, and failed to respond when Decedent was not accounted for. (¶ ¶ 57-58).

Plaintiffs allege in conclusory terms Settle was well known to correctional staff as being an inmate who had numerous disciplinary infractions.(¶ 44). They then alleged in contradiction to thei position related to Luckett's knowledge that the stabbing of a different inmate than the Decedent was made known to officers who did not impart such knowledge to others when they allege three officers, not Luckett, were aware of claimed stabbing but did not report it. (¶¶ 49-50). It is mere supposition and an unwarranted factual deduction that Luckett was aware of any substantial risk of harm.

6. **MEMORANDUM OF LAW SUPPORTING ARGUMENT FOR DISMISSAL.**

**A. Legal Standards to Be Applied.**

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual content, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). A complaint's allegations must amount to more than labels, conclusions, or formulaic recitations of the elements of a claim for relief. *Twombly,* at 555. Threadbare recitals of the elements of a claim supported by mere conclusory statements will not suffice and the complaint should be dismissed. *Id* at 557; *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

A complaint that pleads facts that are merely consistent with the liability of a defendant stops short of the line between possibility and plausibility of entitlement to relief and should be dismissed. *Twombly,* at 557; C*haparro v. Carnival Corp.* 693 F.3rd 1333, 1337 (11th Cir. 2012). Furthermore, the mere possibility that a defendant has acted unlawfully is not sufficient to withstand a motion to dismiss. *Iqbal* at 678. The factual allegations must rise above a level of speculation or a dismissal is proper. *Edwards v. Prime Inc.* 602 F.3rd 1276,1291(11th Cir. 2010). The law is also clear that

when one alleges conclusory allegations and makes unwarranted factual deductions or legal conclusions that are masquerading as fact it is appropriate to dismiss the action. *Davila v. Delta Airlines, Inc.* 326 F.3rd 1183, 1185, (11th Cir. 2003). The tenet of accepting all of the plaintiff's allegations contained in a complaint as true for the purposes of a motion to dismiss is inapplicable to legal conclusions raised in the complaint. *Id* at 555.

It is also true that where on the face of a complaint the allegations show an affirmative defense bars recovery on the claim, a complaint should be dismissed. *Cottone v. Jenne,* 326 F.3rd 1352, 1356 (11th Cir 2003); *see also Marsh v. Butler Cnty., Ala.,* 268 F.3rd 1014, 1022 (11th Cir 2001); *Jones v. Bock*, 549 U.S. 199, 215(2007).

The SAC, related to Luckett, falls short of establishing any entitlement to relief pursuant to the law. The SAC related to Luckett relies upon conclusory allegations, unwarranted factual deductions, and a mere possibility that he maybe he had acted unlawfully, which is not sufficient to withstand a motion to dismiss. At best the Plaintiffs have pled facts that are merely consistent with the liability but the facts stop short of the line between possibility and plausibility of entitlement to relief and should be dismissed. *Twombly,* at 557; C*haparro v. Carnival Corp.* 693 F.3rd 1333, 1337 (11th Cir. 2012).

The federal deliberate-indifference claims involved in this case turn on whether the complaint pleads sufficient facts establishing what each individual Defendant knew at the time. *Wade v. McDade,* 106 F.4d 1251, 1253,1262 (11th Cir. 2024). The state wrongful-death claim (Count III) turns on whether the Luckett acted in bad faith, with malice, or wanton and willful disregard. Section 768.28 (9) Fla. Stat. (2024).

Plaintiffs' allegations fail to establish Luckett acted with the requisite deliberate indifference

necessary to establish their claims on the part of Luckett which must be alleged. *See Farmer v Brennan*, 511 U.S. 825 (1994); *Wade*, supra. (11th Cir. 2024) (*en banc)*. Plaintiffs have not shown the requisite subjective reckless knowledge on the part Luckett individually required by *Wade*. Regarding the Fourteenth Amendment Claim the allegations again do not support anything more than a possible claim not a plausible claim. Finally, the state law claim again falls short of establishing a plausible claim for relief versus a possible claim.

Therefore, Luckett's Motion to Dismiss should be granted.

**B. Eighth Amendment Claim Fails Against Cell Checkers**.

The Eighth Amendment prohibits the infliction of cruel and unusual punishments. It involves the unnecessary and wanton infliction of pain or infliction grossly disproportionate to the severity of the crime. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *Louisiana ex. rel. Francis v. Resweber*, 329 U.S. 459, 463 (1947). There are many instances that could be considered an unnecessary and wanton infliction of pain, but it must be totally without penological justification. *Gregg*, *supra.* At 183; *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Wantonness is akin to deliberate indifference in a case such as the instant case. *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Wade v. McDade*, 106 F.4th 1251,1253 (11th Cir. 2024). There are no allegations in the SAC that meet that wantonness standard pled against Luckett. What Plaintiffs have alleged are for the most part conclusions and unwarranted factual deductions because of the lack of factual content to establish that Luckett had the necessary culpable state of mind. Most respectfully what is clear is that Plaintiff's got a list of all correctional officers at the relevant times and without sufficient knowledge of the actual participation of each officer they chose to plead formulaic recitations of elements of a cause of action warranting a dismissal as to Luckett.

In *Farmer* the Supreme Court defined deliberate indifference. The Court said the official could not be held liable under the Eighth Amendment **unless the official knows of and disregards an excessive risk to the inmate's health or safety and must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and draw that inference**. The SAC fails to meet the *Farmer* requirements because it fails to focus on what Luckett did know versus lumping him into a category of cell checker. *Farmer* requires knowledge on the individual defendant not a deduction that because an individual was a cell checker he had the requisite knowledge. In short here Plaintiffs ask the Court to strip Luckett of legal protections by alleging unwarranted factual deductions that simply because he was a prison guard he had to have knowledge of a substantial risk of harm. What supports this conclusion on the part of Luckett is the fact they do not take into consideration different shifts or days off, whether they were allocated to a booth and not on a floor to actually check, or what was actually made know throughout the prison versus to each individual yet they want the Court to infer that simply because he was a prison guard he had to have knowledge. There are only conclusions and unwarranted factual deductions that they accomplish by simply making a statement all knew. Luckett had to be aware of this prior violent incident, although the stabbing incident had not been reported. There are no allegations Luckett received any knowledge of the stabbing incident, which is notable because the only other allegations of conduct of Settle pled while unruly do not rise to the level of violence that they caused the death of Decedent.

In *Wade,* the Eleventh Circuit made it clear that **it must be alleged that each defendant individually had a culpable state of mind.** Knowledge of an underlying risk **alone** can't establish deliberate indifference. *Wade,* at 1258. Plaintiff must allege that **each Defendant** knew his or her

conduct placed the Plaintiff at a substantial risk and that they consciously disregarded that risk. The SAC here is devoid of sufficient allegations related to Luckett to establish the culpable state of mind without more related to him. It is insufficient to say all. Logic dictates Luckett may not have been one to not see the Decedent when he was alive. Plaintiffs are speculating that Luckett had the requisite deliberate indifference, which is evidenced by the fact even the date of death is unknown in the pleadings. Clearly not all of the claimed cell checkers were involved with the Master Roster Rounds or all involved with the cell checks at all times to know of any issues. It is a conclusion or unwarranted deduction to make a claim all collectively were on notice and drew the requisite inference of a serious risk of harm. Moreover, there is nothing pled to establish Luckett placed the two inmates together.

In the Eleventh Circuit, a deliberate-indifference plaintiff must establish the defendant acted with subjective recklessness as used in the criminal law, and to do so must show that the defendant was actually, subjectively aware that his own conduct—his own acts or omissions—caused a substantial risk of serious harm to the plaintiff. *Wade*. The failure to conduct required cell checks and head counts, standing alone, is ordinary negligence and does not establish the subjective criminal recklessness standard. *Goodman v. Kimbrough*, 718 F.3D 1325, 1332 (2013). Yet in this case all that has been alleged regarding Luckett is negligence due to a claimed failure to check a cell. The allegations do not provide Luckett with the necessary inference to draw that at the time he was on duty there was a substantial risk that he should have been aware of the same, especially since there was no reporting of the stabbing as alleged by the Plaintiffs that they seek to use as the basis for knowledge on the part of Luckett.

It must be remembered that hindsight cannot be used to determine whether the conditions of

confinement rose to the level of what would amount to cruel and unusual punishment in the realm of failing to protect. *Purcell ex. Rl. Estate of Morgan v. Toombs County,* 400 F.3d 1313, 1320 (11th Cir. 2005). Moreover, decisions on where to place an inmate regarding location and custody level are those made appropriately by prison officials and not a federal court. *See Turner v. Safley*, 482 U.S. 78, 85 (1987). Prison security is within the province and professional expertise of the corrections officials. *Id.* at 86. The Eighth Amendment does not impose perfection on the part of prison officials to guarantee safety, only that the prison officials take reasonable measures to guarantee their safety. *Farmer*, at 832. Prison officials are not liable for each inmate attack. *Id.* In the instant case the Plaintiffs have not alleged Luckett had the ability to have made the placement decision, that he did so, that he knew it was incorrect, and should have separated the two inmates. Plaintiffs merely conclude they had the requisite authority and knowledge of a need simply because they worked at the prison.

The known risk of harm must be a strong likelihood rather than a mere possibility. *Edwards v. Gilbert*, 86 F.2d 1271, 1276 (11th Cir. 1989). The mere general possibility of a risk of harm is not sufficient. *Marbury v. Warden,* 938 F.3d 1227, 1233 (11th Cir. 2019). There must be notice that **at the time** the action was taken there was knowledge of a substantial risk of harm not a generalized risk of harm. *Id.* at 1237. A generalized or abstract knowledge of danger to the prisoner is not sufficient. *McClinton v. Warden Baldwin State Prison*, 172 F.4th 1276, 1283 (11th Cir. 2026). Yet with regard to Luckett all that has been pled is the general risk of danger, which is not sufficient. *Wade, supra.; Marbury, supra.*

Thus, the SAC Eighth Amendment claim for deliberate indifference must be dismissed. There are no allegations that support what Luckett knew of at the time and then disregarded it. There

are no allegations to establish his acts on cell checking were akin to criminal recklessness.

The SAC is replete with speculation, supposition and an unwarranted factual deductions which are insufficient to state a plausible claim for relief against Luckett and need not be taken as true. Therefore, Count I should be dismissed.

**C. Fourteenth Amendment Claim Does Not State a Claim for Relief.**

The Plaintiffs bring their claim in Count II pursuant to a claim under a Fourteenth Amendment violation on the part of all Defendants. It is respectfully submitted that for the same reasons Count I is deficient and subject to dismissal so is Count II.

The Fourteenth Amendment prohibits a state from depriving any person of life, liberty, or property without due process of law or denying any person the equal protection of the law. The touchstone of due process is protection of the individual against arbitrary action of government. *See Dent v. West Virginia*, 129 U.S. 114, 123 (1889); *County of Sacramento v. Lewis*, 523 U.S. 833, 845 (1998).

Notably, while the Supreme Court has held in the case of *Rochin v. California,* 324 U.S. 165, 169, 172-173(1952) that substantive due process is violated by state conduct that "shocks the conscience" or constitutes force that is "brutal" and such as to offend hardened sensibilities, (emphasis is theirs), it has made it clear that **where there is another applicable constitutional provision such as the Eighth or Fourth Amendment to the Constitution the claim must be analyzed under the other constitutional provision not the Fourteenth Amendment.** *United State v. Lanier,* 520 U.S. 259, 272, n 7 (1997); *Lewis*, at 842. The Fourteenth Amendment analysis and the applicable shock the conscience standard is only applicable where there are no other available provisions such in *Lewis*, where the claim arose due to a high-speed chase and there was no

governmental custodial relationship.

Since the analysis for Count II is to be premised upon the deliberate indifferent standard it is clear that for the same reasons the Plaintiffs failed to state a plausible claim for relief against Luckett in Count I, then Count II fails to state a plausible claim for relief.

Additionally, it is respectfully submitted that the Plaintiff, Casey White lacks standing to bring a separate cause of action. The Eighth Amendment duty to protect prisoners from violence, which is applied to the States through the Fourteenth Amendment is a duty owed to the prisoner himself, which survives the death through his estate or personal representative. However, in the instant case the father wants to bring a claim it would appear premised upon a liberty interest in a continued relationship with his son. This is made clear when looking at the prayer for relief where he claims entitlement to damages for mental pain and suffering, loss of companionship, instruction, guidance, protection, care, etc., and destruction/mutilation of Cody's remains.

Substantive due process claims do not extend to a relationship between the parent and an adult son. *Robertson v. Hecksel,* 420 F.3d 1254 (11th Cir. 2005). It is recognized that the Constitution does not protect against all encroachments by the state onto the interests of individuals. *Id,* at 1262. Therefore, the father, Casey White, has no independent claim for a Fourteenth Amendment violation. His right to recover damages for the death are provided for in Section 768.21 Fla. Stat., pursuant to Florida's Wrongful Death Statute.

**D. Luckett is Entitled to Qualified Immunity.**

In the instant case Plaintiffs allege that at all times Luckett was employed by Florida's Department of Corrections and acting under color of law within the scope of his employment. Clearly, Plaintiffs are alleging Luckett was acting within the scope, therefore, of his discretionary

authority. In such a capacity qualified immunity offers complete protection for governmental officials sued in their individual capacities if their conduct does not violate a clearly established constitutional right of which a reasonable person would have known. *Vineyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002). Qualified immunity applies in all cases unless it can be said that the government employee was either plainly incompetent or that the employee intentionally violated the clearly established right. *Malley v. Biggs*, 475 U.S. 335 (1986); *Ray v. Foltz,* 370 F.3d 1079 (11th Cir. 2004).

The law is well established that qualified immunity is an entitlement to not stand trial or face the burdens of litigation and questions of qualified immunity **must be determined at the earliest of stages in litigation.** *Mitchell v. Forsyth*, 472 U.S. 511, 526(1985); *Hunter v. Bryant*, 502 U.S. 224, 227(1991). Therefore, it is appropriate for this Court to grant the defense of qualified immunity at this stage of this litigation. *Williams v Ala. State Univ.*, 102 F.3rd 1179, 1182(11th Cir. 1977).

When raised in a motion to dismiss, qualified immunity must be resolved according to the facts alleged in the complaint. *Id.* The Court in the instant case must consider the facts that have been pled and not conclusions or formulaic recitations alleged by Plaintiff. The SAC in this case fails to establish that the acts of Luckett were plainly incompetent or that he intentionally violated a clearly established right of the Decedent. The SAC does not establish facts of any intent on the part of Luckett to establish he intended to violate the rights of Decedent because the SAC only makes conclusions or unwarranted factual deductions. There are insufficient allegations within the SAC to establish that Luckett actually violated any of the rights claimed by the Plaintiffs nor that they were deliberately indifferent to any of the Plaintiff's rights.

To establish a § 1983 claim for deliberate indifference, which is the requirement in this case, a plaintiff must show (1) a substantial risk of harm, (2) the defendant was deliberately indifferent to that risk and (3) the causation. *Marbury v. Warden*, 936 F.3rd 1227, 1233 (11th Cir. 2019). There is a subjective and objective component. *Id*, *Mandel v. Doe*, 888 F.2d 783, 788 (11th Cir. 1989). In the instant case with regard to trying to show deliberate indifference it is incumbent upon the Plaintiff to show at the time Luckett subjectively knew the Decedent faced a substantial risk of harm and that he totally disregarded that risk by failing to respond to it in an objectively reasonable manner. There are insufficiently pled facts to establish the subjective knowledge and then the intentional disregard of that knowledge in the SAC. In *Wade*, the Plaintiffs must plead facts that Luckett met this component. They did not.

A state official is said to have acted with deliberate indifference only where he disregards a serious risk of harm, of which he is **actually aware**. *Id.* Moreover not only must he be aware of facts from which he can draw an inference that a substantial risk of harm exists he must also draw that inference. *Ray* supra. In this case Plaintiffs' own pleadings negate the actual knowledge because they plead that the stabbing incident was not made known and a general risk of harm is insufficient.

The maliciously and sadistically standard requires actual motivation for the very purpose of causing harm, and not for the purpose of restoring discipline. *See Johson v. Breeden* 280 F.3rd 1308, 1321 (11th Cir. 2002);*Wilkins v. Gaddy*, 559 U.S. 34,37 (2010). Therefore, in order to deny the immunity, it is respectfully submitted that there has to be a factual allegation that Luckett's acts were for the purpose of causing harm and there are no such factual allegations.

In the instant case the SAC falls short of pleading facts that are sufficient to strip Luckett from his qualified immunity because there are only unwarranted factual deductions or legal

conclusions masquerading as fact.

Additionally, there is a question related to whether the law was clearly established. The law does provide that the failure to conduct required cell checks and head counts, standing alone, is ordinary negligence and does not establish the subjective criminal recklessness standard. *Goodman,* supra. Since not every failure to check on a cell, and that is what has been pled, establishes criminal recklessness it can't be clear to Luckett that he was violating the law. Hence, Luckett should be accorded qualified immunity.

It is appropriate to dismiss the action since the law is well established that because qualified immunity is an entitlement to not stand trial or face the burdens of litigation questions of qualified immunity must be determined at the earliest of stages in litigation. *Mitchell v. Forsyth*, 472 U.S. 511, 526(1985); *Hunter v. Bryant*, 502 U.S. 224, 227(1991). Therefore, it is appropriate for this Court to grant the defense of qualified immunity at this stage of the proceedings.

**E. Luckett is entitled to Enjoy Sovereign Immunity for the Wrongful Death Claim.**

In Count III of the SAC Plaintiffs seek to recover from a state employee. Section 768.28(9) of the Florida Statutes (2025) bars suits against individual officers, employee's or agents of the state or any of its subdivisions from personal liability for their tortious conduct, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in manner exhibiting wanton or willful disregard of human rights, safety, or property. This immunity is, like qualified immunity, both from suit and from liability, which is effectively lost if the person entitled to assert it is required to go to trial. *Willingham v. City of Orlando*, 929 So.2d 43, 48 (Fla. 5th DCA 2006).

It is the burden of a plaintiff seeking to sue a governmental employee to plead sufficient factual allegations to meet the statutory exceptions in order to avoid individual immunity for Luckett.

*Brown v. McKinnon*, 964 So.2d 173, 176 (Fla. 3rd DCA 2007). In this regard Florida requires the complaint to set forth a short plain statement of ultimate facts showing the entitlement to relief. Rule 1.110(b)(2). Applying Florida's Rules of Procedure a plaintiff must make a good faith factual allegation in the complaint that the employee either acted outside of the scope of the employment or that the employee acted in bad faith, maliciously, or in a manner exhibiting a willful and wanton disregard of human rights, safety, or property. *Id.; §* 768.28(9)(a) Fla. Stat. No such allegations are contained in the SAC related to Luckett.

In the instant case the SAC is devoid of factual allegations establishing Luckett acted outside of the scope of his employment. On the contrary they allege he acted within the scope of said employment. The SAC is also devoid of factual allegations establishing that Luckett acted with the requisite bad faith, maliciously, or in a manner exhibiting a willful and wanton disregard of human rights, safety, or property. The Plaintiffs have only alleged some magic words and opinions of counsel together with conclusory allegations, but they do not factually tie them up with actual facts establishing that Luckett acted in any manner to strip him from his sovereign immunity provided by § 768.28(9) Fla. Stat.

"The object of Section 768.28(9)(a) is to give immunity to state employees and to make it clear that **legal responsibility lies only with the State itself under its limited waiver of sovereign immunity."** *Andrew v. Shands at Lake Shore, Inc.* 970 So.28, 887. 890 (Fla. 1st DCA 2007) Such immunity is to both liability and from suit, which immunity is effectively lost if the person entitled to assert it is required to go to trial. *Willingham v. City of Orlando*, 929 So.2d 43, 48 (Fla. 5th DCA 2006) The legislature has not abolished the Plaintiff's right to redress it has simply substituted the state or its agencies for the individual employees who could have been sued in the past. *Department*

*of Transportation v. Knowles,* 402 So.2d 1155 (Fla. 1981) The Plaintiff's affirmative duty cannot be satisfied by mere conclusory allegations such as the ones contained in the SAC. Moreover, whether the employee is entitled to immunity is a pure question of law. *See Plancher v. UCF Athletics Ass'n,* 175 So.3rd, 724, 725 n.3 (Fla.2015)

The SAC fails to allege the requisite harmful intent required for exempting the employee from suit and liability. Section 768.28(9)(a) makes it clear that there is a greater degree of culpability required, which is greater than gross negligence. *See Elliott v. Dugger*, 579 So.2d 827, 831 (Fla. 1st DCA 1991) Depending on the facts whether an act is committed with malicious purpose, bad faith, or with a wanton and willful disregard may be decided by the court rather than a jury. *See McGhee v. Volusia County,* 679 So.2d 729, 733 n 7 (Fla. 1996), *Prieto v. Malgor*, 361 F. 3rd 1313, 1320 (11th Cir. 2004).

Under Florida law wanton and willful disregard of human rights is the equivalent of conduct that is much more reprehensible and unacceptable than mere intentional conduct, and conduct that is worse than gross negligence. *Richardson v. Pompano Beach,* 511 So.2d 1121, 1123 (Fla. 2nd DCA 1987); *Sierra v. Associated Marine Insts., Inc.* 850 So.2d 582, (Fla. 2nd DCA 2003) There are no factual allegations contained in this Complaint that would establish any acts on the part of Luckett that would rise to the level of conduct that is much more reprehensible and unacceptable than mere intentional conduct or conduct that is worse than gross negligence. At best what the Plaintiffs allege is speculation and a formulaic recitation of what they believe the elements of their claims are.

In Section 768.28 Fla. Stat. the legislature has made it clear that sovereign immunity is waived only to the extent specified in the act and actions at law against the state or it agencies is allowed. Section (9)(a) of the said statute makes it clear that the intent of the legislature in waiving

its sovereign immunity it would stand in the shoes of its employees when they were negligent. The effect of reading these two provisions of Section 768.28 is that employees were to be insulated from personal liability for torts committed within the scope of employment. The legislature intended to give immunity to state employees under its limited waiver of sovereign immunity.

Most respectfully by the very nature of the action that has been brought by the Plaintiffs against Luckett it is clear they are pleading negligence by failing to conduct what they claim to be a improper cell checking. Hence, under the Florida Wrongful Death Statute Luckett cannot be sued personally as a state employee, pursuant to § 768.28(9) Fla. Stat.

Section 768.28 (9) does not define the phrases bad faith, malicious purpose, or wanton and willful disregard of human rights or safety. However, there is case law that has defined these phrases. Bad faith as use in § 768.28(9)(a) was interpreted by the First District Court of Appeal in the case of *Parker, v. State of Fla. Bd. Of Regents ex rel. Fla. State University*, 724 So.2d 163, 167 (Fla. 1st DCA 1998) to be equated with the actual malice standard. Actual malice means ill will, hatred, spite an evil intent. *See Reed v. State*, 837 So.2d 366 (Fla. 2002); *Thomlinson v. State*, 322 So.3d 212 (Fla. 3rd DCA 2021) (*affirmed* 2023 Fla. Lexis 1307(August 24, 2023). There are no allegations in the Plaintiffs' SAC that could even infer there was ill will, hatred, spite or an evil intent on the part of Luckett. Hence, the allegations in the SAC do not meet the requisite bad faith requirement.

The term malicious purpose, relating to § 768.28(9)(a), has similarly been interpreted as meaning the conduct was committed with ill will, hatred, spite, or an evil intent., or with the subjective intent to do wrong. *Eiras v. Florida,* 239 F. Supp. 3rd 1331, 1343, 1345 (M.D. Fla. 2017) There are insufficient allegations contained in the SAC to establish Luckett acted with malicious purpose. At best the allegations are limited to breaches of duty but not with malicious purpose.

Hence, the Plaintiffs have not established the requisite malicious purpose to strip Luckett of his sovereign immunity.

Wanton and willful disregard of human rights is the equivalent of conduct much more reprehensible and unacceptable than mere intentional conduct, and conduct that is worse than gross negligence. *Richardson*; *Sierra.* There are no allegations in the SAC establishing Luckett acted accordingly. Wanton and willful disregard in light of § 768.28(9)(a) logically means more than reckless disregard or rights. The facts in the instant case are insufficient to indicate the requisite consciousness or intent on the part of Luckett to do the harm and certainly there are no allegations to establish any subjective intent on his part to do so. Having knowledge is insufficient to establish the wanton and willful prong of the statute. *Richardson.*

The simple truth is that the pleadings are insufficient from a factual standpoint to establish that Luckett has acted in any manner to strip him from his sovereign immunity provided to him in § 768.28(9)(a) Fla. Stat. (2023). Therefore, he should be granted sovereign immunity and Count III of the SAC should be dismissed.

**CONCLUSION**

There is no doubt in this case that the Plaintiffs have failed to meet the necessary pleading requirements to put Luckett on actual notice of what it is they are claiming he did wrong to harm Decedent. It is clear the Plaintiffs have failed to provide this court with sufficient factual content accepted as true to show there is a plausible claim for relief against them. Additionally, there is no doubt, but that Plaintiffs have failed to establish any constitutional violation on the part of Luckett sufficient to establish a right to any relief against him. Moreover, he is entitled to both qualified immunity and sovereign immunity.

Therefore, the Court should grant Luckett his immunity and dismiss the claims against him.

## CERTIFICATE OF CONFERRAL

Pursuant to rule 7.1 of the Local Rules of this court, undersigned in not required to confer with Plaintiffs for the reason that Motions to Dismiss based on a failure to state a cause of action are exempt.

**RESPECTFULLY SUBMITTED:**
**DUTTON LAW GROUP, P.A.**
1725 ½ E. 7th Ave.
Ybor City, Fla. 33605
(786) 871-7971
sweissenborn@duttonlawgroup.com
Service.skw@duttonlawgroup.com
By:/s/Sheridan Weissenborn
**Sheridan Weissenborn**
Fla. Bar. No: 165960

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 9th day of October, 2026, I electronically filed the foregoing Notice of Appearance with the Clerk of the Court using CM/ECF. I also certify that the foregoing Notice of Appearance is being served upon; James M. Slater, Esq., Slater Legal, PLLC, 9000 Dadeland Blvd. Ste. 1500, Miami, Fla. 33156 at the designated email address james@slater.legal,; to Sarah Grady Esq., Matthew Underwood, Esq. David Schmutzer, Esq., and Amelia Caramadre, Esq.,. Kaplan &Grady, LLC, 2071 N. Southport Ave, Ste. 205 Chicago, Ill 60614, at the email addresses david@kaplangrady.com sarah@kaplangrady.com, amelia@kaplangrady.com and matthew@kaplangrady.com; to Lourdes E. Wydler, Esq., Wydler Law, 1550 Madruga Ave. Ste. 400, Coral Gables, Fla. 33146 at email address,

email:lew@wydlerlaw.com and guertty@wydlerlaw.com, to Christopher J. Whitelock, Esq., Jessalynn R. Kantzavelos, Esq., and David Frank, Esq., Whitelock & Associates, 300 Southeast Thirteenth Street. Fort Lauderdale, Fla. 33316, email addresses: cjw@whitelocklegal.com, jrk@whiteloclegal.com, davidfrank@whitelocklegal.com, nd ark@whitelocklegal.com, and to Broderick Taylor, Esq. Office of the Attorney General, Civil Litigation Division, 1300 Riverplace Blvd., Ste. 405, Jacksonville, Fla. 32207 at the email address Broderick.Taylor@myFloridalegal.com.

**RESPECTFULLY SUBMITTED:**
**DUTTON LAW GROUP, P.A.**
1725 ½ E. 7th Ave.
Ybor City, Fla. 33605
(786) 871-7971
sweissenborn@duttonlawgroup.com
Service.skw@duttonlawgroup.com
By:/s/Sheridan Weissenborn
**Sheridan Weissenborn**
Fla. Bar. No: 165960