# Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

Case No. 2:26-cv-14004-DMM

CHRISTINNA WHITE, *et ano.*,

Plaintiffs,

v.

SERGEANT HERNANDEZ, *et al.*,

Defendants.
_______________________________________/

**DECLARATION OF DAVID SCHMUTZER IN SUPPORT OF PLAINTIFFS' MOTION TO RECONSIDER THE COURT'S ORDER DENYING PLAINTIFFS' MOTION TO COMPEL AS MOOT [DKT 142]**

1. My name is David Schmutzer. I am an attorney at Kaplan & Grady LLC, one of the law firms representing Plaintiffs Christinna White and Casey White in this matter. I am admitted to practice before this Court pro hac vice.

2. The matters in this declaration are based on personal knowledge.

3. I submit this declaration to describe Plaintiffs' repeated efforts to confer with the Florida Department of Corrections ("FDC") about its response to Plaintiffs' subpoena before Plaintiffs filed their Motion to Compel. Dkt. 107.

4. Plaintiffs served the subpoena on FDC on April 27, 2026. The subpoena's return date was May 7, 2026. FDC did not serve objections or produce documents by the return date or within fourteen days of service.

5. On June 17, 2026, Plaintiffs followed up with FDC about the status of its response. FDC responded that it did not need to respond to the subpoena because a motion to stay discovery was pending, even though no court order had stayed discovery.

6. Counsel for Plaintiffs and counsel for FDC then met and conferred about FDC's response to the subpoena on at least four occasions before Plaintiffs filed their Motion to Compel: July 9, 2026; July 23, 2026; August 6, 2026; and October 8, 2026. I participated in each conference, which took place by telephone or videoconference. FDC's counsel, Amber Kourofsky and/or Kristen Lonergan, participated in each conference on FDC's behalf.

7. During these conferences, the parties discussed the specific requests in the subpoena, the scope and timeframe of certain requests, which documents FDC had produced, which documents remained outstanding, and when FDC would complete its production. The purpose of each conference was to resolve FDC's failure to respond to the subpoena without Court intervention.

8. On August 7, 2026, I sent FDC's counsel a letter memorializing the parties' August 6 conference. During that conference, Plaintiffs offered to pay $850 to settle the invoice FDC had issued for records from its Office of the Inspector General ("OIG"). On August 14, 2026, FDC accepted that offer and stated that the OIG records "can be produced upon receipt of payment." Plaintiffs paid the $850 on Monday, August 17, 2026, the next business day.

9. Between the conferences, Plaintiffs repeatedly followed up with FDC in writing about its outstanding production, including on August 12, 14, 18, 21, and 28 and September 2, 2026. True and correct copies of these emails were filed as Exhibit 4 to the Motion to Compel Dkt. 107-4.

10. Plaintiffs also told FDC in writing that they would seek Court intervention if FDC did not complete its production. On August 14, 2026, I wrote to FDC's counsel: "Next week, we are going to file a motion with the Court asking it to order FDOC to complete its production by 8/31." On September 2, 2026, my colleague Amelia Caramadre wrote that, if Plaintiffs did not receive "these documents by Monday 9/7, we may need to raise this issue with the court," and asked FDC for its availability to confer.

11. On September 23, 2026, Plaintiffs asked FDC to confer in three separate emails and informed FDC that Plaintiffs would move to compel if FDC did not complete its production by September 30, 2026. FDC did not agree to confer at that time. Instead, FDC's counsel responded that "[d]iscovery is open until December 14, 2026 under the new order." A true and correct copy of that email was filed as Exhibit 3 to the Motion to Compel. Dkt. 107-3.

12. On October 8, 2026, the day before Plaintiffs filed their Motion to Compel, counsel for Plaintiffs and counsel for FDC conferred again. We discussed the status of Request Nos. 3–5, 13, 18–27, 29, 32–34, 37–39, and 42, and the OIG report on the investigation into Cody White's death, which FDC had not yet produced even though Plaintiffs had paid for it nearly two months earlier.

13. The parties were unable to resolve the dispute at the October 8 conference. Plaintiffs filed their Motion to Compel on October 9, 2026.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 10, 2026 in Brooklyn, New York.

David Schmutzer
**KAPLAN & GRADY LLC**
2071 N. Southport Ave., Ste. 205
Chicago, IL 60614
T: (312) 852-2184
david@kaplangrady.com