# Exhibit 3

KAPLAN & GRADY

**David Schmutzer**
david@kaplangrady.com
312 254 8629

October 16, 2026

_Via Electronic Mail_

Amber Kourofsky
Assistant General Counsel
Office of the General Counsel
Florida Department of Corrections
501 South Calhoun Street
Tallahassee, Florida 32399
Amber.Kourofsky@fdc.myflorida.com

**Re: *White v. Hernandez, et al.*, Case No. 26-cv-14004 (S.D. Fla.)**

Dear Amber,

This letter serves both to memorialize our October 8 conferral and to clarify the deficiencies that still persist following your October 14 production and emails.

During our October 8 conferral, you agreed that documents remained outstanding for Request Nos. 3, 4, 5, 13, 18-26, 27, 29, 32, 33, 34, 37, and 39 (but videos responsive to No. 3 should take care of No. 39). We also discussed that Plaintiffs believe Request Nos. 13, 30, and 38 are incomplete. Since documents remain outstanding, we moved to compel on October 9.

On Wednesday, October 16, you sent us documents responsive to Request Nos. 3 and 27 and stated that the only items that remain outstanding from your purview are the videos responsive to Request No. 13 and documents responsive to No. 37, but we disagree that those are the only ones left outstanding. As described below, there are several requests that remain unaddressed from our conferral. Specifically:

**Request No. 2** seeks Cody's complaints/grievances and responses to them. On October 8, you stated that this production is complete and responsive documents were provided to Request Nos. 1 and 14. We understand this to be resolved.

**Request Nos. 3-5** seek all documents, including but not limited to any videos, related to the OIG investigation into Cody's death. During our conference, you agreed there were outstanding documents. On October 14, you emailed us stating that you were producing another batch of documents that would complete these requests. You produced videos that we are unable to access, but we still do not have the 6,000-page OIG report that Kristen Lonergan said she possessed and for which we provided payment. On October 14, you said the report had been produced, and we asked you to clarify exactly where and when you believe it was produced so we can locate it, but we have not received a response, despite receiving a response to the issue related to the videos

raised in the same email. We acknowledge that you are attempting to upload the videos in an accessible manner, but as of now the videos and the OIG report remain outstanding. Moreover, you contend that the report has been produced, but we do not have it. You have not responded to my emails asking for clarification about when you purportedly produced it. These requests are **incomplete**.

**Request No. 10** seeks all MINS incident reports related to Cody's death. The documents produced indicate DC6-112C witness statements are to be attached. They are not attached. This request is **incomplete**.

**Request No. 11** seeks all MINS incident reports for the named Defendants. You stated this is complete.

**Request No. 12** seeks all audio, video, and/or audiovisual recordings taken in B-Dormitory at Okeechobee CI from January 25, 2025 through February 4, 2025. Despite Kristen's claim on September 8 that there were "no responsive records" to this request, you produced video footage (albeit footage that is currently inoperable and inaccessible, which you indicated would be reproduced) on October 14. Clearly then, there are responsive records. Besides the few inoperable and corrupted video files we received last week in response to Request No. 3, no other footage has been provided to date. Furthermore, No. 12 is broader than Nos. 3 and 39. It covers 11 days, including the January 27 attack on Flash. Producing footage in response to Nos. 3 and 39 does not render this complete. Bubble audio recordings from the control room remain outstanding in addition to the other footage. This request is **incomplete.**

**Request No. 13** seeks all documents, communications, and recordings relating to any investigation into Cody's death, including Documents reflecting any draft or final findings made by any Person or body pursuant to any investigation; any materials reviewed during or after the investigation process including but not limited to any surveillance footage or recordings; witness statements; death summaries; death reports; autopsies; peer reviews and/or collegial reviews; continuous quality improvement analyses; root cause analyses; clinical mortality reviews; administrative reviews; Documents reflecting disciplinary, supervisory, corrective, or other actions taken following such an investigation; Communications made pursuant to or as part of any such investigation; and any Documents relating to other actions undertaken or recommendation made based on any investigation. We have received a single 8-page document in response to this request. On October 14, you stated that production is complete except for videos. Per Kristen's August 28 email, this request requires a complete production to Request Nos. 3-5. Thus, this request remains outstanding and is **incomplete**.

**Request No. 15** seeks Justin Settle's complete medical and mental health file. On October 8, you stated this response is complete. We have his records from 2024-2026 only. This request remains **incomplete**.

**Request Nos. 18-26** seek documents sufficient to identify the FDOC employees responsible for conducting Master Roster Rounds and cell checks on January 31, February 1-3, 2025 in B-Dormitory. I understand the document produced "10-Housing Sergeant-Officer (Confinement) FINAL.pdf" to be used in conjunction with the tables produced in response to Nos. 6 and 7, but

we can't ascertain or identify who was responsible for conducting the rounds Jan 31 - Feb 2 using that job description document and the tables, since there were multiple people on duty in B-dorm. We are looking for unit logs to identify who signed off on the rounds, like those produced in response to Request No. 39. This request is **incomplete**.

**Request No. 27 s**eeks policies, procedures, criteria, training, and practices for assigning inmates to cells and cellmates at OCI. On October 8, you agreed this production was incomplete. On October 14, you produced one additional 2-page document and asserted that production was now complete. We disagree. We are seeking the "Housing Integrated Assessment & Placement System" display page for Cody, like the one you produced for Settle. We are additionally seeking policies, procedures, criteria, training, and practices. These have not been produced, and thus this request is **incomplete**.

**Request No. 29** seeks documents and communications relating to the decision to house Cody White and Justin Settle together in the same cell. The documents produced in response to this request relate to Flash, not White. We need documents related to Cody. On October 8, you stated some of these documents are in boxes and it may take a week or two, yet on October 14 you claimed this was complete without having produced any additional documents. This request is **incomplete**.

**Request No. 30** seeks requests by Cody, Flash, or Settle to be moved or separated from other inmates. You have stated this is complete.

**Request No. 33** seeks documents related to Settle's previous violent or aggressive behavior. On October 8, you agreed this was incomplete, but on October 14, you asserted that it was complete despite not having produced anything additional. This request is **incomplete**.

**Request No. 34** seeks all documents related to Settle's attack on Miller. On October 8, you agreed this was incomplete, which is also reflected by your office's labeling of the response as "[p]artial production," but on October 14, you asserted that it was complete despite not having produced anything additional. Furthermore, the limited documents produced indicate that physical evidence was recovered, the incident was "video taped," and both bodycam and wing footage were recorded and recovered. All of that is directly responsive to this request, yet no footage has been produced to date despite your assertions of completeness. This request is **incomplete**.

**Request No. 37** seeks communications between Defendants about Settle's behavior and risk of violence. You agree this is **incomplete**.

**Request No. 38** seeks staff levels and assignments in the 2 weeks prior to Cody's murder. In Kristen's September 8 email she indicated that documents produced in response to Request Nos. 6 and 7 complete this production, but those documents only cover Jan 26-Feb 4. Our request seeks responsive documents starting from January 20, 2025. This is **incomplete**.

**Request No. 39** seeks documents including surveillance videos related to cell checks and security rounds on the date of Cody's death. We have not received any videos responsive to this request.

You stated videos responsive to request No. 3 should respond to this request as well. We have not received videos in an accessible format as of this time. This is **incomplete**.

**Request No. 40** seeks documents relating to any failures to conduct required cell checks, security rounds, or welfare checks at OCI from January 1, 2025 through February 4, 2025. While the request covers a five-week window, only one document has been produced in response, and it covers checks on February 3 only. The report says it is being forwarded to HR for possible discipline. No disciplinary-related documents have been provided. Please produce additional documents. This request is **incomplete**.

**Request No. 41** seeks documents related to prior cellmate-on-cellmate deaths from 1/1/2020 to present. You provided a link to a website listing FDOC deaths and stated you don't have anything additional to produce. The link indicates which deaths were homicides but does not provide the names of the decedents. FDOC must be in possession of the names of the decedents and the circumstances of their homicides. As a start, Plaintiffs would accept a list of the names of the decedents who died by cellmate-on-cellmate violence. As of now, this request is **incomplete**.

**Request No. 42** seeks documents related to complaints/lawsuits alleging failure to protect/improper cell assignments. On August 18, Kristen stated that this one was on hold awaiting KG internal conferral to see if we can limit it. We stated it depended on what the link for Request No. 41 says. As described above, the link produced in response to No. 41 is insufficient, and we need more information about the individuals who died from cellmate-on-cellmate violence before we can decide how this request can be addressed. This request is **incomplete**.

**Redactions.** The documents produced to date contain redactions. As I've repeatedly explained and as we've explained to the Court in our motion to compel, those are impermissible, especially given the protective orders entered in the case. As an example only, in response to Request No. 32, you redacted full pages on pp. 121-22 and 162. Those pages should be reproduced without redaction.

As you know, the discovery schedule in this case is extremely tight. Moving forward with depositions depends on FDOC's complete production in response to our subpoena. We have already moved to compel, but I hope writing these issues out in letter form helps to further clarify what remains outstanding from our perspective. If you'd like to confer again, we are available.

Sincerely,

David Schmutzer