UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 26-cv-14004-DMM

CHRISTINNA WHITE, as Personal Representative Of the Estate of Cody Lee White and CASEY WHITE, individually,

Plaintiffs,

vs.

SERGEANT HERNANDEZ, SERGEANT CLIFTON MCCLAY YATES, CORRECTIONAL OFFICER CANNADO, CORRECTIONAL OFFICER THOMAS DUNN, CAPTAIN WILLIAM HAMILTON, SERGEANT ANDRIANA RANKINE, LIEUTENANT DENNIS BURNEY, SERGEANT CARTER, JESUS CRUZADO, BOYKINS and DOES 1-11,

Defendants.
_______________________________________/

**DEFENDANT, TROY HAWKINS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CONSENT SECOND AMENDED COMPLAINT [ECF NO. 89]**

Defendant, TROY HAWKINS, ("Defendant"), by and through his undersigned counsel, Whitelock & Associates, P.A., and pursuant to Federal Rules of Civil Procedure 7 and 8, answer Plaintiffs' Consent Second Amended Complaint [ECF No. 89] as follows:

1. In response to paragraph 1 of the Second Amended Complaint, Defendant denies the allegations.

2. In response to paragraph 2 of the Second Amended Complaint, Defendant denies the allegations.

3. In response to paragraph 3 of the Second Amended Complaint, Defendant denies the allegations.

4. In response to paragraph 4 of the Second Amended Complaint, Defendant denies the allegations.

**JURISDICTION AND VENUE**

5. Defendant admit that the Court has subject-matter jurisdiction over the federal claims and supplemental jurisdiction as authorized by law, but otherwise deny any remaining allegations or legal conclusions in paragraph 5.

6. Defendant admit that venue is proper in this District, but otherwise deny any remaining allegations or legal conclusions in paragraph 6.

**PARTIES**

7. Defendant is without knowledge sufficient to admit or deny the allegations concerning Plaintiff Christinna White's representative capacity and therefore deny them, except Defendant admits that she purports to bring this action as Personal Representative of the Estate of Cody Lee White.

8. Defendant admits that Casey White is Cody White's father and purports to sue individually, but denies that he holds any valid individual claim against these Defendant and otherwise deny the allegations.

9. Defendant admits the allegations in paragraph 9 concerning the identified Defendant's employment by FDOC, individual-capacity status, action under color of state law, and action within the scope of employment.

10. Defendant admits the allegations in paragraph 10 concerning the identified Defendant's employment by FDOC, individual-capacity status, action under color of state law, and action within the scope of employment.

11. Defendant admits the allegations in paragraph 11 concerning the identified Defendant's employment by FDOC, individual-capacity status, action under color of state law, and action within the scope of employment.

12. Defendant admits the allegations in paragraph 12 concerning the identified Defendant's employment by FDOC, individual-capacity status, action under color of state law, and action within the scope of employment.

13. Defendant admits the allegations in paragraph 13 concerning the identified Defendant's employment by FDOC, individual-capacity status, action under color of state law, and action within the scope of employment.

14. Defendant admits the allegations in paragraph 14 concerning the identified Defendant's employment by FDOC, individual-capacity status, action under color of state law, and action within the scope of employment.

15. Defendant admits the allegations in paragraph 15 concerning the identified Defendant's employment by FDOC, individual-capacity status, action under color of state law, and action within the scope of employment.

16. Defendant admits the allegations in paragraph 16 concerning the identified Defendant's employment by FDOC, individual-capacity status, action under color of state law, and action within the scope of employment.

17. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 17 concerning another Defendant and therefore deny them.

18. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 18 concerning another Defendant and therefore deny them.

19. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 19 concerning another Defendant and therefore deny them.

20. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 20 concerning another Defendant and therefore deny them.

21. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 21 concerning another Defendant and therefore deny them.

22. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 22 concerning another Defendant and therefore deny them.

23. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 23 concerning another Defendant and therefore deny them.

24. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 24 concerning another Defendant and therefore deny them.

25. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 25 concerning another Defendant and therefore deny them.

26. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 26 concerning another Defendant and therefore deny them.

27. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 27 concerning another Defendant and therefore deny them.

28. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 28 concerning another Defendant and therefore deny them.

29. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 29 concerning another Defendant and therefore deny them.

30. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 30 concerning another Defendant and therefore deny them.

31. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 31 concerning another Defendant and therefore deny them.

32. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 32 concerning another Defendant and therefore deny them.

33. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 33 concerning another Defendant and therefore deny them.

34. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 34 concerning another Defendant and therefore deny them.

35. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 35 concerning another Defendant and therefore deny them.

36. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 36 concerning another Defendant and therefore deny them.

37. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 37 concerning another Defendant and therefore deny them.

38. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 38 concerning another Defendant and therefore deny them.

39. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 39 concerning another Defendant and therefore deny them.

40. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 40 concerning another Defendant and therefore deny them.

## ALLEGATIONS

41. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 41 and therefore deny them.

42. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 42 and therefore deny them.

43. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 43 and therefore deny them.

44. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 44 and therefore deny them.

45. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 45 and therefore deny them.

46. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 46 and therefore deny them.

47. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 47 and therefore deny them.

48. Defendant denies the allegations in paragraph 48.

49. Defendant denies the allegations in paragraph 49.

50. Defendant denies the allegations in paragraph 50.

51. Defendant denies the allegations in paragraph 51.

52. Defendant denies the allegations in paragraph 52.

53. Defendant denies the allegations in paragraph 53.

54. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 54 and therefore deny them.

55. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 55 and therefore deny them.

56. Defendant denies the allegations in paragraph 56 as to Hernandez, Yates, and Dunn. Defendant is without knowledge sufficient to admit or deny the allegations concerning the remaining identified individuals and therefore deny them.

57. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 57, except Defendant denies that any act or omission by Hernandez, Yates, or Dunn violated Cody White's rights or caused the alleged harm.

58. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 58, except Defendant denies that any act or omission by Hernandez, Yates, or Dunn violated Cody White's rights or caused the alleged harm.

59. Defendant denies the allegations in paragraph 59.

60. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 60 and therefore deny them.

61. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 61 and therefore deny them.

62. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 62 and therefore deny them.

## COUNT I
## 42 U.S.C. § 1983 - DELIBERATE INDIFFERENCE (EIGHTH AMENDMENT)

63. Defendant reassert his responses to paragraphs 1 through 62 as if fully set forth herein.

64. Defendant denies the allegations in paragraph 64.

65. Defendant denies the allegations in paragraph 65.

66. Defendant denies the allegations in paragraph 66.

67. Defendant denies the allegations in paragraph 67.

68. Defendant denies the allegations in paragraph 68.

69. Defendant denies the allegations in paragraph 69.

70. Defendant denies the allegations in paragraph 70.

71. Defendant denies the allegations in paragraph 71.

72. Defendant denies the allegations in paragraph 72.

**COUNT II**
**42 U.S.C. § 1983 - DEPRIVATION OF RIGHTS (FOURTEENTH AMENDMENT)**

73. Defendant reassert his responses to paragraphs 1 through 62 as if fully set forth herein.

74. Defendant denies the allegations in paragraph 74.

75. Defendant denies the allegations in paragraph 75.

76. Defendant denies the allegations in paragraph 76.

77. Defendant denies the allegations in paragraph 77.

78. Defendant denies the allegations in paragraph 78.

79. Defendant denies the allegations in paragraph 79.

80. Defendant denies the allegations in paragraph 80.

**COUNT III**
**FLORIDA WRONGFUL DEATH ACT, §§ 768.16-768.27, FLORIDA STATUTES**

81. Defendant reassert his responses to paragraphs 1 through 62 as if fully set forth herein.

82. Defendant denies the allegations in paragraph 82.

83. Defendant denies the allegations in paragraph 83.

84. Defendant denies the allegations in paragraph 84.

85. Defendant denies the allegations in paragraph 85.

86. Defendant denies the allegations in paragraph 86.

87. Defendant denies the allegations in paragraph 87.

88. Defendant denies the allegations in paragraph 88.

89. Defendant denies the allegations in paragraph 89.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any of the relief requested in the Second Amended Complaint.

Defendant denies every allegation not expressly admitted above and assert the following affirmative defenses without assuming any burden not otherwise imposed by law:

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim upon which relief can be granted against these Defendants as to Counts I, II, and III, including because it improperly groups numerous Defendants together and does not plead the individualized personal participation, subjective knowledge, causation, or malicious or wanton conduct required for the claims asserted.

## SECOND AFFIRMATIVE DEFENSE

These Defendants are entitled to qualified immunity on Counts I and II. At all material times they were state officials performing discretionary functions within the scope of their employment, and their conduct did not violate any clearly established statutory or constitutional right of which a reasonable official in their positions would have known.

## THIRD AFFIRMATIVE DEFENSE

Liability under 42 U.S.C. § 1983 requires proof that each Defendant personally participated in a constitutional violation or that a causal connection exists between that Defendant's own conduct and the alleged harm. There is no respondeat superior or vicarious liability under Section 1983. Plaintiffs cannot establish the individualized personal participation and causation required as to these Defendants.

## FOURTH AFFIRMATIVE DEFENSE

These Defendants were not deliberately indifferent to any substantial risk of serious harm to Cody White. No Defendant subjectively knew of and disregarded an excessive risk to his health or safety. At most, the allegations sound in negligence, which does not establish liability under 42 U.S.C. § 1983 or the Eighth or Fourteenth Amendments.

## FIFTH AFFIRMATIVE DEFENSE

Cody White's death was caused by the independent, intentional, and criminal conduct of Justin Settle. To the extent permitted by applicable law, that conduct constitutes an intervening and superseding cause that bars or limits any recovery against these Defendants.

## SIXTH AFFIRMATIVE DEFENSE

As to Count III, these Defendants are immune from personal liability under Section 768.28(9)(a), Florida Statutes. At all material times they were employees of the State of Florida acting within the scope of their employment, and they did not act in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent any claim is asserted against these Defendants in an official capacity or otherwise seeks recovery from the State of Florida or its agencies, the claim is barred or limited by sovereign immunity and Section 768.28, Florida Statutes, including the applicable limitations on damages, prejudgment interest, and punitive damages.

## EIGHTH AFFIRMATIVE DEFENSE

To the extent the Second Amended Complaint seeks monetary damages against these Defendants in their official capacities, the claims are barred by the Eleventh Amendment and the sovereign immunity of the State of Florida.

## NINTH AFFIRMATIVE DEFENSE

As to Count III, any fault and damages must be apportioned in accordance with Section 768.81, Florida Statutes. The fault of all persons and entities that contributed to the alleged injuries, including Justin Settle and any properly identified nonparties, must be considered, and these Defendants are answerable, if at all, only for their respective percentages of fault.

## TENTH AFFIRMATIVE DEFENSE

Any recovery must be reduced by all amounts Plaintiffs received or are entitled to receive from collateral sources and by any settlement, payment, or recovery obtained from another person or entity for the same injuries, to the extent authorized by Sections 768.76 and 768.041, Florida Statutes, or other applicable law.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery is barred or must be reduced to the extent Plaintiffs or the Estate failed to take reasonable steps to mitigate the damages alleged in the Second Amended Complaint.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to punitive damages. Plaintiffs cannot establish that any Defendant acted with evil motive or reckless or callous indifference to federally protected rights. Punitive damages also are barred or limited by Sections 768.28(5), 768.72, and 768.73, Florida Statutes, and any award inconsistent with constitutional due process is prohibited.

**THIRTEENTH AFFIRMATIVE DEFENSE**

At all material times these Defendants acted in good faith, with objective reasonableness, and in accordance with the information available to them and the duties of their positions. Their conduct was reasonable under the circumstances they actually confronted.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Discovery and investigation remain ongoing. Defendants reserve the right to seek leave to amend this Answer to assert additional defenses supported by facts learned in discovery, consistent with the Federal Rules of Civil Procedure and the Court's scheduling order.

**FIFTEENTH AFFIRMATIVE DEFENSE**

To the extent Count III is a tort claim subject to Section 768.28, Florida Statutes, it is barred to the extent Plaintiffs failed to satisfy the statutory conditions precedent, including timely written presentment to the appropriate state agency and the Florida Department of Financial Services and expiration or denial of the claim before suit. Defendants specifically deny that all required conditions precedent were timely and properly satisfied.

**JURY TRIAL DEMAND**

Defendant demands a trial by jury on all issues so triable.

**WHEREFORE**, Defendant request entry of judgment in his favor, dismissal of the action with prejudice, an award of taxable costs and any other relief authorized by law, and all further relief the Court deems just and proper.

Respectfully submitted,

WHITELOCK & ASSOCIATES, P.A.
300 Southeast Thirteenth Street
Fort Lauderdale, Florida 33316
Phone No.: (954) 463-2001
Facsimile No.: (954) 463-0410
Counsel for Defendant, Hawkins

/s/Christopher J. Whitelock
CHRISTOPHER J. WHITELOCK
Florida Bar No. 067539
DAVID S. FRANK
Florida Bar No. 93906

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Filing electronically.

s/Christopher J. Whitelock

**SERVICE LIST**

James M. Slater, Esq.
Slater Legal, PLLC
9000 Dadeland Blvd., #1500
Miami, FL 33156
e-mail: james@slater.legal

Sarah Grady, Esq.
Matthew Underwood, Esq.
David Schmutzer, Esq.
Amelia Caramadre, Esq.
Kaplan & Grady, LLC
2071 N. Southport Ave., Suite 205
Chicago, IL 60614
Email: david@kaplangrady.com
sarah@kaplangrady.com
amelia@kaplangrady.com
matthew@kaplangrady.com

Lourdes E. Wydler, Esq.
Wydler Law
1550 Madruga Avenue, Suite 400
Coral Gables, Florida 33146
E-mail: lew@wydlerlaw.com

Sheridan Weissenborn, Esq.
Dutton Law Group, P.A.
9700 S. Dixie Highway, Suite 940
Miami, FL 33156
e-mail: sweissenborh@duttonlawgroup.com
e-mail: service.skw@duttonlawgroup.com

Broderick Taylor, Esq.
Senior Assistant Attorney General
James Uthmeier Attorney General
Office of the Attorney General
Civil Litigation Division – North Florida Bureau
1300 Riverplace Blvd., Suite 405
Jacksonville, FL 32207
e-mail: Broderick.taylor@myfloridalegal.com