**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**Case No.: 2:26-cv-14004-DMM**

CHRISTINA WHITE, *as Personal Representative of the Estate of Cody Lee White*, et al.,

*Plaintiffs*,

v.

SERGEANT DISAN HERNANDEZ, et al.,

*Defendants*.
______________________________/

**NON-PARTY FLORIDA DEPARTMENT OF CORRECTIONS' RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

Non-Party, Florida Department of Corrections ("Department"), pursuant to S.D. Florida Local Rule 7.1(c)(1) and this Court's order expediting briefing (DE 152), responds in opposition to Plaintiff's Motion for Reconsideration (DE 150) of this Court's Order on Motion to Compel (DE 142), and states:

## INTRODUCTION

Plaintiffs issued this subpoena – the first of three – to the Department on April 23, 2026. This subpoena featured 46 document requests that cover every single aspect of this case, going as far back as January 1, 2015.

As the Court recognizes, in response to this subpoena, the Department has produced "tens of thousands of documents, videos, and audio recordings," among other things. DE 129 at 1-3. Plaintiffs, however, believed – without any evidence – that the Department was

withholding responsive documents. And it objects to the Department's redactions on some of those documents under the Court's HIPAA qualified protective order.

Accordingly, on October 9, 2026, Plaintiffs moved to compel the Department to produce additional documents. The Department responded on October 27 (DE 129) and filed a notice of compliance with the subpoena on October 30, 2026 (DE 133). The Court, properly crediting the Department's representations that it had produced all responsive documents and finding that Plaintiffs did not properly confer before filing, denied Plaintiffs' motion to compel. DE 142. Plaintiffs now seek reconsideration of that order. DE 150.

Specifically, Plaintiffs insist that the Department's representations *must be* a "misrepresentation" because "responsive documents remain outstanding." *Id.* at 1, 7. Plaintiffs also claim that they properly conferred and the Court did not address its claim that the Department's redactions are improper.

None of these claims warrant reconsideration. The Department and its counsel conducted a reasonable search and production, and Plaintiffs' unfounded suspicion that the Department is withholding documents does not overcome the strong presumption that counsel acted in good faith. Moreover, whether the parties conferred is irrelevant here because the Court denied Plaintiffs' motion to compel as moot based on the Department's completed production – not Plaintiffs' failure to confer. And the Department has agreed to produce the unredacted versions of documents with protected health information ("PHI") covered by this Court's HIPAA protective order by the end of this week. For all these reasons, the Court should deny the motion.

## ARGUMENT

Federal Rule of Civil Procedure 54(b) provides district courts the plenary authority "to reconsider, revise, alter[,] or amend" their non-final orders at any time before entering final judgment. *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000); *see* Fed. R. Civ. P. 54(b). The decision whether to reconsider a non-final order is "committed to [the court's] sound judgment." *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367, 1380 (11th Cir. 2024). Ultimately, "[c]ommon sense, not a rigid set of rules, governs." *Id.* at 1380–81 (quoting 18 James Wm. Moore, et al. *Moore's Federal Practice* § 134.21(1)(3d ed. June 2024 update).

But the Court's discretion is not limitless. Indeed, while district courts "enjoy plenary *power* to reconsider non-final rulings, they need not employ plenary *review* when doing so." *Id.* (emphasis in original). Instead, "[a] district court's discretion in these matters is governed by the law-of-the-case doctrine." *Id.* This doctrine "expresses the practice of courts generally to refuse to reopen what has been decided." *Id.* (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 817 (1988)). Under the doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Hornady*, 118 F.4th at 1380 (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)). As a result, "in most instances district courts should hesitate before revisiting their earlier interlocutory orders" because the "important interests of finality, stability, and predictability underlie that justifiable caution." *Hornady*, 118 F.4th at 1380. That is why it is not enough for a movant to "simply rehash[ ] arguments already considered and rejected" and why "the more time that has passed between a district court's ruling and a party's motion to reconsider that ruling, the less willing the court ought to be to entertain the party's request." *See Hornady*, 118 F.4th at

1381 (noting that parties must "be able to rely on the rulings that progressively direct proceedings toward trial").

Plaintiffs offer three purported reasons why the Court should reconsider its order denying their motion to compel. First, they claim the Court denied their motion to compel "without a complete understanding of the factual record." Motion at 7. Second, Plaintiffs argue the Court mistakenly found that the parties had not conferred prior to Plaintiffs filing their motion to compel. Third, Plaintiffs insist that the order failed to address some of their arguments, including those about the Department's redacted production(s). Common sense, however, dictates that none of these reasons overcome the important interests of finality, stability, and predictability inherent in the Court's order. Thus, the Court should deny Plaintiffs' Motion.

I. **The Court's order correctly interpreted the factual record because the Department has produced all documents responsive to the Subpoena in its possession, custody, or control.**

The Court did not misconstrue or misunderstand the factual record before denying Plaintiffs' motion to compel. Nor did Department's counsel "misrepresent" the production status to Plaintiffs' counsel or the Court. Rather, the Court correctly accepted counsel's representation that Department staff and contractors have performed the requested searches, collected all responsive documents, and produced them to Plaintiffs' counsel. And based on those statements, the Court properly denied Plaintiffs' motion to compel further discovery productions as moot

Rule 26(g) requires that attorneys sign discovery filings and, by doing so, certify that the filing complies with the rules of civil procedure, is not made "for any improper purpose,"

and "is neither unreasonable nor unduly burdensome or expensive, considering the needs of the case." Fed. R. Civ. P. 26(g)(1); *see Chudasama v. Mazda Motor Corp.,* 123 F.3d 1353, 1372 (11th Cir. 1997). Rule 26(g) also requires attorneys to conduct a reasonable investigation to ensure that their clients have provided all available information and documents responsive to discovery requests. *Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1333 (S.D. Fla. 2007). But "the Federal Rules of Civil Procedure requires entities to act reasonably – not perfectly – when responding to discovery requests." *Talentscale, Inc. v. Aery Aviation, LLC*, 351 F.R.D. 58, 63 (N.D. Fla. 2026). Thus, the signing attorney does not "certify the truthfulness of the client's response [–] only that he made a reasonable effort to [e]nsure that his clients provided all responsive documents and information." *Bernal*, 479 F. Supp. 2d at 1333; *see also, e.g.*, *Tampa Port Auth. v. M/V Duchess,* 1997 WL 1175718, at *6 (M.D. Fla. June 6, 1997) (citing Advisory Committee Notes to the 1983 Amendments to Fed. R. Civ. P. 26(g)).

The Department's counsel has done just that. Counsel properly supervised the searches, collection, and production of material responsive to Plaintiffs' Subpoena and followed up repeatedly to confirm that the Department has reviewed and produced all such documents. As a result, counsel was "entitled to rely on the assertions of the client" because "the investigation undertaken by the attorney and the conclusions drawn therefrom [we]re reasonable under the circumstances." *Equal Emp. Opportunity Comm'n v. M1 5100 Corp.*, 2020 WL 3581372, at *2 (S.D. Fla. July 2, 2020) (quoting Advisory Committee Notes to the 1983 Amendments to Fed. R. Civ. P. 26(g) (cleaned up)). And this Court was right to accept counsel's representations federal courts recognize "a rebuttable presumption that that counsel have acted in good faith when responding to discovery requests." *Talentscale*, 351 F.R.D. at 62;

*see also, e.g.*, *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 615 (C.D. Cal. 2013).

Plaintiffs want this Court to disregard counsel's representations and ignore this well-settled presumption, based entirely on a hunch that more documents exist. But mere "[s]peculation that there is more will not suffice." *Talentscale* 351 F.R.D. at 61 (quoting *Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008)). Indeed, "if the theoretical possibility that more documents exist sufficed to justify additional discovery, discovery would never end." *Hubbard*, 247 F.R.D. at 29.

Rather, to overcome that presumption, Plaintiffs must show that the Department is withholding responsive documents. *Talentscale* 351 F.R.D. at 61. They offer no such evidence here. Instead, Plaintiffs identify documents which they insist exist and thus, because the Department has not produced them, conclude the Department is withholding responsive documents. *See* Motion 8-10. But "[a] court should not grant a motion to compel based only on a party's guess or mere suspicion that an entity is withholding discoverable material." *Talentscale* 351 F.R.D. at 61. So too here. And because the Court was right not to grant Plaintiffs' motion to compel, it should not reconsider that order here.

Last, Plaintiffs argue that the Court denying their motion to compel before they filed their reply brief is further grounds for reconsideration. Not so. Plaintiffs' entire argument on this point relies on a single unpublished decision from the Southern District of Texas. *See Fonteneaux v. Shell Oil Co.*, 2007 WL 7210407, at *1 (S.D. Tex. Oct. 2, 2007). But that case is different than the facts here. There, the Southern District of Texas did not, as Plaintiffs suggest, grant a motion for reconsideration simply because it denied a motion before the movant filed its reply brief. *Id.* Instead, the court granted a motion to reconsider its order

granting summary judgment on one of the plaintiffs' claims because it determined that the parties had not had the opportunity to "fully brie[f]" that claim.

Here, on the other hand, Plaintiffs laid out their arguments in their motion to compel and the Department responded. At that point, the motion was fully briefed, even though Plaintiffs had additional things to say. Indeed, the Local Rules provide that a movant "may" file a reply brief – i.e., it is optional – and the fact that a reply brief is optional means that the court can – and typically does – rule without a reply brief. In other words, the fact that Plaintiffs wanted to file a reply brief, or had additional things to say, does not mean the issue is not "fully briefed." Holding otherwise would convert a reply brief into a right, which it is not.

## II. Whether the parties conferred before the motion to compel is irrelevant here because the Department has produced all responsive documents.

Plaintiffs are correct that the Court determined they did not comply with the Local Rule's conferral requirement before filing their motion to compel. *See* Order at 2 ("Plaintiffs failed to comply with Rule 7.1(a)(3)."). But they are wrong that if they prove that they did, in fact, confer with the Department, the Court must reconsider its order.

That is because the Court denied Plaintiffs' motion to compel based on the Department's complete production – not Plaintiffs' failure to confer. Indeed, after noting it "questioned the nature of the conferral" between the parties, the Court said "[r]egardless, FDOC has now complied with Plaintiffs' subpoena . . . [a]ccordingly, it is . . . DENIED AS MOOT." DE 142 at 4. And, as demonstrated above, the Department's production remains complete. Thus, even assuming Plaintiffs properly conferred – which FDC still contests – the issue remains moot.

### III. The Department is removing the challenged redactions, thereby mooting the need for reconsideration.

Last, the Department has spoken to Plaintiffs and agreed to remove redactions in its production(s) for PHI that is covered by this Court's HIPAA protective order (DE 58). The Department intends to re-produce these documents by November 20, 2026. Thus, the redaction issue is likewise moot and not grounds for reconsideration.

## CONCLUSION

For the reasons stated, the Court should deny Plaintiffs' Motion for Reconsideration.

Dated: November 16, 2026,

Respectfully submitted,

*/s/ Amber Kourofsky*
Amber Kourofsky (FBN 85100)
*Assistant General Counsel*
**Florida Department of Corrections**
Office of the General Counsel
501 South Calhoun Street
Tallahassee, Florida 32399-2500
T: (850) 717-3613
F: (850) 922-4355
amber.kourofsky@fdc.myflorida.com

*/s/ Nicholas J.P. Meros*
Nicholas J. P. Meros (FBN 120270)
**SHUTTS & BOWEN LLP**
215 South Monroe Street, Ste 804
Tallahassee, Florida 32301
T: (850) 241-1717
nmeros@shutts.com
mmccormick@shutts.com
adillon@shutts.com
chill@shutts.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed with this Court via the CM/ECF system, which provides service to all counsel of record, on November 16, 2026.

*/s/ Nicholas J.P. Meros*
*Counsel for Florida Department of Corrections*