**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO: 26-14004-CV-MIDDLEBROOKS

CHRISTINA WHITE and
CASEY WHITE,

Plaintiffs,

v.

CLIFTON McCLAY YATES
et al.,

Defendants.
______________________________/

**ORDER ON PLAINTIFFS' MOTION TO RECONSIDER THE COURT'S DENIAL OF PLAINTIFFS' MOTION TO COMPEL**

**THIS CAUSE** comes before the Court upon Plaintiffs' Motion to Reconsider the Court's Denial of Plaintiffs' Motion to Compel, filed November 10, 2026. (DE 150). I expedited briefing (DE 151), and the Motion is now ripe (DE 157, 158). For the following reasons, I construe Plaintiffs' Motion to Reconsider as a motion to compel, and order non-party Florida Department of Corrections to produce outstanding documents.

## I. BACKGROUND

On April 23, 2026, Plaintiffs served a subpoena on FDOC seeking documents relevant to Plaintiffs' claims. (DE 150 at 2). FDOC did not respond. (*Id.* at 3). In June, Plaintiffs followed up, and FDOC answered that since Defendants had moved to stay discovery, it did not need to respond to the subpoena. (*Id.*). Although this was incorrect, FDOC moved to join Defendants' pending motion to stay. (DE 66, 67). I denied these motions as moot after denying Defendants' motions to dismiss. (DE 70).

FDOC eventually agreed to produce responsive documents, but on July 17, 2026, FDOC demanded a conferral to limit the subpoena's requests. (DE 150 at 3). The Parties conferred on July 9, July 23, August 6, and October 8. (*Id.*). Despite these conferrals, the FDOC continued to withhold responsive documents. (*Id.* at 4).

Accordingly, on October 9, 2026, Plaintiffs moved to compel FDOC's full compliance with their subpoena. (DE 107 at 6). The Parties conferred on October 14, upon which FDOC produced more documents. (DE 150 at 5). On October 16, Plaintiffs sent a letter to FDOC memorializing documents that still had not been produced. (*Id.*). In a delayed Response filed October 27, 2026, FDOC represented to the Court that it has been producing documents on a rolling basis (DE 129 at 4–5), and eventually notified the Court that it fully complied with Plaintiffs' subpoena (DE 133 at 1). Based on these representations, I denied the Motion to Compel as moot on November 2, 2026. (DE 142).

Plaintiffs bring their current Motion to request reconsideration of that denial. (DE 150). Although the Parties' filings include arguments regarding the first Motions' conferral and my interpretation of the factual record, I decline to address these arguments in favor of expediently resolving the outstanding discovery dispute before me now. FDOC has produced new documents since the filing of Plaintiffs' initial Motion (*see* DE 150 at 5 (stating that productions occurred on October 14, 21, and 30)), and yet Plaintiffs claim these productions are still deficient (*Id.* at 8). Further, Plaintiffs revive their concerns over FDOC's redactions, despite a new assurance from FDOC to produce unredacted documents. (DE 158 at 8–9). I will therefore construe Plaintiffs' Motion for Reconsideration as a second motion to compel and analyze the issues under that legal standard.

Plaintiffs argue that despite FDOC's additional productions, numerous responsive documents, which were identified in earlier productions, have been withheld, and that FDOC has improperly redacted relevant information from other documents. (DE 150 at 8–9). In response, FDOC argues that its counsel acted in "good faith" when producing or withholding documents, and that FDOC has now agreed "to produce the unredacted versions of documents with protected health information ('PHI') covered by this Court's HIPAA protective order by the end of this week." (DE 157 at 2). In their Reply, Plaintiffs argue that FDOC continues to ignore their request for missing documents, as memorialized in its October 16, 2026 letter (DE 158 at 4), and they question whether FDOC's promised production of unredacted documents will be sufficient (*Id.* at 8–9).

## II. DISCUSSION

Because I find that Plaintiffs have identified relevant and proportional outstanding discovery requests to FDOC, I will order the non-party to comply with Plaintiffs' subpoena.

As explained in Plaintiffs' first Motion, the Federal Rules of Civil Procedure empower a party to obtain discovery of nonprivileged material relevant to that party's claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); 45(a). An entity commanded to respond to a subpoena must object within a specified time, or within 14 days. Fed. R. Civ. P. 45(d)(2)(B). If objections are made, "[a]t any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). Plaintiffs filed such a motion on October 9 (DE 107), after which a response to the production was received. Plaintiffs now assert that this response was deficient. (DE 150).

Upon review of the record before me, I do not find Plaintiffs' subpoena to be irrelevant or disproportional to the needs of their case. FDOC does not seem to disagree with this conclusion. Additionally, as Plaintiffs argue in their Reply, FDOC does not claim outright that Plaintiffs' requested documents do not exist, rather, it argues that Plaintiffs' "hunch" that more documents exist do not overcome FDOC's counsel's "good faith" assertion that it completed production. (DE 157 at 6). This is vague and unilluminating, particularly considering Plaintiffs' new arguments identifying FDOC's continued deficient production. Further, Plaintiffs offer specific justifications for each document at issue (DE 158 at 4–6), which is more than mere speculation. *Cf. Talentscale, Inc. v. Aery Aviation, LLC*, 351 F.R.D. 58, 61 (N.D. Fla. 2026). Since FDOC's own documents refer to the missing records (*see* DE 150 at 8–9), and FDOC does not specifically refute this contention, it appears probable that these documents exist. I further find each of Plaintiffs' requests to be relevant and proportional to the needs of the case.[1] Accordingly, I will order FDOC to produce responsive documents to Plaintiffs' identified requests.

Regarding redacted documents, some redactions may have been proper. To the extent that redacted information is privileged, and FDOC has not already agreed to disclose it to Plaintiffs, FDOC may continue to withhold such information if it provides a verified privilege log. *See* Fed. R. Civ. P. 45(e)(2)(A). All other responsive documents to Plaintiffs' subpoena

---

[1] These documents are: (1) witness statements mentioned in the FDOC incident report concerning Cody Whites's death (Request No. 10); (2) Cody White's housing-placement assessment between him and Justin Settle (Request Nos. 27, 29); (3) Housing unit logs for January 30 through February 2, 2025 which would identify officers conducting rounds (Request Nos. 18–26); (4) footage and evidence of Settle's attack on Officer Miller (Request No. 34); (5) human resources records related to discipline missed checks for Cody White (Request No. 40); (6) Settle's complete medical and mental-health records, staffing records, and prior cellmate-on-cellmate death records (Request Nos. 15, 38, 41); (7) records documenting Settle's violent behavior and related communications (Request Nos. 33, 37).

should be produced without redactions.

Finally, I note that FDOC has delayed production of these documents for nearly seven months. This reflects a remarkable lack of diligence. Additionally, FDOC previously sought an extension to respond to Plaintiffs' motion on the same day a response was due (DE 122), and now Plaintiffs explain that FDOC had not reviewed Plaintiffs' October 16 letter on November 3 (DE 150 at 6, 8 n.2; DE 158 at 7). I therefore caution FDOC that it should act in good faith and fully comply with this Order. Should further disagreements arise, I expect the Parties to confer orally—via phone call, video conferencing, or in person—before seeking court intervention.

## III. CONCLUSION

For these reasons, it is **ORDERED** that:

(1) Plaintiffs' Motion to Reconsider the Court's Denial of Plaintiffs' Motion to Compel, construed as a new Motion to Compel, is **GRANTED.**

(2) The Florida Department of Corrections **SHALL**:

a) produce all documents identified by this Order as responsive to Plaintiffs' October 16, 2026 letter (*see supra* n.1);

b) if any documents are withheld because they do not exist, produce an affidavit describing the search conducted for the document and the results;

c) produce unredacted copies of previously produced redacted documents, to the extent that is permissible by law;

d) produce a Rule 45(e)(2)(A) privilege log explaining the basis for any redactions maintained.

**SIGNED** in Chambers at West Palm Beach, Florida, this 19th day of November, 2026.

Donald M. Middlebrooks
United States District Judge

cc: Counsel of Record