**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

**CASE NUMBER 2:26-cv-14004-DMM/Mills Maynard**

CHRISTINNA WHITE, as Personal Representative of the Estate of Cody Lee White, and CASEY WHITE, individually,

Plaintiffs,

vs.

CLIFTON MCCLAY YATES, DISAN HERNANDEZ, MICHAEL CORRADO, THOMAS DUNN, WILLIAM HAMILTON, ANDRIANA RANKINE, DENNIS BURNEY, JESUS CRUZADO, JOE GAUCIN, CHARMIN ANDERSON, THERESA COLLINS, ANGELITA DENNIS, SUSAN DINIUS-MAST, ELANA HANSEN, TELEETHA HASLEM, VANESSA HOUZE, SHEILA KURZEN, LAQUETA LEWIS-MCMATH, IRA MCBRIDE, SHAKIA RICHARDS, LOUISMY SAINTFORT, ASHLEY SCHROCK, EMMANUEL ABICHET, JOCELYN FLORESTAL, MICHAEL FESSL, ERIC COVIL, DANIEL AVERILL, DEMETRIC LUCKETT, LAWRENCE DUGAN, BOGDAN MORARU, TROY HAWKINS, and JAMES SANTOS,

Defendants.
_______________________________________/

**DECLARATION OF JAMES M. SLATER**

1. My name is James M. Slater. I am of majority age, and I have personal knowledge of the facts stated herein.

2. I represent Plaintiffs Christinna White and Casey White, in this matter.

3. Plaintiffs filed their Complaint on January 5, 2026, naming eleven Doe Defendants. At that time, Plaintiffs did not have access to records identifying all officers who were responsible for housing and supervision of the decedent, Cody White.

4. On April 23, 2026, Plaintiff served a subpoena on non-party Florida Department of Corrections ("FDC") requesting documents that would, for example, identify all of the related Defendants and witnesses, show FDC's investigations, findings, and discipline related to Cody's murder, and indicate the necessary policies and procedures the Defendants were supposed to adhere to. The Department has withheld multiple centrally relevant documents that are necessary to have before beginning depositions, such as witness statements, video footage of the murder, records identifying which Defendants were supposed to conduct rounds when, and more. Today, the Court ordered FDC to comply with the subpoena, but it is unknown when compliance will be made. Dkt. 159.

5. Nevertheless, based on FDC's partial production and the State Attorneys' Office's production, Plaintiffs were able to identify additional defendants in advance of the September 10, 2026 deadline for the amendment of pleadings.[1] Plaintiffs filed their Second Amended Complaint on September 10, 2026, adding twenty-four (24) new defendants and removing one defendant, Carter. ECF No. 89. Summonses have been issued and all but three of the new Defendants have been served as of today. The three Defendants that are currently unserved will likely result in Plaintiffs moving to effect service by the U.S. Marshalls' office. Plaintiffs anticipate this will cause more delay.

[1] That deadline was subsequently extended to October 12, 2026 in the Court's order dated September 14, 2026. ECF No. 90.

6. Plaintiffs have served the FDC with two additional subpoenas, one for additional documents such as policies related to housing decisions, and employee files of the newly added defendants, and the other for a site inspection. FDC has objected to both additional subpoenas in their entirety. Plaintiffs are in the process with conferring with FDC; however, it is possible that additional litigation will ensue and further delay the ability to start depositions.

7. Since the addition of the 24 new defendants, two new defense counsel have joined the case, and once the final three Defendants are served, there may be additional new counsel joining. The parties conferred and agree that in order to avoid duplicate depositions, depositions should not begin until counsel for the new defendants have entered appearances, because those Defendants would be entitled to take the depositions of Plaintiffs and their co-Defendants.

8. Further, at this time, there are three pending motions to dismiss. Dkts. 118, 145, 148.

9. All of the foregoing also impacts the ability of the parties' experts to begin drafting their reports. Without fulsome, or at least nearly fulsome, discovery and without any deposition transcripts, the parties' experts aren't able to adequately draft their expert reports.

10. The requested continuance is not sought for the purpose of delay or for any other improper purpose and does not prejudice any party, as evidenced by the Joint Motion. The parties, including the undersigned, believe the extensions are necessary to ensure a full and fair resolution of all claims.

11. A continuance of the March 22, 2027 trial date set forth in the Court's Scheduling Order (ECF No. 76) by four (4) months, along with a corresponding extension of all pretrial deadlines, is requested in good faith. The reasons articulated herein are consistent with good cause

required under S.D. Fla. Local Rule 7.6. Moreover, the Parties will not be prejudiced by the continuance requested, and the case will proceed in an efficient manner moving forward.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 19, 2026

JAMES M. SLATER