**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.: 26-CV-14004-MIDDLEBROOKS

CHRISTINNA WHITE and
CASEY WHITE,

Plaintiffs,

v.

CLIFTON McCLAY YATES
et al.,

Defendants.
_______________________________/

**ORDER DENYING JOINT MOTION TO EXTEND ALL PRETRIAL DEADLINES AND CONTINUE TRIAL**

**THIS CAUSE** comes before the Court upon the Joint Motion to Extend All Pretrial Deadlines and Continue Trial, file on November 19, 2026. (DE 160). Previously, I modified the Pretrial Scheduling Order (DE 76) to extend certain deadlines following the substitution of certain Defendants' counsel. (DE 90). Now, the Parties request a four-month extension of all pretrial deadlines, including some that have already passed, and a four-month continuation of trial. For the following reasons, the Motion is denied.

In support of its Motion, the Parties cite the addition of twenty-four new defendants on September 10, 2026. (DE 89). Only one previously named Defendant was removed, and three of the newly added Defendants have not been served. Further, two new attorneys have joined the case. (DE 160 at 3). The Parties also anticipate ongoing discovery disputes with non-party Florida Department of Corrections, despite my recent Order requiring FDOC to comply with Plaintiffs' subpoena. (*Id.* at 3–4; DE 159). The current deadline to complete discovery is January 13, 2026. (DE 76 at 4).

Rule 16 of the Federal Rules of Civil Procedure requires the Court to issue an order setting forth the schedule upon which the case will proceed. Fed. R. Civ. P. 16(b). This schedule will be modified "only for good cause." Fed. R. Civ. P. 16(b)(4). The good cause standard "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (citing Fed. R. Civ. P. 16 advisory committee's note). Further, "[a] continuance of any trial... will be granted only on exceptional circumstance[.]" Local Rule 7.6.

Motions to modify the pretrial schedule or change the trial date must be supported by specific facts that explain the need for the precise relief requested, without generalities and speculation. Moreover, there must be a strong showing of demonstrable diligence.

Here, the Parties' Motion makes general reference to certain litigation events, but it does not adequately describe any exceptional circumstances or otherwise explain why I should grant the substantial four-month continuance the Parties seek. Although the Parties have been diligently advancing this case, it is unclear what specific obstacles will impede their ability to litigate the case within the parameters of the present trial date and schedule. Service of process is still ongoing, but the discovery period remains open for almost two months, so any suggestion that the case cannot be timely prepared is largely speculative at this juncture. Trial is scheduled for March 15, 2027, which is nearly four months away.

The Parties also generally assert that discovery "will take longer than originally anticipated given the discovery of additional Defendants and the ongoing delays obtaining centrally relevant documents from the Florida Department of Corrections." (DE 160 at 4). But once again, this is a conclusory assertion with little, if any, supporting facts. The Parties' perceived complexity of future discovery, without any description of what specific tasks need to be completed within that

timeframe, and without any explanation of why the current schedule is impracticable, does not satisfy the high burden required to modify the trial date. I am aware of the issues Plaintiff has had with third party FDOC and I have considered that, however, I do not have a clear understanding of how FDOC's deficient disclosures have impacted Plaintiff's ability to more the case forward in litigation. And moreover, I have warned FDOC that it must diligently act in good faith to comply with all discovery requests, so it is my expectation that the issues Plaintiff has been having in this regard will improve. (DE 159 at 5).

On this record, and upon consideration of the sparse facts contained in the motion before me, I do not find that any extraordinary circumstances exist to justify a four-month continuance of trial, and I also do not find good cause to modify any deadlines set forth in the Pretrial Scheduling Order.

**CONCLUSION**

For these reasons it is hereby **ORDERED** that:

1. The Joint Motion to Extend All Pretrial Deadlines and Continue Trial (DE 160) is **DENIED**.
2. If the Parties require greater flexibility in scheduling, they may at any time consent to the jurisdiction of paired the Magistrate Judge, who generally affords litigants greater latitude in setting the course and schedule of their cases.

**SIGNED** in Chambers, at West Palm Beach, Florida, this 20th day of November, 2026.

Donald M. Middlebrooks
United States District Judge

cc.

Counsel of Record