IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CHRISTINA WHITE; as
Personal Representative of the Estate of
Cody Lee White and CASEY WHITE,
Individually.

Plaintiff,

v. Case No. 26-cv-14004-DMM

CLIFTON MCCLAY YATES, et al.,

Defendants.
____________________________/

**DEFENDANT SHAKIA RICHARDS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

COMES NOW, Defendant Shakia Richards, by and through the undersigned counsel, pursuant to Rile 12(b)(6) of the Federal Rules of Civil Procedure and S.D.L.R. 7.1, hereby respectfully moves for Plaintiff's Second Amended Complaint to be dismissed on the grounds plaintiff has failed to state a claim upon which relief can be granted and the defendant is entitled to qualified immunity. Defendant states the following in support thereof:

**<u>STATEMENT OF CLAIM</u>**

Plaintiff, Christina White brings this claim as personal representative of the Estate of Cody Lee White and Casey White, individually, arising from the death of Cody Lee White, an inmate who died while in the custody of the Florda Department of Corrections.

On January 05, 2026, Plaintiff filed a 42 U.S.C. §1983 civil rights complaint regarding the death of inmate Cody Lee White. *D.E. 1.* An Amended Complaint was filed on March 31, 2026. *D.E. 35.* A Second Amended Complaint ("SAC") was filed on September 10, 2026, *D.E. 89,* which added the above-named defendants to this matter. The SAC is the operative complaint. Plaintiff sues Defendants in their individual capacities alleging 42 USC 1983 claims for Deliberate Indifference under the Eighth Amendment against all defendants by the Estate; Deprivation of Rights under the Fourteenth Amendment against all defendants by Casey White, individually, and the Estate and Florida Wrongful Death pursuant to 768.16-27 Florida Statutes by the Estate against all defendants. *D.E. 89.*

**PLAINTIFF'S ALLEGATIONS**

1. On Monday, February 3, 2025, Cody White's body was found wrapped up in a blanket, stuffed below the bunk in his cell at the Okeechobee Correctional Institution. It is believed that Cody White had been murdered by his cellmate,

Justin Settle. *D.E. 89 at 2:1.*

2. Plaintiff alleges that on January 10, 2025, Settle had attacked a correctional officer. That on January 27, 2025, Settle used a homemade weapon to stab his prior cellmate, Matthew Flash, multiple times while Flash was sleeping. That FDOC staff which did not include the above defendants took no action to document, report, or discipline Settle following his attack on Flash. *D.E. 89 at 2:2.*

3. Plaintiffs allege that FDOC employees failed to take even basic necessary security precautions that would have protected Cody White, such as isolating Settle or having him reclassified to a higher security level. Defendants also did not take any meaningful actions to make sure Settle did not or could not obtain any more weapons, including another bladed weapon. That they placed Cody White in a cell with Settle just a few days after Settle's attack on Flash. *D.E. 89 at 2:3.*

4. Plaintiff further alleges that co-defendants Hernandez and Hawkins responded to the attack and did not investigate, report, or document the incident. *D.E. 89 at 11: 48.*

5. Plaintiff alleges that the recommendation to place Settle in close management housing was not made till after Cody White was murdered. *Id.*

6. Plaintiff goes on to say that "if Settle's attack on Flash was reported" the Institutional Classification Unit should have placed Settle in confinement. *D.E. 89 at 11:50.*

7. Plaintiff states that the above-named defendant knew of Settle's actions (despite previously saying it was never reported) and placed Settle and White in a cell together. *D.E. 89 at 11:51-53.*

8. Plaintiff alleges the above defendants in some capacity either oversaw or directly made housing decisions and prisoner placements (hereinafter "the housing coordinators"). *D.E. 89 at11:51.*

## **MEMORANDUM OF LAW**

### **Motion to Dismiss Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint that pleads facts "merely consistent with" liability does not meet the plausibility standard. *Id.* Instead, to meet the plausibility standard, facts must raise a right to relief above the speculative level. See *Twombly*, 550 U.S. at 555. Federal pleading rules

require a complaint to provide sufficient notice to a defendant regarding the causal connection between him and the plaintiff's claim. *See Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 347 (2005).

Conclusory allegations, unwarranted deductions of fact, claims that are internally inconsistent or can be disproven by facts of which the court can take judicial notice, and legal conclusions are not accepted as true for the purposes of a motion to dismiss. *See Ellen S. v. Fla. Bd. of Bar Examiners,* 859 F. Supp. 1489, 1492 (S.D. Fla. 1994) (citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action . . ." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Dismissal is also warranted if, assuming the truth of the factual allegations of the complaint, there is a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

"Dismissal with prejudice is proper when a more carefully drafted complaint would not state a claim for relief." *Arthur v. JP Morgan Chase Bank, NA*, 569 F. App'x 669, 686 (11th Cir. 2014) (citing *Ziemba v. Cascade, Int'l, Inc.,* 256 F.3d 1194, 1213 (11th Cir. 2001)).

The SAC related to the above defendants, the housing coordinators, seems to allege that they were aware of inmate Settle's attack on the guard on January 10, 2025, attack on cell mate on January 27, 2025, and they placed Cody White in the cell with Settle, even with the knowledge of these two incidents. However horrible the outcome of that placement, plaintiffs have failed to allege any facts that allow a finding of the level of requisite subjective recklessness as used in the criminal law in order to support a constitutional violation.

**PLAINTIFF FAILED TO STATE AN EIGHTH AMENDMENT CAUSE OF ACTION FOR DELIBERATE INDIFFERENCE**

In order to establish liability on an Eighth Amendment "deliberate indifference" claim, a plaintiff must satisfy both an objective and a subjective element. First, he must "demonstrate, as a threshold matter, that he suffered a deprivation that was, objectively, sufficiently serious"; and second,

> the plaintiff must demonstrate that the defendant acted with subjective recklessness as used in the criminal law, and to do that he must show that the defendant was actually, subjectively aware that his own conduct caused a substantial risk of serious harm to the plaintiff—with the caveat, again, that even if the defendant actually knew of a substantial risk to inmate health or safety, he cannot be found liable under the Cruel and Unusual Punishments Clause if he responded reasonably to the risk.

*Wade v McDade*, 106 F.4th 1251 at 1262, (11th Cir. 2024).

In the instant matter, taking the facts and inferences as pled the murder and battery upon the decedent Cody White was an objectively serious deprivation upon Cody White.

At issue is the subjective element of the plaintiffs' cruel and unusual punishment claim under the Eighth Amendment to the Constitution, which asks us to determine whether each defendant was subjectively aware that his or her actions (or inaction) caused a substantial risk of serious harm to Cody White. The plaintiff must allege sufficient facts that the defendants acted with 'subjective recklessness as used in the criminal law.' *Wade* at 1253 (quoting *Farmer*, 511 U.S. at 825 at 839, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994)). To make such a showing, "the plaintiff must demonstrate that the defendant actually knew that his conduct—his own acts or omissions—put the plaintiff at substantial risk of serious harm." *Id.* And this showing of subjective recklessness must be based on more than a generalized or abstract knowledge of a danger to the prisoner; the official must be aware of a specific risk. *McClinton v Warden, Baldwin State Prison,* 172 F.4th 1276 (11th Cir. 2026). The focus should be whether an official knew that his own acts or omissions put the inmate at risk, not just whether the inmate confronted a risk in the abstract. *Wade* at 1259, (*see also Marbury v. Warden*, 936 F.3d 1227, 1234 (11th Cir. 2019) a plaintiff must show more than a generalized awareness of risk to make out a deliberate-

indifference claim.) A constitutional violation occurs only when a prison official acts "consciously" such that their acts knowingly have the effect of inflicting a punishment upon prisoners. *Farmer* at 839, quoted in *McClinton v Warden* at 1283.

> This focus on the prison official's actual "mental attitude" "isolates those who inflict punishment" from those who do not, ensuring that "only inflictions of punishment carry liability." *Farmer* at 839, 841, 114 S.Ct. 1970. Put differently, without "a particularized focus on a prison official's subjective awareness of the risk created by his own conduct, there is a danger that he could be held liable for conduct that does not remotely resemble the infliction of punishment." *Wade*, 106 F.4th at 1259 (alteration adopted) (quotation omitted). Thus, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838, 114 S.Ct. 1970.

*McClinton v Warden, Id.*

In the instant case, plaintiff's assertions, taking all inferences as far as possible, that the housing coordinators were aware of the attack on the guard on January 10, the attack on another inmate cellmate by Settle on January 27, even the inference that placing Settle and Cody White in the same cell was not the best idea; there is no showing of a mental attitude that sought to inflict punishment on Cody White and accordingly no subjective recklessness as used in the criminal law.

In *Carter v Galloway,* 352 F.3d 1346 (11th Cir. 2003), the plaintiff alleged that prison officials failed to protect an inmate from violence by his

cellmate, knowing that the cellmate was a """problem inmate" with a well-documented history of prison disobedience and had been prone to violence." *Id at 1349*. The 11th Circuit in dismissing the claim against defendants stated "Defendants arguably should have placed Plaintiff elsewhere but "merely negligent failure to protect an inmate from attack does not justify liability under section 1983...." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir.1990). Defendants only possessed an awareness of Inmate Barnes's propensity for being a problematic inmate; to find Defendants sufficiently culpable would unduly reduce awareness to a more objective standard, rather than the required subjective standard set by the Supreme Court. Such a generalized awareness of risk in these circumstances does not satisfy the subjective awareness requirement." *Carter, Id* 894 F.2d at 1350.

For these reasons Count I of the SAC, Eighth Amendment claim for deliberate indifference must be dismissed. There are no allegations that support that any defendant was actually aware that his or her own conduct caused a substantial risk of serious harm to Cody White.

**DEFENDANT IS ENTITLED TO QUALIFIED IMMUNITY**

Qualified immunity protects government officials from personal liability for their official conduct so long as "their conduct does not violate clearly established

statutory or constitutional rights of which a reasonable person would have known." *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002). "To receive qualified immunity, the public official must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred." *Id*. at 1346, see also *Pearson v. Callahan,* 555 U.S. 223 (2009). Once the official makes that showing, then the burden shifts to the plaintiff to prove that qualified immunity does not apply. *Id*. Specifically, a plaintiff must prove (1) "that the defendant violated a constitutional right" and (2) that the right was "clearly established." *Corbitt v. Vickers*, 929 F.3d 1304, 1311 (11th Cir. 2019)

"'Clearly established' means that, at the time of the officer's conduct, the law was 'sufficiently clear' that every 'reasonable official would understand that what he is doing' is unlawful." *District of Columbia v Wesby*, 138 S. Ct. 577 at 589 (2018) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). *See also Santana v. Miami-Dade County,* 688 F. App'x 763, 770 (11th Cir. 2017) (stating that the circumstances must be viewed "from the perspective of a reasonable officer, rather than with the 20/20 hindsight. In other words, existing law must have placed the constitutionality of the officer's conduct "beyond debate." *Wesby*, 138 S. Ct. at 589 (citing *al-Kidd*, 563 U.S. at 741). The "demanding standard protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Wesby*, 138 S. Ct. at

589 (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

In the matter before the Court, it's undisputed that the defendants were acting within the scope of their discretionary authority. The actions of Richards did not violate any constitutional right as explained above. A defendant-official is entitled to qualified immunity if a plaintiff cannot establish that the defendant committed a constitutional violation. *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1264 (11th Cir. 2004). There has been no showing that any housing coordinator defendant was deliberately indifferent, they did not violate Cody White's Eighth Amendment right, and accordingly each of the above-named defendants is protected by qualified immunity.

Therefore, to the extent that Defendants are being sued in their individual capacities, Defendants are immune from all claims against them, and all claims must be dismissed as they are entitled to qualified immunity.

**FAILURE TO STATE A CLAIM UNDER THE FOURTEENTH AMENDMENT**

Under *Cottrell v. Caldwell*, "claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners." *Cottrell v. Caldwell*

85 F.3d 1480, 1490 (11th Cir.1996). The *Cottrell* court further stated that the standard applicable to Eighth and Fourteenth amendment claims is the same, "so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees." *Id.* Further, where a specific constitutional provision provides the substantive protection at issue, that constitutional provision and not the more general substantive due process protection of the Fourteenth Amendment is to be used." *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Where there is another applicable constitutional provision such as the Eighth or Fourth Amendment to the Constitution, the claim must be analyzed under the other constitutional provision not the Fourteenth Amendment. *United State v. Lanier*, 520 U.S. 259, 272, n 7 (1997).

Plaintiffs claim for Count II, is based upon the deliberate indifference Eighth Amendment claim, such claim must be analyzed under the Eighth Amendment claim and for reasons stated above, plaintiff fails to state a claim for relief, and as such Count II must be dismissed.

**DEFENDANTS ARE ENTITLED TO SOVEREIGN IMMUNITY**

Under 768.28 Florida Statutes, the above housing coordinator defendants, cannot be held personally liable in tort and have immunity under § 768.28(9)(a), Fla. Stat.:

> The exclusive remedy for injury or damage suffered as a result

> of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers is by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, **unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property**. The state or its subdivisions are not liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

*Fla. Stat. 768.28(9)(a)(emphasis added).*

In order to be personally liable under section 768.28(9) the employee must have acted in bad faith or with malicious purpose or in manner exhibiting wanton or willful disregard of human rights, safety, or property. *Id.* Section 768.28(9) Fla. Stat. requires a degree of culpability greater than gross negligence. *Elliott v. Dugger*, 579 So.2d 827, 831 (Fla. 1st DCA 1991). The wanton and willful disregards exceed that of simple negligence and gross negligence. *Sierra v Associated Marine Institutes, Inc*. 850 So.2d 582 (Fla 2d DCA 2003). Under section 768.28(9)(a), bad faith has been equated with the actual malice standard. *Ford v. Rowland*, 562 So.2d 731, 734 (Fla. 5th DCA 1990) (cited by *Parker v State*

*of Florida Bd of Regents ex Rel. Florida State University*, 724 So.2d 163 (Fla. 1st DCA 1998).

In the matter before the Court, plaintiff has failed to allege any facts that amount to the decisions of the defendant housing coordinators being done with any degree of culpability greater than gross negligence or in a manner exhibiting some sort of malice. Accordingly, the defendants are protected by 768.28(9) immunity, and the matter must be dismissed.

## **CONCLUSION**

Defendant respectfully requests this Court dismiss the claims against Defendant Shakia Richards. Plaintiff has failed to state a claim under Counts I and II, additionally, the defendant is entitled to qualified immunity protection and 768.28 immunity protection, under Count III. Defendant requests that the Court dismiss the claims against the above Defendant for failure to state a claim on which relief can be granted and dismiss the claims against Defendant because she is entitled to qualified immunity and 768.28 Fla. Stat. immunity.

Respectfully submitted,
JAMES UTHMEIER
ATTORNEY GENERAL

*/s/ Broderick Taylor*____
Broderick Taylor (FBN 0648574)
Senior Assistant Attorney General
Office of the Attorney General
Civil Litigation Division
1300 Riverplace Blvd, Suite 405
Jacksonville, Florida 32207
Broderick.Taylor@myfloridalegal.com
(904) 456-6471
*Counsel for Defendants*

## CERTIFICATE OF CONFERENCE

Pursuant to 7.1of this Court's Local Rules, undersigned counsel has not conferred with Plaintiff as Motions to Dismiss are **exempt** from the mandatory pre-filing good-faith conferral requirement under Local Rule 7.1.

## CERTIFICATE OF SERVICE

I hereby certify that, this Motion to Dismiss was filed with the CMC/ECF document Filing System on November 23, 2026, and that a true copy of this **Motion to Dismiss** was furnished by eservice to all parties on the Court's docket authorized to receive such service, on the 23rd day of November, 2026.

*/s/ Broderick Taylor*___
Broderick Taylor