**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

Case No. 2:26-cv-14004-DMM

CHRISTINNA WHITE, *et ano.*,

Plaintiffs,

v.

CLIFTON MCCLAY YATES, *et al.*,

Defendants.

_______________________________________/

## PLAINTIFFS' MOTION TO APPOINT UNITED STATES MARSHALS SERVICE TO EFFECT SERVICE ON DEFENDANT LEWIS-MCMATH

Plaintiffs Christinna White, as Personal Representative of the Estate of Cody Lee White, and Casey White, in his individual capacity, by and through their counsel, respectfully ask this Court to order service on Defendant Laqueta Lewis-McMath be made by a United States marshal or deputy marshal pursuant to Rule 4(c)(3) of the Federal Rules of Civil Procedure. In support, Plaintiffs state as follows:

## INTRODUCTION

Plaintiffs have been diligently trying to serve Defendant Laqueta Lewis-McMath with the Second Amended Complaint. Plaintiffs' process server has found Defendant Lewis-McMath, has been in contact with her, and even arranged a meeting with her to serve her in a public location. However, Defendant Lewis-McMath never showed up, attempted to conceal herself, and dodged service now multiple times based on the incorrect belief that since she no longer works for the Florida Department of Corrections, she does not need to accept service. Plaintiffs have asked counsel for Defendant Lewis-McMath's co-Defendants whether they would reach out to her, but

none were willing. Plaintiffs have exhausted the options available to them to serve Defendant Lewis-McMath and now request that the Court order service to be effected by the United States Marshals Service. Plaintiffs believe such service is necessary given that Defendant Lewis-McMath is affirmatively evading service by the process server.

**BACKGROUND**

Plaintiffs filed their Second Amended Complaint on September 10, 2026, asserting claims against several additional Defendants in connection with the death of Cody White at the Okeechobee Correctional Institution. Dkt. 89. To date, Plaintiffs have successfully served twenty-one of the Defendants newly named in the Second Amended Complaint: Sheila Kurzen, Daniel Averill, Jocelyn Florestal, Emmanuel Abichet, Michael Fessl, Elana Hansen, Eric Covil, Bogdan Moraru, Louismy Saintfort, Lawrence Dugan McClure, Joe Gaucin, James Santos, Ashley Schrock, Troy Hawkins, Susan Dinius-Mast, Teleetha Haslem, Charmin Anderson, Demetric Luckett, Ira McBride, Angelita Dennis, and Shakia Richards. Dkts. 99-106, 108-116, 120, 130, 143, 153. Plaintiffs have three Defendants left to serve: Laqueta Lewis-McMath, Vanessa Houze, and Theresa Collins. The service period currently expires on December 9, 2026. Fed. R. Civ. P. 4(m).

Although Plaintiffs' hired process server has successfully made contact with Defendant Lewis-McMath and attempted service at both her personal address (the "Kissimmee address") and a mutually agreed public location pursuant to Defendant Lewis-McMath's request, Defendant Lewis-McMath has outrightly refused to accept service. At the Kissimmee address, where the process server observed a package addressed to Defendant Lewis-McMath, Defendant Lewis-McMath or a co-habitant refused to open the door. The process server attempted service on four separate occasions at the Kissimmee address, with their observations described below in a

screenshot from the client status portal of Ody Process, Plaintiffs' process server:

| Date/Time | Location | Body |
|---|---|---|
| 10/3/2026 12:46 pm | Location | Attempted service at [redacted], KISSIMMEE, FL 34759 There was no answer or cars on the driveway. There was a package addressed to the subject |
| 10/5/2026 7:48 pm | Location | Attempted service at [redacted], KISSIMMEE, FL 34759 No one answered and there weren't any cars on the driveway |
| 10/7/2026 9:00 am | Location | Attempted service at [redacted], KISSIMMEE, FL 34759 There was no answer, the mailbox has a USPS vacant tag Inside but there is furniture inside the house and there was a light on |
| 10/9/2026 8:21 pm | Location | Attempted service at [redacted] KISSIMMEE, FL 34759 No one answered, but the lights were on inside |
| 10/9/2026 8:22 pm | Location | Attempted service at [redacted] KISSIMMEE, FL 34759 After I knocked they turned off the lights |

On October 9, clear activity from inside the premises was observed.[1] Despite someone being present there, the Defendant or other co-habitant(s) refused to answer the door, instead turning off the lights. To move service forward, the process server located Defendant Lewis-McMath's phone number and made contact, which is described below.

---

[1] Further confirmation that the Kissimmee address is correct is that it is the address registered to a business for which Defendant Lewis-McMath is the sole principal. *See* *https://www.bizapedia.com/fl/qs-lemon-rx-llc.html* (last visited November 25, 2026).

| | | |
|---|---|---|
| 10/15/2026 3:00 pm | | (JG) Called phone ([redacted]) [redacted]-[redacted]- Spoke with Lequita. She was not going to give information and then asked if this had to do with her old corrections job. I skimmed through the documents and let her know it was concerning Cody White. She did not agree to give her address. I asked for her city and zip code and asked if the server could call her and they can meet somewhere away from her residence. She agreed. She gave Kissimmee FL 34758 |
| 10/15/2026 3:20 pm | | (JG) email to Alexandra Hi Alexandra, We wanted to provide you with an update regarding our efforts to coordinate service with Lequita. Today, we called ([redacted]) [redacted]-[redacted] and spoke directly with Lequita. Initially, she was hesitant to provide any information but then asked whether the matter was related to her former employment in corrections. We reviewed the documents and advised her that the matter concerned Cody White. Although she was unwilling to disclose her residential address, we asked whether she would be comfortable providing her city and ZIP code and arranging to meet our server at a location away from her residence. She agreed and confirmed that she is in Kissimmee, FL 34758. We explained that our server could contact her directly to coordinate a convenient date, time, and meeting location for service. We also asked her to have a specific meeting address ready so they can finalize the arrangements when the server calls. We will have our server contact Lequita directly to coordinate service and will keep you updated on the outcome. |

After a call and text follow-up, the process server and Defendant Lewis-McMath finally arranged service at a Starbucks in Kissimmee, Florida on October 27 at 8:30 a.m. On that date, Defendant Lewis-McMath did not show and refused service, claiming she "didn't have to get served because she no longer worked for [Florida Department of Corrections] and decided to cancel and hung up the phone."

| | | |
|---|---|---|
| 10/27/2026 8:00 am | Location | Attempted service at 3345 PLEASANT HILL RD, KISSIMMEE, FL 34746 As I was driving to the Starbucks to Meet, the witness she called me complaining that I did not confirm the appointment. I told her when I last spoke to her we agreed to meet there so it was my understanding that it was already confirmed and that I was already driving towards the location. She then told me she didn't have to get served because she no longer worked for them and decided to cancel and hung up the phone. |

Defendant Lewis-McMath has not only avoided service at the Kissimmee address—which is believed to be her personal residence, and at minimum is her place of business and where she receives mail—but has outrightly refused service despite purporting to coordinate with the process server. As a final effort, Plaintiffs asked counsel for Defendant Lewis-McMath's co-Defendants whether they would be willing to reach out to her. Ex. 1 (A. Caramadre Email to Counsel). No one agreed to contact her. As such, Plaintiffs respectfully move for a Court order appointing the United States Marshals Service to effectuate service on Defendant Lewis-McMath at the Kissimmee address—her personal residence and/or place of business.

## ARGUMENT

"At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). Rule 4 "leaves to the Court's discretion the decision as to whether appointing a U.S. Marshal to effectuate service in this case would be appropriate." *Nappi v. Welcom Prods., Inc.*, 2014 WL 2050826, at *2 (M.D. Fla. May 19, 2014). A plaintiff requesting a discretionary order directing service by the U.S. Marshals Service must first show he has attempted to effect service by other means. *See Navarro v. Enter. Leasing Co. of Fla. LLC*, 2024 WL 6069341, at *1 (S.D. Fla. Nov. 25, 2024); *Foster v. Author Success Publ'g*, 2025 WL 3031581, at *1 (M.D. Ala. Oct. 29, 2025) (ordering service by marshal where plaintiff "demonstrated he timely and diligently attempted to perfect service").

Here, Plaintiffs have "exhausted other reasonable means of effecting service privately." *Shaw v. Hall*, 2013 WL 5571235, at *13 (M.D. Ga. Oct. 9, 2013). Specifically, Plaintiffs' process server has attempted service multiple times, has made contact with the Defendant, and has arranged a meeting with her, after which Defendant Lewis-McMath never showed. *See Daker v. Ward*, 2024 WL 4122276, at *1 (M.D. Ga. Sept. 9, 2024) (granting service by marshal where the plaintiff solely "attempted to serve [d]efendants by mailing each one a request for waiver of service of summons, as directed by the Court; but asserts that he has not received a response").

Further, Defendant Lewis-McMath has made explicit statements that she believes she does not need to accept service because she no longer works for FDC. *See supra* at 4. Given Defendant Lewis-McMath's repeated rejection of service by the process server and belief that she does not legally need to accept service, further attempts by the process server are futile. Particularly given her express statements about being served, service by a U.S. marshal is likely to have a greater

chance of success since the appearance and presence of a federal law enforcement officer will convey the seriousness of process and visibly comport the weight of the law behind it. As courts have observed, service under Rule 4(c)(3) "is typically for situations," like this one, "involving hostile defendants." *Cummings v. Keefer*, 2022 WL 19403848, at *1 (M.D. Tenn. Sept. 30, 2022) (quoting 4A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1090 (4th ed. updated Apr. 2022)).

Furthermore, Plaintiffs believe additional alternative methods of service would be unsuccessful. Rule 4(e)(2)(B) allows for service by leaving a copy of the summons and complaint at the "individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." But when the process server has attempted service at the Kissimmee address, whoever was there, whether it was Defendant Lewis-McMath or someone else, turned off the lights to avoid the interaction, indicating that the people at that location are avoiding service. Furthermore, if it was to be mailed to the Kissimmee address, based on Defendant Lewis-McMath's demonstration of noncompliance and resistance, there is cause to believe that she would not open the mail and continue evading service. Plaintiffs believe that service by U.S. marshal will be more successful than the process server since it will convey the seriousness via the presence of federal government officials. For these reasons, Plaintiffs establish that they are unable to effect service by other means under the Federal Rules. *Navarro v. Enter. Leasing Co. of Fla. LLC*, 2024 WL 6069341, at *1 (S.D. Fla. Nov. 25, 2024) ("[A] private plaintiff requesting a discretionary order directing service by the U.S. Marshal must first show that he is unable to effect service by other means provided under the Federal Rules.").

Plaintiffs have made diligent efforts to both find and serve Defendant Laqueta Lewis-McMath but have been stymied by Defendant Lewis-McMath's efforts to evade and refuse service

in this case. *See Cummings*, 2022 WL 19403848, at *2 (granting Marshal's service under Rule 4(c)(3) where counsel stated that he "tried to serve [defendant] by mail and in person on several occasions without success and has mailed [the defendant] requests to waive service of process to which [the defendant] ha[d] not responded").

Accordingly, Plaintiffs respectfully request this Court order the U.S. Marshals Service to effect service on Defendant Lewis-McMath.

**WHEREFORE**, Plaintiffs respectfully request that the Court grant their motion to effectuate service via U.S. Marshals.

## CERTIFICATE OF CONFERRAL

Pursuant to Local Rule 7.1(a)(3), Plaintiffs do not believe they are required to confer with the other parties because they will not be affected by the relief sought. However, in an abundance of caution, on November 17, 2026, Plaintiffs emailed counsel for all Defendants who have appeared thus far for their position, and at the time of filing, only counsel for Defendants Abichet, Florestal, Averill, Fessl, Moraru, Dugan McClure, Covil, Santos, Kurzen, Hansen, Saintfort, Gaucin, and Luckett responded, saying "[r]egarding the issue with the defendant that is not cooperative I cannot speak for her either related to the position she has taken or the one you need to take because I do not represent her and certainly I cannot agree to any kind of motion submitting her to the jurisdiction of the court." Ex. 1. In the same email, Plaintiffs asked whether any defense counsel would be willing to reach out to Defendant Lewis-McMath since one would likely ultimately represent her, but no one agreed to do so.

Dated: November 25, 2026

Respectfully submitted,

*/s/ James M. Slater*

James M. Slater (FBN 111779)
**SLATER LEGAL PLLC**
9000 Dadeland Blvd. #1500
Miami, Florida 33156
(305) 523-9023
james@slater.legal

Sarah Grady*
Matthew Underwood*
David Schmutzer*
Amelia Caramadre*
KAPLAN & GRADY LLC
2071 N. Southport Ave., Ste. 205
Chicago, Illinois 60614
(312) 852-2184
sarah@kaplangrady.com
matthew@kaplangrady.com
david@kaplangrady.com
amelia@kaplangrady.com

*Admitted *pro hac vice*

*Attorneys for Plaintiffs*